| | |
|---|---|
| Amanda L. Groves (SBN: 187216)<br>agroves@winston.com<br>Morgan E. Stewart (SBN: 321611)<br>mstewart@winston.com<br>WINSTON & STRAWN LLP<br>101 California Street, 35th Floor<br>San Francisco, CA  94111-5802<br>Telephone:   (415) 591-1000<br>Facsimile:    (415) 591-1400 | Michael L. Schrag (SBN 185832)<br>Joshua J. Bloomfield (SBN 212172)<br>GIBBS LAW GROUP LLP<br>505 14th Street, Suite 1110<br>Oakland, California 94612<br>Telephone: (510) 350-9700<br>Facsimile: (510) 350-9701<br>mls@classlawgroup.com<br>jjb@classlawgroup.com |
| Kobi K. Brinson (Admitted *pro hac vice*)<br>kbrinson@winston.com<br>Stacie C. Knight (Admitted *pro hac vice*)<br>sknight@winston.com<br>WINSTON & STRAWN LLP<br>100 North Tryon Street<br>Charlotte, NC  28202-1078<br>Telephone:   (704) 350-7700<br>Facsimile:    (704) 350-7800 | Richard M. Paul III<br>Ashlea G. Schwarz<br>PAUL LLP<br>601 Walnut Street, Suite 300<br>Kansas City, Missouri 64106<br>Telephone: (816) 984-8100<br>Facsimile: (816) 984-8101<br>Rick@PaulLLP.com<br>Ashlea@PaulLLP.com |
| Attorneys for Defendant | Attorneys for Plaintiffs |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ALICIA HERNANDEZ, EMMA WHITE, KEITH LINDNER, TROY FRYE, COSZETTA TEAGUE, IESHA BROWN, RUSSELL and BRENDA SIMONEAUX, JOHN and YVONNE DEMARTINO, ROSE WILSON, TIFFANIE HOOD, GEORGE and CYNDI FLOYD, and DIANA TREVINO, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br>    v.<br><br>WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A.<br><br>     Defendants. | Case No. No. 18-cv-07354-WHA<br><br>**PROPOSED STIPULATED ESI PROTOCOL** |

This Order Regarding Production Of Electronically Stored Information ("ESI Protocol") shall govern the parties in the above-captioned case and all actions that are later consolidated with that case (collectively, the "Litigation") as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

1. **Cooperation**. The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

2. **Proportionality.** The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in this case when serving discovery and engaging in meet and confer discussions related to discovery. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

3. **ESI Liaisons.** Each party agrees to designate an ESI Liaison after entry of this Order. Any party is free to change their designated ESI Liaison by providing written notice to the other parties. Each ESI Liaison will be prepared to participate in the resolution of ESI discovery issues; familiar with the party's relevant electronic systems and capabilities in order to explain these systems and answer relevant questions; knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and format issues; prepared to participate in e-discovery dispute resolutions; know the party's ESI discovery efforts; and have access to those who are familiar with the party's electronic systems and capabilities in order to, as appropriate, answer relevant questions.

4. **Custodians.** The parties will exchange lists of custodial and non-custodial document sources to be searched and reviewed. Either party reserves the right to request inclusion of additional sources as discovery progresses. The exchange of document sources is intended to streamline discovery and produce information from

sources most likely to have relevant information, with additional sources added, if such additions are reasonable and proportional under Rule 26 of the F.R. Civ. Pro.

**5. Search Terms.** The parties agree that in responding to Rule 34 F.R. Civ. Pro. Requests, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI and Custodians that is subject to production in discovery and filter out ESI that is not subject to discovery.

If the producing party is filtering documents using search terms or other culling methodology, the producing party will disclose the list of search terms to the receiving party and allow the receiving party to propose additional terms, where needed. The parties will meet and confer if an added term generates what one party believes to be an unreasonable number of nonresponsive documents or creates an undue burden in an effort to resolve the dispute without Court intervention. Focused terms and queries, rather than overbroad queries should be employed.

