# EXHIBIT A

1  Amanda L. Groves (SBN: 187216)
   agroves@winston.com
2  Morgan E. Stewart (SBN: 321611)
   mstewart@winston.com
3  WINSTON & STRAWN LLP
   101 California Street, 35th Floor
4  San Francisco, CA 94111-5802
   Telephone:    (415) 591-1000
5  Facsimile:    (415) 591-1400

6  Kobi K. Brinson (Admitted *pro hac vice*)
   kbrinson@winston.com
7  Stacie C. Knight (Admitted *pro hac vice*)
   sknight@winston.com
8  WINSTON & STRAWN LLP
   100 North Tryon Street
9  Charlotte, NC 28202-1078
   Telephone:    (704) 350-7700
10 Facsimile:    (704) 350-7800

11 Attorneys for Defendant
   WELLS FARGO BANK, N.A.
12

13                    **UNITED STATES DISTRICT COURT**

14                    **NORTHERN DISTRICT OF CALIFORNIA**

15                        **SAN FRANCISCO DIVISION**

16
   ALICIA HERNANDEZ, EMMA WHITE,          **Case No. No. 3:18-cv-07354-WHA**
17 KEITH LINDNER, TROY FRYE,
   COSZETTA TEAGUE, IESHA BROWN,          **DEFENDANT WELLS FARGO BANK, N.A.'S**
18 RUSSELL and BRENDA SIMONEAUX,          **RESPONSES TO PLAINTIFF'S FIRST SET**
   JOHN and YVONNE DEMARTINO,             **OF REQUESTS FOR PRODUCTION OF**
19 ROSE WILSON, TIFFANIE HOOD,            **DOCUMENTS**
   GEORGE and CYNDI FLOYD, and
20 DIANA TREVINO, individually and on
   behalf of all others similarly situated,
21
              Plaintiffs,
22
         v.
23
   WELLS FARGO & COMPANY,
24 WELLS FARGO BANK, N.A.

25            Defendants.

26

27

28

1  Bank, N.A. reporting structure above the Home Mortgage Division from 2010 to the present.

2  **RESPONSE TO REQUEST NO. 14**

3  Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome,

4  and disproportionate to the claims and defenses in this case.  Defendant further objects on the ground

5  that the Request is vague and ambiguous as to the terms "above the Home Mortgage Division."

6  Defendant also objects to this Request on the ground that it seeks documents that are not relevant to

7  the claims and defenses in this case.

8  To the extent responsive, non-privileged documents exist, Defendant withholds them on the

9  basis of the foregoing objections.

10 **REQUEST FOR PRODUCTION NO. 15**

11 All documents identified in Your Rule 26 initial disclosures.

12 **RESPONSE TO REQUEST NO. 15**

13 Defendant objects to this Request to the extent that it seeks documents protected by the

14 attorney-client privilege and/or work product protection.  Defendant further objects to this Request

15 on the grounds that it is overbroad, unduly burdensome, and oppressive.

16 Subject to and without waiving these objections, Defendant will produce, based on a search

17 of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI

18 protocol, the non-privileged documents identified in its initial disclosures. Defendant intends to

19 begin production upon 30 days of entry of an appropriate protective order regarding confidentiality.

20 **REQUEST FOR PRODUCTION NO. 16**

21 Personnel files for all witnesses disclosed in Your Rule 26 initial disclosures and, to the

22 extent not listed, Carmen Bell, Jeff Smith, Brent Potter, Kara Reimers, Greg McWilliams, and Bill

23 Pinkerton.

24 **RESPONSE TO REQUEST NO. 16**

25 Defendant objects to this Request to the extent that it seeks documents protected by the

26 attorney-client privilege and/or work product protection.  Defendant further objects to this Request

27 on the grounds that it is overbroad, unduly burdensome, oppressive and not proportional to the needs

28 of the case.  Defendant further objects to this Request on the grounds that it is intended to harass and

on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects to the Request on the ground that it seeks documents for which the disclosure would invade the privacy of third parties.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 17**

All documents provided to and received from the Office of the Comptroller of the Currency (OCC) as part of its investigation that led to the 2011 Consent Order.

**RESPONSE TO REQUEST NO. 17**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive and not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it seeks documents protected from disclosure by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. and on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 18**

All executive summaries, agendas, meeting minutes, and other documents created for or supplied to the participants in the meetings of the Wells Fargo Compliance Committee.

**RESPONSE TO REQUEST NO. 18**

Defendant objects to the extent that the Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, oppressive and not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

To the extent responsive, non-privileged documents exist, Wells Fargo withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 19**

All reports provided by the Wells Fargo Compliance Committee to the OCC.

**RESPONSE TO REQUEST NO. 19**

Defendant Further objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive and not proportional to the needs of the case as the Request calls for "[a]ll reports provided by the Wells Fargo Compliance Committee to the OCC." Defendant further objects to this Request on the grounds that it seeks documents protected by the bank examination privilege. *See* 12 C.F.R. § 4.36 *et seq*. Defendant also objects that Plaintiff is seeking information without regard as to whether it is relevant to Plaintiff's claims or Defendant's defenses at issue in this lawsuit, and thus exceeds the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure. In particular, this Request is directed at Wells Fargo Bank, N.A., but the allegations in the First Amended Complaint relating to the "Compliance Committee" are directed to Wells Fargo & Company.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 20**

All executive summaries, agendas, meeting minutes, and other documents created for or supplied to the participants in the meetings of the Wells Fargo Audit & Examination Committee that contain any reference to HAMP or Wells Fargo's loan modification policies, procedures, or practices.

**RESPONSE TO REQUEST NO. 20**

Defendant objects to the extent that the request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, oppressive and not proportional to the needs of the case. Defendant also objects that Plaintiff is seeking information without regard as to whether it is relevant to Plaintiff's claims or Defendant's defenses at issue in this lawsuit, and thus exceeds the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure. In particular, this Request is directed at Wells Fargo Bank, N.A., but the allegations in the First

Amended Complaint relating to the "Audit & Examination Commitee" are directed to Wells Fargo & Company.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 21**

All documents containing findings and/or conclusions from any review of Your automated mortgage modification software.

**RESPONSE TO REQUEST NO. 21**

Defendant objects to the extent that the Request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to the Request as vague and ambiguous as to the terms "any review." Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive and not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 22**

All compliance testing and monitoring schedules related to the Wells Fargo Home Mortgage Division.

**RESPONSE TO REQUEST NO. 22**

Defendant objects to the Request as vague and ambiguous as to the terms "all compliance testing and monitoring schedules related to the Wells Fargo Home Mortgage Division." Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive and not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.