# EXHIBIT C



333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
T +1 213 615 1700
F +1 213 615 1750

**SHAWN R. OBI**
Associate Attorney
(213) 615-1763
sobi@winston.com

May 24, 2019

**VIA E-MAIL**

Laura C. Fellows
Paul LLP
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
(816) 984-8100 (P)

Linda Lam
Gibbs Law Group LLP
505 14th Street, Suite 1110,
Oakland, CA 94612

**Re:**   *Hernandez et al. v. Wells Fargo Bank, N.A. et al.,* Case No. 18-cv-07354 (N.D. Cal.) -  Wells Fargo's Response to Plaintiffs' First Set of Request For Production and First Set of Interrogatories

Counsel:

We write on behalf of Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") in response to your May 15, 2019 letter, following up on our previous letter sent to you earlier this week on May 21.

Turning to your concerns about Wells Fargo's discovery responses to Plaintiffs' First Set of Document Requests ("RFPs" or "Requests") and Plaintiff's First Set of Interrogatories ("Interrogatories"), we address them in the order you raised in your letter as follows.

**Plaintiff's First Set of Requests for Production of Documents**

**RFP No. 1**

We confirm that Wells Fargo is conducting a search for, and will produce, Servicer Participation Agreement(s) and amendments (existing as of 2010 forward) to the extent they exist. Your continued request for "any consent orders between Wells Fargo and any government entity about Wells Fargo's conduct in relation to HAMP," remains overly broad, including as to the terms "any consent orders", "any government entity" and "in relation to HAMP." The modified Request is not tied to the software error at issue in this case. And Wells Fargo stands on its

May 7, 2019
Page 2

objection that "consent orders" more broadly are not relevant to the claims and defenses in this case – even Plaintiffs admit that they are not seeking to enforce these consent orders. *See, e.g.,* Opp'n to Motion to Dismiss (Dkt. 67) at 7-9.

### RFP No. 2

We confirm that we are checking with Wells Fargo about your narrowed request that Wells Fargo produce Mortgagee Letters from HUD regarding HAMP from January 1, 2009 until the present.

The second paragraph of your letter on this Request is actually broader than the original Request, as it seeks internal documents and back-and-forth communications – many of which would plainly be covered by the bank examiners privilege. While we are willing to supplement with Mortgagee Letters, the remainder of Plaintiffs' offer is not acceptable.

### RFP Nos. 3-6

Following Wells Fargo's objections and our first meet and confer, you narrowed Plaintiffs' Request to "all communications regarding Wells Fargo's reasoning for choosing to use its own software (as opposed to the software program that Fannie Mae offered) to calculate borrowers' eligibility for a loan modification under HAMP; all documents and communications regarding internal concerns about your software's ability to accurately calculate whether a borrower was eligible for a HAMP loan modification; and all documents and communications relating to how Wells Fargo addressed those concerns."

Wells Fargo has since responded that it "agrees to conduct a reasonable search for, and produce, non-privileged communications regarding its software's ability to accurately calculate attorney fees in connection with determining eligibility for HAMP loan modifications (i.e., the error at issue in this case). To the extent non-privileged documents exist regarding how Wells Fargo addressed any concerns in that regard, those already are covered by response to RFP No. 7." Further, we confirm that we are also consulting with our client regarding your request to search for documents regarding Wells Fargo choosing to use its own software (as opposed to the software program that Fannie Mae offered) to calculate borrowers' eligibility for a loan modification under HAMP. We will supplement this response with our May 31 supplementation and describe what responsive documents will be produced, if any.

### RFP No. 8

Following Wells Fargo's objections and our meet and confer, and as confirmed in your letter, there appears to be no further disagreement concerning Wells Fargo's response to this Request.

### RFP No. 9

Following Wells Fargo's objections and our meet and confer, and as confirmed in your letter, there appears to be no further disagreement concerning Wells Fargo's response to this Request.

