IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA HERNANDEZ, EMMA WHITE, KEITH LINDNER, TROY FRYE, COSZETTA TEAGUE, IESHA BROWN, RUSSELL and BRENDA SIMONEAUX, JOHN and YVONNE DEMARTINO, ROSE WILSON, TIFFANIE HOOD, GEORGE and CYNDI FLOYD, DEBORA GRANJA, and DIANA TREVINO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY, and WELLS FARGO BANK, N.A.,<br><br>Defendants.<br>_____/ | No. C 18-07354 WHA<br><br>**ORDER RE MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND VACATING HEARING** |

**INTRODUCTION**

In this putative class foreclosure action, plaintiffs move for leave to file second amended complaint. For the following reasons, the motion is **DENIED IN PART AND GRANTED IN PART**.

**STATEMENT**

A previous order detailed the facts of this case. In short, plaintiffs all had their mortgage loans serviced by defendant Wells Fargo Bank, N.A. when they faced various financial hardships and defaulted on their loans. Although they sought loan modifications, those applications were denied (Amd. Compl. ¶¶ 30–33).

At the time plaintiffs requested loan modifications, Wells Fargo participated in the Home Affordable Modification Program (HAMP), through which mortgage lenders received federal stimulus funds in exchange for issuing loan modifications to qualified borrowers. Although plaintiffs met the program's threshold requirements for such modifications, defendant failed to offer them one. Instead, Wells Fargo foreclosed on eleven of the named plaintiffs and more than five hundred other customers who could not make their monthly payments without a modification (*id*. ¶¶ 30–34, 109–13).

A 2010 investigation by the Office of Comptroller of the Currency found numerous deficiencies in Wells Fargo's mortgage modification and foreclosure practices. Wells Fargo signed two consent orders agreeing to correct these deficiencies. In June 2015, however, the OCC found Wells Fargo still out of compliance. In October 2015, the bank discovered a calculation "error" which caused certain fees to be misstated and resulted in incorrect modification denials. These errors were not disclosed until 2018. In total, 870 customers were incorrectly denied a loan modification, 545 of who lost their homes in foreclosure (*id*. ¶¶ 35–69).

In December 2018, plaintiff Alicia Hernandez filed this putative nationwide class action, asserting claims for negligence, conversion, violations of California's Unfair Competition Law, and violations of the New Jersey Consumer Fraud Act. In response to a motion to dismiss, Hernandez filed an amended complaint in February 2019. The complaint added 15 new named plaintiffs, added Wells Fargo & Company as a new defendant, and added nine additional claims for relief. Wells Fargo Bank, N.A. first moved to dismiss (Dkt. No. 59), which was granted in part and denied in part (Dkt. No. 87). Wells Fargo & Company then moved to dismiss all claims against Wells Fargo & Company (Dkt. No. 73) which was granted in its entirety (Dkt. No. 121).

Plaintiffs now move for leave to file a second amended complaint which alleges claims solely against the bank. The proposed second amended complaint seeks to amend plaintiffs' claims by adding fraudulent concealment and negligent misrepresentation claims, as well as amending plaintiffs' breach of contract, negligence, Maryland Consumer Protection, and wrongful foreclosure claims. This order follows full briefing. Pursuant to our Local Civil Rule

2

7-1(b), this order finds plaintiff's motion suitable for submission without oral argument and hereby **VACATES** the August 22 hearing.

## ANALYSIS

FRCP 15(a)(2) permits a party to amend its pleading with the district court's leave, advising that "[t]he court should freely give leave when justice so requires." In ruling on a motion for leave to amend, courts consider: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). For purposes of assessing futility on this motion, the legal standard is the same as it would be on a motion to dismiss under FRCP 12(b)(6). *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

1. **AMENDED CLAIMS.**

    **A. Breach of Contract.**

For ten of the twelve named plaintiffs, the alleged underlying contract is the Fannie/Freddie secured-loan instrument they entered into when they financed their homes. The order dismissing plaintiffs' breach of contract claim did so on the ground the complaint did not adequately plead defendant breached a provision in the instruments by failing to notify plaintiffs they could cure default by accepting a mortgage modification. In particular, the complaint did not sufficiently allege mortgage modifications were a default-curing mechanism contemplated in the notice provision.

