Michael L. Schrag (SBN 185832)
Joshua J. Bloomfield (SBN 212172)
Linda P. Lam (SBN 301461)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
mls@classlawgroup.com
jjb@classlawgroup.com
lpl@classlawgroup.com

Richard M. Paul III
Ashlea G. Schwarz
Laura C. Fellows
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Facsimile: (816) 984-8101
Rick@PaulLLP.com
Ashlea@PaulLLP.com
Laura@PaulLLP.com

*Counsel for Plaintiffs and the Proposed Classes*

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA HERNANDEZ et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 3:18-cv-07354-WHA<br><br>**DECLARATION OF MICHAEL SCHRAG IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date:   October 17, 2019<br>Time:  8 a.m.<br>Dept:  Courtroom 12<br>Judge: Hon. William H. Alsup |

I, Michael L. Schrag, declare and affirm as follows:

1. I am a partner at Gibbs Law Group LLP in Oakland, California. I am co-counsel of record for Plaintiffs in the above-named action. I make this declaration in support of Plaintiffs' motion for class certification. I have personal knowledge of the matters stated herein and could and would competently testify thereto if called upon to do so.

2. I joined Gibbs Law Group LLP in the spring of 2015. Attached as Exhibit A is a true and correct copy of my firm's resume.

3. Previously, I was a partner in the law firm of Meade & Schrag LLP, which I formed with Tyler Meade in 2006. Meade & Schrag specialized in class actions and complex business litigation. While at Meade & Schrag, I worked on a wide array of class actions, including:

   a. *Ammari Electronics, et al. v. Pacific Bell Directory* (Alameda County Case No. RG05198014). Meade & Schrag served as Co-Lead Counsel in this class action on behalf of 375,000 California businesses that advertised in the SBC Yellow Pages directories between 2001-2004 and were owed a refund because of incomplete distribution of the yellow pages directories. The case went to trial in May 2009 and Meade & Schrag served as co-trial counsel. The jury returned a verdict for the class of over $17 million. The National Law Journal recognized this verdict as one of the top 100 verdicts of 2009. In 2011, the Court of Appeal reversed a grant of directed verdict in the defendant's favor and reinstated the jury verdict for the Plaintiff Class. After a second appeal, in 2014, the Court of Appeal affirmed the class certification ruling and all aspects of the jury verdict. A final judgment of over $27 million (including pre and post-judgment interest) was entered, paid and is being distributed to class members.

   b. *Roth v. Aon Corp.* (N.D. Ill. Lead Case No. 04-C-6835). Meade & Schrag assisted Lead Counsel in discovery in this nationwide securities fraud action. The case settled for $30 million.

   c. *Obscura Digital, Inc. v. Doe, Inc.* Meade & Schrag represented San Francisco based technology and media company, Obscura Digital, in a multimillion dollar breach of contract action against a large multinational corporation. The lawsuit involved novel and complex issues of jurisdiction and service of foreign entities. The firm obtained a favorable result for Obscura in a confidential settlement.

4. I was admitted to the bar in 1996 and have represented plaintiffs in class actions since my admission. I began my career prosecuting complex securities fraud class actions at Milberg Weiss (now Robbins Geller, et al.) in San Diego, California. Later, I was part of the trial team in *Schwartz v. Visa, et al.* (Alameda Court Superior Court No. 822404-4), a UCL action against Visa and MasterCard for failing to disclose a currency conversion fee charged to cardholders who used credit cards in foreign countries. I also prosecuted a parallel case on behalf of debit cardholders (*Shrieve v. Visa USA, Inc. et al.*, Alameda County Superior Court No. RG04155097) and an antitrust action alleging a conspiracy to fix the price of currency conversion fees (*In Re Currency Conversion Fee Litigation*, MDL No. 1409). After a six month trial in *Schwartz,* the trial court entered judgment in Plaintiff's favor and ordered Visa and MasterCard to refund illegally obtained currency conversion fees. While *Schwartz* was pending in the California Supreme Court, a $336 million dollar settlement agreement was reached to resolve all currency conversion fee actions.

5. I have handled numerous cases, both class actions and other multi-party cases, against financial institutions, typically involving scandals like that alleged here against Wells Fargo.

6. Members of my firm and I, together with our co-counsel Paul LLP, have invested significant time and resources developing and pleading the legal claims, researching the Troubled Asset Relief Program (TARP) and resulting federal Home Affordable Modification Program (HAMP), interviewing more than 200 class members, and successfully requesting an early Order to Show Cause (ECF No. 15) to ensure that Wells Fargo accurately informed class members about this lawsuit.

7. In accordance with the Court's order issued following the January 3, 2019 hearing on the Order to Show Cause, the parties conferred about the content of a letter to be sent to putative class members.

8. Since the mailing of that correspondence, Gibbs Law Group LLP and Paul LLP have received more than 200 inquiries from putative class members and have expended substantial efforts providing timely responses to putative class members' inquiries regarding mediation offered by Wells Fargo. Immediately following the mailing, members of my firm devoted nearly full-time efforts to respond to these inquiries. Since the initial mailing, the number of inquiries has decreased; however, my firm continues to devote resources to providing timely responses to new inquiries and will continue to do so.

9. My firm and I, along with Paul LLP, have briefed two motions to dismiss all or part of this case,

are in the process of reviewing over 140,000 pages of documents that Wells Fargo produced, defended 14 Plaintiffs' depositions, deposed four Wells Fargo employees, and hired an expert to assess whether it will be possible to systemically calculate Class members' damages.

10. My firm has spent over 2,952 hours prosecuting claims on behalf of our Plaintiffs and class members and have incurred over $55,023 in out-of-pocket expenses in this case.

