Amanda L. Groves (SBN: 187216)
agroves@winston.com
Morgan E. Stewart (SBN: 321611)
mstewart@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5802
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Kobi K. Brinson (Admitted pro hac vice)
kbrinson@winston.com
Stacie C. Knight (Admitted pro hac vice)
sknight@winston.com
WINSTON & STRAWN LLP
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7700
Facsimile: (704) 350-7800

Attorneys for Defendant
WELLS FARGO BANK, N.A.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ALICIA HERNANDEZ, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | No. 3:18-cv-07354 WHA<br><br>**DECLARATION OF AMANDA L. GROVES IN SUPPORT OF DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO EXCLUDE DR. KILPATRICK'S OPINIONS**<br><br>Date: October 19, 2019<br>Time: 8:00 a.m.<br>Courtroom: 12<br>Judge: Hon. William H. Alsup |

I, Amanda L. Groves, hereby declare, under penalty of perjury, as follows:

1. I am a Partner at Winston & Strawn LLP, counsel for Defendant Wells Fargo Bank, N.A. ("Wells Fargo") in this matter. I make this declaration based on my personal knowledge and in support of Wells Fargo's Motion to Exclude the Opinions of Dr. Kilpatrick.

2. I am personally familiar with the facts set forth in this declaration. If called as a witness, I could and would competently testify to the matters stated herein.

3. Attached as **Exhibit 1** is a true and correct copy of the Declaration of Dr. John A. Kilpatrick's Report submitted in connection with Plaintiffs' Motion for Class Certification in the above captioned matter.

4. Attached as **Exhibit 2** is a true and correct copy of the Affidavit of Dr. John A. Kilpatrick's Report submitted in connection with Plaintiffs' Motion for Class Certification in the matter *Britton v. Servicelink Field Services, LLC*, 2019 WL 3400683 (E.D. Wash. July 26, 2019).

5. Attached hereto as **Exhibit 3** is a document my office prepared to show the substantive differences between Kilpatrick's report in *Britton* and that here. Specifically, we pasted the text of the *Britton* report (minus the background facts, conclusions and pleading captions) in a word document. We then highlighted text that is in the *Britton* report, but not in *Hernandez*. Almost all the text in *Britton* but not *Hernandez* related to (1) valuing impaired properties and rental values (at issue in *Britton*) and (2) Kilpatrick's application and design of his AVM for the facts in *Britton* (Kilpatrick did not design or apply his AVM to the facts in *Hernandez*). Then, we inputted the text that is different in the two reports in track changes. Among those changes are Kilpatrick's addition to his *Hernandez* Report that his AVM has "consistently" been accepted and "never been rejected in a litigation such as this." Kilpatrick made the same claim at his deposition, but changed that testimony in his errata sheet yesterday. A true and correct copy of that errata sheet is attached as **Exhibit 4**. As of this filing, Kilpatrick has not attempted to change that information in his sworn Report.

6. Attached as **Exhibit 5** is a true and correct copy of relevant excerpts of the September 9, 2019 Deposition of Dr. John A. Kilpatrick.

7. Attached as **Exhibit 6** is a true and correct copy of an invoice from Greenfield Advisors,

Inc. dated September 13, 2019, which was produced to Wells Fargo in this matter by Plaintiffs' counsel.

8. Attached as **Exhibit 7** is a true and correct copy of relevant excerpts of the June 25, 2019 Deposition of Plaintiff Tiffanie Hood.

9. Attached as **Exhibit 8** is a true and correct copy of Ex. 244 to the June 25, 2019 Deposition of Plaintiff Tiffanie Hood.

10. Attached as **Exhibit 9** is a true and correct copy of Ex. 245 to the June 25, 2019 Deposition of Plaintiff Tiffanie Hood.

11. Attached as **Exhibit 10** is a true and correct copy of Ex. 246 to the June 25, 2019 Deposition of Plaintiff Tiffanie Hood.

12. Attached as **Exhibit 11** is a true and correct copy of Ex. 248 to the June 25, 2019 Deposition of Plaintiff Tiffanie Hood.

13. Attached as **Exhibit 12** is a true and correct copy of Ex. 250 to the June 25, 2019 Deposition of Plaintiff Tiffanie Hood.

