Amanda L. Groves (SBN: 187216)
agroves@winston.com
Morgan E. Stewart (SBN: 321611)
mstewart@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5802
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Kobi K. Brinson (Admitted pro hac vice)
kbrinson@winston.com
Stacie C. Knight (Admitted pro hac vice)
sknight@winston.com
WINSTON & STRAWN LLP
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7700
Facsimile: (704) 350-7800

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ALICIA HERNANDEZ, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | No. 3:18-cv-07354 WHA<br><br>**DECLARATION OF KOBI K. BRINSON IN SUPPORT OF DEFENDANT WELLS FARGO BANK, N.A.'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date: October 19, 2019<br>Time: 8:00 a.m.<br>Courtroom: 12<br>Judge: Hon. William H. Alsup |

I, Kobi K. Brinson, hereby declare, under penalty of perjury, as follows:

1.      I am a partner at Winston & Strawn LLP, counsel for Defendant Wells Fargo Bank, N.A. ("Wells Fargo") in this matter.  I make this declaration based on my personal knowledge and in support of Wells Fargo's Opposition to Plaintiffs' Motion for Class Certification.

2.      I am personally familiar with the facts set forth in this declaration.  If called as a witness, I could and would competently testify to the matters stated herein.

3.      On September 9, 2019, I appeared on Wells Fargo's behalf at the telephonic settlement conference planning call with the Court and Plaintiffs' counsel.  During the conference, Magistrate Ryu indicated that all parties were required to attend the December 6, 2019 settlement conference.  In response, Plaintiffs' counsel asked that some Plaintiffs be excused from in-person attendance because it would be "difficult" and present a "hardship" for all class representatives to appear.  Magistrate Ryu expressed reluctance to order Wells Fargo to appear, but to excuse certain of the Plaintiffs from making in-person appearances.  She indicated she would allow it if Wells Fargo consented and if all Plaintiffs agreed in writing to be represented by those Plaintiffs who would be empowered to act on behalf of everyone else.

4.      My office represents Wells Fargo in six actions brought by individual putative class members pending in Florida, New Jersey, New York, Rhode Island,[1] and Kentucky.  These plaintiffs all experienced a completed foreclosure, with the exception of one New Jersey plaintiff, who sold the subject property via short sale.  These Plaintiffs have demanded damages ranging from over $116,000 to $1,137,893.40.  My office also represents Wells Fargo in two putative class actions filed by three other putative class members in Washington and Ohio, all of whom experienced a completed foreclosure.

5.      Attached as **Exhibit 1** is a true and correct copy of Wells Fargo's Responses to Plaintiffs' Second Set of Interrogatories. [REDACT/UNDER SEAL]

6.      Attached as **Exhibit 2** is a true and correct copy of relevant excerpts of the June 25,

---

[1] The Rhode Island action was dismissed by the court without prejudice for lack of personal jurisdiction.

2019 Deposition of Plaintiff Tiffanie Hood.

7.      Attached as **Exhibit 3** is a true and correct copy of Ex. 194 to the June 20, 2019 Deposition of Plaintiff Rose Wilson.

8.      Attached as **Exhibit 4** is a true and correct copy of Ex. 197 to the June 20, 2019 Deposition of Plaintiff Rose Wilson.

9.      Attached as **Exhibit 5** is a true and correct copy of Ex. 198 to the June 20, 2019 Deposition of Plaintiff Rose Wilson.

10.     Attached as **Exhibit 6** is a true and correct copy of a document produced by Wells Fargo in this matter bearing the bates numbers WF_HERNANDEZ_00003956-957.

11.     Attached as **Exhibit 7** is a true and correct copy of a document produced by Wells Fargo in this matter bearing the bates numbers WF_HERNANDEZ_00037757-770.

12.     Attached as **Exhibit 8** is a true and correct copy of relevant excerpts of the June 11, 2019 Deposition of Plaintiff Troy Frye.

13.     Attached as **Exhibit 9** is a true and correct copy of Ex. 37 to the June 11, 2019 Deposition of Plaintiff Troy Frye.

14.     Attached as **Exhibit 10** is a true and correct copy of relevant excerpts of the June 10, 2019 Deposition of Plaintiff Alicia Hernandez.

15.     Attached as **Exhibit 11** is a true and correct copy of Ex. 20 to the June 10, 2019 Deposition of Plaintiff Alicia Hernandez.

16.     Attached as **Exhibit 12** is a true and correct copy of Ex. 23 to the June 10, 2019 Deposition of Plaintiff Alicia Hernandez.

17.     Attached as **Exhibit 13** is a true and correct copy of an email dated May 21, 2019 from Linda Lam, counsel for Plaintiffs, indicating that the Floyds and Ms. Hood would not fly to San Francisco for their depositions due to concerns about air travel.

18.     Attached as **Exhibit 14** is a true and correct copy of relevant excerpts of the June 27, 2019 Deposition of Plaintiff Coszetta Teague.

19.     Attached as **Exhibit 15** is a true and correct copy of relevant excerpts of the June 18,

2

2019 Deposition of Plaintiff John DeMartino.

20.     Attached as **Exhibit 16** is a true and correct copy of relevant excerpts of the June 18, 2019 Deposition of Plaintiff Yvonne DeMartino.

21.     Attached as **Exhibit 17** is a true and correct copy of relevant excerpts of the August 2, 2019 Wells Fargo 30(b)(6) Deposition of Carmen Bell.

22.     Attached as **Exhibit 18** is a true and correct copy of Ex. 408 to the August 2, 2019 Wells Fargo 30(b)(6) Deposition of Carmen Bell.

23.     Attached as **Exhibit 19** is a true and correct copy of relevant excerpts of the June 12, 2019 Deposition of Plaintiff Brenda Simoneaux.

24.     Counsel for Wells Fargo has researched breach of contract, extrinsic evidence, and intentional infliction of emotional distress laws upon which Plaintiffs base their claims.  To assist the Court, counsel prepared tables summarizing that research, which are attached as **Exhibits 20, 21, 22,** and **23.**

25.     Counsel for Wells Fargo also collected existing surveys regarding state consumer protection statutes and punitive damages laws.  True and correct copies of our compilation of these surveys are attached as **Exhibit 24.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 19th day of September, 2019.

                            *__/s/ Kobi K. Brinson__*
                            Kobi K. Brinson

                            WINSTON & STRAWN LLP
                            Attorneys for Defendant
                            WELLS FARGO BANK, N.A.