Amanda L. Groves (SBN: 187216)
agroves@winston.com
Morgan E. Stewart (SBN: 321611)
mstewart@winston.com
**WINSTON & STRAWN LLP**
101 California Street, 35th Floor
San Francisco, CA  94111-5802
Telephone:     (415) 591-1000
Facsimile:      (415) 591-1400

Kobi K. Brinson (Admitted *pro hac vice*)
kbrinson@winston.com
Stacie C. Knight (Admitted *pro hac vice*)
sknight@winston.com
**WINSTON & STRAWN LLP**
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone:     (704) 350-7700
Facsimile:      (704) 350-7800

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ALICIA HERNANDEZ, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY and WELLS FARGO BANK, N.A.,<br><br>Defendants. | No. 3:18-cv-07354 WHA<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S OBJECTIONS TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION**<br><br>Date: November 6, 2019<br>Time: 8:00 a.m.<br>Courtroom: 12<br>Judge: Hon. William H. Alsup |

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby objects to the new evidence and arguments Plaintiffs submitted in their Revised Trial Plan and Reply in Support of Their Motion for Class Certification ("Reply Brief"), which includes the Declaration of Michael Schrag.

## I. STANDARD

As this Court's Standing Order recognizes, a party should not present new arguments or evidence in a reply brief. *See* Standing Order at page 3, ¶ 10 ("Reply declarations are disfavored. Opening declarations should set forth all facts on points foreseeably relevant to the relief sought. Reply papers should not raise new points that could have been addressed in the opening."); *see also Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief"); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308, n.5 (N.D. Cal. 2005) ("Defendants' attempt to introduce new evidence in connection with their reply papers is improper."); *Iconix, Inc. v. Tokuda*, 457 F.Supp.2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence and argument submitted with a plaintiff's reply). The reason for this rule is simple: the moving party should not be allowed to "sandbag" the non-moving party. *See Hamilton v. Willms*, No. 1:02-CV-6583, 2007 WL 2558615, at *11 (E.D. Cal. Sep. 4, 2007) ("Parties are required to raise all of their arguments in their opening brief to prevent 'sandbagging' of other non-moving party [*sic*] and to provide opposing counsel the chance to respond.").

As set forth in more detail below, Wells Fargo objects to the new arguments and evidence in Plaintiffs' Revised Trial Plan and Reply Brief, all of which were available to them when they filed their opening papers and should have been included therein.

## II. PLAINTIFFS' REPLY BRIEF

Plaintiffs' Reply Brief contains new arguments that were "foreseeably relevant to the relief sought"—i.e., class certification, and also submits new evidence, including the following:

- For the first time on Reply, Plaintiffs now propose Plaintiff Debora Granja as a representative of their putative nationwide class and California subclass. Plaintiffs include new argument and evidence regarding her adequacy and statutory UCL standing. Reply Brief at 1, 8-9, 10-11.
- Despite advancing only a nationwide UCL claim in their Second Amended Complaint, and apparently having moved to certify that claim on a nationwide basis, Plaintiffs now seek certification of that claim on behalf of a California subclass. *Id*. at 11.
- Although the Motion for Class Certification did not even mention (much less substantively address) the California Homeowner Bill of Rights claim, Plaintiffs' Reply seeks to certify that claim on behalf of a California subclass. *Id*.

Further, the Declaration of Michael Schrag attaches new evidence, including deposition testimony from Plaintiffs Debora Granja and Coszetta Teague. *See* Dkt. 156-1, Exs. A and B.

There is no reason Plaintiffs could not have included these arguments in their opening papers, and Wells Fargo objects on these grounds.

### III. PLAINTIFFS' REVISED TRIAL PLAN

Further, as demonstrated in the attached redline, Plaintiffs' Revised Trial Plan contains arguments they did not make, but could have made, in their opening papers. *See* attached Exhibit A (redline demonstrating changes between Plaintiffs' original Trial Plan (Dkt. 138-48) and Revised Trial Plan (Dkt. 156-4). Plaintiffs' new arguments include the following:

- Plaintiffs add a "California Homeowner Bill of Rights claim on behalf of the California subclass." Revised Trial Plan at 2.
- Plaintiffs contend that Kilpatrick would run the AVM model for each class member "in the Liability Phase (if Plaintiffs' appraisal expert, Dr. John Kilpatrick, has all the class data necessary to run his AVM model for each class member), or in the Damages Phase." *Id*.; *see also id*. at 11 (Kilpatrick "will assist in determining lost equity damages

(whether it be in the Liability or Damages Phase) and will also be able to opine on Plaintiffs' other financial losses.").

- Plaintiffs propose "in the alternative" for class members to initiate individual trials in the Damages Phase. *Id*. at 3, 12. Plaintiffs propose this option as an alternative to having the special master preside over individual damages trials. *Id*. Plaintiffs believe these trials "would be relatively short in duration." *Id*. at 13. They contend that individual jury trials on damages would be "more efficient than over 900 trials on both liability and damages" and would be "appropriate for certain damages, like emotional distress, which are not susceptible to a formulaic calculation." *Id*. at 12, 13.

- Plaintiffs propose that "the Court can determine the availability of punitive damages during the Liability Phase, but reserve the aggregate amount and individual distribution of punitive damages for determination in the Damages Phase." *Id*. at 13 (internal citation omitted).

These arguments were "foreseeably relevant to the relief sought"—i.e., class certification, and there is no reason Plaintiffs could not have included these arguments in their original Trial Plan. Wells Fargo objects on these grounds.

Dated: October 14, 2019

WINSTON & STRAWN LLP

By: */s/ Amanda L. Groves*
Amanda L. Groves
Morgan E. Stewart
Kobi K. Brinson (Admitted *pro hac vice*)
Stacie C. Knight (Admitted *pro hac vice*)

Attorneys for Defendant
WELLS FARGO BANK, N.A.

3