IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA HERNANDEZ, EMMA WHITE, KEITH LINDNER, TROY FRYE, COSZETTA TEAGUE, IESHA BROWN, RUSSELL and BRENDA SIMONEAUX, JOHN and YVONNE DEMARTINO, ROSE WILSON, TIFFANIE HOOD, GEORGE and CYNDI FLOYD, DEBORA GRANJA, and DIANA TREVINO, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant.<br>_____/ | No. C 18-07354 WHA<br><br>**ORDER RE MOTION FOR CLASS CERTIFICATION** |

    In reading the opening motion to certify a class, the Court observes that plaintiffs' counsel failed to include any representative of California as the proposed class representative. The Court also observes that plaintiffs' counsel failed to include a request for class certification as to their California Homeowners Bill of Rights claim (even though they stated they would prove the claim with common proof in their proposed trial plan attached to their motion). The Court further observes plaintiffs' counsel failed to state they were seeking to certify a California sub-class, not a nationwide sub-class to pursue their Section 17200 claim.

It is true that some effort was made to cure these omissions in plaintiffs' reply brief but that came after defendant's only opportunity to oppose. It was unfair to raise these points after the opposition brief was submitted.

These points are of particular concern in the event the Court were to certify a California only class and to hold in abeyance certification of any other class until after a trial on the California class's claims — a way to test the viability of plaintiffs' assertions that plaintiffs' counsel could present a common method of proof at trial, an assertion that defendant vigorously opposes.

Because of these failings of plaintiffs' counsel, the Court is inclined to start over and let plaintiffs move for class certification anew (limiting its motion to a California class). This would be on the condition that plaintiffs' counsel reimburses defendant for the extra cost associated with having to rebrief issues to address arguments that should have been briefed from the get-go.

By **NOVEMBER 4 AT NOON** both sides should submit memoranda **UP TO FIVE PAGES** (without exhibits or attachments) advising the Court of the best way to proceed in this mess. For now, the **NOVEMBER 6** hearing shall remain on calendar.

**IT IS SO ORDERED.**

Dated: October 31, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE