Michael L. Schrag (SBN 185832)
Joshua J. Bloomfield (SBN 212172)
Linda P. Lam (SBN 301461)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
mls@classlawgroup.com
jjb@classlawgroup.com
lpl@classlawgroup.com

Richard M. Paul III
Ashlea G. Schwarz
Laura C. Fellows
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Facsimile: (816) 984-8101
Rick@PaulLLP.com
Ashlea@PaulLLP.com
Laura@PaulLLP.com

*Counsel for Plaintiffs and Proposed Classes*

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA HERNANDEZ et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 3:18-cv-07354-WHA<br><br>**DECLARATION OF MICHAEL SCHRAG IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>Date:   January 9, 2020<br>Time:  8 a.m.<br>Dept:  Courtroom 12<br>Judge: Hon. William H. Alsup |

I, Michael Schrag, declare as follows:

1. I am a partner at Gibbs Law Group LLP in Oakland, California. I am co-counsel of record for Plaintiffs in the above-named action.

2. I submit this declaration in support of Plaintiffs' renewed motion for class certification. I have personal knowledge of the matters stated herein and could and would competently testify thereto if called upon to do so.

3. I joined Gibbs Law Group LLP in the spring of 2015. Attached as **Exhibit A** is a true and correct copy of my firm's resume that includes my background and 23 years of experience prosecuting complex class actions on behalf of consumers and small businesses.

4. I have been co-lead class counsel in *Beaver v. Tarsadia Hotels*, Case No. 11-cv-1842-GPC (S.D. Cal.) a class action that settled for $51.15 million and established favorable law for consumers (*Beaver v. Tarsadia Hotels,* 816 F.3d 1170 (9th Cir. 2016)); and *Ammari v. Pacific Bell Directory* (Alameda County Super. Ct. No. RG05198014), a class action that resulted in a $27 million judgment after a class trial and two successful appeals. I am currently on the Plaintiffs' Executive Committees in *In re Wells Fargo Collateral Protection Insurance*, Case No. 8:17-ml-2797-AG-KES (C.D. Cal.) and *In Re Cattle Antitrust Litigation,* Case No. 19-cv-1222 (JRT/HB) (D. Minn.). I am also on the Expert Committee in *In re Disposable Contact Lens Antitrust Litigation*, Case No. 3:15-md-2626-HES-JRK, (M.D. Fla.). *See* **Exhibit A** at 11-12.

5. My firm and I, together with our co-counsel Paul LLP, have invested significant time and resources to prosecuting this action since November 2018. We have received more than 200 inquiries from class members and have devoted substantial efforts providing timely responses to class members' inquiries regarding the remediation that Wells Fargo provided, as well as the litigation.

6. We have also briefed two motions to dismiss all or part of this case, reviewed over 140,000 pages of documents Wells Fargo produced, defended 14 Plaintiffs' depositions, responded to extensive written discovery served on the proposed class representatives, deposed seven Wells Fargo employees, and worked with experts on damages and restitution theories.

7. To date, my firm has spent over 3,955 hours and has incurred over $95,000 in out-of-pocket expenses in prosecuting this case.

SCHRAG DECL. ISO PLAINTIFFS' RENEWED
MOTION FOR CLASS CERT.
Case No. 3:18-cv-07354-WHA

8.   The attorneys working on this case are fully committed to prosecuting this litigation and to maximizing a recovery on behalf of the proposed class members. I know of no conflicts that would impede our ability to vigorously prosecute this case.

9.   Attached as **Exhibit 1** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of the 2011 Consent Order issued by the Comptroller of the Currency to Wells Fargo Bank, N.A.

10.  Attached as **Exhibit 2** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of the 2013 Consent Order issued by the Comptroller of the Currency to Wells Fargo Bank, N.A.

11.  Attached as **Exhibit 3** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of the 2015 Consent Order issued by the Comptroller of the Currency to Wells Fargo Bank, N.A.

12.  Attached as **Exhibit 4** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of the 2016 Consent Order for a Civil Money Penalty issued by the Comptroller of the Currency to Wells Fargo Bank, N.A.

13.  Attached as **Exhibit 5** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of the Mortgagee Letter 2009-23 issued by the Department of Housing and Urban Development (HUD).

14.  Attached as **Exhibit 6** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of Wells Fargo's servicer participation agreement with respect to HAMP.

15.  Attached as **Exhibit 7** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of the Mortgagee Letter 2009-35 issued by HUD.

16.  Attached as **Exhibit 8** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of relevant excerpts from the deposition of Robert Ferguson.

17.  Attached as **Exhibit 9** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of a September 6, 2010 letter from Wells Fargo to Plaintiff Troy Frye.

18.  Attached as **Exhibit 10** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of a September 6, 2011 letter from Wells Fargo to Plaintiff Troy Frye.

19. Attached as **Exhibit 11** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of Wells Fargo's Home Preservation Application (HPA) Overview.

20. Attached as **Exhibit 12** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of relevant excerpts from the deposition of Carmen Bell.

21. Attached as **Exhibit 13** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of a March 8, 2018 letter from Carmen Bell.

22. Attached as **Exhibit 14** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of Mortgagee Letter 2005-30 issued by HUD.

23. Attached as **Exhibit 15** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of a spring 2018 e-mail chain among Wells Fargo employees.

24. Attached as **Exhibit 16** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of an e-mail chain among Wells Fargo employees.

25. Attached as **Exhibit 17** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of Wells Fargo's executive summary titled "Attorney Fee Calculation Error – CIT 6214."

26. Attached as **Exhibit 18** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of a September 5, 2013 e-mail from a Wells Fargo employee.

