# EXHIBIT 13

Message

| | |
|---|---|
| From: | Bell, Carmen [/O=WELLS FARGO & CO./OU=WFB1/CN=RECIPIENTS/CN=BELLCARM] |
| Sent: | 3/8/2018 8:22:04 AM |
| To: | Reimers, Kara E [karareimers@wellsfargo.com]; Spensley, Brian A [brian.a.spensley@wellsfargo.com]; Pinkerton, William J. [william.j.pinkerton@wellsfargo.com] |
| Subject: | can you all review this to ensure I am accurate and haven't missed anything |

If you have 5 mins can you review to see what I might have missed or what you would add

Perry –
Below is an executive summary of the opportunity we have researched related to attorney fees.

### Overview
When reviewing CIT 5920 in the settlement area related to attorney fees, we identified opportunity to review for additional impacts, this included looking at loans that were potentially inappropriately denied due to our process at the time for how attorney fees were calculated in the decision tool to calculate the HTI for cap and extend programing.  SHRP XXX was opened on XXX to review past and current practices on how attorney fees are used in decision tools.

### How did the tool work
The HPA tool was automated to pull in attorney fees that were **paid** at the time of the decision from MSP screen (DDCH) and **ADD** them to the max allowable state matrix.  This practice in essence potentially over stated the dollar amount for recoverable fees that were incurred at the time of the decision, which could have created a HTI impact making the payment unaffordable and potentially NPV decline.

### Scope
Customers who were declined using the HPA tool from April 2010 (inception of the tool) until 10/20/2015 when the tool was updated.  There was a previous CIT, 1552, opened in July of 2017 related to this issue and was closed with no harm found in September of 2015.  From reviewing the documentation on CIT 1552 the potential for inappropriate declines does not appear to have been considered.
- Portfolios which used HPA include GSEs, Owned HAMP decisions, Privates, VA which are all in scope to be reviewed.
- Portfolios excluded:
  o Owned loans which received a proprietary program used HPA however have been deemed out of scope because all attorney fees and costs are waived as step 1 of the waterfall, so regardless of what was used it wouldn't impact decision
  o FHA loans were decisioned in SLOAD, the practice for these loans was to use the actual paid in MSP (DDCH screen) and pending fees incurred not charged verified with the attorney firm.

### Work completed to assess potential impact
- SDA cast a wide net to include all declines during time period referenced above, which is ~90k decline decisions.
- Sr Underwriter started to re-underwrite loans that were declined for affordability, starting with 20 decisions.  This included pulling the actual attorney fees at the time of the decision and completing a new decision. They used the lower of  actuals or the max allowable in the state fee matrix for the new decision.
- Friday 3/2 the team shared results from 2 decisions which appeared to be impacted with Sr leadership.  Team recommended to review working with claims to review the actual attorney fees incurred  vs just what was paid due to the known delays with attorney billing.
- Wednesday 3/7 the team presented the findings to Sr Leadership in which we determined there is impact of how attorney fees are calculated impacted the decision of the loans we reviewed.  At this time we started the process of opening a critical CIT/C2C.

### Next Steps
- C2C will be opened on 3/8 as critical



EXHIBIT NO. 41
ANDREA M. IGNACIO
RPR, CRR, CCRR, CSR # 9830

CONFIDENTIAL                                                                                                    WF_HERNANDEZ_00071155

**Redacted-ACP**

- Foreclosure sale holds and referral monitoring will be placed on loans by 3/12 for those that need to have a decision re-run.
- Re-run decisions – TBD on how long this will take us depending on population size
- Reviewing existing practice for all portfolios, we know there is a difference in what is used by portfolio however we **do not believe** there is a risk of inappropriately denying a customer. Plan to complete review and recommendation by April 1st.
- Engaging RECOR DVT in the population sizing on 3/8 to ensure nothing has been missed.

Carmen Bell
Head of WFHL Service Customer Contact and Default Decision

Wells Fargo Consumer Lending | 2850 S. Price Road, Bldg. E | Chandler, AZ 85286
MAC S3826-025
Tel 480-787-3320 | Cell 480-226-9731 | Fax 602-328-2266
Carmen.Bell@wellsfargo.com

This message may contain confidential and/or privileged information. If you are not the addressee or authorized to receive this for the addressee, you must not use, copy, disclose, or take any action based on this message or any information herein. If you have received this message in error, please advise the sender immediately by reply e-mail and delete this message. Thank you for your cooperation.