# EXHIBIT 14



U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
WASHINGTON, DC  20410-8000

ASSISTANT SECRETARY FOR HOUSING-
FEDERAL HOUSING COMMISSIONER

July 12, 2005

**MORTGAGEE LETTER 2005-30**

TO:  All Approved Mortgagees

ATTENTION:  Single Family Servicing Managers

SUBJECT:  **Single Family Foreclosure Policy and Procedural Changes:
  Reasonable Diligence Requirements;
  Update to HUD's Schedule of Allowable Attorney Fees; and
  Update to HUD's Foreclosure Time Frames**

This Mortgagee Letter provides updates to HUD's reasonable diligence time frames and the schedule of attorney fees for all jurisdictions.

## REASONABLE DILIGENCE REQUIREMENTS AND EFFECTIVE DATES

When foreclosure of a defaulted loan is necessary, HUD regulation 24 CFR 203.356(b) provides that mortgagees "must exercise reasonable diligence in prosecuting the foreclosure proceedings to completion and in acquiring title to and possession of the property."  That regulation also states that HUD will make available to mortgagees a time frame that constitutes "reasonable diligence" for each state.  This Mortgagee Letter provides an update to the state foreclosure time frames and attorney's fee schedules that were provided in Mortgagee Letter 2001-19, dated August 24, 2001.  The updates are as follows:

Foreclosures

Attachment 1 provides listings of the first legal action necessary to initiate foreclosure on a mortgage and of the typical security instrument used in each state.  Reasonable diligence time frames for completing foreclosure and acquisition of title in each state are provided in Attachment 2.  These time frames identify the time between the first legal action required by the jurisdiction to commence foreclosure and the date that the foreclosure deed (Sheriff's, Trustee's, etc. or certificate of title) is recorded.  Delays in completing foreclosure due to bankruptcy are treated as exceptions and are not included in the time frames.

The revised time frames provided in Attachment 2 will be effective for all cases where the first legal action to initiate foreclosure occurs on or after September 1, 2005.

Acquiring Possession

When a separate legal action is necessary to gain possession following foreclosure, an automatic extension of the reasonable diligence time frame will be allowed for the actual time necessary to complete the possessory action provided that the mortgagee begins such action promptly.  Mortgagees must take the first public legal action to initiate the eviction or possessory action within thirty calendar days of foreclosure completion to qualify for this extension of the reasonable diligence time frame.

The Department is not issuing time frames for completing possessory actions because of wide differences in time periods depending upon the location of the property and other factors outside of the mortgagee's control.

Bankruptcies

When a borrower files bankruptcy after foreclosure proceedings have been instituted, an extension of the reasonable diligence time frame for foreclosure and acquisition of the property will be allowed.  However, the mortgagee must ensure that all necessary bankruptcy-related legal actions are handled in a timely and effective manner.  The case must be promptly referred to a bankruptcy attorney after the bankruptcy is filed and the mortgagee must monitor the action to ensure that the case is timely resolved.  The time frame for completing legal action on a bankruptcy will vary based on the chapter under which the bankruptcy is filed.

### Chapter 7 Bankruptcy Filings

HUD does not reimburse for legal expenses associated with a current FHA-insured mortgage.  Where the mortgagee cannot proceed with foreclosure action because of a Chapter 7 Bankruptcy, the case shall be resolved through dismissal, termination of the automatic stay or trustee abandonment of all interest in the secured property.  The mortgagee's claim review file must document that the case was promptly referred to the mortgagee's foreclosure attorney after the bankruptcy filing.

In general, the additional time allowed for the Chapter 7 Bankruptcy delay for meeting the reasonable diligence requirement shall not exceed 90 days from the date of the bankruptcy filing.  Any delay beyond 90 days from the date of bankruptcy filing must be supported by documentation that the delay was not due to the failure of the mortgagee to timely notify its bankruptcy attorney or by any failure of the mortgagee's attorney.

Chapter 13 (and Chapter 11 and 12) Bankruptcy Filings

HUD does not reimburse for legal expenses associated with a current FHA-insured mortgage.  Where the mortgagee cannot proceed with foreclosure action because of a Chapter 13 (or Chapter 11 or 12) Bankruptcy, the case shall be resolved through dismissal, termination of the automatic stay or trustee abandonment of all interest in the secured property.  The mortgagee's claim review file must document that the case was promptly referred to the mortgagee's attorney after the bankruptcy filing.

