# EXHIBIT 30

**Corporate Advance & State Attorney Fee Matrix Research**
**CCR #16548**



**Date: October 14, 2014   Time: 4:30 – 5:00 CST**
**Conference Logistics:** 888-549-3557, PC: 3123958#
**Project Manager: Diane Young**

**Sponsor Direction Call:** The purpose of this call is to review the objective of the project and determine what the appropriate solution is.

Attendees:

| Marc Hamblen | Jennifer Kvidt | Tom Wayne |
|---|---|---|
| Anne James | Ryan Sullivan | Diane Young |

Also in attendance:

**Minutes:**

| Topic | Notes |
|---|---|
| Project Purpose Review | **Purpose of Project:**<br>**Issue:** The HPA Tool currently contains a hard coded fee matrix, which when a trial is run, it goes to information within the HPA for the specific state and grabs the state's average fees. These fees are figured into the repayment fees to determine borrower eligibility. It could mean that the fees are being overstated. It's pulling in fees that are not applicable to the file at the time.<br>The table was built into the HPA. It is used in the decision and not in the final. The table is no longer maintained by anyone, so the information is completely outdated; however, it is still being used today. It has been determined that there is no disparate treatment today.<br>This table is only used at trial. We believe that the table uses the maximum allowed attorney fees, which causes us to overstate our costs at trial. It is not used at Settlement. |
| Suggested Solution Options | • LPS Desktop Application<br>  This is a web based application. They obtain the pending fees. This process happens in Settlement today.<br>  Tom: If we get the fees up front and we run the normal waterfall, there is a possibility that the borrower could be declined because we cannot achieve affordability.<br>  Anne: Does that include only B&P?<br>  Tom: Yes<br>  Anne: There is a new product with Fannie / Freddie that will require us to get the fees up front.<br>  Tom: If this will be mandatory for GSE, we can align our process. We would have to program the HPA to ask for the fees. The HPU would have to go to the SPOC for the fees, who would use the LPS Desktop App to get the quote from the attorneys and send them back to the HPU.<br>  Jen: The fees are good for 30 days and we will still complete the Settlement process.<br>  Tom: When the complete package is received we suspend the foreclosure.<br>  Anne: The only fee that the atty. would have in order to close a file that is going down a modification path is $300 – $500.<br>  Tom: The SPOC would get the fee information prior to the UW getting the file (?). |



**Corporate Advance & State Attorney Fee Matrix Research**
**CCR #16548**



Date: **October 14, 2014**   Time: **4:30 – 5:00 CST**
Conference Logistics: 888-549-3557, PC: 3123958#
Project Manager: **Diane Young**

| | |
|---|---|
| | Jen: The file is not forwarded to HPU until they have the fee information. Anne: We should be able to implement what is being done today in FHA / VA. **Decision**: We will follow the process that is being used today in FHA / VA where the HPS uses the LPS Desktop Application to obtain the fees. **New Process:** 1. Prior to sending a decision ready loan to the HPU, the HPS will obtain the estimated attorney fees using LPS Desktop. 2. The HPS will provide that information to the HPU, and the HPU will input the information into the HPA Trial Tool *"Estimated Outstanding Attorney Fees"* 3. At Settlement, all attorney fees would be reconciled, as is the current practice. **Changes:** ○ HPS will now obtain the fee information ○ We will need an update to the HPA Tool (a pop-up for the Estimated Outstanding Attorney Fees). We may be able to piggy back on the CCR that will make the update for the GSEs. • ~~Maintain the current table that exists in HPA today.~~ • ~~Only take the fees that are in MSP into account for the Trial Plan~~ ○ ~~Should there be additional fees at FINAL that prevent us from reaching affordability in the normal waterfall, forbearance can be increased to achieve affordability.~~ |
| **Work Around** | A decision will be needed to identify if a work-around is needed prior to solution implementation. Jen: We could continue in current state. Tom: Recommends turning off the matrix, but he's ok with continuing with the process that is being used today. A change will be necessary for the HPA Tool to ask for outstanding fees. Anne: We may need to loop back with Marty and Bridget regarding *The My City Program* that will be implemented in 2015. **Decision:** For current state, we will continue with the process that is currently in place for obtaining the attorney fees. |
| **Miscellaneous Discussion and Next Steps** | |

WF_HERNANDEZ_00000332

**Corporate Advance & State Attorney Fee Matrix Research**
**CCR #16548**

Date: **October 14, 2014**   Time: **4:30 – 5:00 CST**
**Conference Logistics:** 888-549-3557, PC: 3123958#
**Project Manager:** **Diane Young**