**6. Format for ESI productions.** The parties agree that all documents maintained originally in electronic, native format ("ESI") are to be produced in an "imaged" file format, where reasonably feasible, with a corresponding load file containing OCR or extracted text, and metadata fields, as described below. Other specific information regarding the production format is provided below:

(a)   Native: Microsoft Access files, Excel files, .CSV files, other similar databases and spreadsheet files, and other files that cannot be rendered in a readable TIFF format shall be produced in the format which the electronically stored information was originally created, where reasonably feasible. Native Files will be produced together with a placeholder TIFF image. Each TIFF placeholder will contain language indicating that the document is being produced in native format. A relative file path to the native file shall be provided in the load file as described in item (e), below. To the extent Plaintiffs obtain through discovery a file or document that they believe is not adequately represented in an image file format, they may request that file or document be

produced in native format, the production of which may not unreasonably be withheld.

(b) <u>Imaged File</u>: Documents will be produced in single page TIFF image format, converted from the native file as it was originally created. The specifications regarding images are:

    (i) All images shall be produced in 300 DPI Group IV Tagged Image File Format ("TIFF") (except when color images are required to read or understand the file/document's content; all color images shall be produced as a JPEG file or in native format, where reasonably feasible);

    (ii) Hidden content, tracked changes or edits, comments, notes, and other similar information viewable within the native file shall also be imaged, where reasonably feasible, so that such content is viewable on the images;

    (iii) Bates numbers shall be branded to the images; and

    (iv) Images shall be single page image files (one file for each page of a document).

(c) <u>Image Load Files:</u> An image load file in a standard .opt load file format shall be included, which provides:

    (i) the document number for each image;

    (ii) the full path name(s) of each image file;

    (iii) the document boundaries for each document; and

    (iv) the load file shall be in the order that appropriately corresponds with each image file.

(d) <u>OCR or Extracted Text File</u>: An OCR or Extracted text file which corresponds to each produced document shall be provided as follows:

    (i) Document level OCR text for redacted documents or Extracted text for ESI not containing redaction are to be located in the same directory as its image file;

   (ii) The text file name shall be the same name of the first image page for the document set, followed by .txt; and

   (iii) An OCR or Extracted text file containing the produced document's content will be provided for all documents whether it is produced as an image file or natively unless the document was originally maintained in image, nonsearchable format and the producing party has chosen not to OCR the document because the expense is not justified, given the types of documents and utility of the OCR. In that situation, the producing party will produce the document as it was kept in the ordinary course of business, without OCR, and will identify for the receiving party in the production cover letter the Bates numbers of the documents that have not had OCR applied. OCR will be provided for all unredacted portions of redacted documents.

 (e) <u>Metadata Load File:</u> A load file shall be provided in a ".dat" file format that contains metadata fields in a delimited text load file. For the Concordance .dat, the parties should use Concordance standard delimiters (ASCII 020 corresponding to a comma, ASCII 254 corresponding to a double quote, ASCII 174 corresponding to a new line, and a semicolon used to separate values). The fielded data should include all the below metadata fields for each document produced. The first line of the data load file should contain the field headers indicating the contents of each field, and each subsequent line should contain the fielded data for each document, where such fielded data is reasonably available.

7. **<u>Format for Hard Copy Productions</u>**. The following applies to documents that exist only in hard-copy format or in static image file format and are therefore unavailable in native electronically stored information ("ESI") format (e.g., documents scanned from hard copy, or documents maintained in static image format, like TIFF or PDF). All such documents that are amenable to being imaged should be

produced in the same format specified for ESI, above, except that the only metadata fields provided will be BegBates, EndBates, BegAttach, EndAttach, Custodian and TextPath. OCR will also be provided, if reasonably available, instead of extracted text.[1]

8. **Parent-Child Relationships**. Parent-child relationships (the association between an attachment and its parent document) that have been maintained in the ordinary course of business must be preserved. The parties agree that the producing party may withhold nonresponsive attachments from document families that contain at least one responsive document if a slip sheet is inserted indicating that the document was withheld as nonresponsive or the families are Bates numbered prior to the removal of the nonresponsive documents and a list of the documents removed is provided. Cover e-mails to responsive documents will be produced unless privileged.