SF:211435.1

**RFP No. 11**

Following Wells Fargo's objections and our meet and confer, and as confirmed in your letter, there appears to be no further disagreement concerning Wells Fargo's response to this Request.

**RFP No. 13**

As we stated during the meet and confers, Wells Fargo will not be producing anything for unnamed class members, but will produce responsive documents as to the named plaintiffs consistent with its written responses.  During the meet and confer, we discussed that Wells Fargo would produce responsive documents as to named plaintiffs only, which Plaintiffs would then review and seek further documents if necessary, provided that a class is certified.

As to your further request that Wells Fargo provide information in the aggregate regarding the total amount issued as loan adjustments (curtailments and/or credits), similar to the information Wells Fargo is providing in response to Request No. 8, Wells Fargo, we maintain our objection that the term "adjustment" is unclear.  In any event, the offered and accepted terms of any remediation as to the named Plaintiffs will be reflected in documents Wells Fargo has agreed to produce in response to other Requests as indicated herein and in Wells Fargo's written responses.  Since you will have that information as to the named plaintiffs, we consider this Request resolved.

**RFP No. 15**

We addressed this in our letter earlier this week.

**RFP No. 16**

We reject your contention that notations in employee personnel files for Wells Fargo witnesses regarding the software error at issue would be "highly relevant."  Wells Fargo maintains its objections as stated in its written responses, and will not search or produce personnel files.

**RFP Nos. 17 and 19**

Wells Fargo maintains its objections on the ground that materials to and from the OCC are protected by the bank examination privilege. No such privilege log will be provided given that the entirety of these two Requests seek documents that would fall under the privilege.  A privilege log is not appropriate or warranted under such circumstances.

**RFP No. 18 and 20**

These requests are limited on their face to materials created for or provided to the referenced committees.  We discussed narrowing what materials, but will not agree to broaden beyond the committees.  We are looking for what non-privileged, responsive executive summaries exist and will supplement this response accordingly.

**RFP No. 21**

May 7, 2019
Page 4

We are checking with Wells Fargo on what non-privileged, responsive documents in accordance with your letter's description exist and are reasonably accessible. We will supplement our response accordingly.

**RFP No. 22 and 23**

In response to your narrowed Request, we confirm that Wells Fargo is checking as to whether "schedules (from 2010 to 2018) for auditing the loan modification software that contained the calculation error(s) described in Wells Fargo & Company's Form 10-Q for the quarterly period ending on September 30, 2018" exist.

**Plaintiff's First Set of Interrogatories**

**Interrogatory No. 1**

Defendant stands on its objections to this Interrogatory, including on the grounds that it is vague and ambiguous as to the terms "total amount of money received by Wells Fargo … in connection with the HAMP." Further, it seeks information that is not relevant to the claims or defenses at issue in the lawsuit and therefore exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure.

**Interrogatory No. 2**

We are checking with Wells Fargo whether this information is reasonably attainable and, if so, will supplement the response on May 31, 2019.

**Interrogatory No. 3**

Following Wells Fargo's objections and the meet and confer, and as confirmed in your letter, there appears to be no further disagreement concerning Wells Fargo's response to this Interrogatory.

**Interrogatory No. 4**

Following Wells Fargo's objections and the meet and confer, Wells Fargo agreed to supplement its response to this Interrogatory in a manner that corresponds with Request No. 8, which is that "Wells Fargo will provide (i) the total amount paid in remediation – but not including the mediations – to the entire class in the aggregate […]". Wells Fargo will provide its supplemental response by May 31, 2019.

**Interrogatory No. 5**

Wells Fargo will provide its supplemental response by May 31, 2019.

**Interrogatory No. 6**

Wells Fargo will provide its supplemental response by May 31, 2019.

SF:211435.1

May 7, 2019
Page 5

      Unless otherwise specifically set forth herein, Wells Fargo preserves its objections as stated in its written Responses and Objections and in the meet and confer.

      Sincerely,

/s/*Shawn R. Obi*
Shawn R. Obi

SF:211435.1