Plaintiffs have now alleged additional facts to demonstrate defendant bank knew loan modification was an action that could cure default. For example, the complaint now alleges defendant sent a letter to plaintiff Troy Frye stating it was "considering a program that may assist you in bringing your loan current . . . This program, known as a loan modification, would provide you with the opportunity for a fresh start by adjusting the current terms of your loan." Furthermore, the complaint also alleges the instruments referenced loan modifications stating, "[e]xtension of the time for payment *or modification* of amortization of the sums secured by this Security instruments . . . shall not operate to release the liability of Borrowers" (Br. Ex. 1 ¶¶ 189, 193).

3

Defendant bank argues that plaintiffs' amendments fail because contracts are interpreted to give effect to the intent of the parties as it existed at the time of contracting and plaintiffs have admitted HAMP and other government-mandated mortgage modifications did not exist at the time of contracting. Plaintiffs' proposed amended complaint alleges that the instrument references the possibility of modification. Even though such modifications were not government-mandated at the time of contracting, it is nonetheless plausible that the mutual understanding at the time of contracting was that all available default-avoidance measures would be considered. Accordingly, because of defendant's acknowledgment of loan modifications as an option to cure default as well as the contractual language in the instrument referencing modifications, plaintiffs' breach of the Fannie/Freddie security instrument contract claim is neither futile nor frivolous at this stage and the motion to amend this claim is thus **GRANTED.**

For the remaining two named plaintiffs, the alleged underlying contract is FHA security instrument. These instruments do not contain the same language as the Fannie/Freddie instruments. Plaintiffs have accordingly amended their complaint by adding the following alleged language from the instrument: "[i]n many circumstances, regulations issued by the Secretary will limit Lender's rights . . . This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary." The amended complaint further asserts the Secretary, in a Congressional report, stated "[d]uring the time of elevated financial stress on households, FHA maintained a robust set of policies . . . includ[ing], among other things, loan modifications" (Br. Ex. 1 ¶ 198). Because plaintiffs have alleged mortgage modification was part of the policies at the time, plaintiffs' breach of the FHA security instrument contract claim is neither futile nor frivolous, and is **GRANTED.**

**B. Maryland Consumer Protection Act and Wrongful Foreclosure.**

Plaintiffs' Maryland Consumer Protection Act and wrongful foreclosure claims are based on the claim that defendant failed to notify plaintiffs they could cure their default by accepting a mortgage modification. Because plaintiffs' motion for leave to amend as to their breach of contract claims has been granted, leave to amend as to their Maryland Consumer Protection Act and wrongful foreclosure claims is also **GRANTED.**

4

**C. Negligence**

Plaintiffs' original negligence claim was dismissed in an order (Dkt. No. 87) stating the following:

> Courts are divided on whether accepting documents for a loan modification is within the scope of a lender's conventional role as a mere lender of money or whether it can instead give rise to a duty of care with respect to the processing of a loan modification application. While some courts have followed *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49 (2013), in deciding that under the *Biakanja* factors the loan servicer does not owe a borrower a common law duty of care in processing a loan modification application, others have followed *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941 (2014), to conclude that a common law duty of care in the loan modification process does arise under California law.
>
> Even after *Alvarez*, in at least three unpublished decisions our court of appeals has followed *Lueras* and held that a financial institution does not owe a duty of care to borrowers in the loan modification process. *See Anderson v. Deutsche Bank Nat'l Trust Co. Americas*, 649 Fed. Appx. 550, 552 (9th Cir. 2016); *Badame v. J.P. Morgan Chase Bank, N.A.*, 641 Fed. Appx. 707, 709–10 (9th Cir. 2016); *Deschaine v. IndyMac Morg. Servs.*, 617 Fed. Appx. 690, 692 (9th Cir. 2015). Because the undersigned has previously held that merely engaging in the loan modification process is insufficient to give rise to a duty of care, and because our court of appeals has consistently followed *Lueras* (albeit in non-binding decisions), this order concludes that plaintiffs have not alleged a duty of care in connection with their requests for loan modifications.