11. Each named Plaintiff has kept in touch with my firm, as well as Paul LLP, regarding developments in the litigation. Each Plaintiff actively participated in preparing discovery responses, gathering documents, and was deposed by Wells Fargo's counsel in this case.

12. Unless otherwise noted herein, all exhibits attached to this declaration are to the best of my knowledge true and correct copies of the document they purport to be.

13. Attached as **Exhibit 1** is a true and correct copy of excerpts from the 30(b)(6) Deposition of Carmen Bell.

14. Attached as **Exhibit 2** is a true and correct copy of Exhibit 420 from the 30(b)(6) Deposition of Carmen Bell.

15. Attached as **Exhibit 3** is a true and correct copy of Exhibit 421 from the 30(b)(6) Deposition of Carmen Bell.

16. Attached as **Exhibit 4** is a true and correct copy of Exhibit 422 from the 30(b)(6) Deposition of Carmen Bell.

17. Attached as **Exhibit 5** is a true and correct copy of Exhibit 423 from the 30(b)(6) Deposition of Carmen Bell.

18. Attached as **Exhibit 6** is a true and correct copy of Mortgagee Letter 2009-23 dated July 30, 2009.

19. Attached as **Exhibit 7** is a true and correct copy of the Service Participation Agreement (SPA).

20. Attached as **Exhibit 8** is a true and correct copy of Mortgagee Letter 2009-35 dated September 23, 2009.

21. Attached as **Exhibit 9** is a true and correct copy of excerpts from the Deposition of Robert Ferguson.

22. Attached as **Exhibit 10** is a true and correct copy of Exhibit 344 from the Deposition of Robert

1  Ferguson.

2  23. Attached as **Exhibit 11** is a true and correct copy of Exhibit 345 from the Deposition of Robert
3  Ferguson.

4  24. Attached as **Exhibit 12** is a true and correct copy of Exhibit 396 from the 30(b)(6) Deposition
5  of Carmen Bell.

6  25. Attached as **Exhibit 13** is a true and correct copy of Exhibit 411 from the 30(b)(6) Deposition
7  of Carmen Bell.

8  26. Attached as **Exhibit 14** is a true and correct copy of Exhibit 397 from the 30(b)(6) Deposition
9  of Carmen Bell.

10  27. Attached as **Exhibit 15** is a true and correct copy of Exhibit 398 from the 30(b)(6) Deposition
11  of Carmen Bell.

12  28. Attached as **Exhibit 16** is a true and correct copy of Exhibit 399 from the 30(b)(6) Deposition
13  of Carmen Bell.

14  29. Attached as **Exhibit 17** is a true and correct copy of Exhibit 393 from the 30(b)(6) Deposition
15  of Carmen Bell.

16  30. Attached as **Exhibit 18** is a true and correct copy of Exhibit 371 from the Deposition of Diane
17  Young.

18  31. Attached as **Exhibit 19** is a true and correct copy of Exhibit 401 from the 30(b)(6) Deposition
19  of Carmen Bell.

20  32. Attached as **Exhibit 20** is a true and correct copy of an email from Christie Coffin dated
21  January 9, 2014.

22  33. Attached as **Exhibit 21** is a true and correct copy of an email chain from Daniel Pfeil dated
23  January 24, 2014.

24  34. Attached as **Exhibit 22** is a true and correct copy of meeting minutes dated January 8, 2014.

25  35. Attached as **Exhibit 23** is a true and correct copy of an email chain from David Perry dated
26  May 30, 2014.

27  36. Attached as **Exhibit 24** is a true and correct copy of an email from Christie Coffin dated
28  January 9, 2014.

37. Attached as **Exhibit 25** is a true and correct copy of an email chain from Thomas Wayne dated July 11, 2014.

38. Attached as **Exhibit 26** is a true and correct copy of Exhibit 405 from the 30(b)(6) Deposition of Carmen Bell.

39. Attached as **Exhibit 27** is a true and correct copy of a slide presentation dated August 27, 2014.

40. Attached as **Exhibit 28** is a true and correct copy of Exhibit 362 from the Deposition of Diane Young.

41. Attached as **Exhibit 29** is a true and correct copy of Exhibit 363 from the Deposition of Diane Young.

42. Attached as **Exhibit 30** is a true and correct copy of excerpts from the Deposition of Diane Young.

43. Attached as **Exhibit 31** is a true and correct copy of Exhibit 369 from the Deposition of Diane Young.

44. Attached as **Exhibit 32** is a true and correct copy of Exhibit 376 from the Deposition of Diane Young.

45. Attached as **Exhibit 33** is a true and correct copy of Exhibit 374 from the Deposition of Diane Young

46. Attached as **Exhibit 34** is a true and correct copy an email chain from Susan Crawford dated May 4, 2015.

47. Attached as **Exhibit 35** is a true and correct copy of email chain from Mike Nold dated May 13, 2015.

48. Attached as **Exhibit 36** is a true and correct copy Exhibit 406 from the 30(b)(6) Deposition of Carmen Bell.

49. Attached as **Exhibit 37** is a true and correct copy of Exhibit 409 from the 30(b)(6) Deposition of Carmen Bell.

50. Attached as **Exhibit 38** is a true and correct copy of Exhibit 412 from the 30(b)(6) Deposition of Carmen Bell.

51. Attached as **Exhibit 39** is a true and correct copy of Exhibit 410 from the 30(b)(6) Deposition

of Carmen Bell.

52. Attached as **Exhibit 40** is a true and correct copy of an e-mail from Wells Fargo's counsel with the state-by-state breakdown of class members.

53. Attached as **Exhibit 41** is a true and correct copy of the uniform letter that Wells Fargo sent to all class members.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 29th day of August, 2019 in Oakland, California.

*/s/ Michael L. Schrag*