14. Attached as **Exhibit 13** is a true and correct copy of Ex. 251 to the June 25, 2019 Deposition of Plaintiff Tiffanie Hood.

15. Attached as **Exhibit 14** is a true and correct copy of Ex. 252 to the June 25, 2019 Deposition of Plaintiff Tiffanie Hood.

16. Attached as **Exhibit 15** is a true and correct copy of Ex. 254 to the June 25, 2019 Deposition of Plaintiff Tiffanie Hood.

17. Attached as **Exhibit 16** is a true and correct copy of Ex. 256 to the June 25, 2019 Deposition of Plaintiff Tiffanie Hood.

18. Attached as **Exhibit 17** is a true and correct copy of Ex. 257 to the June 25, 2019 Deposition of Plaintiff Tiffanie Hood.

19. Attached as **Exhibit 18** is a true and correct copy of Ex. 258 to the June 25, 2019 Deposition of Plaintiff Tiffanie Hood.

20. Attached as **Exhibit 19** is a true and correct copy of Ex. 259 to the June 25, 2019

Deposition of Plaintiff Tiffanie Hood.

21. Attached as **Exhibit 20** is a true and correct copy of Ex. 260 to the June 25, 2019 Deposition of Plaintiff Tiffanie Hood.

22. Attached as **Exhibit 21** is a true and correct copy of Ex. 262 to the June 25, 2019 Deposition of Plaintiff Tiffanie Hood.

23. Attached as **Exhibit 22** is a true and correct copy of Ex. 264 to the June 25, 2019 Deposition of Plaintiff Tiffanie Hood.

24. Attached as **Exhibit 23** is a true and correct copy of Ex. 268 to the June 25, 2019 Deposition of Plaintiff Tiffanie Hood.

25. Attached as **Exhibit 24** is a true and correct copy of Ex. 269 to the June 25, 2019 Deposition of Plaintiff Tiffanie Hood.

26. Attached as **Exhibit 25** is a true and correct copy of Ex. 271 to the June 25, 2019 Deposition of Plaintiff Tiffanie Hood.

27. Attached as **Exhibit 26** is a true and correct copy of Ex. 274 to the June 25, 2019 Deposition of Plaintiff Tiffanie Hood.

28. Attached as **Exhibit 27** is a true and correct copy of relevant excerpts of the June 27, 2019 Deposition of Plaintiff Cosetta Teague.

29. Attached as **Exhibit 28** is a true and correct copy of relevant excerpts of the July 2, 2019 Deposition of Plaintiff Cyndi Floyd.

30. Attached as **Exhibit 29** is a true and correct copy of relevant excerpts of the June 20, 2019 Deposition of Plaintiff Rose Wilson.

31. Attached as **Exhibit 30** is a true and correct copy of the relevant excerpts of the June 10, 2019 Deposition of Plaintiff Alicia Hernandez.

32. Attached as **Exhibit 31** is a true and correct copy of Ex. 20 to the June 10, 2019 Deposition of Plaintiff Alicia Hernandez.

33. Attached as **Exhibit 32** is a true and correct copy of Ex. 22 to the June 10, 2019 Deposition of Plaintiff Alicia Hernandez.

34. Attached as **Exhibit 33** is a true and correct copy of Ex. 25 to the June 10, 2019 Deposition of Plaintiff Alicia Hernandez.

35. Attached as **Exhibit 34** is a true and correct copy of a document produced by Wells Fargo in this matter bearing the bates numbers WF_HERNANDEZ_00019128-130.

36. Attached as **Exhibit 35** is a true and correct copy of a document produced by Wells Fargo in this matter bearing the bates numbers WF_HERNANDEZ_00018258-260.

37. Attached as **Exhibit 36** is a true and correct copy of a document produced by Wells Fargo in this matter bearing the bates numbers WF_HERNANDEZ_00018270-279.

38. Attached as **Exhibit 37** is a true and correct copy of a document produced by Wells Fargo in this matter bearing the bates numbers WF_HERNANDEZ_00018261-269.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 19th day of September, 2019.

*/s/ Amanda L. Groves*