27. Attached as **Exhibit 19** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of an e-mail attaching Wells Fargo employee Dan Pfeil's 2013 performance review.

28. Attached as **Exhibit 20** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of a September 2013 e-mail chain among Wells Fargo employees.

29. Attached as **Exhibit 21** is a compilation (created by Plaintiffs' counsel) of excerpts of entries from spreadsheets produced by Wells Fargo concerning outstanding issues. These spreadsheets pertained to meetings on October 9, October 16, October 23, October 30, November 6, and November 20, 2013, respectively. This compilation shows that attorney's fees issue was on the list of discussion topics week after week.

SCHRAG DECL. ISO PLAINTIFFS' RENEWED
MOTION FOR CLASS CERT.
Case No. 3:18-cv-07354-WHA

30. Attached as **Exhibit 22** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of a Wells Fargo "Change Control Center" page relating to the attorney's fees issue that is the subject of this case.

31. Attached as **Exhibit 23** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of a January 9, 2014 e-mail from a Wells Fargo employee.

32. Attached as **Exhibit 24** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of a January 2014 e-mail chain among Wells Fargo employees.

33. Attached as **Exhibit 25** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of meeting minutes from a January 2014 meeting among Wells Fargo employees.

34. Attached as **Exhibit 26** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of a May 2014 e-mail chain among Wells Fargo employees.

35. Attached as **Exhibit 27** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of a January 9, 2014 e-mail from a Wells Fargo risk consultant, as well as Dan Pfeil's 2013 performance review (produced by Wells Fargo).

36. Attached as **Exhibit 28** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of a July 2014 e-mail chain among Wells Fargo employees.

37. Attached as **Exhibit 29** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of a September 2014 presentation and set of notes from a meeting among Wells Fargo employees.

38. Attached as **Exhibit 30** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of October 2014 call notes among Wells Fargo employees.

39. Attached as **Exhibit 31** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of an October 15, 2014 e-mail from a Wells Fargo employee.

40. Attached as **Exhibit 32** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of a January 2015 e-mail chain among Wells Fargo employees.

41. Attached as **Exhibit 33** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of a Wells Fargo executive summary from 2015 on the attorney's fee issue that is the subject of this case.

42. Attached as **Exhibit 34** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of relevant excerpts from the deposition of Diane Young.

43. Attached as **Exhibit 35** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of an April 2015 e-mail chain among Wells Fargo employees.

44. Attached as **Exhibit 36** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of a spring 2015 e-mail chain among Wells Fargo employees.

45. Attached as **Exhibit 37** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of a May 2015 e-mail chain among Wells Fargo employees.

46. Attached as **Exhibit 38** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of Wells Fargo's "Business Requirements Document" regarding the attorney's fees issue that is the subject of this case.

47. Attached as **Exhibit 39** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of a March 2018 e-mail chain among Wells Fargo employees.

48. Attached as **Exhibit 40** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of Wells Fargo's "Business Requirements Document" regarding phase two of the attorney's fees issue that is the subject of this case.

49. Attached as **Exhibit 41** is a true and correct copy of a chart created by Wells Fargo listing information on each member of the class. To avoid disclosing mediation-related information, Plaintiffs' counsel removed three columns that were in the version Wells Fargo prepared: initial remediation amount to each class member, the total amount each class member received in remediation and mediation, as well as the amount each class member initially requested in mediation.

50. Attached as **Exhibit 42** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of relevant excerpts from the deposition of Debora Granja.

51. Attached as **Exhibit 43** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of the Fannie Mae/Freddie Mac form security instrument.

52. Attached as **Exhibit 44** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of the Federal Housing Administration form security instrument.

53. Attached as **Exhibit 45** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of the form apology letter that Wells Fargo sent to class members to notify them of Wells Fargo's error in denying them a loan modification.

54. Attached as **Exhibit 46** is a state law survey (created by Plaintiffs' counsel) showing that all states admit extrinsic evidence if there is an ambiguity in a contract that Plaintiffs' counsel created for purposes of this motion.

55. Attached as **Exhibit 47** is a state law survey (created by Plaintiffs' counsel) showing that all states define "extreme and outrageous" conduct for purposes of intentional infliction of emotional distress in the same or substantially similar manner.

56. Attached as **Exhibit 48** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of the form apology letter that Debora Granja received from Wells Fargo, notifying her of Wells Fargo's error in denying her a loan modification.

57. Attached as **Exhibit 49** is a true and correct copy (except to the extent any highlighting was done by Plaintiffs' counsel) of the form apology letter that Sandra Campos received from Wells Fargo, notifying her of Wells Fargo's error in denying her a loan modification.

58. Attached as **Exhibits 50 to 62** are true and correct copies (except to the extent any highlighting was done by Plaintiffs' counsel) of portions of the other proposed class representatives' depositions, which demonstrate their commitment to this case and understanding of their duties as a class representative:

- Ex. 50: Alicia Hernandez
- Ex. 51: Emma White
- Ex. 52: Troy Frye
- Ex. 53: Coszetta Teague
- Ex. 54: Russell Simoneaux
- Ex. 55: Brenda Simoneaux
- Ex. 56: John DeMartino

- Ex. 57: Yvonne DeMartino
- Ex. 58: Rose Wilson
- Ex. 59: Tiffanie Hood
- Ex. 60: George Floyd
- Ex. 61: Cyndi Floyd
- Ex. 62: Diana Trevino

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 21st day of November, 2019 in Oakland, California.

*/s/ Michael L. Schrag*

SCHRAG DECL. ISO PLAINTIFFS' RENEWED
MOTION FOR CLASS CERT.
Case No. 3:18-cv-07354-WHA