In addition to prompt and accurate notification to the bankruptcy court, the mortgagee shall closely monitor the payments required by the bankruptcy court.  If the borrower becomes 60 days delinquent in payments required under a Chapter 13 (or Chapter 11 or 12) plan, the lender must ensure that prompt legal action is taken to resolve the matter.

In general, the additional time allowed for the Chapter 13 (or Chapter 11 or 12) Bankruptcy delay for meeting the reasonable diligence requirement shall not exceed 90 days from the date of the payments under the bankruptcy plan became 60 days delinquent.  Any delay beyond 90 days from the date of the account became 60 days delinquent under the terms of the bankruptcy plan must be supported by documentation that the delay was not due to the failure of the mortgagee to timely notify its bankruptcy attorney or by any failure of the mortgagee's attorney.

Non-compliance

Mortgagees are responsible for "self-curtailment" of interest on single-family claims where reasonable diligence or reporting requirements are not met.  Self-curtailment shall be accomplished by identification of the interest curtailment date on Form HUD-27011, Item 31.  Explanation and examples are provided in Attachment 4.

**SCHEDULE OF ATTORNEY FEES AND EFFECTIVE DATES**

The Department has revised the attorney fees that will be considered as reasonable and customary for various legal actions for purposes of calculating the maximum amount HUD will reimburse in an insurance claim.  The updated fee schedules are provided in Attachment 3.

These fees cover the customary legal services performed in each type of action.  In all cases, the amount claimed for attorney fees shall reasonably relate to the work actually performed.  In the event a legal action is stopped for a loss mitigation option, a reinstatement or a payment in full, the attorney fees that the borrower is required to pay shall be commensurate with the work actually completed to that point and the amount charged may not be in excess of the fee that HUD has established as reasonable and customary for claim purposes.

Foreclosures

      The update to HUD's Schedule of Attorney Fees, as provided in Attachment 3, will be effective for all cases where the first legal action to initiate foreclosure occurs on or after September 1, 2005.  In the interim, mortgagees shall continue to follow the HUD Schedule of Attorney Fees that was issued with Mortgagee Letter 2001-19, dated August 24, 2001.

Bankruptcy Actions

      The update to HUD's Schedule of Attorney Fees will be effective for all bankruptcy clearances undertaken on or after September 1, 2005.  These fees represent maximum allowable amounts for customary and routine legal services performed in each type of bankruptcy filing.  Mortgagee claims for legal fee reimbursement must be reasonably related to the amount of work that the bankruptcy attorney actually performed.

      A bankruptcy clearance begins when a petition for release of the bankruptcy stay is submitted to the bankruptcy court.  Bankruptcy clearances begun prior to the effective date shall be reimbursed according to HUD's Schedule of Attorney Fees that was issued with Mortgagee Letter 2001-19, dated August 24, 2001.

Possessory Actions (Evictions)

      The update to HUD's Schedule of Attorney Fees will be effective for all possessory actions undertaken on or after September 1, 2005.  Possessory actions begun prior to the effective date shall be reimbursed according to HUD's Schedule of Attorney Fees that was issued with Mortgagee Letter 2001-19, dated August 24, 2001.

Deeds-in-Lieu of Foreclosure

      The update to HUD's Schedule of Attorney Fees will be effective for all deeds-in-lieu recorded in HUD's name on or after September 1, 2005.  In the interim, mortgagees shall continue to follow HUD's Schedule of Attorney Fees that was issued with Mortgagee Letter 2001-19, dated August 24, 2001.

      Questions regarding this Mortgagee Letter may be directed to HUD's National Servicing Center at (888) 297-8685.