9. **De-duplication**. If a producing party elects to de-duplicate horizontally or "globally", all custodians who were in possession of a de-duplicated document must be identified in the AllCustodian metadata field specified in Appendix 1. Duplicates shall be identified by industry standard MD5 or SHA-1 hash value along with family information so that only exact families are deduplicated.

10. **Confidentiality Designations**. If a particular paper document or ESI item qualifies for confidential treatment pursuant to the terms of a Protective Order entered by the Court in this litigation, or has been redacted, the designation shall be shown both on the face of all TIFFs containing the redactions, and in the appropriate data

---

[1] A producing party may not OCR documents originally maintained in hard copy or in imaged file format if the expense is not justified and may produce them as they are kept in the ordinary course of business. In that circumstance, the producing party will identify the Bates numbers of the documents that have not had OCR applied and for which extracted text is not available in the production cover letter.

field in the load file. All designations of confidentiality will be applied on a document and not a page level.

11. **Redaction**.  The parties agree that where documents need to be redacted, they shall be produced solely in TIFF with each redaction clearly indicated, except in cases where the documents cannot be rendered to TIFF in a readable manner (such as Excel spreadsheets). In that case, the document may be redacted natively as long as a pristine copy of the original document is maintained.

12. **Miscellaneous.** The parties agree that no discovery shall be conducted absent good cause shown as to topics relating to discovery on discovery and/or documents or information that are classic work product or privileged such as materials generated by the attorneys in this case, Wells Fargo's Office of the General Counsel, and/or those working under their direction or supervision as a result of this lawsuit or those materials that are maintained in litigation files.

13. **Objections Preserved**. Nothing in this protocol shall be interpreted to require disclosure of information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. Except as provided expressly herein, the parties do not waive any objections as to the production, discoverability, authenticity, admissibility, or confidentiality of documents and ESI.

14. **Modifications**. Any practice or procedure set forth herein may be varied by agreement of the parties, confirmed in writing, where such variance is deemed appropriate to facilitate the timely and economical production of documents or ESI.

Dated: _____

United States District Judge

## Appendix 1: ESI Metadata and Coding Fields

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| BEGBATES | Beginning production number for a given file/document |
| ENDBATES | Ending production number for a given file/document |
| BEGATTACH | Production number of first page of parent |
| ENDATTACH | Production number of last page of last attachment |
| CUSTODIAN | Person, shared file or other source from whom files were collected |
| ALL CUSTODIAN | To identify other custodians the producing party agreed to produce who had the file but where the file was eliminated through de-duplication |
| FILEEXT | File extension |
| HASH | MD5 Hash Value |
| SUBJECT | Subject |
| FROM | Sender |
| TO | Recipient |
| CC | Copyee |
| BCC | Blind Copyee |
| DATESENT | Date Sent & Time (MM/DD/YYYY HH:MM) |
| DATERECEIVED | Date Received & Time(MM/DD/YYYY HH:MM) |
| AUTHOR | Author |
| DATELASTMOD | Date modified & Time (MM/DD/YYYY HH:MM) |

| FILENAME | Original file name |
|---|---|
| NATIVEFILE | Path to native file as produced |
| TEXTPATH | Path to OCR or extracted text file |

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: June 20, 2019

*/s/ Ashlea Schwarz*
Ashlea Schwarz
Counsel for Plaintiff

Dated: June 20, 2019

*/s/ Amanda Groves*
Amanda Groves
Counsel for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: _____

UNITED STATES DISTRICT JUDGE

-9-
STIPULATED ESI PROTOCOL