Plaintiffs have now added language in the proposed amended complaint that states defendant was not acting as an ordinary lender because defendant relied on information it knew was false to deny mortgage modifications, and accordingly owed plaintiffs a duty of care. The new allegations still fall short of alleging that the bank did anything other than consider the possibility of loan modifications for plaintiffs. Merely engaging in the loan modification process is insufficient to give rise to a duty of care. The proposed amendment of plaintiffs' negligence claim is accordingly futile and leave to amend the claim is **DENIED.**

**2. FRAUDULENT CONCEALMENT AND NEGLIGENT MISREPRESENTATION.**

Plaintiffs' proposed second amended complaint seeks to add a fraudulent concealment claim and a negligent misrepresentation claim. Plaintiffs do not have the authority to add these new claims under the previous order granting in part and denying in part defendant's motion to

dismiss. The order only permitted plaintiffs to seek leave to amend the dismissed claims, but did not provide plaintiffs could add new claims (Dkt. No. 87).

Plaintiffs also do not have the authority to add these new claims under the case management order either, which provides "leave to add any new parties or to amend pleadings must be sought by June 28, 2019" (Dkt. No. 63). Plaintiffs can thus only add these new claims if good cause can be shown. Here, plaintiffs allege that defendant did not provide the evidence that forms the basis of these claims until at least May 29. Regardless of whether this is sufficiently good cause, allowing leave to amend these two claims would be futile on the merits.

### A. Fraudulent Concealment.

To state a claim for fraudulent concealment, a plaintiff must allege: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Hahn v. Mirda*, 147 Cal. App. 4th 740, 748 (2007). In the fraudulent concealment context, a duty may arise where there is a fiduciary or confidential relationship, where a defendant does not disclose facts that materially qualify a separate disclosure or render that disclosure likely to mislead, where a defendant knows that facts not reasonably discoverable by the plaintiff are only known or accessible to the defendant, and where a defendant actively conceals discovery from the plaintiff. *Song Fi, Inc. v. Google, Inc.*, No. C 14-5080 CW, 2016 WL 1298999, at *7 (N.D. Cal. Apr. 4, 2016). Nonetheless, a financial institution owes no duty to a borrower the institution's involvement does not exceed the scope of its conventional role a money lender. *Matute v. JPMorgan Chase & Co.*, No. C. 116-01753 SJO, 2016 WL 3092124, at *9 (C.D. Cal. May 31, 2016).

Here, plaintiff alleges a duty existed because "Wells Fargo stated half-truths" to plaintiffs and "[o]ne who undertakes to make a statement must not only state the truth, but may not conceal any facts" (Br. Ex. 1 ¶ 289). Such facts are insufficient to demonstrate the necessary

6

intent to give rise to a duty, especially because defendant was acting in its conventional role as a money lender. The proposed amendment of plaintiffs' fraudulent concealment claim is accordingly futile and leave to amend the claim is **DENIED.**

### B. Negligent Misrepresentation.

To state a claim for negligent misrepresentation, a plaintiff must allege: "(1) misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed, and (5) resulting damage." *Lincoln Alameda Creek v. Cooper Indus., Inc.*, 829 F.Supp. 325, 330 (N.D.Cal.1992). Here, plaintiff alleges defendant had a duty because "cho[osing] to speak in stating that Plaintiffs did not qualify for a modification" required an accurate disclosure (Br. Ex. 1 ¶ 303). As previously explained, merely engaging in the loan modification process by denying a modification is insufficient to give rise to a duty. The proposed amendment of plaintiffs' negligent misrepresentation claim is futile and leave to amend the claim is **DENIED.**

## CONCLUSION

For the reasons stated above, plaintiffs' motion for leave to amend as to their fraudulent concealment, negligent misrepresentation, and negligence claims is **DENIED** and plaintiffs' motion for leave to amend their breach of contract, Maryland Consumer Protection Act, and wrongful foreclosure claims is **GRANTED**. Accordingly, based on the June 3 order (Dkt. No. 87) and the current order, the following claims remain: breach of contract, intentional infliction of emotional distress, wrongful foreclosure, violation of California's Homeowners Bill of Rights, violation of California's unfair competition law, and violation of state consumer protection laws. Any further leave to amend would be futile. Plaintiffs shall file their second amended complaint pursuant to this order as a separate docket entry by **AUGUST 26 AT NOON**. The answer shall be due **SEPTEMBER 9 AT NOON.** The August 22 hearing is **VACATED.**

**IT IS SO ORDERED.**

Dated: August 19, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7