                                  Sincerely,

                                  _____
                                  Brian D. Montgomery
                                  Assistant Secretary for Housing-
                                      Federal Housing Commissioner

Attachments

Attachment 1

**ACTION CONSIDERED BY THE
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
AS THE FIRST LEGAL ACTION TO COMMENCE (INSTITUTE) FORECLOSURE**

| State Code | State | Typical Type of HUD Security Instrument | Normal Method of Foreclosure | First Foreclosure Action |
|---|---|---|---|---|
| 01 | Alabama | Mortgage | Non-Judicial | Publication |
| 11 | Alaska | Deed of Trust | Non-Judicial | Recording of Notice of Default |
| 02 | Arizona | Deed of Trust | Non-Judicial | Recording of Notice of Sale |
| 03 | Arkansas | Deed of Trust | Non-Judicial | Recording of Notice of Default |
| 04 | California | Deed of Trust | Non-Judicial | Recording of Notice of Default |
| 05 | Colorado | Deed of Trust | Non-Judicial | Filing of Foreclosure Documents with Public Trustee |
| 06 | Connecticut | Mortgage | Judicial | Delivering Complaint to Sheriff |
| 07 | Delaware | Mortgage | Judicial | Complaint |
| 08 | District of Columbia | Deed of Trust | Non-Judicial | Recording of Notice of Default |
| 09 | Florida | Mortgage | Judicial | Complaint |
| 10 | Georgia | Security Deed | Non-Judicial | Publication |
| 83 | Guam | Mortgage | Non-Judicial | Posting and Publishing of Notice of Sale |
| 14 | Hawaii | Mortgage | Judicial | Complaint |
| | | Mortgage | Non-Judicial | Publication of Notice of Intent to Foreclose |
| 12 | Idaho | Deed of Trust | Non-Judicial | Recording of Notice of Default |
| 13 | Illinois | Mortgage | Judicial | Complaint |
| 15 | Indiana | Mortgage | Judicial | Complaint |
| 16 | Iowa | Mortgage | Judicial | Petition |
| | | Deed of Trust | Non-Judicial | Delivering Notice to Clerk |
| 18 | Kansas | Mortgage | Judicial | Complaint |
| 20 | Kentucky | Mortgage | Judicial | Complaint |
| 22 | Louisiana | Mortgage | Judicial | Petition for Executory Process |
| 23 | Maine | Mortgage | Judicial | Complaint |
| 24 | Maryland | Mortgage | Judicial | Petition in Equity |
| | | Deed of Trust | Non-Judicial | Filing an Order to Docket |
| 25 | Massachusetts [1] | Mortgage | Non-Judicial | Filing of Complaint Relative to Servicemembers Civil Relief Act |
| 26 | Michigan | Mortgage | Non-Judicial | Publication |
| 27 | Minnesota | Mortgage Deed | Non-Judicial | Publication |
| 28 | Mississippi | Deed of Trust | Non-Judicial | Publication |
| 29 | Missouri | Deed of Trust | Non-Judicial | Publication |

ACTION CONSIDERED BY THE
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
AS THE FIRST LEGAL ACTION TO COMMENCE (INSTITUTE) FORECLOSURE

| State Code | State | Typical Type of HUD Security Instrument | Normal Method of Foreclosure | First Foreclosure Action |
|---|---|---|---|---|
| 31 | Montana | Trust Indenture | Non-Judicial | Recording of Notice of Sale |
| 32 | Nebraska | Mortgage | Judicial | Petition |
|  |  | Deed of Trust | Non-Judicial | Publication of Notice of Sale |
| 33 | Nevada | Deed of Trust | Non-Judicial | Recording of Notice of Default |
| 34 | New Hampshire | Mortgage | Non-Judicial | Publication |
| 35 | New Jersey | Mortgage | Judicial | Complaint |
| 36 | New Mexico | Mortgage | Judicial | Complaint |
| 37 | New York | Mortgage | Judicial | Complaint |
| 38 | North Carolina | Deed of Trust | Non-Judicial | Notice of Hearing |
| 40 | North Dakota | Mortgage | Judicial | Complaint |
| 41 | Ohio | Mortgage Deed | Judicial | Complaint |
| 42 | Oklahoma | Mortgage | Judicial | Petition |
| 43 | Oregon | Deed of Trust | Non-Judicial | Recording of Notice of Default |
| 44 | Pennsylvania | Mortgage | Judicial | Complaint |
| 50 | Puerto Rico | Mortgage | Judicial | Complaint |
| 45 | Rhode Island | Mortgage | Non-Judicial | Publication |
| 46 | South Carolina | Mortgage | Judicial | Complaint |
| 47 | South Dakota | Mortgage | Judicial | Complaint |
|  |  | Deed of Trust | Non-Judicial | Publication of Notice of Sale |
| 48 | Tennessee | Deed of Trust | Non-Judicial | Publication |
| 49 | Texas | Deed of Trust | Non-Judicial | Posting and Filing of the Notice of Sale |
| 52 | Utah | Mortgage | Judicial | Complaint |
|  |  | Deed of Trust | Non-Judicial | Recording of Notice of Default |
| 53 | Vermont | Mortgage | Judicial | Complaint |
| 54 | Virginia | Deed of Trust | Non-Judicial | Publication |
| 82 | Virgin Islands | Mortgage | Judicial | Complaint |
| 56 | Washington | Deed of Trust | Non-Judicial | Recording of Notice of Sale |
| 57 | West Virginia | Deed of Trust | Non-Judicial | Publication |
| 58 | Wisconsin | Mortgage | Judicial | Complaint |
| 59 | Wyoming | Mortgage | Non-Judicial | Publication |

**Footnote:** (**1**) The mortgagee must first obtain a Judgment from the Land Court certifying that the owners of the property being foreclosed are not entitled to relief under the Servicemembers Civil Relief Act (SCRA).

**Attachment 2**

# HUD REASONABLE DILIGENCE TIME FRAMES (In Months) - Effective 9/1/2005

| State | Nonjudicial Foreclosure | Judicial Foreclosure | State | Nonjudicial Foreclosure | Judicial Foreclosure |
|---|---|---|---|---|---|
| AK | 5 |   | OK |   | 7 |
| AL | 4 |   | OR | 7 |   |
| AR | 5 |   | PA |   | 10 |
| AZ | 4 |   | PR |   | 14 |
| CA | 7 |   | RI | 3 |   |
| CO | 7 |   | SC |   | 7 |
| CT |   | 9 | SD | 9 | 10 |
| DC | 7 |   | TN | 4 |   |
| DE |   | 8 | TX | 3 |   |
| FL |   | 7 | UT | 5 | 11 |
| GA | 4 |   | VA | 4 |   |
| GU | 10 |   | VI |   | 15 |
| HI | 4 | 9 | VT |   | 14 |
| IA | 9 | 17 | WA | 6 |   |
| ID | 6 |   | WI |   | 12 |
| IL |   | 12 | WV | 5 |   |
| IN |   | 10 | WY | 6 |   |
| KS |   | 9 |   |   |   |
| KY |   | 7 |   |   |   |
| LA |   | 7 |   |   |   |
| MA | 8 |   |   |   |   |
| MD | 6 | 6 |   |   |   |
| ME |   | 12 |   |   |   |
| MI | 9 |   |   |   |   |
| MN | 10 |   |   |   |   |
| MO | 3 |   |   |   |   |
| MS | 4 |   |   |   |   |
| MT | 7 |   |   |   |   |
| NC | 5 |   |   |   |   |
| ND |   | 8 |   |   |   |
| NE | 5 | 5 |   |   |   |
| NH | 4 |   |   |   |   |
| NJ |   | 14 |   |   |   |
| NM |   | 7 |   |   |   |
| NV | 6 |   |   |   |   |
| NY |   | 13 |   |   |   |
| OH |   | 12 |   |   |   |

Attachment 3

# HUD SCHEDULE OF STANDARD ATTORNEY'S FEES – EFFECTIVE 9/1/2005

| STATE | NONJUDICIAL FORECLOSURE | JUDICIAL FORECLOSURE | BANKRUPTCY CLEARANCE | POSSESSORY ACTION | DEED-IN-LIEU |
|---|---|---|---|---|---|
| AK | $1,250 | | Varies[13] | $375 | $400 |
| AL | $600[1] | | Varies[13] | $375 | $400 |
| AR | $650 | | Varies[13] | $275 | $400 |
| AZ | $675 | | Varies[13] | $275 | $400 |
| CA | $650 | | Varies[13] | $525 | $400 |
| CO | $850 | | Varies[13] | $275 | $400 |
| CT | | $1,350[2] | Varies[13] | $375 | $400 |
| DC | $650[1] | | Varies[13] | $375 | $400 |
| DE | | $1,000 | Varies[13] | $325 | $400 |
| FL | | $1,250 | Varies[13] | $375 | $400 |
| GA | $650[1,3] | | Varies[13] | $375 | $400 |
| GU | $1,250 | | Varies[13] | $375 | $400 |
| HI | $1,250 | $1,900 | Varies[13] | $525 | $400 |
| IA | $600 | $900 | Varies[13] | $325 | $400 |
| ID | $650 | | Varies[13] | $375 | $400 |
| IL | | $1,150[5] | Varies[13] | $325 | $400 |
| IN | | $1,050[6] | Varies[13] | $325 | $400 |
| KS | | $900 | Varies[13] | $325 | $400 |
| KY | | $1,150 | Varies[13] | $375 | $400 |
| LA | | $950 | Varies[13] | $325 | $400 |
| MA | $1,300 | | Varies[13] | $625 | $400 |
| MD | $850[1,3] | $850 | Varies[13] | $375 | $400 |
| ME | | $1,300 | Varies[13] | $525 | $400 |
| MI | $700[7] | | Varies[13] | $325 | $400 |
| MN | $700 | | Varies[13] | $325 | $400 |
| MO | $700 | | Varies[13] | $325 | $400 |
| MS | $600[1] | | Varies[13] | $375 | $400 |
| MT | $650 | | Varies[13] | $375 | $400 |
| NC | $600[8] | | Varies[13] | $375 | $400 |
| ND | | $950 | Varies[13] | $325 | $400 |
| NE | $650[9] | $900 | Varies[13] | $325 | $400 |
| NH | $950 | | Varies[13] | $425 | $400 |
| NJ | | $1,350 | Varies[13] | $375 | $400 |
| NM | | $950 | Varies[13] | $275 | $400 |
| NV | $650 | | Varies[13] | $375 | $400 |
| NY | | $1,300[10] | Varies[13] | $725 | $400 |
| OH | | $1,150 | Varies[13] | $325 | $400 |
| OK | | $950[5] | Varies[13] | $275 | $400 |
| OR | $725 | | Varies[13] | $375 | $400 |
| PA | | $1,300[11] | Varies[13] | $425 | $400 |
| PR | | $1,150[12] | Varies[13] | $300 | $400 |

Attachment 3

| RI | $950 |  | Varies[13] | $525 | $400 |
|---|---|---|---|---|---|
| SC |  | $850 | Varies[13] | $375 | $400 |
| SD | $600 | $900 | Varies[13] | $325 | $400 |
| TN | $600[1] |  | Varies[13] | $375 | $400 |
| TX | $600 |  | Varies[13] | $325 | $400 |
| UT | $650 | $600 | Varies[13] | $275 | $400 |
| VA | $650[1,3] |  | Varies[13] | $375 | $400 |
| VI |  | $1,150 | Varies[13] | $300 | $400 |
| VT |  | $1,000 | Varies[13] | $375 | $400 |
| WA | $725 |  | Varies[13] | $375 | $400 |
| WI |  | $1,150 | Varies[13] | $325 | $400 |
| WV | $600[1,3] |  | Varies[13] | $375 | $400 |
| WY | $650 |  | Varies[13] | $375 | $400 |

**Footnotes:**

(1) The fee covers the combined attorney's and notary's fees
(2) This fee applies to strict foreclosures.  If the foreclosure orders a Foreclosure by Sale, the fee will be $1,550.
(3) The fee covers both the attorney's fee and the trustee's commission (or statutory fee).
(4) The fee includes reimbursement of any fee for the attorney's certificate of title.
(5) The fee increases by $100 if foreclosure is achieved by summary judgment.
(6) In addition to the allowable foreclosure fee, an auctioneer's fee of up to $250 is allowed for the services of a state licensed auctioneer requested by the lender and approved by the court.
(7) The fee increases to $1,100 for a nonjudicial foreclosure for a case in which the attorney provides services for "proceedings subsequent" that involve registered land.
(8) The fee includes the notary's fee.  An additional fee of $250 is allowed for an attorney court appearance for a foreclosure hearing.
(9) This fee relates to the exercise of the power of sale under a deed of trust.
(10) This fee applies to foreclosures other than those conducted in New York City and Long Island.  A fee of $1,850 applies to foreclosures conducted in the five boroughs of New York City (Bronx, Brooklyn/Kings, Manhattan, Queens and Staten Island) and in Long Island (Nassau and Suffolk Counties).
(11) The fee covers certain additional legal actions necessary to complete the foreclosure, including motions to postpone or relist a sale and motions to reassess damages.
(12) In addition to the allowable foreclosure fee, $150 is allowed for a notary fee for completed foreclosures.  However, if a deed of judicial sale cannot be executed contemporaneously with the foreclosure sale, $300 is allowed for the notary fee.
(13) This fee assumes that all required procedural steps have been completed.  The maximum attorney's fee varies based on the chapter under which the bankruptcy action is filed.
- For Chapter 7 bankruptcies, the maximum allowable fee is $650.
- For Chapter 11, 12 and 13 bankruptcies, the maximum allowable fee is $1,000.

**Attachment 4**

The following examples are provided to illustrate how the date to which debenture interest can be claimed must be calculated.  This calculation will take into account the date the first public action to initiate foreclosure was taken and the reporting cycle in which the action was properly reported pursuant to 24 CFR 203.356(a).  As provided in Mortgagee Letter 97-18, mortgagees shall be considered to be in compliance with the reporting requirement of 24 CFR 203.356(a) when the case is properly reported to the SFDMS for the reporting cycle (or in the following reporting cycle) in which the first public legal action required to initiate foreclosure is taken.

If one or more time requirements have been missed, the interest curtailment date will be the date of the earliest missed time requirement.  Mortgagees shall be responsible for "self curtailment" by identifying the appropriate interest curtailment date on Form HUD-27011, Item 31.

**Example 1**:  Mortgagee fails to initiate foreclosure on a timely basis.

| | |
|---|---|
| Date of Default | 09/01/2003 |
| First public action to foreclose | 04/21/2004 |
| SFDMS reflects Status 68 for reporting cycle ending | 04/30/2004 |
| SFDMS reflects Status 45 for reporting cycle ending | 10/31/2004 |
| Date reflected in item 9 of HUD-27011 | 11/30/2004 |
| Date reflected in item 10 | 12/28/2004 |

Reasonable diligence requirement for the State is six months.

In this example, the mortgagee did not initiate foreclosure within six months of the date of default as required by 24 CFR 203.355(a).  The claim system will automatically curtail interest to March 1, 2004, six months from the default date.

**Example 2**:  Mortgagee initiates foreclosure on a timely basis but exceeds the State reasonable diligence time frame for completing the action without a valid, documented reason.

| | |
|---|---|
| Date of Default | 12/01/2003 |
| First public action to foreclose | 05/10/2004 |
| SFDMS reflects Status 68 for reporting cycle ending | 06/30/2004 |
| SFDMS reflects Status 45 for reporting cycle ending | 12/31/2004 |
| Date reflected in item 9 of HUD-27011 | 01/31/2005 |

    Date reflected in item 10        02/28/2005

Reasonable diligence requirement for the State is six months.

In this example, the mortgagee initiated foreclosure within six months of the date of default as required by 24 CFR 203.355(a) and properly reported the action to SFDMS with Status 68 within the required reporting cycle.  However, the reasonable diligence requirement for completing the foreclosure in six months was not met.  This requires a curtailment of interest to November 10, 2004 and that date would have to be reflected on Form HUD-27011, Item 31.

**Example 3**:  A timely initiated foreclosure action is delayed by a borrower's Chapter 7 Bankruptcy filing but the mortgagee takes more than 90 days from the date of bankruptcy filing to resolve the case through dismissal, termination of the automatic stay or trustee abandonment of all interest in the secured property and it is not documented that the delay was not due to the failure of the mortgagee to timely notify its bankruptcy attorney or by any failure of the mortgagee's attorney.

    Date of Default        12/01/2003
    First public action to foreclose        04/12/2004
    SFDMS reflects Status 68
        for reporting cycle ending        04/30/2004
    Date Chapter 7 Bankruptcy filed        05/10/2004
    Date reflected in item 21
        of HUD-27011        09/15/2004
    SFDMS reflects Status 45
        for reporting cycle ending        12/31/2004
    Date reflected in item 9
        of HUD-27011        01/31/2005
    Date reflected in item 10        02/28/2005

Reasonable diligence requirement for the State is four months.

In this example, the mortgagee initiated foreclosure within six months of the date of default as required by 24 CFR 203.355(a) and properly reported the action to SFDMS with Status 68 within the required reporting cycle.  However, the reasonable diligence requirement for resolving the bankruptcy case and completing the foreclosure was not met.  The State reasonable diligence time frame for foreclosure completion is four months and a 90-day extension is authorized for resolving the bankruptcy case.  The interest curtailment date for claim purposes would therefore be November 10, 2004 and that date would have to be reflected on Form HUD-27011, Item 31.

**Example 4**:  A timely initiated foreclosure action is delayed by a borrower's Chapter 13 Bankruptcy filing and the borrower subsequently defaults on a confirmed bankruptcy plan.  The mortgagee takes more than 90 days from the date plan payments become 60 days delinquent to resolve the case through dismissal, termination of the automatic stay

or trustee abandonment of all interest in the secured property and it is not documented that the delay was not due to the failure of the mortgagee to timely notify its bankruptcy attorney or by any failure of the mortgagee's attorney.

| | |
|---|---|
| Date of Default | 04/01/2003 |
| First public action to foreclose | 09/09/2003 |
| SFDMS reflects Status 68 for reporting cycle ending | 09/30/2003 |
| Date Chapter 13 Bankruptcy filed | 10/09/2003 |
| Plan Payments Nov through Feb advance Default Date to | 08/01/2003 |
| Date reflected in item 21 of HUD-27011 | 09/10/2004 |
| SFDMS reflects Status 45 for reporting cycle ending | 12/31/2004 |
| Date reflected in item 9 of HUD-27011 | 01/31/2005 |
| Date reflected in item 10 | 02/28/2005 |

Reasonable diligence requirement for the State is five months.

In this example, the mortgagee initiated foreclosure within six months of the date of default as required by 24 CFR 203.355(a) and properly reported the action to SFDMS with Status 68 within the required reporting cycle.  However, the reasonable diligence requirement for resolving the Chapter 13 bankruptcy case and completing the foreclosure was not met.  Bankruptcy plan payments, due on the first of each month, became 60 days delinquent on April 30, 2004.  The mortgagee had a maximum of 90 days from April 30, 2004 to resolve the bankruptcy since no valid reason for further delay was documented.  Accordingly, the bankruptcy should have been resolved no later than July 29, 2004, the total authorized delay due to the bankruptcy was 294 days (the bankruptcy filing date of October 9, 2003 through July 29, 2004) and the total time frame allowed for meeting the reasonable diligence requirement was the normal foreclosure time period of five months plus 294 days.  The interest curtailment date for claim purposes would therefore be November 29, 2004 and that date would have to be reflected on Form HUD-27011, Item 31.

**Example 5**:  Mortgagee exercises reasonable diligence in completing foreclosure but does not initiate eviction or possessory action within thirty calendar days of foreclosure completion to qualify for extension of the reasonable diligence time frame (Acquiring Possession, page 2, paragraph 1).

| | |
|---|---|
| Date of Default | 12/01/2003 |
| First public action to foreclose | 05/10/2004 |
| SFDMS reflects Status 68 for reporting cycle ending | 06/30/2004 |
| Foreclosure Completion Date | 10/27/2004 |

>    Possessory Action Initiated         12/15/2004
>    Date reflected in item 9
>        of HUD-27011                    01/20/2005
>    Date reflected in item 10           02/16/2005

Reasonable diligence requirement for the State is six months.

In this example, the mortgagee met the reasonable diligence requirements for initiating, reporting and completing the foreclosure action.  However, action to acquire possession of the property was not initiated within thirty calendar days of foreclosure completion.  This requires a curtailment of interest to November 26, 2004, the date by which possessory action should have been initiated, and that date would have to be reflected on Form HUD-27011, Item 31.

**Example 6**:  Mortgagee fails to convey the property to HUD within thirty calendar days of acquiring possession and marketable title as required by 24 CFR 203.359.

>    Date of Default                     12/01/2003
>    First public action to foreclose    05/10/2004
>    SFDMS reflects Status 68
>        for reporting cycle ending      06/30/2004
>    SFDMS reflects Status 45
>        for reporting cycle ending      10/31/2004
>    Date reflected in item 9
>        of HUD-27011                    12/29/2004
>    Date reflected in item 10           02/28/2005

Reasonable diligence requirement for the State is six months.

In this example, the mortgagee exercised reasonable diligence in prosecuting the foreclosure to completion and in acquiring title to and possession of the property.  However, it did not meet the requirement to convey the property to HUD within thirty calendar days of acquiring possession and marketable title as required by 24 CFR 203.359.  This requires a curtailment of interest to January 28, 2005 and that date would have to be reflected on Form HUD-27011, Item 31.