# EXHIBIT 44



Duane C. Romarillo, P.A.

Sherri E. Travis
Escrow Officer

1919-8 Blanding Blvd. • Jacksonville, FL 32210
904-384-1441 • Fax: 904-384-4868



π Ⓐ EXHIBIT 125
Wit. Emma Lee White
Date 6/17/19
Dixie V. Do CSR No. 12417

PL_WHITE_00111

PREPARED BY:

Name:

Address:  **Taylor, Bean & Whitaker Mortgage Corp.**
**1417 North Magnolia Ave**
**Ocala, FL 34475**

Return to:  **DUANE C. ROMANELLO**
**1919 BLANDING BLVD.**
**JACKSONVILLE         , FL         32210**

[Space Above This Line For Recording Data]

# MORTGAGE

| FHA CASE NO. |
| --- |
| 091-4010407-729 |

MIN: 100029500008379871

THIS MORTGAGE ("Security Instrument") is given on **January 13, 2006**
The mortgagor is **EMMA L WHITE, As a Single Woman**

("Borrower"). This Security Instrument is given to
Mortgage Electronic Registration Systems, Inc. ("MERS") (solely as nominee for Lender, as hereinafter defined, and
Lender's successors and assigns), as beneficiary. MERS is organized and existing under the laws of Delaware, and has an
address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. **Taylor, Bean & Whitaker
Mortgage Corp.**

("Lender") is organized and existing
under the laws of **FL**                                                                                              , and
has an address of **1417 North Magnolia Ave, Ocala, FL  34475**

Borrower owes Lender the principal sum of **One Hundred Eleven Thousand Five Hundred Forty Eight and no/100**
Dollars (U.S. $ **111,548.00**                ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for
monthly payments, with the full debt, if not paid earlier, due and payable on **February 01, 2036**                        .
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all
renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under
paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and
agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey
to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the
following described property located in **Nassau**                                                                County, Florida:

**See Attached Exhibit A.**

**FLORIDA FHA MORTGAGE**                                                                                      6/96

ITEM T9702L1 (0206)—MERS                    *(Page 1 of 7 pages)*                    GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131



*024286837987*

which has the address of                  **45038 MARVIN STREET**
[Street]

**CALLAHAN**              Florida           **32011**           ("Property Address");
[City]                                  [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

    **1.**    **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

    **2.**    **Monthly Payment of Taxes, Insurance, and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. §2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

    **3.**    **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

FIRST, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

SECOND, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

THIRD, to interest due under the Note;

**FLORIDA FHA MORTGAGE**

ITEM T9702L2 (0205)—MERS              *(Page 2 of 7 pages)*             GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

PL_WHITE_00113

FOURTH, to amortization of the principal of the Note; and

FIFTH, to late charges due under the Note.

4. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7. **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

**FLORIDA FHA MORTGAGE**

ITEM T9702L3 (0205)—MERS          *(Page 3 of 7 pages)*          GREATLAND ■
To Order Call: 1-800-530-9393 ☐ Fax 616-791-1131

PL_WHITE_00114

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8.** Fees. Lender may collect fees and charges authorized by the Secretary.

**9.** Grounds for Acceleration of Debt.

(a) Default. Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) Sale Without Credit Approval. Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) No Waiver. If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) Mortgage Not Insured. Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within **eight months**

from the date hereof, Lender may, at its option require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to **eight months**                              from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10.** Reinstatement. Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11.** Borrower Not Released; Forbearance by Lender Not a Waiver. Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or

**FLORIDA FHA MORTGAGE**

PL_WHITE_00115

otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. **Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14. **Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

15. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

16. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any

**FLORIDA FHA MORTGAGE**

application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18.   Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.

**19.   Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

**20.   Attorneys' Fees.** As used in this Security Instrument and the Note, attorneys' fees shall include those awarded by an appellate court and any attorneys' fees incurred in a bankruptcy proceeding.

**21.   Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

**22.   Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreement of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

| | | |
|---|---|---|
| ☐ Condominium Rider | ☐ Graduated Payment Rider | ☐ Growing Equity Rider |
| ☐ Planned Unit Development Rider | ☐ Adjustable Rate Rider | ☐ Rehabilitation Loan Rider |
| ☐ Non-Owner Occupancy Rider | ☐ Other [Specify] | |

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 7 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_Emma L. White_ _____ (Seal)
**EMMA L WHITE**                                    -Borrower
**45053 LUTHER ST**
**CALLAHAN, FL 32011**

_____ (Seal)
                                                         -Borrower

_____ (Seal)
                                                         -Borrower

_____ (Seal)
                                                         -Borrower

_____ (Seal)
                                                         -Borrower

_____ (Seal)
                                                         -Borrower

Signed, sealed and delivered in the presence of:

_____          _____


State of Florida
County of  DUVAL

The foregoing instrument was acknowledged before me this     13TH     day of     JANUARY, 2006          by

EMMA L. WHITE

who is personally known to me or who has produced     VALID DRIVERS LICENSE

as identification.

_____
                                                         Notary Public


**FLORIDA FHA MORTGAGE**
ITEM 7970L7 (0205)—MERS                    *(Page 7 of 7 pages)*                    GREATLAND ■
                                                                        To Order Call: 1-800-530-9393 ☐ Fax: 616-791-1131

PL_WHITE_00118

# NOTE

FHA CASE NO.
091-4010407-729

January 13, 2006
[Date]

45038 MARVIN STREET
CALLAHAN, FL 32011
[Property Address]

**1.  PARTIES**
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means  **Taylor, Bean & Whitaker Mortgage Corp.**

and its successors and assigns.

**2.  BORROWER'S  PROMISE  TO PAY; INTEREST**
In return for a loan received from Lender, Borrower promises to pay the principal sum of
**One Hundred Eleven Thousand Five Hundred Forty Eight and no/100**                                                       Dollars
(U.S. **$111,548.00**                           ), plus interest, to the order of Lender.  Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of      **Five and One Half**

percent (                       5.5000%) per year until the full amount of principal has been paid.

**3.  PROMISE  TO PAY SECURED**
Borrower's  promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument."  The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4.  MANNER  OF PAYMENT**
(A)  Time
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on **March 01, 2006**   .  Any principal and interest remaining on the first day of            **February 2036**            , will be due on that date, which is called the "Maturity Date."
(B)  Place
Payment shall be made at **Taylor, Bean & Whitaker Mortgage Corp., 1417 North Magnolia Ave, Ocala, FL 34475**

or at such other place as Lender may designate in writing by notice to Borrower.
(C)  Amount
Each monthly payment of principal and interest will be in the amount of U.S. **$633.36**
This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

FLORIDA FHA FIXED RATE NOTE                                                                                                    696
ITEM T677 IL1 (9810)                                        (Page 1 of 3 pages)           To Order Call: 1-800-530-9393 □Fax 816-791-1131    GREATLAND ■


*023157837987*

**(D)  Allonge to this Note for Payment Adjustments**

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. (Check applicable box.)

☐ Growing Equity Allonge                    ☐ Graduated Payment Allonge

☐ Other [specify]

**5.   BORROWER'S  RIGHT TO PREPAY**

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

**6.   BORROWER'S  FAILURE TO PAY**

**(A)  Late Charge for Overdue Payments**

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of **Four**                                                     percent (                    4%) of the overdue amount of each payment.

**(B)  Default**

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**(C)  Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**7.   WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9.   OBLIGATIONS  OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

PL_WHITE_00120

**10. DOCUMENTARY TAX**

The state documentary tax due on this Note has been paid on the mortgage securing this indebtedness.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 3 of this Note.

_Emma White_ _____(Seal)          _____(Seal)
EMMA L WHITE                        -Borrower                                        -Borrower

_____(Seal)          _____(Seal)
                                   -Borrower                                        -Borrower

_____(Seal)          _____(Seal)
                                   -Borrower                                        -Borrower

*[Sign Original Only]*

PL_WHITE_00121

| A. | U. S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT SETTLEMENT STATEMENT | B. | TYPE OF LOAN |
|---|---|---|---|

**Duane Romanello, P.A.**
1919-8 Blanding Blvd
Jacksonville, Florida 32210
904-384-1441  fax: (904) 384-4868

| 1. | X | FHA | 2. | | FMHA | 3. | | CONV. UNINS. |
|---|---|---|---|---|---|---|---|---|
| 4. | | VA | 5. | | CONV. INS. | | | |

| 6. File Number: | 7. Loan Number: |
|---|---|
| 05-1135 | 837987 |

8. Mortgage Ins. Case No.:
091-4010407-729

C. NOTE: *This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked (p.o.c.) were paid outside the closing. They are shown here for informational purposes and are not included in the totals.*

| | |
|---|---|
| D. Borrower: | EMMA L. WHITE<br>45038 Marvin Street<br>Callahan, FL 32011 |
| E. Seller: | QUALITY MOBILE HOMES, INC.<br>12627 San Jose Blvd., Suite 604<br>Jacksonville, FL 32223 |
| F. Lender: | TAYLOR, BEAN & WHITAKER MORTGAGE CORP.<br>1417 NORTH MAGNOLIA AVENUE<br>Ocala, Florida 34475 |
| G. Property: | 45038 Marvin Street<br>Callahan, Nassau County, Florida 32011<br>Lots 70 and 71, J.P. PAGE'S CALLAHAN SUBDIVISION SECTION ONE, Plat Book 3, Page 20, Nassau County, Florida |
| H. Settlement Agent: | Duane Romanello, P.A. |
| Place of Settlement: | 1919-8 Blanding Blvd, Jacksonville, Florida 32210  Duval County |
| I. Settlement Date: | January 13, 2006 |

| J. | Summary of Borrower's Transaction | | K. | Summary of Seller's Transaction | |
|---|---|---|---|---|---|
| **100. Gross Amount Due From Borrower:** | | | **400. Gross Amount Due To Seller:** | | |
| 101. | Contract Sales Price | 113,300.00 | 401. | Contract Sales Price | 113,300.00 |
| 102. | Personal Property | | 402. | Personal Property | |
| 103. | Settlement Charges to Borrower (line 1400) | 3,348.00 | 403. | | |
| **Adjustments for Items Paid by Seller in Advance:** | | | **Adjustments for Items Paid by Seller in Advance:** | | |
| 106. | City / Town Taxes | | 406. | City / Town Taxes | |
| 107. | County / Parish Taxes | | 407. | County / Parish Taxes | |
| 108. | Assessments | | 408. | Assessments | |
| **120.** | **Gross Amount Due from Borrower:** | **116,648.00** | **420.** | **Gross Amount Due to Seller:** | **113,300.00** |
| | | | | | |
| **200. Amounts Paid by or in Behalf of Borrower:** | | | **500. Reductions in Amount Due to Seller:** | | |
| 201. | Deposit / Earnest Money | | 501. | Excess Deposit (see instructions) | |
| 202. | Principal Amount of New Loan | 111,548.00 | 502. | Settlement Charges to Seller (Line 1400) | 33,085.16 |
| 203. | Existing Loan(s) | | 503. | Existing Loan(s) | |
| 204. | D.PYMT. GIFT FUNDS | 5,100.00 | 504. | Payoff of First Mortgage to | |
| 205. | | | 505. | Payoff of Second Mortgage to | |
| 206. | | | 506. | Purchase Money Mortgage to | |
| 207. | | | 507. | D.PYMT. GIFT FUNDS | 5,400.00 |
| **Adjustments for Items Unpaid by Seller:** | | | **Adjustments for Items Unpaid by Seller:** | | |
| 210. | City / Town Taxes | | 510. | City / Town Taxes | |
| 211. | County / Parish Taxes | | 511. | County / Parish Taxes | |
| 212. | Assessments | | 512. | Assessments | |
| **220.** | **Total Paid by / for Borrower:** | **116,648.00** | **520.** | **Total Reductions in Amount Due Seller:** | **38,485.16** |
| | | | | | |
| **300. Cash at Settlement from / to Borrower:** | | | **600. Cash at Settlement to / from Seller:** | | |
| 301. | Gross Amount due from Borrower (line 120) | 116,648.00 | 601. | Gross Amount due to Seller (line 420) | 113,300.00 |
| 302. | Less Amount Paid by/for Borrower (line 220) | 116,648.00 | 602. | Less Reductions Amount due Seller (line 520) | 38,485.16 |
| **303.** | **Cash To Borrower:** | **$0.00** | **603.** | **Cash To Seller:** | **$74,814.84** |

Borrower Initials: _CLW_   EMMA L. WHITE

Seller Initials: ——   QUALITY MOBILE HOMES, INC.

OMB No. 2502-0265

Settlement Date: January 13, 2006        Loan Number: 837987        File Number: 05-1135

| L. | Settlement Charges | Paid from Borrower's Funds at Settlement | Paid from Seller's Funds at Settlement |
|---|---|---|---|
| 700. | Total Sales / Broker's Commission: | | |
| | Division of Commission as follows | | |
| 701. | | | |
| 702. | | | |
| 703. | Commission Paid at Settlement | | |
| 800. | Items Payable in Connection with Loan: | | |
| 801. | Loan Origination Fee | | |
| 802. | Loan Discount | | |
| 803. | Appraisal Fee  to  FLORIDA CERTIFIED APPRAISERS | 500.00 | |
| 804. | Credit Report  to  TAYLOR, BEAN & WHITAKER MORTGAGE CORP. | | |
| 805. | Lender's Inspection Fee | | |
| 806. | Mortgage Insurance Application Fee | | |
| 807. | Assumption Fee | | |
| 808. | TAX SERVICE FEE  to  TAYLOR, BEAN & WHITAKER MORTGAGE CORP. | | 73.00 |
| 809. | ADMINISTRATION FEE  to  TAYLOR, BEAN & WHITAKER MORTGAGE CORP. | | 515.00 |
| 810. | BROKER FEE  to  PREMIER MORTGAGE FUNDING | | 2,780.96 |
| 811. | PAR PREMIUM  to  PREMIER MORTGAGE FUNDING, INC. BY TBW  (POC $91.47) | | |
| 900. | Items Required by Lender to be Paid in Advance: | | |
| 901. | Interest from Jan 13, 2006 to Feb 1, 2006 @ 16.8100 / day | 319.39 | |
| 902. | Mortgage Insurance Premium  to  U.S. DEPT. OF HUD | 1,648.50 | |
| 903. | Hazard Insurance Premium for 12 months  to  EXCEL INSURANCE AGENCY | 351.59 | 646.41 |
| 904. | Flood Insurance Premium | | |
| 1000. | Reserves Deposited with Lender: | | |
| 1001. | Hazard Insurance  3  months @ 83.17  per month | 249.51 | |
| 1002. | Mortgage Insurance  @ 45.51  per month | | |
| 1003. | City Property Taxes | | |
| 1004. | County Property Taxes  5  months @ 26.87  per month | 134.35 | |
| 1005. | Annual Assessments | | |
| 1099. | Aggregate Accounting Adjustment | -53.84 | |
| 1100. | Title Charges: | | |
| 1101. | Settlement or Closing Fee  to  Duane Romanello, P.A. | | 150.00 |
| 1102. | Abstract or Title Search  to  Duane Romanello, P.A. | | 125.00 |
| 1103. | Title Examination  to  Duane Romanello, P.A. | | 125.00 |
| 1104. | Title Insurance Binder | | |
| 1105. | Document Preparation | | |
| 1106. | Notary Fees | | |
| 1107. | Attorney Fees | | |
| | (includes above item numbers: | | |
| 1108. | Title Insurance  to  Duane Romanello, P.A. | | 633.00 |
| | (includes above item numbers: | | |
| 1109. | Lender's Coverage     111,548.00      Risk Premium      633.00 | | |
| 1110. | Owner's Coverage      0.00      Risk Premium      0.00 | | |
| 1111. | Courier Fee  to  Duane Romanello, P.A. | | 100.00 |
| 1112. | Endorsement Form 9  to  Duane Romanello, P.A. | | 63.30 |
| 1113. | Endorsement 8.1  to  Duane Romanello, P.A. | | 25.00 |
| 1114. | Endorsement 7  to  Duane Romanello, P.A. | | 25.00 |
| 1200. | Government Recording and Transfer Charges: | | |
| 1201. | Recording Fees:      Deed    10.00    Mortgage    188.50    Releases    0.00 | 198.50 | |
| 1202. | City/County tax/stamps:      Deed    0.00    Mortgage    0.00 | | |
| 1203. | State tax/stamps:      Deed    157.50    Mortgage    390.60 | | 548.10 |
| 1204. | Intangible Tax  to  Clerk of the Circuit Court | | 223.10 |
| 1205. | | | |
| 1300. | Additional Settlement Charges: | | |
| 1301. | Survey  to  DURDEN SURVEYING AND MAPPING, INC. | | 875.00 |
| 1302. | Pest Inspection  to  KEN-TECH PEST CONTROL | | 175.00 |
| 1303. | FINAL INSPECTION  to  ALVIN A. PRICE | | 155.83 |
| 1304. | CONSTRUCTION FEE  to  T.S. FUNDING, INC. | | 2,500.00 |
| 1305. | LOT PAYOFF  to  T.S. FUNDING, INC. | | 22,806.43 |
| 1306. | 2-10 WARRANTY  to  HOME BUYER'S WARRANTY | | 190.03 |
| 1307. | FOUNDATION INSPECTION  to  CHEWNING INSPECTION SERVICES | | 350.00 |
| 1400. | Total Settlement Charges (Enter on line 103, Section J and line 502, Section K) | $3,348.00 | $33,085.16 |

Borrower Initials: _ELW_   EMMA L. WHITE

Seller Initials: _____   QUALITY MOBILE
                          HOMES, INC.

HUD-1 July 2001
January 12, 2006 5:35 PM

OMB No. 2502-0265
RESPA handbook 4305.2

PL_WHITE_00123

Settlement Date:January 13,2006          Loan Number: 837987          File Number: 05-1135

A.       U. S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
                        SETTLEMENT STATEMENT

**Duane Romanello, P.A.**
1919-8 Blanding Blvd
Jacksonville, Florida 32210
904-384-1441  fax: (904) 384-4868

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of HUD-1 Settlement Statement.

QUALITY MOBILE HOMES, INC.

Borrower: *Emma L. White*          Seller: KEITH R. DAVID  —  MANAGER
                EMMA L WHITE

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Settlement Agent:                              Date:   January 13, 2006
                SHERRIE TRAVIS                      File No.:   05-1135

WARNING:  It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine or imprisonment.  For details see: Title 18 U.S. Code Section 1001 and Section 1010.

## HUD/VA Addendum to Uniform Residential Loan Application

OMB Approval No.   VA: 2900-0144
HUD: 2502-0059 (exp. 9/30/2007)

| Part I - Identifying Information (mark the type of application) | | 2. Agency Case No. (include any suffix) | 3. Lender's Case No. | 4. Section of the Act (for HUD cases) 203(b) Basic Progra |
|---|---|---|---|---|
| 1. ☐ VA Application for Home Loan Guaranty | ☒ HUD/FHA Application for Insurance under the National Housing Act | 091-4010407-729 | 837987 | |

| 5. Borrower's Name & Present Address (include zip code) | 7. Loan Amount (include the UFMIP if for HUD or Funding Fee if for VA) | 8. Interest Rate | 9. Proposed Maturity |
|---|---|---|---|
| EMMA L WHITE 45053 LUTHER ST CALLAHAN, FL 32011 | $111,548.00 | 5.5000% | 30   yrs.   360   mos. |

| | 10. Discount Amount (only if borrower is permitted to pay) | 11. Amount of Up Front Premium | 12a. Amount of Monthly Premium |
|---|---|---|---|
| CALLAHAN, FL 32011 | | $1,648.50 | $48.51   / mo. |

| 6. [Property Address No. & Street, name of subdivision, lot & block no. & zip code)] | 13. Lender's I.D. Code | 14. Sponsor / Agent I.D. Code | 12b. Term of Monthly Premium |
|---|---|---|---|
| | 1111111111 | 7499100008 | 360   months |

| | 16. Name & Address of Sponsor / Agent |
|---|---|
| Premier Mortgage Funding 3620 NW 43rd St. SteC Gainesville, FL 32606 | Taylor, Bean & Whitaker Mortgage Corp. 1417 North Magnolia Ave. Ocala, FL 34475 |
| [Type or Print all entries clearly] | 17. Lender's Telephone Number |

**VA:** The veteran and the lender hereby apply to the Secretary of Veterans Affairs for Guaranty of the loan described here under Section 3710, Chapter 37, Title 38, United States Code, to the full extent permitted by the veteran's entitlement and severally agree that the Regulations promulgated pursuant to Chapter 37, and in effect on the date of the loan shall govern the rights, duties, and liabilities of the parties.

| 18. First Time Homebuyer? | 19. Veteran Title will be Vested in: | 20. Purpose of Loan (blocks 9 - 12 are for VA loans only) | | |
|---|---|---|---|---|
| a. ☐ Yes | ☐ Veteran | 1) ☐ Purchase Existing Home Previously Occupied | 7) ☐ Construct Home (proceeds to be paid out during construction) |
| b. ☒ No | ☐ Veteran & Spouse | 2) ☐ Finance Improvements to Existing Property | 8) ☐ Finance Co-op Purchase |
| | ☐ Other (specify) | 3) ☐ Refinance (Refi.) | 9) ☐ Purchase Permanently Sited Manufactured Home |
| | | 4) ☐ Purchase New Condo. Unit | 10) ☐ Purchase Permanently Sited Manufactured Home & Lot |
| | | 5) ☐ Purchase Existing Condo. Unit | 11) ☐ Refi. Permanently Sited Manufactured Home to Buy Lot |
| | | 6) ☐ Purchase Existing Home Not Previously Occupied | 12) ☐ Refi. Permanently Sited Manufactured Home/Lot Loan |

### Part II - Lender's Certification

21. The undersigned lender makes the following certifications to induce the Department of Veterans Affairs to issue a certificate of commitment to guarantee the subject loan or a Loan Guaranty Certificate under Title 38, U.S. Code, or to induce the Department of Housing and Urban Development - Federal Housing Commissioner to issue a firm commitment for mortgage insurance or a Mortgage Insurance Certificate under the National Housing Act.

A. The loan terms furnished in the Uniform Residential Loan Application and this Addendum are true, accurate and complete.

B. The information contained in the Uniform Residential Loan Application and this Addendum was obtained directly from the borrower by an employee of the undersigned lender or its duly authorized agent and is true to the best of the lender's knowledge and belief.

C. The credit report submitted on the subject borrower (and co-borrower, if any) was ordered by the undersigned lender or its duly authorized agent directly from the credit bureau which prepared the report and was received directly from said credit bureau.

D. The verification of employment and verification of deposits were requested and received by the lender or its duly authorized agent without passing through the hands of any third persons and are true to the best of the lender's knowledge and belief. Items "H" through "J" are to be completed as applicable for VA loans only.

H. The names and functions of any duly authorized agents who developed on behalf of the lender any of the information or supporting credit data submitted are as follows:

| Name & Address | Function (e.g., obtained information on the Uniform Residential Loan Application, ordered credit report, verifications of employment, deposits, etc.) |
|---|---|
| | |

E. The Uniform Residential Loan Application and this Addendum were signed by the borrower after all sections were completed.

F. This proposed loan to the named borrower meets the income and credit requirements of the governing law in the judgment of the undersigned.

G. To the best of my knowledge and belief, I and my firm and its principals: (1) are not presently debarred, suspended, proposed for debarment, declared ineligible, or voluntarily excluded from covered transactions by any Federal department or agency; (2) have not, within a three-year period preceding this proposal, been convicted of or had a civil judgment rendered against them for (a) commission of fraud or a criminal offense in connection with obtaining, attempting to obtain, or performing a public (Federal, State or local) transaction or contract under a public transaction; (b) violation of Federal or State antitrust statutes or commission of embezzlement, theft, forgery, bribery, falsification or destruction of records, making false statements, or receiving stolen property; (3) are not presently indicted for or otherwise criminally or civilly charged by a governmental entity (Federal, State or local) with commission of any of the offenses enumerated in paragraph G(2) of this certification; and (4) have not, within a three-year period preceding this application/proposal, had one or more public transactions (Federal, State or local) terminated for cause or default.

If no agent is shown above, the undersigned lender affirmatively certifies that all information and supporting credit data were obtained directly by the lender.

I. The undersigned lender understands and agrees that it is responsible for the omissions, errors, or acts of agents identified in Item H as to the functions with which they are identified.

J. The proposed loan conforms otherwise with the applicable provisions of Title 38, U.S. Code, and of the regulations concerning guaranty or insurance of loans to veterans.

| Signature of Officer of Lender | Title of Officer of Lender | Date (mm/dd/yyyy) |
|---|---|---|
| | | |

**Part III - Notices to Borrowers.** Public reporting burden for this collection of information is estimated to average 6 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. This agency may not conduct or sponsor, and a person is not required to respond to, a collection information unless that collection displays a valid OMB control number.

Privacy Act Notice: The information requested on this Uniform Residential Loan Application and this Addendum is authorized by 38 U.S.C. 3710 (if for DVA) and 12 U.S.C. 1701 et seq. (if for HUD/FHA). The Debt Collection Act of 1982, Pub. Law 97-365, and HUD's Housing and Community Development Act of 1987, 42 U.S.C. 3543, require persons applying for a federally insured or guaranteed loan to furnish his/her social security number (SSN). You must provide all the requested information, including your SSN. HUD and/or VA may conduct a computer match to verify the information you provide. HUD and/or VA may disclose certain information to Federal, State and local agencies when relevant to civil, criminal, or regulatory investigations and prosecutions. It will not otherwise be disclosed or released outside of HUD or VA, except as required and permitted by law. The information will be used to determine whether you qualify

| VA Form 26-1802a (3/98) | | form HUD-92900-A (06/2005) |
|---|---|---|
| ITEM TOA691L1 (0508) | (Page 1 of 4 pages) | GreatDocs™ To Order Call: 1-800-968-5775 |

*091002837987*

PL_WHITE_00125

as a mortgagor. Any disclosure of information outside VA or HUD/FHA will be made only as permitted by law. Failure to provide any of the requested information, including SSN, may result in disapproval of your loan application. This is notice to you as required by the Right to Financial Privacy Act of 1978 that VA or HUD/FHA has a right of access to financial records held by financial institutions in connection with the consideration or administration of assistance to you. Financial records involving your transaction will be available to VA and HUD/FHA without further notice or authorization but will not be disclosed or released by this institution to another Government Agency or Department without your consent except as required or permitted by law. Caution. Delinquencies, defaults, foreclosures and abuses of mortgage obligations involving programs of the Federal Government can be costly and detrimental to your credit, now and in the future. The lender in this transaction, its agents and assigns as well as the Federal Government, its agencies, agents and assigns, are authorized to take any and all of the following actions in the event loan payments become delinquent on the mortgage loan described in the attached application: (1) Report your name and account information to a credit bureau; (2) Assess additional interest and penalty charges for the period of time that payment is not made; (3) Assess charges to cover additional administrative costs incurred by the Government to service your account; (4) Offset amounts owed to you under other Federal programs; (5) Refer your account to a private attorney, collection agency or mortgage servicing agency to collect the amount due, foreclose the mortgage, sell the property and seek judgment against you for any deficiency; (6) Refer your account to the Department of Justice for litigation in the courts; (7) If you are a current or retired Federal employee, take action to offset your salary, or civil service retirement benefits; (8) Refer your debt to the Internal Revenue Service for offset against any amount owed to you as an income tax refund; and (9) Report any resulting written-off debt of yours to the Internal Revenue Service as your taxable income. All of these actions can and will be used to recover any debts owed when it is determined to be in the interest of the lender and/or the Federal Government to do so.

**Part IV - Borrower Consent for Social Security Administration to Verify Social Security Number**

I authorize the Social Security Administration to verify my Social Security number to the Lender identified in this document and HUD/FHA, through a computer match conducted by HUD/FHA. I understand that my consent allows no additional information from my Social Security records to be provided to the Lender, and HUD/FHA and that verification of my Social Security number does not constitute confirmation of my identity. I also understand that my Social Security number may not be used for any other purpose than the one stated above, including resale or redisclosure to other parties. The only other redisclosure permitted by this authorization is for review purposes to ensure that HUD/FHA complies with SSA's consent requirements. I am the individual to whom the Social Security number was issued or that person's legal guardian. I declare and affirm under the penalty of perjury that the information contained herein is true and correct. I know that if I make any representation which I know is false to obtain information from Social Security records, I could be punished by a fine or imprisonment or both. This consent is valid for 180 days from the date signed, unless indicated otherwise by the individual(s) named in this loan application.

| Signature(s) of Borrower(s) - Read consent carefully. Review accuracy of social security number(s) and birth dates provided on this application. | Date signed |
|---|---|
| ✝ Emma L. White | ✝ 01-13-06 |

**Part V - Borrower Certification**

**22.  Complete the following for a HUD/FHA Mortgage.**

| | Is it to be sold? | 22b. Sales Price | 22c. Original Mortgage Amt |
|---|---|---|---|
| 22a. Do you own or have you sold other real estate within the past 60 months on which there was a HUD/FHA mortgage? ☐ Yes ☒ No | ☐ Yes ☒ No $ | | $ |

22d. Address

22e. If the dwelling to be covered by this mortgage is to be rented, is it a part of, adjacent or contiguous to any project subdivision or group of concentrated rental properties involving eight or more dwelling units in which you have any financial interest?   ☐ Yes   ☒ No   If "Yes" give details.

22f. Do you own more than four dwellings?   ☐ Yes   ☒ No   If "Yes" submit form HUD-92561.

**23. Complete for VA-Guaranteed Mortgage. Have you ever had a VA home Loan?**   ☐ Yes   ☒ No

24. Applicable for Both VA & HUD. As a home loan borrower, you will be legally obligated to make the mortgage payments called for by your mortgage loan contract. The fact that you dispose of your property after the loan has been made will not relieve you of liability for making these payments. Payment of the loan in full is ordinarily the way liability on a mortgage note is ended. Some home buyers have the mistaken impression that if they sell their homes when they move to another locality, or dispose of it for any other reasons, they are no longer liable for the mortgage payments and that liability for these payments is solely that of the new owners. Even though the new owners may agree in writing to assume liability for your mortgage payments, this assumption agreement will not relieve you from liability to the holder of the note which you signed when you obtained the loan to buy the property. Unless you are able to sell the property to a buyer who is acceptable to VA or to HUD/FHA and who will assume the payment of your obligation to the lender, you will not be relieved from liability to repay any claim which VA or HUD/FHA may be required to pay your lender on account of default in your loan payments. The amount of any such claim payment will be a debt owed by you to the Federal Government. This debt will be the object of established collection procedures.

**25.  I, the Undersigned Borrower(s) Certify that:**

(1) I have read and understand the foregoing concerning my liability on the loan and Part III Notices to Borrowers.

(2) Occupancy: ( for VA only - mark the applicable box)

☐ (a) I have/ actually occupy the above-described property as my home or intend to move into and occupy said property as my home within a reasonable period of time or intend to reoccupy it after the completion of major alterations, repairs or improvements.

☐ (b) My spouse is on active military duty and in his or her absence, I occupy or intend to occupy the property securing this loan as my home.

☐ (c) I previously occupied the property securing this loan as my home. (for interest rate reductions)

☐ (d) While my spouse was on active military duty and unable to occupy the property securing this loan, I previously occupied the property securing this loan as my home. (for interest rate reduction loans)

Note: If box 2b or 2d is checked, the veteran's spouse must also sign below.

(3) Mark the applicable box (not applicable for Home Improvement or Refinancing Loan) I have been informed that (\$_____) is:

☐ the reasonable value of the property as determined by VA; or,

☒ the statement of appraised value as determined by HUD / FHA. Note: If the contract price or cost exceeds the VA "Reasonable Value" or HUD/FHA "Statement of Appraised Value", mark either item (a) or item (b), whichever is applicable.

☐ (a) I was aware of this valuation when I signed my contract and I have paid on or will pay in cash from my own resources at or prior to loan closing a sum equal to the

difference between the contract purchase price or cost and the VA or HUD/FHA established value. I do not and will not have outstanding after loan closing any unpaid contractual obligation on account of such cash payment;

☐ (b) I was not aware of this valuation when I signed my contract but have elected to complete the transaction at the contract purchase price or cost. I have paid or will pay in cash from my own resources at or prior to loan closing a sum equal to the difference between contract purchase price or cost and the VA or HUD/FHA established value. I do not and will not have outstanding after loan closing any unpaid contractual obligation on account of such cash payment;

(4) Neither I, nor anyone authorized to act for me, will refuse to sell or rent, after the making of a bona fide offer, or refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny the dwelling or property secured by his/her loan to any person because of race, color, religion, sex, handicap, familial status or national origin. I recognize that any restrictive covenant on this property relating to race, color, religion, sex, handicap, familial status or national origin is illegal and void and civil action for preventive relief may be brought by the Attorney General of the United States in any appropriate U.S. District Court against any person responsible for the violation of the applicable law.

(5) All information in this application is given for the purpose of obtaining a loan to be insured under the National Housing Act or guaranteed by the Department of Veterans Affairs and the information in the Uniform Residential Loan Application and this Addendum is true and complete to the best of my knowledge and belief. Verification may be obtained from any source named herein.

(6) For HUD Only (for properties constructed prior to 1978 ) I have received information on lead paint poisoning.   ☐ Yes   ☒ No   Not Applicable

(7) I am aware that neither HUD / FHA nor VA warrants the condition or value of the property

| Signature(s) of Borrower(s) – Do not sign unless this application is fully completed. Read the certifications carefully & review accuracy of this application. | Date |
|---|---|
| ✝ Emma L. White | ✝ 01-13-06 |

Federal statutes provide severe penalties for any fraud, intentional misrepresentation, or criminal connivance or conspiracy purposed to influence the issuance of any guaranty or insurance by the VA Secretary or the HUD/FHA Commissioner.

VA Form 26-1802a (3/08)                                                                          form HUD-92900-A (06/2005)

ITEM TOA001L2 (0508)                    (Page 2 of 4 pages)                    GreatDocs™
                                                                                    To Order Call: 1-800-968-5775

## Direct Endorsement Approval for a HUD/FHA-Insured Mortgage

**U.S. Department of Housing and Urban Development**

| Part I - Identifying Information (mark the type of application) | | 2. Agency Case No. (include any suffix) | 3. Lender's Case No. | 4. Section of the Act (for HUD claims) |
|---|---|---|---|---|
| 1. | [ ] HUD/FHA Application for Insurance under the National Housing Act [X] | 091-4010407-729 | 837867 | 203(b) Basic Progra |

| 5. Borrower's Name & Present Address (include zip code) | 7. Loan Amount (include the UFMIP) | 8. Interest Rate | 9. Proposed Maturity |
|---|---|---|---|
| EMMA L WHITE<br>45053 LUTHER ST<br>CALLAHAN, FL 32011 | $111,548.00 | 5.5000% | 30 yrs. 360 mos. |

| | 10. Discount Amount (only if borrower is permitted to pay) | 11. Amount of Up Front Premium | 12a. Amount of Monthly Premium | 12b. Term of Monthly Premium |
|---|---|---|---|---|
| 6. Property Address (including name of subdivision, lot & block no. & zip code) | $ | $ 1,648.60 | $ 45.81 / mo. | 360 months |
| 45038 MARVIN STREET, CALLAHAN, FL 32011 | 13. Lender's I.D. Code<br>1111111111 | | 14. Sponsor / Agent I.D. Code<br>7499100008 | |

| 15. [shaded]<br>Premier Mortgage Funding<br>3620 NW 43rd St. SteC<br>Gainesville, FL 32606 | 16. Name & Address of Sponsor / Agent<br>Taylor, Bean & Whitaker Mortgage Corp.<br>1417 North Magnolia Ave.<br>Ocala, FL 34475<br>17. Lender's Telephone Number |
|---|---|

**Approved:** Approved subject to the additional conditions stated below, if any.

Date Mortgage Approved _____     Date Approval Expires _____

| [ ] | Modified & Approved as follows: | Loan Amount (include UFMIP) | Interest Rate | Proposed Maturity | Monthly Payment | Amount of Up Front Premium | Amount of Monthly Premium | Term of Monthly Premium |
|---|---|---|---|---|---|---|---|---|
| | | $ | 5.5000% | Yrs. 360 Mos | $ | $ | $ | months |

**Additional Conditions:**

[ ] If this is proposed construction, the builder has certified compliance with HUD requirements on form HUD-92541.

[ ] If this is new construction, the lender certifies that the property is 100% complete (both on site and off site improvements) and the property meets HUD's minimum property standards and local building codes.

[ ] Form HUD-92544, Builder's Warranty is required.

[ ] The property has a 10-year warranty.

[ ] Owner-Occupancy Not required (item (b) of the Borrower's Certificate does not apply).

[ ] The mortgage is a high loan-to-value ratio for non-occupant mortgagor in military.

[ ] Other: (specify)

[ ] This mortgage was rated as an "accept" or "approve" by FHA's Total Mortgage Scorecard. As such, the undersigned representative of the mortgagee certifies to the integrity of the data supplied by the lender used to determine the quality of the loan, that a Direct Endorsement Underwriter reviewed the appraisal (if applicable) and further certifies that this mortgage is eligible for HUD mortgage insurance under the Direct Endorsement program. I hereby make all certifications required for this mortgage as set forth in HUD Handbook 4000.4

Mortgagee Representative _____

[ ] This mortgage was rated as a "refer" by a FHA's Total Mortgage Scorecard, and/or was manually underwritten by a Direct Endorsement underwriter. As such, the undersigned Direct Endorsement underwriter certifies that I have personally reviewed the appraisal report (if applicable), credit application, and all associated documents and have used due diligence in underwriting this mortgage. I find that this mortgage is eligible for HUD mortgage insurance under the Direct Endorsement program and I hereby make all certifications required for this mortgage as set forth in HUD Handbook 4000.4

Direct Endorsement Underwriter _____     DE's CHUMS ID Number _____

**The Mortgagee, its owners, officers, employees or directors** [ ] **do** [ ] **do not have a financial interest in or a relationship, by affiliation or ownership, with the builder or seller involved in this transaction.**

ITEM TOA001L3 (0506)     (Page 3 of 4 pages)     form HUD-92900-A (06/2005)<br>GreatDocs™<br>To Order Call: 1-800-968-5775

PL_WHITE_00127

**Borrower's Certificate:**

The undersigned certifies that:

(a) I will not have outstanding any other unpaid obligations contracted in connection with the mortgage transaction or the purchase of the said property except obligations which are secured by property or collateral owned by me independently of the said mortgaged property, or obligations approved by the Commissioner;

(b) One of the undersigned intends to occupy the subject property, (note: this item does not apply if owner-occupancy is not required by the commitment);

(c) All charges and fees collected from me as shown in the settlement statement have been paid by my own funds, and no other charges have been or will be paid by me in respect to this transaction;

(d) Neither I, nor anyone authorized to act for me, will refuse to sell or rent, after the making of a bona fide offer, or refuse to negotiate for the sale or rental of or otherwise make unavailable or deny the dwelling or property covered by this loan to any person because of race, color, religion, sex, handicap, familial status or national origin. I recognize that any restrictive covenant on this property relating to race, color, religion, sex, handicap, familial status or national origin is illegal and void and any such covenant is hereby specifically disclaimed. I understand that civil action for preventative relief may be brought by the Attorney General of the United States in any appropriate U.S. District Court against any person responsible for a violation of this certificate.

_Emma L. White_     01-13-06

Borrower(s) Signature(s) & Date

EMMA L WHITE

**Lender's Certificate:**

The undersigned certifies that to the best of its knowledge:

(a) The statements made in its application for insurance and in this Certificate are true and correct;

(b) The conditions listed above or appearing in any outstanding commitment issued under the above case number have been fulfilled;

(c) Complete disbursement of the loan has been made to the borrower, or to his/her creditors for his/her account and with his/her consent;

(d) The security instrument has been recorded and is a good and valid first lien on the property described;

(e) No charge has been made to or paid by the borrower except as permitted under HUD regulations;

(f) The copies of the credit and security instruments which are submitted herewith are true and exact copies as executed and filed for record;

(g) It has not paid any kickbacks, fee or consideration of any type, directly or indirectly, to any party in connection with this transaction except as permitted under HUD regulations and administrative instructions.

I, the undersigned, as authorized representative of **Taylor, Bean & Whitaker Mortgage Corp.**

mortgagee at this time of closing of this mortgage loan, certify that I have personally reviewed the mortgage loan documents, closing statements, application for insurance endorsement, and all accompanying documents. I hereby make all certifications required for this mortgage as set forth in HUD Handbook 4000.4.

| Lender's Name | | |
|---|---|---|
| **Taylor, Bean & Whitaker Mortgage Corp.** | | Note: If the approval is executed by an agent in the name of lender, the agent must enter the lender's code number and type. |
| Title of Lender's Officer | | |
| Signature of Lender's Officer | Date | Code Number (5 digits)   Type |
| | | 11111 |

form HUD-92900-A (08/2005)<br>GreatDocs™<br>To Order Call: 1-800-968-5775

ITEM TOA091L4 (0506)                 *(Page 4 of 4 pages)*

PL_WHITE_00128

LOAN NUMBER:  837987                DATE:  1/13/06

### Limited Power of Attorney For Completing Motor Vehicle Transactions

Important Notice:  Under law, it is a felony for any person to willfully enter false information on a title application. The Department of Revenue reserves the right to verify all information contained in this document prior to its acceptance.  You **cannot** use a "limited" power of attorney when the seller/transferor and the buyer/transferee on the assignment of the title are the same persons or agents of the same company or corporation.

Know all men by these present that  __EMMA L WHITE__             of
                          (Name of Owner)

__45038 MARVIN STREET CALLAHAN, FL  32011__        does hereby appoint
                          (Address)

__Taylor, Bean & Whitaker Mortgage Corp. 1417 North Magnolia Ave Ocala, FL  34475__
       (Name & Address of appointed attorney-in-fact.  Only one attorney-in-fact may be appointed)

as attorney-in-fact to represent the undersigned before the State Revenue Department with respect to the following described vehicle:

_____

(Year, Model, Make of Vehicle and Vehicle Identification Number)

Said attorney-in-fact is authorized by this power of attorney to apply for original or replacement certificates of title, to transfer title to said motor vehicle and to perform on the behalf of said owner in furtherance thereof any act or thing whosoever concerning such motor vehicle in every respect as the owner could do were he/she personally present at the doing thereof.

This power of attorney revokes all earlier powers of attorney and shall be in full force and effect until written revocation is received by the commissioner but in no event shall this power of attorney be valid beyond six (6) months from the date of its execution.

The undersigned owner further certifies that this power of attorney was completely filled in at the time of its execution.

Signed this  13TH  day of  JANUARY , 2006 .

__EMMA L WHITE__                  __45038 MARVIN STREET__
(Typed Name of Owner)                         (Street Address of Owner)

*Emma L. White*                       __CALLAHAN, FL  32011__
(Signature of Owner)                        (City, State, Zip Code & Telephone No of Owner)

### Acknowledgement of Notary Public:

The undersigned notary public does hereby certify that the above named owner of the vehicle identified herein, executed this power-of-attorney in my presence and that said owner is personally known to me or was satisfactorily proven to be the person named herein by the use of the following form of positive identification:

_____

(Driver's License Number of Owner and State of Issue)

Subscribed before me this  13TH  day of  JANUARY , 2006

_____         __1919-8 BLANDING BLVD.__
(Typed Name of Notary Public)                     (Street Address of Notary Public)

_____         __JACKSONVILLE, FL  32210__
(Signature of Notary Public)                      (City, State, Zip Code & Telephone No of Notary Public)

                             (904)394-1441

C0134L0

Form **4506-T**
(January 2004)
Department of the Treasury
Internal Revenue Service

**Request for Transcript of Tax Return**

▶ Do not sign this form unless all applicable parts have been completed.
Read the instructions on page 2.

▶ Request may be rejected if the form is incomplete, illegible, or any required part was blank at the time of signature.

OMB No. 1545-1872

TIP: Use new Form 4506-T to order a transcript or other return information free of charge. See the product list below. You can also call 1-800-829-1040 to order a transcript. If you need a copy of your return, use Form 4506, Request for Copy of Your Return. There is a fee to get a copy of your return.

**1a** Name shown on tax return. If a joint return, enter the name shown first.

EMMA L WHITE

**1b** First social security number on tax return or employer identification number (see instructions)

**2a** If a joint return, enter spouse's name shown on tax return

**2b** Second social security number if joint tax return

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code   EMMA L WHITE
45953 LUTHER ST
CALLAHAN, FL 32011

**4** Address, (including apt., room, or suite no.), city, state, and ZIP code shown on the last return filed if different from line 3

**5** If the transcript or tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number. The IRS has no control over what the third party does with the tax information.
Taylor, Bean & Whitaker Mortgage Corp.
1417 North Magnolia Ave
Ocala, FL 34475                                                            1-800-225-2164

CAUTION: Lines 6 and 7 must be completed if the third party requires you to complete Form 4506-T. Do not sign Form 4506-T if the third party requests that you sign Form 4506-T and lines 6 and 7 are blank.

**6** Product requested. Most requests will be processed within 10 business days. If the product requested relates to information from a return filed more than 4 years ago, it may take up to 30 days. Enter the return number here and check the box below. ▶

**a** Return Transcript, which includes most of the line items of a tax return as filed with the IRS. Transcripts are generally available for the following returns: Form 1040 series, Form 1065, Form 1120, Form 1120A, Form 1120H, Form 1120L, and Form 1120S. Return transcripts are available for the current year and returns processed during the prior 3 processing years . . . . . . . . . . . . . . . . . . ☐

**b** Account Transcript, which contains information on the financial status of the account, such as payments made on the account, penalty assessments, and adjustments made by you or the IRS after the return was filed. Return information is limited to items such as tax liability and estimated tax payments. Account transcripts are available for most returns . . . . . . . . . . . . . . . . ☐

**c** Record of Account, which is a combination of line item information and later adjustments to the account. Available for current year and 3 prior tax years . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐

**d** Verification of Nonfiling, which is proof from the IRS that you did not file a return for the year . . . . . . . . . . . . . ☐

**e** Form W-2, Form 1099 series, Form 1098 series, or Form 5498 series transcript. The IRS can provide a transcript that includes data from these information returns. State or local information is not included with the Form W-2 information. The IRS may be able to provide this transcript information for up to 10 years. Information for the current year is generally not available until the year after it is filed with the IRS. For example, W-2 information for 2003, filed in 2004, will not be available from the IRS until 2005. If you need W-2 information for retirement purposes, you should contact the Social Security Administration at 1-800-772-1213 . . . . . . . . . . . . . ☐

CAUTION: If you need a copy of Form W-2 or Form 1099, you should first contact the payer. To get a copy of the Form W-2 or Form 1099 filed with your return, you must use Form 4506 and request a copy of your return, which includes all attachments.

**7** Year or period requested. Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than four years or periods, you must attach another Form 4506-T.

/     /          /     /          /     /          /     /

Signature of taxpayer(s). I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. If the request applies to a joint return, either husband or wife must sign. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506-T on behalf of the taxpayer.

**Sign Here**

▶ *Emma L. White*   
Signature (see instructions)          Date  1/13/06

Telephone number of taxpayer on line 1a or 2a
((804)612-5253

Title (if line 1a above is a corporation, partnership, estate, or trust)

Spouse's signature                                        Date

For Privacy Act and Paperwork Reduction Act Notice, see page 2.
ITEM T9470L1 (0402)

Cat No. 37667N

Form **4506-T** (1-2004)

*039003837987*

## A Change To Note

• New Form 4506-T, Request for Transcript of Tax Return, is used to request tax return transcripts, tax account transcripts, W-2 information, 1099 information, verification of non-filing, and a record of account. Form 4506, Request for Copy of Tax Return, is now used only to request copies of tax returns.

## Instructions

**Purpose of form.** Use Form 4506-T to request tax return information. You can also designate a third party to receive the information. See line 5.

**Where to file.** Mail or fax Form 4506-T to the address below for the state you lived in when that return was filed. There are two address charts: one for individual transcripts (Form 1040 series) and one for all other transcripts.

**Note:** *If you are requesting more than one transcript or other product and the chart below shows two different service centers, mail your request to the service center based on the address of your most recent return.*

### Chart for individual transcripts (Form 1040 series)

| If you lived in and filed an individual return: | Mail or fax to the Internal Revenue Service at: |
|---|---|
| Maine, Massachusetts, New Hampshire, New York, Vermont | RAIVS Team 310 Lowell St. Stop 679 Andover, MA 01810 978-691-6859 |
| Alabama, Florida, Georgia, Mississippi, North Carolina, South Carolina, West Virginia, Rhode Island | RAIVS Team 4800 Buford Hwy. Stop 91 Chamblee, GA 30341 678-530-5326 |
| Arkansas, Colorado, Kentucky, Louisiana, New Mexico, Oklahoma, Tennessee, Texas | RAIVS Team 3651 South Interregional Hwy. Stop 6716 Austin, TX 78741 512-460-2272 |
| Alaska, Arizona, California, Hawaii, Idaho, Montana, Nevada, Oregon, Utah, Washington, Wyoming | RAIVS Team Stop 38101 Fresno, CA 93888 559-253-4992 |
| Delaware, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Missouri, Nebraska, North Dakota, South Dakota, Wisconsin | RAIVS Team Stop B41-6700 Kansas City, MO 64999 816-823-7667 |
| Ohio, Virginia | RAIVS Team 5333 Getwell Rd. Stop 2826 Memphis, TN 38118 901-546-4175 |

| Connecticut, District of Columbia, Maryland, New Jersey, Pennsylvania, a foreign country, or A.P.O. or F.P.O. address | RAIVS Team DP SE 135 Philadelphia, PA 19255-0895 215-516-2931 |
|---|---|

### Chart for all other transcripts

| If you lived in: | Mail to the Internal Revenue Service at: |
|---|---|
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Georgia, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Tennessee, Texas, Utah, Washington, Wyoming | RAIVS Team Mail Stop 6734 Ogden, UT 84201 801-620-6922 |
| Connecticut, Delaware, District of Columbia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia, Wisconsin | RAIVS Team P.O. Box 145500 Stop 2800F Cincinnati, OH 45250 859-669-3592 |

**Line 1b.** Enter your employer identification number if your request relates to a business return. Otherwise, enter the first social security number (SSN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Signature and date.** Form 4506-T must be signed and dated by the taxpayer listed on line 1a or 2a. If you completed line 5 requesting the information be sent to a third party, the IRS must receive Form 4506-T within 60 days of the date signed by the taxpayer or it will be rejected.

*Individuals.* Transcripts of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506-T exactly as your name appeared on the original return. If you changed your name, also sign your current name.

*Corporations.* Generally, Form 4506-T can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer.

*Partnerships.* Generally, Form 4506-T can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

*All others.* See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the Letters Testamentary authorizing an individual to act for an estate.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested tax information under the Internal Revenue Code. We need this information to properly identify the tax information and respond to your request. Sections 6103 and 6109 require you to provide this information, including your SSN or EIN. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, and the District of Columbia for use in administering their tax laws. We may also disclose this information to Federal and state agencies to enforce Federal nontax criminal laws and to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506-T will vary depending on individual circumstances. The estimated average time is: *Learning about the law or the form,* 10 min.; *Preparing the form,* 11 min.; and *Copying, assembling, and sending the form to the IRS,* 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506-T simpler, we would be happy to hear from you. You can write to the Tax Products Coordinating Committee, Western Area Distribution Center, Rancho Cordova, CA 95743-0001 **Do not send the form to this address. Instead, see Where to file on this page.**

PL_WHITE_00131

| Form **W-9**<br>(Rev. January 2002)<br>Department of the Treasury<br>Internal Revenue Service | **Request for Taxpayer**<br>**Identification Number and Certification** | Give this form to<br>the requester. Do<br>not send to the IRS. |
|---|---|---|

Name
**EMMA L WHITE**

Business name, if different from above

**Print or type**
**See Specific**
**Instructions**
**on page 2.**

Check appropriate box: ☐ Individual/Sole proprietor   ☐ Corporation   ☐ Partnership   ☐ Other ............   ☐ Exempt from backup withholding

Address (number and street)
**45038 MARVIN STREET**

Requester's name and address (optional)
Taylor, Bean & Whitaker Mortgage Corp.
1417 North Magnolia Ave
Ocala, FL 34475

City, state, and ZIP code
**CALLAHAN          FL          32011**

List account number(s) here (optional)

## Part I  Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. For individuals, this is your social security number (SSN).
However, for a recent alien, sole proprietor, or disregarded entity, see the Part I
Instructions on Page 2. For other entities, it is your employer identification number (EIN). If you do not
have a number, see **How to get a TIN** on page 2.
**Note:** *If the account is in more than one name, see the chart on page 2 for guidelines on whose number to enter.*

Social security number

██████████

**or**

Employer identification number

## Part II  Certification

Under penalty of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and
3. I am a U.S. person (including a U.S. resident alien).

**Certification Instructions.**—You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. (See the instructions on page 2.)

**Sign**
**Here**    Signature of
U.S. person      Date **04306**

**Purpose of Form.**
A person who is required to file an information return with IRS must get your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest paid, the acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.
Use Form W-9 only if you are a U.S. person (including a resident alien), to give your correct TIN to the person requesting it (the requester) and, when applicable, to:
1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),
2. Certify you are not subject to backup withholding, or
3. Claim exemption from backup withholding if you are a U.S. exempt payee.

If you are a foreign person, use the appropriate Form W-8. See Pub. 515, Withholding of Tax on Nonresident Aliens and Foreign Entities.
**Note:** *If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.*
**What is backup withholding?** Persons making certain payments to you must under certain conditions withhold and pay to IRS 28% of such payments after December 31, 2001 (29% after December 31, 2003). This is called "backup withholding." Payments that may be subject to backup withholding include interest, dividends, broker and barter exchange transactions,

rents, royalties, nonemployee pay, and certain payments from fishing boat operators. Real estate transactions are not subject to backup withholding.

You will not be subject to backup withholding on payments you receive if you give the requester your correct TIN, make the proper certifications, and report all your taxable interest and dividends on your tax return.

Payments you receive will be subject to backup withholding if:
1. You do not furnish your TIN to the requester, or
2. You do not certify your TIN when required (see the Part II instructions on page 2 for details), or
3. The IRS tells the requester that you furnished an incorrect TIN, or
4. The IRS tells you that you are subject to backup withholding because you did not report all your interest and dividends on your tax return (for reportable interest and dividends only), or
5. You do not certify to the requester that you are not subject to backup withholding under 4 above (for reportable interest and dividend account opened after 1983 only).

Certain payees and payments are exempt from backup withholding. See the instructions on page 2 and the separate **Instructions for the Requester of Form W-9.**

**Penalties**
**Failure to Furnish TIN.** - If you fail to furnish your correct TIN to a requester, you are subject to a penalty of $50 for each such failure unless your failure is due to reasonable cause and not willful neglect.
**Civil Penalty for False Information With Respect to Withholding.** - If you make a false statement with no reasonable basis that results in no backup withholding, you are subject to a $500 penalty.
**Criminal Penalty for Falsifying Information.** - Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.
**Misuse of TINs.** - If the requester discloses or uses TINs in violation of Federal law, the requester may be subject to civil and criminal penalties.

**Specific Instructions**
**Name.** - If you are an individual, you must generally enter the name shown on your social security card. However, if you have changed your last name, for instance, due to marriage without informing the Social Security Administration of the name change, enter your first name, the last name shown on your social security card, and your new last name.
If the account is in joint names, list first and then circle the name of the person or entity whose number you enter in Part I of the form.

Page 1 of 2

██████████████████████
*036218837987*

If the account is in joint names, list first and then circle the name of the person or entity whose number you enter in Part I of the form.

**Sole proprietor.** Enter your individual name as shown on your or on your social security card on the "Name" line. You may enter your business, trade, or "doing business as (DBA)" name on the "Business name" line.

Limited liability company (LLC). If you are a single-member LLC (including a foreign LLC with a domestic owner) that is disregarded as an entity separate from its owner under Treasury regulations section 301.7701-3, enter the owner's name on the "Name" line. Enter the LLC's name on the "Business name" line.

**Other entities.** Enter your business name as shown on required Federal tax documents on the "Name" line. This name should match the name shown on the charter or other legal document creating the entity. You may enter any business, trade, or DBA name on the "Business name" line.

**Exempt from backup withholding.** If you are exempt, enter your name as described above, then check the "Exempt from backup withholding " box in the line following the business name, sign and date the form.

Individuals (including sole proprietors) are not exempt from backup withholding. Corporations are exempt from backup withholding for certain payments, such as interest and dividends. For more information on exempt payees, see the Instructions for the Requestor of Form W-9.

If you are a nonresident alien or a foreign entity not subject to backup withholding, give the requester the appropriate completed Form W-8.

**Note:** If you are exempt from backup withholding, you should still complete this form to avoid possible erroneous backup withholding.

**Part I – Taxpayer Identification Number (TIN)**

**Enter your TIN in the appropriate box.**

If you are a resident alien and you do not have and are not eligible to get a SSN, your TIN is your IRS individual taxpayer identification number (ITIN). Enter it in the social security number box. If you do not have an ITIN, see How to get a TIN below.

If you are a sole proprietor and you have an EIN, you may enter either your SSN or EIN. However, the IRS prefers that you use your SSN.

If you are an LLC that is disregarded as an entity separate from its owner (see Limited liability company (LLC) above), and are owned by an individual, enter your SSN (or "pre-LLC" EIN, if desired). If the owner of a disregarded LLC is a corporation, partnership, etc., enter the owner's EIN. **Note:** See the chart on this page for further clarification of Name and TIN combinations. How to get a TIN. If you do not have a TIN, apply for one immediately. To apply for a SSN, get Form SS-5, Application for a Social Security Card, from your local Social Security Administration office. Get Form W-7, Application for IRS Individual Taxpayer Identification Number, to apply for an ITIN, or Form SS-4, Application for Employer Identification Number, to apply for an EIN. You can get Form W-7 and SS-4 from the IRS by calling 1-800-TAX-FORM (1-800-829-3676) or from the IRS Web Site at www.irs.gov

If you are asked to complete Form W-9 but do not have a TIN, write "Applied For" in the space for the TIN, sign and date the form, and

give it to the requestor. For interest and dividend payments, and certain payments made with respect to readily tradable instruments, generally you will have 60 days to get a TIN and give it to the requester before you are subject to backup withholding on payments. The 60-day rule does not apply to other types of payments. You will be subject to backup withholding on all such payments until you provide your TIN to the requester.

**Note:** Writing "Applied For" means that you have already applied for a TIN or that you intend to apply for one soon.

**Caution:** A disregarded domestic entity that has a foreign owner must use the appropriate Form W-8.

**Part II–Certification**

To establish to the withholding agent that you are a U.S. person, or resident alien, sign Form W-9. You may be requested to sign by the withholding agent even if items 1, 3, and 5 below indicate otherwise.

For a joint account, only the person whose TIN is shown in Part I should sign (when required). Exempt recipients, see Exempt from backup withholding above.

**Signature requirements.** Complete the certification as indicated in 1 through 5 below

**1. Interest, dividends, and barter exchange accounts opened before 1984 and broker accounts considered active during 1983.** You must give your correct TIN, but you do not have to sign the certification.

**2. Interest, dividend, broker and barter exchange accounts opened after 1983 and broker accounts considered inactive during 1983.** You must sign the certification or backup withholding will apply. If you are subject to backup withholding and you are merely providing your correct TIN to the requester, you must cross out item 2 in the certification before signing the form.

**3. Real Estate Transactions.** You must sign the certification. You may cross out item 2 of the certification.

**4. Other Payments.** You must give your correct TIN, but you do not have to sign the certification unless you have been notified that you have previously given an incorrect TIN. "Other payments" include payments made in the course of the requester's trade or business for rents, royalties, goods (other than bills for merchandise), medical and health care services (including payments to corporations), payments to a nonemployee for services, payments to certain fishing boat crew members and fishermen, and gross proceeds paid to attorneys (including payments to corporations).

**5. Mortgage interest paid by you, acquisition or abandonment of secured property, cancellation of debt, qualified tuition program payments (under section 529), IRA or Archer MSA contributions or distributions, and pension distributions.** You must give your correct TIN, but you do not have to sign the certification.

**Privacy Act Notice**

Section 6109 of the Internal Revenue Code requires you to give your correct TIN to persons who must file information returns with the IRS to report interest, dividends, and certain other income paid to you, mortgage interest you paid, the acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA or Archer MSA. The IRS uses the numbers for identification purposes and to help verify the accuracy of your tax return. The IRS may also provide this information to the Department of Justice for civil and criminal litigation, and to cities, states, and the District of Columbia to carry out their tax laws.

You must provide your TIN whether or not you are required to file a tax return. Payers must generally withhold 30% of taxable interest, dividend, and certain other payments to a payee who does not furnish a TIN to a payer. Certain penalties may also apply.

**What Name and Number to Give the Requester**

| For this type of account: | Give name and SSN of: |
|---|---|
| 1. Individual | The individual |
| 2. Two or more individuals (joint account) | The actual owner of the account or, if combined funds, the first individual on the account[1] |
| 3. Custodian account of a minor (Uniform Gift to Minors Act) | The minor[2] |
| 4. a. The usual revocable savings trust (grantor is also trustee) | The grantor-trustee[1] |
| b. So-called trust account that is not a legal or valid trust under state law | The actual owner[1] |
| 5. Sole Proprietorship | The owner[3] |

| For this type of account: | Give name and EIN of: |
|---|---|
| 6. Sole proprietorship | The owner[3] |
| 7. A valid trust, estate, or pension trust | Legal entity[4] |
| 8. Corporate | The corporation |
| 9. Association, club, religious, charitable, educational, or other tax-exempt organization. | The organization |
| 10. Partnership | The partnership |
| 11. A broker or registered nominee. | The broker or nominee |
| 12. Account with the Department of Agriculture in the name of a public entity (such as a state or local government, school district, or prison) that receives agricultural program payments. | The public entity |

[1]List first and circle the name of the person whose number you furnish. If only one person on a joint account has an SSN, that person's number must be furnished.
[2]Circle the minor's name and furnish the minor's SSN.
[3]You must show your individual name, but you may also enter your business or "DBA" name. You may use either your SSN or EIN (if you have one)..
[4]List first and circle the name of the legal trust, estate, or pension trust. (Do not furnish the TIN of the personal representative or trustee unless the legal entity itself is not designated in the account title.)

**Note:** If no name is circled when more than one name is listed, the number will be considered to be that of the first name listed.

C0001L2

PL_WHITE_00133

# DISCLOSURE NOTICES

Loan Number: **837987**
Applicant(s): **EMMA L WHITE**
Property Address: **45038 MARVIN STREET , CALLAHAN, FL 32011**

## AFFIDAVIT OF OCCUPANCY

Applicant(s) hereby certify and acknowledge that, upon taking title to the real property described above, their occupancy status will be as follows:

**X** Primary Residence – Occupied by Applicant(s) within 30 days of closing.

_____ Secondary Residence – To be occupied by Applicant(s) at least 15 days yearly, as second home (vacation, etc.) While maintaining principal residence elsewhere.  {Please check this box if you plan to establish it as your primary residence at a future date (e.g., retirement)}.

_____ Investment Property – Not owner occupied.  Purchased as an investment to be held or rented.
The Applicant(s) acknowledge it is a federal crime punishable by fine or imprisonment, or both, to knowingly make any false statement concerning this loan application as applicable under the provisions of Title 18, United States Code, Section 1014.

## ANTI-COERCION STATEMENT

The insurance laws of this state provide that the lender may not require the applicant to take insurance through any particular insurance agent or company to protect the mortgage property.  The applicant, subject to the rules adopted by the Insurance Commissioner, has the right to have the insurance placed with an insurance agent or company of his choice, provided the company meets the requirements of the lender.  The lender has the right to designate reasonable financial requirements as to the company and the adequacy of the coverage.
I have read the foregoing statement or the rules of the Insurance Commissioner relative hereto, and understand my rights and privileges and those of the lender relative to the placing of such insurance.
I have selected the following agencies to write the insurance covering the property described above.

_____        _____
Insurance Company Name                          Agent

_____        _____
Agent's Address                                        Agent's Telephone Number

## FAIR CREDIT REPORTING ACT

An investigation will be made as to the credit standing of all individuals seeking credit in this application.  The nature and scope of any investigation will be furnished to you upon written request made within a reasonable period of time.  In the event of credit denial due to an unfavorable consumer report, you will be advised of the identity of the Consumer Reporting Agency making such report and of your right to request within sixty (60) days the reason for the adverse action, pursuant to provisions of section 615(b) of the Fair Credit Reporting Act.

## FHA LOANS ONLY

IF YOU PREPAY YOUR LOAN ON OTHER THAN THE REGULAR INSTALLLMENT DATE, YOU MAY BE ASSESSED INTEREST CHARGES UNTIL THE END OF THAT MONTH.

## GOVERNMENT LOANS ONLY

RIGHT TO FINANCIAL PRIVACY ACT OF 1978 – This is a notice to you as required by the Right to Financial Privacy Act of 1978 that the Department of Housing and Urban Development or Department of Veterans Affairs has a right of access to financial records held by a financial institution in connection with the consideration of administration of assistance to you.  Financial records involving your transaction will be available to the Department of Housing and Urban Development or Department of Veterans Affairs without further notice or authorization but will not be disclosed or released to another Government Agency or Department without your consent except as required or permitted by law.

*Emma L. White* 01-13-06
**EMMA L WHITE**                     Date                    _____    Date

_____    Date                    _____    Date

_____    Date                    _____    Date

C0012L0

PL_WHITE_00134

CONFIDENTIAL

837987

| DISCLOSURE OF CREDIT SCORE INFORMATION |
|---|

| Borrower Name:<br>**EMMA L WHITE** | Lender:<br>**Taylor, Bean & Whitaker Mortgage Corp.** |
|---|---|
| Property Address<br>**45038 MARVIN STREET**<br>**CALLAHAN, FL  32011** | Date:<br>**01/13/06** |

We are providing the following credit score information in connection with your loan application.

Credit Score Provider:

| Experian | Equifax Credit Info Service | Trans Union |
|---|---|---|
| P.O. Box 2002 | P.O. Box 740241 | P.O. Box 4000 |
| Allen, TX 75013 | Atlanta, GA 30374 | Chester, PA 19016 |
| 1-800-397-3742 | 1-800-685-1111 | 1-866-887-2673 |

Current/Most Recent Credit Score for _____ **EMMA L WHITE** _____ :   **634**

Current/Most Recent Credit Score for _____ :

Key Factors Adversely Affecting Score:
1. Proportion of Balances to High Credit on Revolving Accounts.
2. Too Many consumer finance company accounts.
3. Serious delinquencies or derogatory credit (collections, bankruptcy, etc.)
4. Too many credit inquires in the past 12 months.

Range of Possible Credit Scores:   Low 300's to High 800's

Date of Credit Score:

*Emma L. White*                    __01/13/06__                        _____    __01/13/06__
**EMMA L WHITE**                   Date                                                       Date

_____    __01/13/06__                        _____    __01/13/06__
                      Date                                                       Date

_____    __01/13/06__                        _____    __01/13/06__
                      Date                                                       Date

C0595L0

CONFIDENTIAL

| CREDIT SCORE NOTICE | |
|---|---|
| Borrower Name(s): | Lender: |
| | Taylor, Bean & Whitaker Mortgage Corp. |
| EMMA L WHITE | Date: 01/13/2006 |

## NOTICE TO THE HOME LOAN APPLICANT

In connection with your application for a home loan, the lender must disclose to you the score that a consumer reporting agency distributed to users and the lender used in connection with your home loan, and the key factors affecting your credit scores.

The credit score is a computer generated summary calculated at the time of the request and based on information that a consumer reporting agency or lender has on file. The scores are based on data about your credit history and payment patterns. Credit scores are important because they are used to assist the lender determining whether you will obtain a loan. They may also be used to determine what interest rate you may be offered on the mortgage. Credit scores can change over time, depending on your conduct, how your credit history and payment patterns change, and how credit scoring technologies change.

Because the score is based on information in your credit history, it is very important that you review the credit-related information that is being furnished to make sure it is accurate. Credit records may vary from one company to another.

If you have questions about your credit score or the credit information that is furnished to you, contact the consumer reporting agency at the address and telephone number provide with this notice, or contact the lender, if the lender developed or generated the credit score. The consumer reporting agency plays no part in the decision to take any action on the loan application and is unable to provide you with specific reasons for the decision on a loan application.

If you have questions concerning the terms of the loan, contact the lender.

One or more of the following consumer reporting agencies will provide the credit score:

| Experian | Equifax Credit Information Services | Trans Union |
|---|---|---|
| P.O. Box 2002 | P.O. Box 740241 | P.O. Box 4000 |
| Allen, TX 75013 | Atlanta, GA 30374 | Chester, PA 19016 |
| 1-888-397-3742 | 1-800-685-1111 | 1-866-887-2673 |

EMMA L WHITE                         634

Your acknowledgment below signifies that this written notice was provided to you.

*Emma L. White*
EMMA L WHITE                01/13/06                                    01/13/06
                            Date                                        Date

_____        01/13/06        _____        01/13/06
                            Date                                        Date

_____        01/13/06        _____        01/13/06
                            Date                                        Date

**Fact Act**

C0582L0

# GOOD FAITH ESTIMATE

| | |
|---|---|
| Applicants: | Emma L. White |
| Property Addr: | 45038 Marvin Street, Callahan, FL 32011 |
| Prepared By: | PREMIER MORTGAGE FUNDING  Ph. 352-373-3082 |
| | 3620 NW 43rd STREET, SUITE C, GAINESVILLE, FL 32606 |

| | |
|---|---|
| Application No: | whitee |
| Date Prepared: | 05/30/2005 |
| Loan Program: | TBW 30 yr FHA |

The information provided below reflects estimates of the charges which you are likely to incur at the settlement of your loan. The fees listed are estimates-actual charges may be more or less. Your transaction may not involve a fee for every item listed. The numbers listed beside the estimates generally correspond to the numbered lines contained in the HUD-1 settlement statement which you will be receiving at settlement. The HUD-1 statement will show you the actual cost for items paid at settlement.

Total Loan Amount $   111,548   Interest Rate: 5.500 %   Term: 360 / 360 mths

| 800 | ITEMS PAYABLE IN CONNECTION WITH LOAN: | | | PFC | S | F | POC |
|---|---|---|---|---|---|---|---|
| 801 | Loan Origination Fee | | $ | | | | |
| 802 | Loan Discount | | | | | | |
| 803 | Appraisal Fee | | | 500.00 | | ✓ | |
| 804 | Credit Report | | | | | | |
| 805 | Lender's Inspection Fee | | | | | | |
| 808 | Mortgage Broker Fee | 2.000% + $ | 550.00 | 2,780.96 | | ✓ | |
| 809 | Tax Related Service Fee | | | 73.00 | | ✓ | |
| 810 | Processing Fee | | | | | | |
| 811 | Underwriting Fee | | | | | | |
| 812 | Wire Transfer Fee | | | | | | |
| | Admin Fee | | | 515.00 | | ✓ | |

| 1100 | TITLE CHARGES: | | PFC | S | F | POC |
|---|---|---|---|---|---|---|
| 1101 | Closing or Escrow Fee | $ | 150.00 | | ✓ | |
| 1105 | Document Preparation Fee | | | | | |
| 1106 | Notary Fees | | | | | |
| 1107 | Attorney Fees | | | | ✓ | |
| 1108 | Title Insurance | | 633.00 | | ✓ | |
| | Endorsements (ALTA 8.1 & Florida form 9) | | 113.30 | | ✓ | |
| | Courier Fee | | 100.00 | | ✓ | |
| | search and exam | | 250.00 | | | |

| 1200 | GOVERNMENT RECORDING & TRANSFER CHARGES: | | PFC | S | F | POC |
|---|---|---|---|---|---|---|
| 1201 | Recording Fees: | $ | 198.50 | | | |
| 1202 | City/County Tax/Stamps: | INTANGABLE TAX | 223.10 | | ✓ | |
| 1203 | State Tax/Stamps: | DOCUMENTARY STAMPS | 390.60 | | ✓ | |
| | | DEED STAMPS | 157.50 | | | |

| 1300 | ADDITIONAL SETTLEMENT CHARGES: | | PFC | S | F | POC |
|---|---|---|---|---|---|---|
| 1302 | Pest Inspection | $ | 175.00 | | | |
| | SURVEY | | 875.00 | | ✓ | |
| | final | | 155.83 | | | |
| | 210 warranty | | 190.03 | | | |
| | engineerw cert | | 350.00 | | | |

| | | Estimated Closing Costs | 7,830.82 | |
|---|---|---|---|---|

| 900 | ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE: | | | PFC | S | F | POC |
|---|---|---|---|---|---|---|---|
| 901 | Interest for | 19 | days @ $ | 16.8086 | per day | $ | 319.36 | | | | |
| 902 | Mortgage Insurance Premium | | | | | 1,648.50 | | | | |
| 903 | Hazard Insurance Premium | | | | | 998.04 | | ✓ | | |
| 904 | | | | | | | | | | |
| 905 | VA Funding Fee | | | | | | | | | |

| 1000 | RESERVES DEPOSITED WITH LENDER: | | | | PFC | S | F | POC |
|---|---|---|---|---|---|---|---|---|
| 1001 | Hazard Insurance Premium | 3 | months @ $ | 83.17 | per month | $ | 249.51 | |
| 1002 | Mortgage Ins. Premium Reserves | | months @ $ | 45.79 | per month | | | |
| 1003 | School Tax | | months @ $ | | per month | | | |
| 1004 | Taxes and Assessment Reserves | 5 | months @ $ | 26.87 | per month | | 134.35 | |
| 1005 | Flood Insurance Reserves | | months @ $ | | per month | | | |
| | | | months @ $ | | per month | | | |
| | | | months @ $ | | per month | | -53.84 | |

| | | Estimated Prepaid Items/Reserves | 3,295.92 | |
|---|---|---|---|---|
| TOTAL ESTIMATED SETTLEMENT CHARGES | | | 11,126.74 | |
| COMPENSATION TO BROKER: (Not Paid Out of Loan Proceeds): | | $ | | |
| | poc to broker from lender $1.47 | | | |

| TOTAL ESTIMATED FUNDS NEEDED TO CLOSE: | | TOTAL ESTIMATED MONTHLY PAYMENTS: | |
|---|---|---|---|
| Purchase Price/Payoff (+) | 113,300.00 | 203k Rehabilitation Cost (+) | 0.00 | Principal & Interest | 633.36 |
| Loan Amount (-) | 111,548.00 | EEM Improvements (+) | | Other Financing (P & I) | |
| (Base Loan Amount + UFMIP/FF) | | Home Gift USA | -5,100.00 | Hazard Insurance | 83.17 |
| UFMIP/FF Financed (+) | 1,648.50 | | | Real Estate Taxes | 26.87 |
| Est. Closing Costs (+) | 7,830.82 | | | Mortgage Insurance | 45.79 |
| Est. Prepaid Items/Reserves (+) | 1,647.42 | New First Mortgage(-) | | Homeowner Assn. Dues | |
| Amount Paid by Seller (-) | 7,778.74 | Sub Financing(-) | | Other | |
| Required Cash Investment (+) | | New 2nd Mtg Closing Costs(+) | | | |
| MIP Refund (-) | | | | | |
| Total Est. Funds needed to close | | 0.00 | Total Monthly Payment | 789.19 |

☐ This Good Faith Estimate is being provided by _____ , a mortgage broker, and no lender has been obtained.  These estimates are provided pursuant to the Real Estate Settlement Procedures Act of 1974, as amended (RESPA). Additional information can be found in the HUD Special Information Booklet, which is to be provided to you by your mortgage broker or lender, if your application is to purchase residential real property and the lender will take a first lien on the property. The undersigned acknowledges receipt of the booklet "Settlement Costs," and if applicable the Consumer Handbook on ARM Mortgages.

*Emma L. White*      1/13/06
Applicant   Emma L. White      Date          Applicant                          Date

Calyx Form gfe.frm 11/01

CONFIDENTIAL

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse or other person who has community property rights pursuant to state law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below):

| Borrower | Co-Borrower |
|---|---|

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA  ☑ FHA | ☐ Conventional  ☐ USDA/Rural Housing Service | ☐ Other (explain): | Agency Case Number | Lender Case Number |
|---|---|---|---|---|---|
| Amount $  111,548 | Interest Rate  5.500 % | No. of Months  360/360 | Amortization Type: ☑ Fixed Rate  ☐ GPM | ☐ Other (explain): ☐ ARM (type): | |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, & ZIP) | | No. of Units |
|---|---|---|
| 45038 Marvin Street, Callahan, FL 32011   County: Nassau | | 1 |
| Legal Description of Subject Property (attach description if necessary) | | Year Built |
| See Preliminary Title Report | | 2005 |

| Purpose of Loan | ☑ Purchase  ☐ Construction  ☐ Refinance  ☐ Construction-Permanent | ☐ Other (explain): | Property will be: ☑ Primary Residence  ☐ Secondary Residence  ☐ Investment |
|---|---|---|---|

| Complete this line if construction or construction-permanent loan. | | | | | |
|---|---|---|---|---|---|
| Year Lot Acquired | Original Cost $ | Amount Existing Liens $ | (a) Present Value of Lot $ | (b) Cost of Improvements $ | Total (a+b) $ |

| Complete this line if this is a refinance loan. | | | | |
|---|---|---|---|---|
| Year Acquired | Original Cost $ | Amount Existing Liens $ | Purpose of Refinance | Describe Improvements   ☐ made  ☐ to be made |
| | | | | Cost: $ |

| Title will be held in what Name(s)  Emma L. White | Manner in which Title will be held  Single woman | Estate will be held in: ☑ Fee Simple  ☐ Leasehold (show expiration date) |
|---|---|---|

| Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain)  Home Gift USA |
|---|

## III. BORROWER INFORMATION

| | Borrower | Co-Borrower | |
|---|---|---|---|
| Borrower's Name (include Jr. or Sr. if applicable)  Emma L. White | | Co-Borrower's Name (include Jr. or Sr. if applicable) | |

| Social Security Number  904-612-5253 | Home Phone (incl. area code)  904-612-5253 | DOB (mm/dd/yyyy)  02/18/1971 | Yrs. School | Social Security Number | Home Phone (incl. area code) | DOB (mm/dd/yyyy) | Yrs. School |
|---|---|---|---|---|---|---|---|
| ☐ Married  ☐ Separated | ☑ Unmarried (include single, divorced, widowed) | Dependents (not listed by Co-Borrower)  no. 4   ages 3, 4, 13, 14 | | ☐ Married  ☐ Separated | ☐ Unmarried (include single, divorced, widowed) | Dependents (not listed by Borrower)  no.   ages | |
| Present Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  34  No. Yrs.  45053 Luther Street  Callahan, FL 32011 | | | | Present Address (street, city, state, ZIP)  ☐ Own  ☐ Rent   No. Yrs. | | | |
| Mailing Address, if different from Present Address | | | | Mailing Address, if different from Present Address | | | |

| If residing at present address for less than two years, complete the following: | | | | | | | |
|---|---|---|---|---|---|---|---|
| Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent   No. Yrs. | | | | Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent   No. Yrs. | | | |
| Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent   No. Yrs. | | | | Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent   No. Yrs. | | | |

Fannie Mae Form 1003   07/05  
CALYX Form Loanapp1.frm 09/05

Page 1 of 5

Borrower   *E. L. W.*  
Co-Borrower

Freddie Mac Form 65   07/05

PL_WHITE_00138

CONFIDENTIAL

## IV. EMPLOYMENT INFORMATION

| Borrower | | Co-Borrower | |
|---|---|---|---|
| Name & Address of Employer ☐ Self Employed<br>Duval County Health Dept<br>515 West 6th Street<br>Jacksonville, FL 32208 | Yrs. on this job<br>2 yr(s) 8 mth(s)<br><br>Yrs. employed in this<br>line of work/profession | Name & Address of Employer ☐ Self Employed | Yrs. on this job<br><br>Yrs. employed in this<br>line of work/profession |
| Position/Title/Type of Business<br>Fiscal Assistant | Business Phone (incl. area code)<br>904-665-2316 | Position/Title/Type of Business | Business Phone (incl. area code) |

*If employed in current position for less than two years or if currently employed in more than one position, complete the following:*

| Name & Address of Employer ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ | Name & Address of Employer ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ |
|---|---|---|---|
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

| Name & Address of Employer ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ | Name & Address of Employer ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ |
|---|---|---|---|
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

| Name & Address of Employer ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ | Name & Address of Employer ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ |
|---|---|---|---|
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

| Name & Address of Employer ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ | Name & Address of Employer ☐ Self Employed | Dates (from-to)<br><br>Monthly Income<br>$ |
|---|---|---|---|
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 1,831.28 | $ | $ 1,831.28 | Rent | | $ |
| Overtime | | | | First Mortgage (P&I) | | $ 633.36 |
| Bonuses | | | | Other Financing (P&I) | | |
| Commissions | | | | Hazard Insurance | | 83.17 |
| Dividends/Interest | | | | Real Estate Taxes | | 26.87 |
| Net Rental Income | | | | Mortgage Insurance | | 45.79 |
| Other (before completing,<br>see the notice in "describe<br>other income," below) | 1,144.00 | | 1,144.00 | Homeowner Assn. Dues | | |
| | | | | Other: | | |
| Total | $ 2,975.28 | $ | $ 2,975.28 | Total | $ | $ 789.19 |

\* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

Describe Other Income   *Notice:* Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| B | Child Support Income | $ 1,144.00 |

Fannie Mae Form 1003   07/05
CALYX Form Loanapp2.frm 09/05

Page 2 of 5

Borrower   *E.White*
Co-Borrower

Freddie Mac Form 65   07/05

CONFIDENTIAL

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a non-applicant spouse or other person, this Statement and supporting schedules must be completed by that spouse or other person also.

Completed ☑ Jointly ☐ Not Jointly

| ASSETS | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | |
|---|---|---|---|---|
| Description | | | | |
| Cash deposit toward purchase held by: | $ | | | |
| | | LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
| List checking and savings accounts below | | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | CITIBANK N A | | |
| Wachovia Bank | | 701 E 60TH ST N | | |
| | | SIOUX FALLS, SD 57104 | | |
| | | Acct. no. 58920623024 | 21 | 2,076 |
| Acct. no. | $ 816 | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | CITIBANK | | |
| | | Acct. no. 5892052 | 21 | 1,621 |
| | | Name and address of Company | $ Payment/Months | $ |
| | | CITIFINANCIA | | |
| Acct. no. | $ | 909 DUNN AVE STE 14 | | |
| Name and address of Bank, S&L, or Credit Union | | JACKSONVILLE, FL 32218 | | |
| | | Acct. no. 6070987614112052 | 85 | 1,873 |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | $ |
| Stocks & Bonds (Company name/number description) | $ | | | |
| | | Acct. no. | | |
| | | Name and address of Company | $ Payment/Months | $ |
| Life insurance net cash value | $ | | | |
| Face amount $ | | | | |
| Subtotal Liquid Assets | $ 816 | Acct. no. | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ | Name and address of Company | $ Payment/Months | $ |
| Vested interest in retirement fund | $ | | | |
| Net worth of business(es) owned (attach financial statement) | $ | Acct. no. | | |
| Automobiles owned (make and year) | $ | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| Other Assets (itemize) Personal Property | $ 2,500 | Job-Related Expense (child care, union dues, etc.) | $ | |
| | | Total Monthly Payments | $ 127 | |
| Total Assets a. | $ 3,316 | Net Worth (a minus b) $ -2,254 | Total Liabilities b. | $ 5,570 |

**Schedule of Real Estate Owned** (If additional properties are owned, use continuation sheet)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| | | $ | $ | $ | $ | $ | $ |
| | | | | | | | |
| | | | | | | | |
| Totals | | $ | $ | $ | $ | $ | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |

Fannie Mae Form 1003   07/05
CALYX form Loanapp3.frm 09/05

Page 3 of 5

Borrower _____

Co-Borrower _____

Freddie Mac Form 65   07/05

PL_WHITE_00140

CONFIDENTIAL

## VII. DETAILS OF TRANSACTION

| | |
|---|---|
| a. Purchase price | $ 113,309.00 |
| b. Alterations, improvements, repairs | |
| c. Land (if acquired separately) | |
| d. Refinance (incl. debts to be paid off) | |
| e. Estimated prepaid items | 1,647.42 |
| f. Estimated closing costs | 7,830.82 |
| g. PMI, MIP, Funding Fee | 1,648.50 |
| h. Discount (if Borrower will pay) | |
| i. Total costs (add items a through h) | 124,426.74 |
| j. Subordinate financing | |
| k. Borrower's closing costs paid by Seller | 7,778.74 |
| l. Other Credits (explain)<br>Home Gift USA | 5,100.00 |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 109,900.00 |
| n. PMI, MIP, Funding Fee financed | 1,648.00 |
| o. Loan amount (add m & n) | 111,548.00 |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | |

## VIII. DECLARATIONS

| | Borrower Yes No | Co-Borrower Yes No |
|---|---|---|
| If you answer "Yes" to any questions a through i, please use continuation sheet for explanation. | | |
| a. Are there any outstanding judgments against you? | ☐ ☑ | ☐ ☐ |
| b. Have you been declared bankrupt within the past 7 years? | ☐ ☑ | ☐ ☐ |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | ☐ ☑ | ☐ ☐ |
| d. Are you a party to a lawsuit? | ☐ ☑ | ☐ ☐ |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | ☐ ☑ | ☐ ☐ |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | ☐ ☑ | ☐ ☐ |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | ☐ ☑ | ☐ ☐ |
| h. Is any part of the down payment borrowed? | ☐ ☑ | ☐ ☐ |
| i. Are you a co-maker or endorser on a note? | ☐ ☑ | ☐ ☐ |
| j. Are you a U. S. citizen? | ☑ ☐ | ☐ ☐ |
| k. Are you a permanent resident alien? | ☐ ☑ | ☐ ☐ |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | ☑ ☐ | ☐ ☐ |
| m. Have you had an ownership interest in a property in the last three years? | ☐ ☑ | ☐ ☐ |
| (1) What type of property did you own-principal residence (PR), second home (SH), or investment property (IP)? | | |
| (2) How did you hold title to the home-solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | | |

## IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described in this application; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated in this application; (6) the Lender, its servicers, successors or assigns may retain the original and/or an electronic record of this application, whether or not the Loan is approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the Lender, its servicers, successors or assigns may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

**Acknowledgement.** Each of the undersigned hereby acknowledges that any owner of the Loan, its servicers, successors and assigns, may verify or reverify any information contained in this application or obtain any information or data relating to the Loan, for any legitimate purpose through any source, including a source named in this application or a consumer reporting agency.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X *Emma L. White* | 1/13/06 | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation and surname if you have made this application in person. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | ☐ I do not wish to furnish this information | CO-BORROWER | ☐ I do not wish to furnish this information |
|---|---|---|---|
| Ethnicity: | ☐ Hispanic or Latino  ☑ Not Hispanic or Latino | Ethnicity: | ☐ Hispanic or Latino  ☐ Not Hispanic or Latino |
| Race: | ☐ American Indian or Alaska Native   ☐ Asian   ☐ Black or African American | Race: | ☐ American Indian or Alaska Native   ☐ Asian   ☐ Black or African American |
| | ☐ Native Hawaiian or Other Pacific Islander   ☑ White | | ☐ Native Hawaiian or Other Pacific Islander   ☐ White |
| Sex: | ☑ Female   ☐ Male | Sex: | ☐ Female   ☐ Male |

| To be Completed by Interviewer | Interviewer's Name (print or type) DINA ROSAMOND | Name and Address of Interviewer's Employer |
|---|---|---|
| This application was taken by:<br>☐ Face-to-face interview<br>☐ Mail<br>☑ Telephone<br>☐ Internet | Interviewer's Signature | PREMIER MORTGAGE FUNDING |
| | | 3620 NW 43rd STREET, SUITE C |
| | Interviewer's Phone Number (incl. area code)<br>352-373-3082 | GAINESVILLE, FL 32606<br>(P) 352-373-3082<br>(F) 352-373-4681 |

Fannie Mae Form 1003   07/05<br>CALYX Form Loanapp4.frm 09/05

Freddie Mac Form 65   07/05

PL_WHITE_00141

CONFIDENTIAL

| Continuation Sheet/Residential Loan Application | | |
|---|---|---|
| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | Borrower:  Emma L. White | Agency Case Number: |
| | Co-Borrower: | Lender Case Number: |

I/We fully understand that it is a Federal crime punishable  by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X *Emma L. White* | 1/13/06 | X | |

PL_WHITE_00142

# MORTGAGE BROKERAGE BUSINESS CONTRACT

Emma L. White
_____
(hereinafter called Borrower), employs           **PREMIER MORTGAGE FUNDING**
(hereinafter called Business) to obtain a mortgage loan commitment (hereinafter called Commitment) within      days from the date hereof and acknowledges that Business cannot make loans or commitments or guarantee acceptance into specific programs, terms or conditions of any loan. However, Business may issue a rate lock-in or commitment on behalf of a lender to the Borrower.

**I. PROPERTY:**
Address:   45038 Marvin Street
          Callahan, FL 32011

Borrower's estimates of fair market value: $
Borrower's estimates of the balances on any existing mortgage loan: $

**II. TERMS OF LOAN APPLICATION:**

| | | | | |
|---|---|---|---|---|
| Loan Amount: $    111,548 | Interest Rate:   5.500   % | | Loan Term/Due In:   360 months / 360 months |
| Monthly Payment: $    633.36 | | | |
| Loan Type:   ☑ First Mortgage | ☐ Second/Junior Mortgage | | |

**III. MORTGAGE BROKERAGE FEE**
Business, in consideration of the Borrower's agreement to pay a mortgage brokerage fee along with actual costs incurred in connection with this loan, agrees to exert its best efforts to obtain a bona fide mortgage loan commitment in accordance with the terms (or better terms) and conditions set forth herein. The Business and its associates or employees shall be held harmless from any liability resulting from failure to obtain said loan commitment. Borrower hereby agrees to pay the actual costs as estimated herein and Borrower agrees to pay Business a mortgage brokerage fee of $      2,780.96      for obtaining the commitment. Additionally, Borrower acknowledges that Business may receive additional compensation from Lender based on the mortgage program and terms Borrower has engaged Business to obtain in securing the commitment and that Business will receive a sum in range of   0.000   % to   4.000   % of the total loan amount. This additional compensation, the exact amount of which will be disclosed at the time of closing, is part of the total brokerage fee due Business. In no event will the brokerage fee, additional compensation included, exceed the maximum fee permitted by the applicable state law.

**IV. APPLICATION FEE**
An application fee is charged for the initial cost of processing, verifying and preparing your loan package to submit to a lender for commitment, and will be credited against the amount the Borrower owes if closing occurs. This fee is ☑ Refundable   ☐ Non-refundable   ☐ Applicable to your closing costs at the time of the settlement of your loan. Business acknowledges the receipt of $      0.00    as an Application Fee.

**V. DEPOSIT**
Business acknowledge the deposit of $      0.00    will be used toward the costs incurred by the Business, or by third party, on behalf of Borrower, to pay expenses necessary to secure the mortgage loan commitment. Actual costs incurred by the Business for items listed on Good Faith Estimate are non-refundable, even if the mortgage loan commitment is not received. In the event of default by the Borrower, Business is authorized to immediately disburse from the deposit all sums then due Business or any third party. The disbursement is not a waiver of any other sums due Business by Borrower, as more fully enumerated herein. Money retained by Business as the deposit shall be returned to the Borrower, within 60 days of disposition of the loan, in accordance with the following:
     (a) the services for which the money is expended are not performed.
     (b) the services for which the money is expended are performed, but there is an excess amount that would be paid as brokerage fee but this commitment is not obtained.

**VI. SERVICES TO BE PROVIDED BY MORTGAGE BROKERAGE BUSINESS**
In consideration for Business earning its fee, the services to be provided by Business are: assembling information, compiling files and completing credit application for borrower(s), processing the application file including verifying of information received and ordering vendor reports, preparing and submitting the completed file for conditional loan commitment between borrower(s) and lender, and any incidental services necessary to obtain commitment including courier, express mail, photographs, and telephone toll charges.

| | | | |
|---|---|---|---|
| _Emma L. White_    11/31/06 | | PREMIER MORTGAGE FUNDING | 356794 |
| Applicant   Emma L. White      Date | | Mortgage Brokerage Business | License # |
| | | | |
| Applicant              Date | | By   DINA ROSAMOND | Date |
| Calyx Form - mbbc.frm (11/98) | Page 1 of 2 | | |

## STANDARDS AND DISCLOSURES

**COMMITMENT:** Brokerage Business hereby agrees to act on behalf of Borrower to secure a mortgage loan commitment. Brokerage Business cannot guarantee acceptance into any particular loan program or promise that any specific loan terms or conditions will be obtained. Receipt of a mortgage loan commitment by Brokerage Business satisfies Brokerage Businesses obligation under the Mortgage Brokerage Business Contract and Good Faith Estimate of Borrower's Costs and the terms of this contract are deemed fulfilled upon receipt of the mortgage loan commitment. Brokerage Business cannot make a mortgage loan or a Mortgage Loan Commitment. A Commitment may, however, be passed through to the Borrower if received from a lender. The term "Commitment" shall mean a written or oral Commitment received by the Brokerage Business, unless otherwise agreed in writing between Brokerage Business and Borrower. Upon demand by the Borrower, the Brokerage Business shall produce for the Borrower's inspection evidence of the mortgage loan commitment.

**AGENCY; NON-LIABILITY FOR LENDER'S ACTS:** Borrower acknowledges that Brokerage Business is acting as an 'agent' on behalf of the Borrower in securing a mortgage commitment pursuant to this Agreement. Borrower acknowledges that Brokerage Business shall not be responsible for any errors of the Lender or Investor nor for any term or condition of the loan documentation that may be contrary to any or federal law. Brokerage Business shall not be responsible for any nonperformance of a commitment or mortgage by any Lender or Investor.

**LITIGATION:** In the event of any litigation arising out of this Agreement, Brokerage Business shall be entitled to all costs incurred, including attorney's fees, whether before trial, at trial, on appeal, or in any other administrative or quasi-judicial proceedings.

**ADDITIONAL CLAUSES:** If not precluded by the provisions of this Agreement, any loan commitment and loan obtained by Brokerage Business may contain such additional clauses or provisions as the Lender may request including but not limited to, nonassumable clauses, late fee clauses and prepayment penalties.

**TIME FOR PAYMENT:** Unless otherwise agreed between Brokerage Business and Borrower, the mortgage brokerage fee shall be due and payable in full upon delivery to the Borrower of mortgage loan commitment from the Lender or Investor, or may be paid at closing, if agreed to by Brokerage Business.

**DECISION:** In applying for this loan, Borrower acknowledges that Borrower has reviewed his personal and financial situation and that it is in Borrower's best interest to proceed with the loan. Borrower further acknowledges that Borrower has not relied on the advice of the Mortgage Brokerage Business or its colleagues as to wisdom of doing so.

**GOOD FAITH ESTIMATE OF COSTS:** The estimated costs stated may be expressed as a range of possible costs and can be charged only when such costs have actually been incurred in connection with securing the loan or loan commitment. Actual costs incurred for items which include, but are not limited to, express mail fees, long distance calls and photographs will be paid by Borrower unless otherwise stated herein.

**TITLE:** Borrower represents and warrants that he is the fee simple title holder to the property described in this Agreement and there are no liens, judgements, unpaid taxes or mortgages which will effect title to the property except

Borrower agrees to pay all costs necessary to clear any defect if status of the title differs from the representation made herein .

**DEFAULT:** If commitment is secured and title is not found to be good, marketable and insurable by the attorney or title company acting for the lender, or the Borrower refuses to execute and deliver the documents required by the lender, or in any other way fails to comply with this Agreement, or if for any reason the loan referred to herein cannot be closed through no fault of the Brokerage Business, Borrower acknowledges that the full brokerage fee has been earned by Brokerage Business and agrees to immediately pay same plus any and all costs incurred on Borrower's behalf.

**DISCLOSURE:** Borrower acknowledges that Brokerage Business has advised him any existing business relationship Brokerage Business has with any vendor. Borrower also acknowledges that Lender may require certain preapproved vendors be used exclusively for services required by this agreement. Brokerage Business has no business relationship with any vendor except as may be listed on attached Provider Relationship form.

**SEVERABILITY OF CLAUSES CONTAINED HEREIN:** In the event that any part or portion of this Agreement is held invalid or unlawful through any administrative, quasi-judicial, or judicial proceeding, the invalidity or illegality thereof shall not effect the validity of this Agreement as a whole and the other provisions and terms contained herein shall remain in full force and effect as if the illegal or invalid provision had been eliminated.

| | | | |
|---|---|---|---|
| *Emma L. White* | 1/13/06 | | |
| Applicant   Emma L. White | Date | Applicant | Date |

Calyx Form - mbbc2.frm (11/98)                                                     Page 2 of 2

01/12/06   THU 10:58 FAX 4072658790        TBW        PREMIER MORTGAGE FUNDING ◄ 13212073128        NO.616   ☑007 008

## HUD/VA Addendum to Uniform Residential Loan Application

OMB Approval No.   VA: 2900-0144
HUD: 2502-0059 (expires: 9/30/2007)

| Part I - Identification Information (mark the type of application) | 2 Agency Case No: (include any suffix) | 3. Lender's Case No. | 4. Section of the Act (for HUD cases) |
|---|---|---|---|
| ☐ VA Application for Home Loan Guaranty   ☐ HUD/FHA Application for Insurance under the National Housing Act | | | 203(b) |

| 5. Borrower's Name & Present Address (include zip code) | 6. Loan Amount (include the UFMIP if for HUD or Funding Fee if for VA) $ 111,548.00 | 7. Interest Rate 5.500 % | 8. Proposed Maturity 30 yrs    mos |
|---|---|---|---|
| Emma L. White | | | |
| 45053 Luther Street | 10. Discount Amount (only if borrower is permitted to pay) $ | 11. Amount of Up Front Premium 1,848.50 | 12a. Amount of Monthly Premium 45.73/mo. | 12b. Term of Monthly Premium    months |
| Callahan, FL 32011 | | | |
| 8. Property Address (including name of subdivision, lot & block no. & zip code) | 13. Lender's I.D. Code | | 14. Sponsor/Agent I.D. Code |
| 45038 Marvin Street | 1848200175 | | 7499100806 |
| Callahan, FL 32011 | | | |
| See Preliminary Title Report | | | |

| 15. Lender's Name & Address (include zip code) | 16. Name & Address of Sponsor/Agent |
|---|---|
| Premier Mortgage Funding   3020 NW 43rd Street Suite C   Gainesville, FL 32608 | Taylor Bean & Whitaker   950 S. Winter Park Drive Suite 303   Casselberry, FL 32707 |
| Type or Print all entries clearly | 17. Lender's Telephone Number   352-373-3082 |

VA: The veteran and the lender hereby apply to the Secretary of Veterans Affairs for Guaranty of the loan described here under Section 3710, Chapter 37, Title 38, United States Code, to the full extent permitted by the veteran's entitlement and severally agree that the Regulations promulgated pursuant to Chapter 37, and in effect on the date of the loan shall govern the rights, duties, and liabilities of the parties.

| 18. First Time Homebuyer? | 19. VA Only: Title will be Vested in | 20. Purpose of Loan (blocks 9 - 12 are for VA loans only) | |
|---|---|---|---|
| a. ☑ Yes   b. ☐ No | ☐ Veteran   ☐ Veteran & Spouse   ☐ Other (Specify): | 1) ☐ Purchase Existing Home Previously Occupied   2) ☐ Finance Improvements to Existing Property   3) ☐ Refinance (Refi.)   4) ☐ Purchase New Condo. Unit   5) ☐ Purchase Existing Condo. Unit   6) ☐ Purchase Existing Home Not Previously Occupied | 7) ☐ Construct Home (proceeds to be paid out during construction)   8) ☐ Finance Co-op Purchase   9) ☐ Purchase Permanently Sited Manufactured Home   10) ☑ Purchase Permanently Sited Manufactured Home & Lot   11) ☐ Refi. Permanently Sited Manufactured Home to Buy Lot.   12) ☐ Refi. Permanently Sited Manufactured Home/Lot Loan |

## Part II - Lender's Certification

21. The undersigned lender makes the following certifications to induce the Department of Veterans Affairs to issue a certificate of commitment to guarantee the subject loan or a Loan Guaranty Certificate under Title 38, U.S. Code, or to induce the Department of Housing and Urban Development - Federal Housing Commissioner to issue a firm commitment for mortgage insurance or a Mortgage Insurance Certificate under the National Housing Act.

A. The loan terms furnished in the Uniform Residential Loan Application and this Addendum are true, accurate and complete.

B. The information contained in the Uniform Residential Loan Application and this Addendum was obtained directly from the borrower by an employee of the undersigned lender or its duly authorized agent and is true to the best of the lender's knowledge and belief.

C. The credit report submitted on the subject borrower (and co-borrower, if any) was ordered by the undersigned lender or its duly authorized agent directly from the credit bureau which prepared the report and was received directly from said credit bureau.

D. The verification of employment and verification of deposits were requested and received by the lender or its duly authorized agent without passing through the hands of any third persons and are true to the best of the lender's knowledge and belief.

Items "H" through "J" are to be completed as applicable for VA loans only.
H. The names and functions of any duly authorized agents who developed on behalf of the lender any of the information or supporting credit data submitted are as follows:

E. The Uniform Residential Loan Application and this Addendum were signed by the borrower after all sections were completed.

F. This proposed loan to the named borrower meets the income and credit requirements of the governing law in the judgment of the undersigned.

G. To the best of my knowledge and belief, I and my firm and its principals: (1) are not presently debarred, suspended, proposed for debarment, declared ineligible, or voluntarily excluded from covered transactions by any Federal department or agency; (2) have not, within a three-year period preceding this proposal, been convicted of or had a civil judgment rendered against them for (a) commission of fraud or a criminal offense in connection with obtaining, attempting to obtain, or performing a public (Federal, State or local) transaction or contract under a public transaction; (b) violation of Federal or State antitrust statutes or commission of embezzlement, theft, forgery, bribery, falsification or destruction of records, making false statements, or receiving stolen property; (3) are not presently indicted for or otherwise criminally or civilly charged by a governmental entity (Federal, State or local) with commission of any of the offenses enumerated in paragraph G(2) of this certification; and (4) have not, within a three-year period preceding this application/proposal, had one or more public transactions (Federal, State or local) terminated for cause or default.

| Name & Address | Function (e.g., obtained information on the Uniform Residential Loan Application, ordered credit report, verifications of employment, deposits, etc.) |
|---|---|

If no agent is shown above, the undersigned lender affirmatively certifies that all information and supporting credit data were obtained directly by the lender.

I. The undersigned lender understands and agrees that it is responsible for the omissions, errors, or acts of agents identified in Item H as to the functions with which they are identified.

J. The proposed loan conforms otherwise with the applicable provisions of Title 38, U.S. Code, and of the regulations concerning guaranty or insurance of loans to veterans.

| Signature of Officer of Lender   X | Title of Officer of Lender   Loan Officer | Date (mm/dd/yyyy)   X |
|---|---|---|

Part III - Notices to Borrowers. Public reporting burden for this collection of information is estimates to average 6 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. This agency may not conduct or sponsor, and a person is not required to respond to, a collection information unless that collection displays a valid OMB control number. Privacy Act Information. The information requested on this Uniform Residential Loan Application and this Addendum is authorized by 38 U.S.C. 3710 (if for DVA) and 12 U.S.C. 1701 et seq. (if for HUD/FHA). The Debt Collection Act of 1982, Pub. Law 97-365, and HUD's Housing and Community Development Act of 1987, 42 U.S.C. 3543, require persons applying for a federally insured or guaranteed loan to furnish his/her social security number (SSN). You must provide all the requested information, including your SSN. HUD and/or VA may conduct a computer match to verify the information you provide. HUD and/or VA may disclose certain information to Federal, State, and local agencies when relevant to civil, criminal, or regulatory investigations and prosecutions. It will not otherwise be disclosed or released outside of HUD or VA, except as required and permitted by law. The information will be used to determine whether you qualify as a mortgagor. Any disclosure of information outside VA or HUD/FHA will be made only as permitted by law. Failure to provide any of the requested information, including SSN, may

VA Form 26-1802a (3/98)          page 1          form HUD-92900-A (06/2005)
Calyx Form - 1havas1.frm (06/2005)

01/12/06  THU 10:57 FAX 4072658790          TBW                    ☐008
01/12/2006   05:03   PREMIER MORT. FUNDING → 13212873120        NO.616   D09

result in disapproval of your loan application. This is notice to you as required by the Right to Financial Privacy Act of 1978 that VA or HUD/FHA has a right of access to financial records held by financial institutions in connection with the consideration or administration of assistance to you. Financial records involving your transaction will be available to VA and HUD/FHA without further notice or authorization but will not be disclosed or released by this institution to another Government Agency or Department without your consent except as required or permitted by law.

Caution. Delinquencies, defaults, foreclosures and abuses of mortgage loans involving programs of the Federal Government can be costly and detrimental to your credit, now and in the future. The lender in this transaction, its agents and assigns as well as the Federal Government, its agencies, agents and assigns, are authorized to take any and all of the following actions in the event loan payments become delinquent on the mortgage loan described in the attached application: (1) Report your name and account information to a credit bureau; (2) Assess additional interest and penalty charges for the period of time that payment is not made; (3) Assess charges to cover additional administrative costs incurred by the Government to service your account; (4) Offset amounts owed to you under other Federal programs; (5) Refer your account to a private attorney, collection agency or mortgage servicing agency to collect the amount due, foreclose the mortgage, sell the property and seek judgment against you for any deficiency; (6) Refer your account to the Department of Justice for litigation in the courts; (7) If you are a current or retired Federal employee, take action to offset your salary, or civil service retirement benefits; (8) Refer your debt to the Internal Revenue Service for offset against any amount owed to you on an income tax refund; and (9) Report any resulting written-off debt of yours to the Internal Revenue Service as your taxable income. All of these actions can and will be used to recover any debts owed which is determined to be in the interest of the lender and/or the Federal Government to do so.

**Part IV - Borrower Consent for Social Security Administration to Verify Social Security Number**

I authorize the Social Security Administration to verify my Social Security number to the Lender identified in this document and HUD/FHA, through a computer match conducted by HUD/FHA.

I understand that my consent allows no additional information from my Social Security records to be provided to the Lender, and that verification of my Social Security number does not constitute confirmation of my identity. I also understand that my Social Security number may not be used for any other purpose than the one stated above, including resale or redisclosure to other parties. The only other redisclosure permitted by this authorization is for review purposes to assure that HUD/FHA complies with SSA's consent requirements.

I am the individual to whom the Social Security number was issued or that person's legal guardian. I declare and affirm under the penalty of perjury that the information contained herein is true and correct. I know that if I make any representation which is false to obtain information from Social Security records, I could be punished by a fine or imprisonment or both.

This consent is valid for 180 days from the date signed, unless indicated otherwise by the individual(s) named in this loan application.

Signature(s) of Borrower(s) - Read consent carefully.  Review accuracy of social security number(s) and birth dates provided on this application.

X  *Emma L. White*                                          | Date signed | 01-13-06

**Part V - Borrower Certification**

| 22. Complete the following for a HUD/FHA Mortgage | Is it to be sold? | 22.b Sales Price | 22.c Original Mortgage Amt |
| 22.a Do you own or have you sold other real estate within the past 60 months on which there was a HUD / FHA mortgage? ☐Yes ☑No | ☐Yes ☑No | $ | $ |

22.d Address

22.e If the dwelling to be covered by this mortgage is to be rented, is it a part of, adjacent or contiguous to any project subdivision or group of concentrated rental properties involving eight or more dwelling units in which you have any financial interest?  ☐Yes  ☑No   If 'Yes' give details.

22.f Do you own more than four dwellings?  ☐Yes  ☑No   If 'Yes' submit form HUD-92561.

23. Complete for VA - Guaranteed Mortgage.   Have you ever had a VA home loan?  ☐Yes  ☑No

24. Applicable for Both VA & HUD. As a home loan borrower, you will be legally obligated to make the mortgage payments called for by your mortgage loan contract. The fact that you dispose of your property after the loan has been made will not relieve you of liability for making these payments. Payment of the loan in full is ordinarily the way liability on a mortgage note is ended. Some home buyers have the mistaken impression that if they sell their homes when they move to another locality, or dispose of it for any other reasons, they are no longer liable for the mortgage payments and that the liability for these payments is solely that of the new owners. Even though the new owners may agree in writing to assume liability for your mortgage payments, this assumption agreement will not relieve you from liability to the holder of the note which you signed when you obtained the loan to buy the property. Unless you are able to sell the property to a buyer who is acceptable to VA or to HUD/FHA and who will assume the payment of your obligation to the lender, you will not be relieved from liability to repay any claim which VA or HUD/FHA may be required to pay your lender on account of default in your loan payments. The amount of any such claim payment will be a debt owed by you to the Federal Government. This debt will be the object of established collection procedures.

25. I, the Undersigned Borrower(s) Certify that:

(1) I have read and understand the foregoing concerning my liability on the loan and Part III Absence to Borrowers.

(2) Occupancy: (for VA only -- mark the applicable box)

☐ (a) I now actually occupy the above-described property as my home or intend to move into and occupy said property as my home within a reasonable period of time or intend to reoccupy it after the completion of major alterations, repairs or improvements.

☐ (b) My spouse is on active military duty and in his or her absence, occupy or intend to occupy the property securing this loan as my home.

☐ (c) I previously occupied the property securing this loan as my home. (for interest rate reductions)

☐ (d) While my spouse was on active military duty and unable to occupy the property securing this loan, I previously occupied the property that is securing this loan as my home. (for interest rate reduction loans)
Note: If box 2b or 2d is checked, the veteran's spouse must also sign below.

(3) Mark the applicable box (not applicable for Home Improvement or Refinancing Loan) I have been informed that $ _____ is the reasonable value of the property as determined by VA or,

☐ (a) that statement of appraised value as determined by HUD/FHA. Note: If the contract price or cost exceeds the VA "Reasonable Value" or HUD/FHA "Statement of Appraised Value" mark other item (a) or item (b), whichever is applicable.

☐ (a) I was aware of this valuation when I signed my contract and I have paid or will pay in cash from my own resources at or prior to loan closing a sum equal to the difference between the contract

purchase price or cost and the VA or HUD/FHA established value. I do not and will not have outstanding after loan closing any unpaid contractual obligation on account of such cash payment.

☐ (b) I was not aware of this valuation when I signed my contract but have elected to complete the transaction at the contract purchase price or cost. I have paid or will pay in cash from my own resources at or prior to loan closing a sum equal to the difference between contract purchase price or cost and the VA or HUD/FHA established value. I do not and will not have outstanding after loan closing any unpaid contractual obligation on account of such cash payment.

(4) Neither I, nor anyone authorized to act for me, will refuse to sell or rent, after the making of a bona fide offer, or refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny the dwelling or property covered by his/her loan to any person because of race, color, religion, sex, handicap, familial status or national origin. I recognize that any restrictive covenant on this property relating to race, color, religion, sex, handicap, familial status or national origin is illegal and void and civil action for preventive relief may be brought by the Attorney General of the United States in any appropriate U.S. District Court against any person responsible for the violation of the applicable law.

(5) All information in this application is given for the purpose of obtaining a loan to be insured under the National Housing Act or guaranteed by the Department of Veterans Affairs and the information in the Uniform Residential Loan Application and this Addendum is true and complete to the best of my knowledge and belief. Verification may be obtained from any source named herein.

(6) For HUD Only (for properties constructed prior to 1978) I have received information on lead paint poisoning.  ☐Yes  ☐Not Applicable

(7) I am aware that neither HUD/FHA nor VA warrants the condition or value of the property.

Signature(s) of Borrower(s) - Do not sign unless this application is fully completed. Read the certifications carefully & review accuracy of this application.   | Date

X  *Emma L. White*                                                        | 01-13-06

Federal statutes provide severe penalties for any fraud, intentional misrepresentation, or criminal connivance or conspiracy purposed to influence the issuance of any guaranty or insurance by the VA Secretary or the HUD/FHA Commissioner.

VA Form  26-1802a (1998)                                page 2                         form HUD-92900-A (09/2005)
                                                                                        Calyx Form - fhavac2.frm (06/2005)

PL_WHITE_00146

01/12/06  THU 10:58 FAX 4072858790   FRONTIER MORT. FUNDING → 13212873128   TBW   NO.616   Ø009  D10

## Direct Endorsement Approval for a HUD/FHA-Insured Mortgage

U.S. Department of Housing and Urban Development

| Part I - Identifying Information (mark the type of application) | 2. Agency Case No. (include any suffix) | 3. Lender's Case No. | 4. Section of the Act (for HUD cases) |
|---|---|---|---|
| 1. ☐ HUD/FHA Application for Insurance under the National Housing Act | | | 203(b) |

| 3. Borrower's Name & Present Address (include zip code) | 7. Loan Amount (include the UFMIP) | 8. Interest Rate | 9. Proposed Maturity |
|---|---|---|---|
| Emma L. White<br>45053 Luther Street<br>Callahan, FL 32011 | $ 111,548.00 | 5.500 % | 30 yrs. max. |

| 6. Property Address (including name of subdivision, lot & block no. & zip code) | 10. Discount Amount (only if borrower is permitted to pay) | 11. Amount of Up Front Premium | 12a. Amount of Monthly Premium | 12b Term of Monthly Premium |
|---|---|---|---|---|
| 45038 Marvin Street<br>Callahan, FL 32011<br>See Preliminary Title Report | $ | $ 1,849.50 | $ 45.79/mo | months |

| 13. Lender's I.D. Code | 14. Sponsor/Agent I.D. Code |
|---|---|
| 1849200175 | 7499100008 |

| 15. Lender's Name & Address (include zip code) | 16. Name & Address of Sponsor/Agent |
|---|---|
| Premier Mortgage Funding<br>3820 NW 43rd Street Suite C<br>Gainesville, FL 32605 | Taylor Bean & Whitaker<br>950 S. Winter Park Drive Suite 303<br>Casselberry, FL 32707 |

17. Lender's Telephone Number
352-373-3082

Type of Review all entries blank

☑ Approved/Approved subject to the additional conditions stated below, if any.

Date Mortgage Approved  12/8/05     Date Approval Expires  5/8/06

| ☐ Modified & Approved as follows: | Loan Amount (include UFMIP) | Interest Rate | Proposed Maturity | Monthly Payment | Amount of Up Front Premium | Amount of Monthly Premium | Term of Monthly Premium |
|---|---|---|---|---|---|---|---|
| | $ | % | yrs. | mos | $ | $ | months |

**Additional Conditions:**

☑ If this is proposed construction, the builder has certified compliance with HUD requirements on form HUD-92541.

☑ If this is new construction, the lender certifies that the property is 100% complete (both on site and off site improvements) and the property meets HUD's minimum property standards and local building codes.

☐ Form HUD-92544, Builder's Warranty is required.

☑ The property has a 10-year warranty.

☐ Owner-Occupancy Not required (item (b) of the Borrower's Certificate does not apply).

☐ The mortgage is a high loan-to-value ratio for non-occupant mortgagor in military.

☐ Other: (specify)

☐ This mortgage was rated an "accept" or "approve" by FHA's Total Mortgage Scorecard. As such, the undersigned representative of the mortgagee certifies to the integrity of the data supplied by the lender used to determine the quality of the loan, that a Direct Endorsement Underwriter reviewed the appraisal (if applicable) and further certifies that this mortgage is eligible for HUD mortgage insurance under the Direct Endorsement program. I hereby make all certifications required for this mortgage as set forth in HUD Handbook 4000.4

Mortgagee Representative:

☐ This mortgage was rated as a "refer" by FHA's Total Mortgage Scorecard, and/or was manually underwritten by a Direct Endorsement underwriter. As such, the undersigned Direct Endorsement underwriter certifies that I have personally reviewed the appraisal report (if applicable), credit application, and all associated documents and have used due diligence in underwriting this mortgage. I find that this mortgage is eligible for HUD mortgage insurance under the Direct Endorsement program and I hereby make all certifications required for this mortgage as set forth in HUD Handbook 4000.4

Direct Endorsement Underwriter  Dia Lindsey     DE's CHUMS ID Number  J229

**The Mortgagee, its owners, officers or directors** ☐ do ☑ do not **have a financial interest in or a relationship, by affiliation or ownership, with the builder or seller involved in this transaction.**

| Calyx Form - fhaved3.frm (08/2005) | page 3 | form HUD-92900-A (06/2005) |
|---|---|---|

PL_WHITE_00147

## Borrower's Certificate

The undersigned certifies that:

(a) I will not have outstanding any other unpaid obligations contracted in connection with the mortgage transaction or the purchase of the said property except obligations which are secured by property or collateral owned by me independently of the said mortgaged property, or obligations approved by the Commissioner.

(b) One of the undersigned intends to occupy the subject property, (note: this item does not apply if owner-occupancy is not required by the commitment);

(c) All charges and fees collected from me as shown in the settlement statement have been paid from my own funds, and no other charges have been or will be paid by me in respect to this transaction;

(d) Neither I, nor anyone authorized to act for me, will refuse to sell or rent, after the making of a bona fide offer, or refuse to negotiate for the sale or rental of or otherwise make unavailable or deny the dwelling or property covered by this loan to any person because of race, color, religion, sex, handicap, familial status or national origin. I recognize that any restrictive covenant on this property relating to race, color, religion, sex, handicap, familial status or national origin is illegal and void and any such covenant is hereby specifically disclaimed.  I understand that civil action for preventative relief may be brought by the Attorney General of the United States in any appropriate U.S. District Court against any person responsible for a violation of this certificate.

Borrower(s) Signature(s) & Date

x _Emma J White_   01-13-06

## Lender's Certificate

The undersigned certifies that to the best of its knowledge:

(a) The statements made in its application for insurance and in this Certificate are true and correct;

(b) The conditions listed above or appearing in any outstanding commitment issued under the above case number have been fulfilled;

(c) Complete disbursement of the loan has been made to the borrower, or to his/her creditors for his/her account and with his/her consent;

(d) The security instrument has been recorded and is a good and valid first lien on the property described;

(e) No charge has been made to or paid by the borrower except as permitted under HUD regulations;

(f) The copies of the credit and security instruments which are submitted herewith are true and exact copies as executed and filed for record;

(g) It has not paid any kickbacks, fee or consideration of any type, directly or indirectly,  to any party  in connection with this transaction except as permitted under HUD regulations and administrative instructions.

I, the undersigned, as authorized representative of   PREMIER MORTGAGE FUNDING                                    , mortgagee at this time of closing of this mortgage loan, certify that I have personally reviewed the mortgage loan documents, closing statements, application for insurance endorsement, and all accompanying documents.  I hereby make all certifications required for this mortgage as set forth in HUD Handbook 4000.4.

| Lenders Name | | Note: If the approval is executed by an agent in the name of lender, the agent  must enter the lender's code  number and type. |
|---|---|---|
| Premier Mortgage Funding | | |
| Title of Lender's Officer | | Code Number (8 digits) | Type |
| Loan Officer | | | |
| Signature of Lender's Officer | Date | | |
| x | | | |

PL_WHITE_00148

01/12/06  THU 10:59 FAX 4072658790   FRONTIER MORT. FUNDING → 1321206/3128   TBW

NO. 616   002

011

**CONFIDENTIAL**

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse or other person who has community property rights pursuant to state law will not be used as a basis for loan qualification, but he or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below):

Borrower _____   Co-Borrower _____

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA  ☑ FHA | ☐ Conventional  ☐ USDA/Rural Housing Service | ☐ Other (explain): | Agency Case Number | Lender Case Number |
|---|---|---|---|---|---|

| Amount $ 111,548 | Interest Rate 5.500 % | No. of Months 360/360 | Amortization Type: | ☑ Fixed Rate  ☐ GPM | ☐ Other (explain): ☐ ARM (type): |
|---|---|---|---|---|---|

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, & ZIP)  45038 Marvin Street, Callahan, FL 32011  County: Nassau | No. of Units |
|---|---|

Legal Description of Subject Property (attach description if necessary)
See Preliminary Title Report

Year Built 2005

| Purpose of Loan | ☑ Purchase  ☐ Refinance | ☐ Construction  ☐ Construction-Permanent | ☐ Other (explain): | Property will be: ☑ Primary Residence  ☐ Secondary Residence  ☐ Investment |
|---|---|---|---|---|

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost $ | Amount Existing Liens $ | (a) Present Value of Lot $ | (b) Cost of Improvements $ | Total (a+b) $ |
|---|---|---|---|---|---|

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost $ | Amount Existing Liens $ | Purpose of Refinance | Describe Improvements | ☐ made  ☐ to be made |
|---|---|---|---|---|---|
| | | | | Cost: $ | |

| Title will be held in what Name(s)  Emma L. White | Manner in which Title will be held  Single woman | Estate will be held in: ☑ Fee Simple  ☐ Leasehold(show expiration date) |
|---|---|---|

Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain)
Home Gift USA

## III. BORROWER INFORMATION

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|

| Borrower's Name (include Jr. or Sr. if applicable)  Emma L. White | Co-Borrower's Name (include Jr. or Sr. if applicable) |
|---|---|

| Social Security Number | Home Phone (incl. area code) 904-612-5253 | DOB (mm/dd/yyyy) 02/16/1971 | Yrs. School | Social Security Number | Home Phone (incl. area code) | DOB (mm/dd/yyyy) | Yrs. School |
|---|---|---|---|---|---|---|---|

| ☐ Married  ☐ Separated | ☑ Unmarried (include single, divorced, widowed) | Dependents (not listed by Co-Borrower) no. 4   ages 3, 4, 13, 14 | ☐ Married  ☐ Separated | ☐ Unmarried (include single, divorced, widowed) | Dependents (not listed by Borrower) no.   ages |
|---|---|---|---|---|---|

| Present Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  34  No. Yrs.  45053 Luther Street  Callahan, FL 32011 | Present Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs. |
|---|---|

| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |
|---|---|

If residing at present address for less than two years, complete the following.

| Former Address (street, city, ZIP)  ☐ Own  ☐ Rent  No. Yrs. | Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs. |
|---|---|

| Former Address (street, city, ZIP)  ☐ Own  ☐ Rent  No. Yrs. | Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs. |
|---|---|

| Fannie Mae Form 1003  07/05  CALYX Form Loanapp1.frm 09/05 | Page 1 of 5 | Borrower _Elda___  Co-Borrower _____ | Freddie Mac Form 65  07/06 |
|---|---|---|---|

PL_WHITE_00149

01/12/06  THU 10:59 FAX 4072658790        TBW                                    ☒012
01/12/2006   05:03        PREMIER MORT. FUNDING → 13212073120        NO.616    D83

## CONFIDENTIAL

### IV. EMPLOYMENT INFORMATION

| Borrower | | Co-Borrower | |
|---|---|---|---|
| Name & Address of Employer ☐ Self Employed | Yrs. on this job 2 yr(s) 8 mth(s) | Name & Address of Employer ☐ Self Employed | Yrs. on this job |
| Duval County Health Dept. 515 West 6th Street Jacksonville, FL 37208 | Yrs. employed in this line of work/profession | | Yrs. employed in this line of work/profession |
| Position/Title/Type of Business Fiscal Assistant | Business Phone (incl. area code) 904-686-2316 | Position/Title/Type of Business | Business Phone (incl. area code) |

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| Name & Address of Employer ☐ Self Employed | Dates (from-to) | Name & Address of Employer ☐ Self Employed | Dates (from-to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

| Name & Address of Employer ☐ Self Employed | Dates (from-to) | Name & Address of Employer ☐ Self Employed | Dates (from-to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

| Name & Address of Employer ☐ Self Employed | Dates (from-to) | Name & Address of Employer ☐ Self Employed | Dates (from-to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

| Name & Address of Employer ☐ Self Employed | Dates (from-to) | Name & Address of Employer ☐ Self Employed | Dates (from-to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

### V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 1,831.28 | $ | $ 1,831.28 | Rent | $ | $ |
| Overtime | | | | First Mortgage (P&I) | | 633.36 |
| Bonuses | | | | Other Financing (P&I) | | |
| Commissions | | | | Hazard Insurance | | 75.00 |
| Dividends/Interest | | | | Real Estate Taxes | | 65.00 |
| Net Rental Income | | | | Mortgage Insurance | | 45.79 |
| Other (before completing, see the notice in "describe other income" below) | 1,144.00 | | 1,144.00 | Homeowner Assn. Dues | | |
| | | | | Other | | |
| Total | $ 2,975.28 | $ | $ 2,975.28 | Total | $ | $ 819.15 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

Describe Other Income    Notice: Alimony, child support, or separate maintenance income need not be revealed if the
Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| B | Child Support Income | $ 1,144.00 |

Fannie Mae Form 1003  07/05
CALYX Form Loanapp2.frm 09/05

Page 2 of 5    Borrower _[signature]_
               Co-Borrower

Freddie Mac Form 65  07/05

PL_WHITE_00150

01/12/06  THU 11:00 FAX 4072658790          TBW
01/12/2006  01:03  PREMIER MORT.FUNDING → 13212873128                  NO. 616   [Ø]013
                                                                                D84

## CONFIDENTIAL

### VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a non-applicant spouse or other person, this Statement and supporting schedules must be completed by that spouse or other person also.

Completed ☑ Jointly ☐    Not Jointly ☐

| ASSETS Description | Cash or Market Value | LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Cash deposit toward purchase held by: | $ | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | |
| **List checking and savings accounts below** | | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union Wachovia Bank | | CITIBANK N A 701 E 60TH ST N SIOUX FALLS, SD 57104 | | |
| | | Acct. no. 38920623024 | 21 | 2,076 |
| Acct. no.                      $    816 | | Name and address of Company CITIBANK | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. 5892082 | 21 | 1,621 |
| Acct. no.                      $ | | Name and address of Company CITIFINANCIA 600 DUNN AVE STE 14 JACKSONVILLE, FL 32218 | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. 60709877514112052 | 85 | 1,873 |
| Acct. no.                      $ | | Name and address of Company | $ Payment/Months | $ |
| Stocks & Bonds (Company name/number description) | $ | | | |
| | | Acct. no. | | |
| | | Name and address of Company | $ Payment/Months | $ |
| Life insurance net cash value | $ | | | |
| Face amount: $ | | | | |
| Subtotal Liquid Assets | $    816 | Acct. no. | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ | Name and address of Company | $ Payment/Months | $ |
| Vested interest in retirement fund | $ | | | |
| Net worth of business(es) owned (attach financial statement) | $ | Acct. no. | | |
| Automobiles owned (make and year) | $ | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| Other Assets (itemize) Personal Property | $    2,500 | Job-Related Expense (child care, union dues, etc.) | $ | |
| | | Total Monthly Payments | $    127 | |
| **Total Assets a.** | $    3,316 | Net Worth (a minus b) $ 1,062 | Total Liabilities b. | $    5,578 |
|   |   | = 1,062 |   | -2,254 |

### Schedule of Real Estate Owned (if additional properties are owned, use continuation sheet)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| | | $ | $ | $ | $ | $ | $ |
| | | | | | | | |
| | | | | | | | |
| **Totals** | | $ | $ | $ | $ | $ | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |

Fannie Mae Form 1003   07/05                                    Borrower _E.L.W._
CALYX Form Loanapp3 frm 08/05              Page 3 of 5       Co-Borrower                Freddie Mac Form 65   07/05

PL_WHITE_00151

CONFIDENTIAL

## Continuation Sheet/Residential Loan Application

| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | Borrower: Emma L. White | Agency Case Number: |
|---|---|---|
| | Co-Borrower: | Lender Case Number: |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X  Emma L. White | 01-13-06 | X | |

Freddie Mac Form 65   07/05
CALYX Form LeapSanLine 08/05

Page 3 of 3

Fannie Mae Form 1003   07/05

PL_WHITE_00152

THU 11:00 FAX 4072658790     PREMIER MORT FUNDING → 13212073128     TBW     NO.616     @014 D05

## CONFIDENTIAL

| VII. DETAILS OF TRANSACTION | | VIII. DECLARATIONS | | | | | |
|---|---|---|---|---|---|---|---|
| | | If you answer "Yes" to any questions a through i, please use continuation sheet for explanation. | Borrower | | Co-Borrower | | |
| a. Purchase price | $ 113,300.00 | | Yes | No | Yes | No | |
| b. Alterations, improvements, repairs | | a. Are there any outstanding judgments against you? | ☐ | ☒ | ☐ | ☐ | |
| c. Land (if acquired separately) | | b. Have you been declared bankrupt within the past 7 years? | ☐ | ☒ | ☐ | ☐ | |
| d. Refinance (incl. debts to be paid off) | | c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | ☐ | ☒ | ☐ | ☐ | |
| e. Estimated prepaid items | 1,787.13 | | | | | | |
| f. Estimated closing costs | 8,086.45 | | | | | | |
| g. PMI, MIP, Funding Fee | 1,648.50 | d. Are you a party to a lawsuit? | ☐ | ☒ | ☐ | ☐ | |
| h. Discount (if Borrower will pay) | | e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? | ☐ | ☒ | ☐ | ☐ | |
| i. Total costs (add items a through h) | (23,882.11) | (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | | | | | |
| j. Subordinate financing | | | | | | | |
| k. Borrower's closing costs paid by Seller | 8,086.48 | | | | | | |
| l. Other Credits (explain) | | f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | ☐ | ☒ | ☐ | ☐ | |
| Home Gift USA | 5,100.00 | | | | | | |
| | | g. Are you obligated to pay alimony, child support, or separate maintenance? | ☐ | ☒ | ☐ | ☐ | |
| | | h. Is any part of the down payment borrowed? | ☐ | ☒ | ☐ | ☐ | |
| | | i. Are you a co-maker or endorser on a note? | ☐ | ☒ | ☐ | ☐ | |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 109,900.00 | j. Are you a U.S. citizen? | ☒ | ☐ | ☐ | ☐ | |
| | | k. Are you a permanent resident alien? | ☐ | ☒ | ☐ | ☐ | |
| n. PMI, MIP, Funding Fee financed | 1,648.00 | l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | ☒ | ☐ | ☐ | ☐ | |
| o. Loan amount (add m & n) | 111,548.00 | m. Have you had an ownership interest in a property in the last three years? | ☐ | ☒ | ☐ | ☐ | |
| | | (1) What type of property did you own—principal residence (PR), second home (SH), or investment property (IP)? | | | | | |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | 67.63 | (2) How did you hold title to the home—solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | | | | | |

## IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described in this application; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated in this application; (6) the Lender, its servicers, successors or assigns may retain the original and/or an electronic record of this application, whether or not the Loan is approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the Lender, its servicers, successors or assigns may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

**Acknowledgement.** Each of the undersigned hereby acknowledges that any owner of the Loan, its servicers, successors and assigns, may verify or reverify any information contained in this application or obtain any information or data relating to the Loan, for any legitimate purpose through any source, including a source named in this application or a consumer reporting agency.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| x Emma L White | 01-13-06 | x | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation and surname if you have made this application in person. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to ensure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | ☐ I do not wish to furnish this information | CO-BORROWER | ☐ I do not wish to furnish this information |
|---|---|---|---|
| Ethnicity: | ☐ Hispanic or Latino   ☒ Not Hispanic or Latino | Ethnicity: | ☐ Hispanic or Latino   ☐ Not Hispanic or Latino |
| Race: | ☐ American Indian or Alaska Native   ☐ Asian   ☐ Black or African American | Race: | ☐ American Indian or Alaska Native   ☐ Asian   ☐ Black or African American |
| | ☐ Native Hawaiian or Other Pacific Islander   ☒ White | | ☐ Native Hawaiian or Other Pacific Islander   ☐ White |
| Sex: | ☒ Female   ☐ Male | Sex: | ☐ Female   ☐ Male |

| To be Completed by Interviewer | Interviewer's Name (print or type) | Name and Address of Interviewer's Employer |
|---|---|---|
| This application was taken by: | DINA ROSAMOND | PREMIER MORTGAGE FUNDING |
| ☐ Face-to-face interview | Interviewer's Signature                 Date | 3620 NW 43rd STREET, SUITE C |
| ☐ Mail | | GAINESVILLE, FL 32606 |
| ☒ Telephone | | (P) 352-373-3082 |
| ☐ Internet | Interviewer's Phone Number (incl. area code) | (F) 352-373-4881 |
| | 352-373-3082 | |

Fannie Mae Form 1003   07/05
CALYX Form Loanapp2.frm 09/05

Page 4 of 5

Freddie Mac Form 65   07/05

CONFIDENTIAL

837987

## DISCLOSURE OF CREDIT SCORE INFORMATION

| Borrower Name:<br>**EMMA L WHITE** | Lender:<br>**Taylor, Bean & Whitaker Mortgage Corp.** |
|---|---|
| Property Address<br>**45038 MARVIN STREET<br>CALLAHAN, FL  32011** | Date:<br>**01/13/06** |

We are providing the following credit score information in connection with your loan application.

| Credit Score Provider: | Experian<br>P.O. Box 2002<br>Allen, TX 75013<br>1-800-397-3742 | Equifax Credit Info Service<br>P.O. Box 740241<br>Atlanta, GA 30374<br>1-800-685-1111 | Trans Union<br>P.O. Box 4000<br>Chester, PA 19016<br>1-866-887-2673 |
|---|---|---|---|

Current/Most Recent Credit Score for _____ **EMMA L WHITE** _____ :   **634**

Current/Most Recent Credit Score for _____ :

Key Factors Adversely Affecting Score:
1.  Proportion of Balances to High Credit on Revolving Accounts.
2.  Too Many consumer finance company accounts.
3.  Serious delinquencies or derogatory credit (collections, bankruptcy, etc.).
4.  Too many credit inquires in the past 12 months.

Range of Possible Credit Scores:  Low 300's to High 800's

Date of Credit Score:

| *Emma L. White*<br>**EMMA L WHITE** | **01/13/06**<br>Date | | **01/13/06**<br>Date |
|---|---|---|---|
| | **01/13/06**<br>Date | | **01/13/06**<br>Date |
| | **01/13/06**<br>Date | | **01/13/06**<br>Date |

C0595L0

## ADDENDUM TO MORTGAGE BROKERAGE BUSINESS CONTRACT (State of Florida)

**ASSIGNMENT:** The Agreement may not be assigned by Borrower. Brokerage Business may assign his obligations and fees to any other Licensee or Registrant defined under Chapter 494, Florida Statutes, pursuant to written authorization by the Borrower.

**LITIGATION:** In the event of any litigation arising out of this Agreement, Brokerage Business shall be entitled to all costs incurred, including attorney's fees, whether before trial, at trial, on appeal, or in any other administrative or quasi-judicial proceedings. The laws of the State of Florida shall apply to any interpretation of or litigation arising under this contract unless otherwise specified by Brokerage Business. Any litigation shall, at Brokerage Businesses option, be maintained in the county where Brokerage Businesses principal place of business is located.

**You are entering into a contract with a mortgage brokerage business to obtain a bona fide mortgage loan commitment under the same terms and conditions as stated hereinabove or in a separate executed good faith estimate form. If the mortgage brokerage business obtains a bona fide commitment under the same terms and conditions, you will be obligated to pay the mortgage brokerage business fees, including, but not limited to, a mortgage brokerage fee, even if you choose not to complete the loan transaction. If the provisions of s.494.00421, Florida Statutes, are not met, the mortgage brokerage fee can only be earned upon the funding of the mortgage loan. The borrower may contact the Florida Department of Financial Services, 101 E. Gaines St. Tallahassee, Florida, 32399-0350, regarding any complaints that the borrower may have against the mortgage broker or the mortgage brokerage business. The telephone number of the department as set by rule of the department is 850-410-9805.**

_Emma L. White_ ___1/13/06___ _____
Applicant Emma L. White    Date     Applicant     Date

Calyx Form MBBCADD 06/96                    Page 1 of 1

__X__ FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT - PART II "ITEMIZATION OF AMOUNT FINANCED"

_____ GOOD FAITH ESTIMATE OF SETTLEMENT CHARGES

Listed below is the Good Faith Estimate of Settlement Charges made pursuant to the requirements of the Real Estate Settlement Procedures Act (RESPA). These figures are only estimates and the actual charges due at settlement may be different. This is not a commitment to make a loan.

CREDITOR: Taylor, Bean & Whitaker Mortgage Corp.
1417 North Magnolia Ave
Ocala, FL 34475

RE: EMMA L WHITE
45053 LUTHER ST
CALLAHAN, FL 32011

DATE: 01/13/2006          LOAN NUMBER:          837987

### ITEMIZATION OF AMOUNT FINANCED

AMOUNTS PAID TO OTHERS ON YOUR BEHALF:

Loan proceeds to:
Recording/Filing Fees
Credit Report Fees to:
Appraisal Fees to:     FLA CERTIFIED          500.00
Title Insurance:

AMOUNT FINANCED          $          109,580.11

PREPAID FINANCE CHARGE          $          1,967.89

Itemization of Prepaid Finance Charge:

Loan Origination Fee
Discount Points
Prepaid Interest (     20     days)          319.39
Initial PMI Premium          1,648.50

LOAN AMOUNT:  $          111,548.00

This form does not cover all items you will be required to pay in cash at settlement; deposits in escrow for real estate taxes and insurance may be different.  You may wish to inquire as to the amounts of such other items. You may be required to pay other additional amounts at settlement.

TOTAL PREPAID FINANCE CHARGE   $          1,967.89

Neither you nor the lender previously has become obligated to make or accept this loan, nor is any such obligation made by the delivery or signing of this disclosure. The Undersigned acknowledge receiving and reading a completed copy of this disclosure.

_Emma L. White_          _01-13-06_
Applicant                    Date          Applicant                    Date

Applicant                    Date          Applicant                    Date

C0335L0

PL_WHITE_00156

## AFFIDAVIT OF NO LIENS

**STATE OF Florida**
**COUNTY OF Duval**

Before me, the undersigned authority, on this day personally appeared **T.S. FUNDING, INC.,** who, upon being by me first duly sworn, deposes and says:

The affiant(s) is/are the owners of the following described real property

> **Lots 70 and 71, J.P. PAGE'S CALLAHAN SUBDIVISION SECTION ONE,** according to plat thereof, as recorded in Plat Book 3, Page 20, of the public records of Nassau County, Florida.

The affiant(s) is/are in full and exclusive constructive or actual possession of the above described premises and have no knowledge of any claim or assertion of title to those premises, other than N/A.

There are no delinquent taxes or outstanding assessments or pending assessments of any kind against the property for street paving, sewer, lighting or water services in respect to said property.

There are no unpaid bills or claims for labor or services performed or material furnished or delivered to said property.

The affiant(s) is/are not involved in any court proceedings affecting the above described real property, or in any proceedings in which a money judgement might be entered against them, and that the affiant(s) owe to the United States no money for overdue unpaid taxes.

The affiant(s) have not and will not execute any instrument or do any act whatsoever which would or might in any way affect the title to the foregoing property to the detriment of the purchasers or to the detriment of TAYLOR, BEAN & WHITAKER MORTGAGE CORP., which is now making a loan secured by a mortgage on said property.

All of the statements and representations set forth above are made in order to induce EMMA L. WHITE to purchase or complete the purchase of the foregoing property, to induce the aforesaid lender, if any, to make a mortgage loan on said property, and to induce the title insurance company to issue title insurance in relation to said property.

## AFFIANT(S) KNOW THAT IF ANY OF THESE STATEMENTS AND REPRESENTATIONS ARE FALSE THEN AFFIANT(S) IS/ARE OBTAINING MONEY UNDER FALSE PRETENSES.

T.S. FUNDING, INC.

BY: TOM SEYBERT
ITS PRESIDENT

Sworn to, subscribed and acknowledged before me this January 13, 2006.

_____
Notary Public
Notary Printed Name _____

My Commission Expires:

File Number: 05-1135

SHERRI E. TRAVIS
Notary Public - State of Florida
My Commission Expires May 5, 2009
Commission # DD 097033
Bonded By National Notary Assn.

Closer's Choice Affidavit of No Liens/Mortgage Sale

# Corporate Warranty Deed

**This Indenture,** made , January 13, 2006 A.D.
 **Between**
T.S. FUNDING, INC. whose post office address is: 12627 San Jose Blvd., Suite
604, Jacksonville, FL 32223 a corporation existing under the laws of the State of
Florida, Grantor and EMMA L. WHITE whose post office address is: 45038
Marvin Street, Callahan, FL 32011, Grantee,

     **Witnesseth,** that the said Grantor, for and in consideration of the sum of Ten and No/100 Dollars ($10.00  ), to it in hand
paid by the said Grantee, the receipt whereof is hereby acknowledged, has granted, bargained and sold to the said Grantee forever, the
following described land, situate, lying and being in the County of Nassau, State of Florida, to wit:

    Lots 70 and 71, J.P. PAGE'S CALLAHAN SUBDIVISION SECTION ONE, according to plat
thereof, as recorded in Plat Book 3, Page 20, of the public records of Nassau County, Florida.

       Subject to taxes for the current year, covenants, restrictions and easements of record, if any.

Parcel Identification Number: **51-2n-25-4170-0070-0000**

    **And**  the said Grantor does hereby fully warrant the title to said land, and will defend the same against the lawful claims of all
persons whomsoever.
    **In Witness Whereof,**  the said Grantor has caused this instrument to be executed in its name by its duly authorized officer
and caused its corporate seal to be affixed the day and year first above written.

                             T.S. FUNDING, INC.

*Signed and Sealed in Our Presence:*      By:

Witness Print Name:    **Sherri E. Travis**        TOM SEYBERT
                                  Its/President

Witness Print Name:    **Dawn L. Terry**           (Corporate Seal)

State of      Florida
County of    Duval

    The foregoing instrument was acknowledged before me this January 13, 2006, by TOM SEYBERT, the **PRESIDENT** of T.S.
FUNDING, INC. A corporation existing under the laws of the State of Florida, on behalf of the corporation.
    He/She is personally known to me or has produced a driver's license as identification.

                                         (Sea
Notary Public
Notary Printed Name:

My Commission Expires::

Prepared by:
 , an employee of
Duane Romanello, P.A.,
1919-8 Blanding Blvd
Jacksonville, Florida  32210

File Number: 05-1135

SHERRI E. TRAVIS
Notary Public - State of Florida
My Commission Expires May 5, 2...
Commission # DD 097633
Bonded By National Notary Assn

Closer's Choice Florida Corporate Deed/Letter

PL_WHITE_00158

*RP AFFIDAVIT*

**STATE OF: FLORIDA**

**COUNTY OF:  DUVAL**

BEFORE ME, THE UNDERSIGNED AUTHORITY, ON THIS DAY PERSONALLY APPEARED **EMMA L. WHITE** WHO, BEING BY ME FIRST DULY SWORN, DEPOSES AND SAYS:

THE AXLES, WHEELS AND TOWING EQUIPMENT

     _X_    HAS BEEN REMOVED AND THE MOBILE HOME IS ATTACHED TO A PERMANENT FOUNDATION.

    _____    WILL BE REMOVED UPON COMPLETION OF DELIVERY AND SET UP WILL BE ATTACHED TO A PERMANENT FOUNDATION.

ALSO, THERE ARE PERMANENT CONNECTIONS TO A SEWER AND WATER SYSTEM OR SEPTIC AND WELL SYSTEM AND TO POWER FACILITIES.

THE UNDERSIGNED IS AWARE THAT SHE WILL AT THE TIME OF FILING HOMESTEAD EXEMPTION WILL PURCHASE A RP STICKER AND AFFIX TO THE MOBILE HOME AND THIS IS A REQUIREMENT IN ORDER TO INSURE THIS TRANSACTION.

THIS STATEMENT IS TO INDUCE **DUANE C. ROMANELLO, P.A.** TO INSURE SAID LOAN TO **TAYLOR, BEAN & WHITAKER MORTGAGE CORP.** WHICH IS SECURED BY THE PROPERTY KNOWN AS: **45038 MARVIN STREEET, CALLAHAN, FLORIDA  32011**

AND DESCRIBED IN THE LEGAL ATTACHED HERETO AS EXHIBIT "A"

WITNESS MY HAND AND SEAL THIS 13th DAY OF **January, 2006.**

*Emma L. White*
**EMMA L. WHITE**

SWORN TO AND SUBSCRIBED BEFORE ME THIS  13th DAY OF 1st, 2006 PERSONALLY APPEARED **EMMA L. WHITE** WHO PRODUCED A VALID DRIVER'S LICENSE AS IDENTIFICATION AND WHO DID TAKE AN OATH.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES:

*EXHIBIT "A"*

Loan No: 837987

**ADDENDUM TO HUD-1**
**SETTLEMENT STATEMENT**

**NOTICE TO ALL PARTIES:** If information is obtained which indicates that the source of the borrower's financial contribution is other than from the borrower or other than stated by the lender in its closing instructions, the settlement agent is to obtain written instructions from the lender before proceeding with settlement.

**CERTIFICATION OF BUYER IN AN FHA-INSURED LOAN TRANSACTION**

I certify that I have no knowledge of any loans that have been or will be made to me (us) or loans that have been or will be assumed by me (us) for purpose of financing this transaction, other than those described in the sales contract dated _____

(including addenda). I certify that I (we) have not been paid or reimbursed for any of the cash down payment. I certify that I (we) have not and will not receive any payment or reimbursement for any of my (our) closing costs which have been previously disclosed in the sales contract (including addenda) and/or my application for mortgage insurance submitted to my (our) mortgage lender.

Date: 1/13/2006

_Emma L White_
_____          _____
EMMA L WHITE              Borrower                              Borrower

_____          _____
                          Borrower                              Borrower

**WARNING:** It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details, see Title 18 U.S Code Sections 1001 and 1010.

**CERTIFICATION OF SELLER IN AN FHA-INSURED LOAN TRANSACTION**

I certify that I have no knowledge of any loans that have been or will be made to the borrower(s), or loans that have been or will be assumed by the borrower(s), for purpose of financing this transaction, other than those described in the sales contract dated (including addenda). I certify that I have not and will not pay or reimburse the borrower(s) for any part of the down payment. I certify that I have not and will not pay or reimburse the borrower(s) for any part of the borrower's closing costs which have not been previously disclosed in the sales contract (including any addenda).

Date: 1/13/2006

QUALITY MOBILE HOMES, INC.;

_____          _____
                          Seller                                Seller
KEITH R. DAVID – MANAGER

_____          _____
                          Seller                                Seller

**WARNING:** It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details, see Title 18 U.S Code Sections 1001 and 1010.

**CERTIFICATION OF SETTLEMENT AGENT IN AN FHA-INSURED LOAN TRANSACTION**

To the best of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds received which were (i) received, or (ii) paid outside closing, and the funds received have been or will be disbursed by the undersigned as part of the settlement of this transaction. I further certify that I have obtained the above certifications which were executed by the borrower(s) and seller(s) as indicated.

_____          1/13/06
Settlement Agent                       Date

[The certifications contained herein may be obtained from the respective parties at different times or may be obtained on separate addenda.]

**WARNING:** It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details, see Title 18 U.S. Code Sections 1001 and 1010.

C0057L0

# FLOOD DISASTER
# PROTECTION ACT OF 1973

DATE:   05/30/2005

APPLICATION NO:   whitee

PROPERTY ADDRESS:   45038 Marvin Street
Callahan, FL 32011

I/We hereby acknowledge that we have been advised of the Flood Disaster Protection Act of 1973 and the requirements that I/We provide such insurance coverage on any property located within an area designated as a Flood Hazard Area. Should the subject property fall within a flood hazard area as defined in the Act, then I/We authorize
its successors and/or assigns to purchase such insurance and I/We further agree to pay promptly the cost thereof.

_Emma L. White_   1/13/06
Emma L. White         (Applicant)   (Date)          _____
                                                    (Applicant)   (Date)

_____                         _____
(Applicant)   (Date)                                (Applicant)   (Date)

Calyx Form fdact.frm 12/98

PL_WHITE_00162

result in disapproval of your loan application. This is notice to you as required by the Right to Financial Privacy Act of 1978 that VA or HUD/FHA has a right of access to financial records held by financial institutions in connection with the consideration or administration of assistance to you. Financial records involving your transaction will be available to VA and HUD/FHA without further notice or authorization but will not be disclosed or released by this institution to another Government Agency or Department without your consent except as required or permitted by law.
Caution. Delinquencies, defaults, foreclosures and abuses of mortgage loans involving programs of the Federal Government can be costly and detrimental to your credit, now and in the future. The lender in this transaction, its agents and assigns as well as the Federal Government, its agencies, agents and assigns, are authorized to take any and all of the following actions in the event loan payments become delinquent on the mortgage loan described in the attached application: (1) Report your name and account information to a credit bureau; (2) Assess additional interest and penalty charges for the period of time that payment is not made; (3) Assess charges to cover additional administrative costs incurred by the Government to service your account; (4) Offset amounts owed to you under other Federal programs; (5) Refer your account to a private attorney, collection agency or mortgage servicing agency to collect the amount due, foreclose the mortgage, sell the property and seek judgment against you for any deficiency; (6) Refer your account to the Department of Justice for litigation in the courts; (7) If you are a current or retired Federal employee, take action to offset your salary, or civil service retirement benefits; (8) Refer your debt to the Internal Revenue Service for offset against any amount owed to you as an income tax refund; and (9) Report any resulting written-off debt of yours to the Internal Revenue Service as your taxable income. All of these actions can and will be used to recover any debts owed when it is determined to be in the interest of the lender and/or the Federal Government to do so.

**Part IV - Borrower Consent for Social Security Administration to Verify Social Security Number**

I authorize the Social Security Administration to verify my Social Security number to the Lender identified in this document and HUD/FHA, through a computer match conducted by HUD/FHA.

I understand that my consent allows no additional information from my Social Security records to be provided to the Lender, and HUD/FHA and that verification of my Social Security number does not constitute confirmation of my identity. I also understand that my Social Security number may not be used for any other purpose than the one stated above, including resale or redisclosure to other parties. The only other redisclosure permitted by this authorization is for review purposes to ensure that HUD/FHA complies with SSA's consent requirements.

I am the individual to whom the Social Security number was issued or that person's legal guardian. I declare and affirm under the penalty of perjury that the information contained herein is true and correct. I know that if I make any representation that I know is false to obtain information from Social Security records, I could be punished by a fine or imprisonment or both.

This consent is valid for 180 days from the date signed, unless indicated otherwise by the individual(s) named in this loan application.

Signature(s) of Borrower(s) - Read consent carefully. Review accuracy of social security number(s) and birth dates provided on this application.

x _Emma L. White_                                                                                  Date signed | 1/13/06

**Part V - Borrower Certification**

22. Complete the following for a HUD/FHA Mortgage

| | Is it to be sold? | 22 b.Sales Price | 22 c.Original Mortgage Amt |
| 22.a.Do you own or have you sold other real estate within the past 60 months on which there was a HUD / FHA mortgage? ☐ Yes ☑ No | ☐ Yes ☑ No $ | | $ |

22 d.Address

22 e.If the dwelling to be covered by this mortgage is to be rented, is it a part of, adjacent or contiguous to any project subdivision or group of concentrated rental properties involving eight or more dwelling units in which you have any financial interest? ☐ Yes ☑ No   If "Yes" give details.

22 f.Do you own more than four dwellings? ☐ Yes ☑ No   If "Yes" submit form HUD-92561.

23. Complete for VA - Guaranteed Mortgage.   Have you ever had a VA home loan? ☐ Yes ☑ No

24. Applicable for Both VA & HUD. As a home loan borrower, you will be legally obligated to make the mortgage payments called for by your mortgage loan contract. The fact that you dispose of your property after the loan has been made will not relieve you of liability for making these payments. Payment of the loan in full is ordinarily the way your liability on a mortgage note is ended. Some home buyers have the mistaken impression that if they sell their homes when they move to another locality, or dispose of it for any other reasons, they are no longer liable for the mortgage payments and that liability for these payments is solely that of the new owners. Even though the new owners may agree in writing to assume liability for your mortgage payments, this assumption agreement will not relieve you from liability to the holder of the note which you signed when you obtained the loan to buy the property. Unless you are able to sell the property to a buyer who is acceptable to VA or HUD/FHA and who will assume the payment of your obligation to the lender, you will not be relieved from liability to repay any claim which VA or HUD/FHA may be required to pay your lender on account of default. In your loan payments.The amount of any such claim payment will be a debt owed by you to the Federal Government. This debt will be the object of established collection procedures.

25. I, the Undersigned Borrower(s) Certify that:

(1) I have read and understand the foregoing concerning my liability on the loan and Part III Notices to Borrowers.

(2) Occupancy: (for VA only -- mark the applicable box)

☐ (a) I now actually occupy the above-described property as my home or intend to move into and occupy said property as my home within a reasonable period of time or intend to reoccupy it after the completion of major alterations, repairs or improvements.

☐ (b) My spouse is on active military duty and in his or her absence, I occupy or intend to occupy the property securing this loan as my home.

☐ (c) I previously occupied the property securing this loan as my home. (for interest rate reductions)

☐ (d) While my spouse was on active military duty and unable to occupy the property securing this loan as my home, I previously occupied the property that is securing this loan as my home. (for interest rate reduction loans)
Note: If box 2b or 2d is checked, the veteran's spouse must also sign below.

(3) Mark the applicable box (not applicable for Home Improvement or Refinancing Loan) I have been informed that ($ _____ ) is:

☐ the reasonable value of the property as determined by VA or;

☐ the statement of appraised value as determined by HUD/FHA.
Note: If the contract price or cost exceeds the VA "Reasonable Value" or HUD/FHA "Statement of Appraised Value" mark either item (a) or item (b), whichever is applicable.

☐ (a) I was aware of this valuation when I signed my contract and I have paid or will pay in cash from my own resources at or prior to loan closing a sum equal to the difference between the contract

purchase price or cost and the VA or HUD/FHA established value. I do not and will not have outstanding after loan closing any unpaid contractual obligation on account of such cash payment;

☐ (b) I was not aware of this valuation when I signed my contract but have elected to complete the transaction at the contract purchase price or cost. I have paid or will pay in cash from my own resources at or prior to loan closing a sum equal to the difference between contract purchase price or cost and the VA or HUD/FHA established value. I do not and will not have outstanding after loan closing any unpaid contractual obligation on account of such cash payment.

(4) Neither I, nor anyone authorized to act for me, will refuse to sell or rent, after the making of a bona fide offer, or refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny the dwelling or property covered by his/her loan to any person because of race, color, religion, sex, handicap, familial status or national origin. I recognize that any restrictive covenant on this property relating to race, color, religion, sex, handicap, familial status or national origin is illegal and void and any action to enforce it is prohibited. I further recognize that as a borrower, the illegal restrictive covenant is unenforceable. I recognize that any illegal discriminatory act on my part or on the part of anyone authorized to act for me in connection with the sale or rental of the property covered by this loan will subject me to the penalties prescribed by the applicable law and/or the relief may be brought by the Attorney General of the United States in an appropriate U.S. District Court against any person responsible for the violation of the applicable law.

(5) All information in this application is given for the purpose of obtaining a loan to be insured under the National Housing Act or guaranteed by the Department of Veterans Affairs and the information in the Uniform Residential Loan Application and this Addendum is true and complete to the best of my knowledge and belief. Verification may be obtained from any source named herein.

(6) For HUD Only (for properties constructed prior to 1978) I have received information on lead paint poisoning. ☐ Yes ☐ Not Applicable

(7) I am aware that neither HUD/FHA nor VA warrants the condition or value of the property.

Signature(s) of Borrower(s) -- Do not sign this application is fully completed. Read the certifications carefully & review accuracy of this application.

x _Emma L. White_                                                                                       Date | 1/13/06

Federal statutes provide severe penalties for any fraud, intentional misrepresentation, or criminal connivance or conspiracy purposed to influence the issuance of any guaranty or insurance by the VA Secretary or the HUD/FHA Commissioner.

VA Form 26-1802a (3/98)                          page 2                          form HUD-92900-A (06/2005)
                                                                                  Calyx Form - fhavaa2.frm (06/2005)

## Borrower's Certificate

The undersigned certifies that:

(a) I will not have outstanding any other unpaid obligations contracted in connection with the mortgage transaction or the purchase of the said property except obligations which are secured by property or collateral owned by me independently of the said mortgaged property, or obligations approved by the Commissioner;

(b) One of the undersigned intends to occupy the subject property, (note: this item does not apply if owner-occupancy is not required by the commitment);

(c) All charges and fees collected from me as shown in the settlement statement have been paid from my own funds, and no other charges have been or will be paid by me in respect to this transaction;

(d) Neither I, nor anyone authorized to act for me, will refuse to sell or rent, after the making of a bona fide offer, or refuse to negotiate for the sale or rental of or otherwise make unavailable or deny the dwelling or property covered by this loan to any person because of race, color, religion, sex, handicap, familial status or national origin. I recognize that any restrictive covenant on this property relating to race, color, religion, sex, handicap, familial status or national origin is illegal and void and any such covenant is hereby specifically disclaimed.   I understand that civil action for preventative relief may be brought by the Attorney General of the United States in any appropriate U.S. District Court against any person responsible for a violation of this certificate.

Borrower(s) Signature(s) & Date

x _Emma J White_        1113100

## Lender's Certificate

The undersigned certifies that to the best of its knowledge:

(a) The statements made in its application for insurance and in this Certificate are true and correct;

(b) The conditions listed above or appearing in any outstanding commitment issued under the above case number have been fulfilled;

(c) Complete disbursement of the loan has been made to the borrower, or to his/her creditors for his/her account and with his/her consent;

(d) The security instrument has been recorded and is a good and valid first lien on the property described;

(e) No charge has been made to or paid by the borrower except as permitted under HUD regulations;

(f) The copies of the credit and security instruments which are submitted herewith are true and exact copies as executed and filed for record;

(g) It has not paid any kickbacks, fee or consideration of any type, directly or indirectly,  to any party  in connection with this transaction except as permitted under HUD regulations and administrative instructions.

I, the undersigned, as authorized representative of    PREMIER MORTGAGE FUNDING                          , mortgagee at this time of closing of this mortgage loan; certify that I have personally reviewed the mortgage loan documents, closing statements, application for insurance endorsement, and all accompanying documents.   I hereby make all certifications required for this mortgage as set forth in HUD Handbook 4000.4.

| Lender's Name | | Note: If the approval is executed by an agent in the name of lender, the agent must enter the lender's code number and type. | |
| Premier Mortgage Funding | | | |
| Title of Lender's Officer | | Code Number (5 digits) | Type |
| Loan Officer | | | |
| Signature of Lender's Officer | Date | | |
| x | | | |

PL_WHITE_00164

**Taylor, Bean**
**& Whitaker**
Mortgage Corporation
101 NE 2nd Street
Ocala, Florida 34470-6642
Bus. (352) 351-1109
Fax (352)867-1190

Date: 1/13/2006

Dear **EMMA L WHITE**

On behalf of everyone here at Taylor, Bean & Whitaker Mortgage Corp., we would like to welcome you as a new customer and tell you a little about what you can expect from us. At Taylor, Bean & Whitaker Mortgage Corp., our goal is to give you the highest level of quality service. For instance, any time you have a question, all you need to do is call us from 8 a.m. to 8 p.m. Eastern Time, Monday through Friday for a prompt answer.

You will make all payments on this loan to Taylor, Bean & Whitaker Mortgage Corp. The following is a breakdown of your first monthly payment:

| | |
|---|---|
| Principal and Interest | 633.36 |
| Real Estate Taxes | 26.87 |
| Hazard Insurance | 83.17 |
| Other Insurance | |
| Mortgage Insurance | 45.51 |
| Total Monthly Payment | 788.91 |

As your servicer we will send you monthly statements to use when making monthly payments. Your first billing statement will arrive in the next few weeks. All mortgage loan payments should be sent directly to us at:

Taylor, Bean & Whitaker Mortgage Corp.
1417 North Magnolia Ave.
Ocala, FL 34475-9078

Your Taylor, Bean & Whitaker Mortgage Corp. loan number is **837987** . To ensure prompt and proper credit to your account, please be sure to write this number on any check you send.

**For Taylor, Bean & Whitaker Mortgage Corp. Customer Relations**

Call:     1-888-225-2164
          8 a.m. to 8 p.m. Eastern Time, Monday through Friday

Or Write: Taylor, Bean & Whitaker Mortgage Corp
          Customer Relations
          1417 North Magnolia Ave.
          Ocala, FL 34475-9078

C0416L0

*Emma White*

# NOTICE TO HOMEOWNER
## Assumption of HUD/FHA Insured Mortgages
### Release of Personal Liability

You are legally obligated to make the monthly payments required by your mortgage (deed of trust) and promissory note.

The Department of Housing and Urban Development (HUD) has acted to keep investors and non-creditworthy purchasers from acquiring one-to-four family residential properties covered by certain FHA-insured mortgages. There are minor exceptions to the restriction on investors: loans to public agencies and some non-profit organizations, Indian tribes or servicepersons, and loans under special mortgage insurance programs for property sold by HUD, rehabilitation loans or refinancing of insured mortgages. Your lender can advise you if you are included in one of these exceptions.

HUD will therefore direct the lender to accelerate this FHA-insured mortgage loan if all or part of the property is sold or transferred to a purchaser or recipient (1) who will not occupy the property as his or her principal or secondary residence, or (2) who does occupy the property but whose credit has not been approved in accordance with HUD requirements. This policy will apply except for certain sales or transfers where acceleration is prohibited by law.

When a loan is accelerated, the entire balance is declared "immediately due and payable." Since HUD will not approve the sale of the property covered by this mortgage to an investor or to a person whose credit has not been approved, you, the original homeowner, would remain liable for the mortgage debt even though the title to the property might have been transferred to the new buyer.

Even if you sell your home by letting an approved purchaser (that is, a creditworthy owner- occupant) assume your mortgage, you are still liable for the mortgage debt unless you obtain a release from liability from your mortgage lender. FHA-approved lenders have been instructed by HUD to prepare such a release when an original homeowner sells his or her property to a creditworthy purchaser who executes an agreement to assume and pay the mortgage debt and thereby agrees to become the substitute mortgagor. The release is contained in Form HUD-92210-1, ("Approval of Purchaser and Release of Seller"). You should ask for it if the mortgage lender does not provide it to you automatically when you sell your home to a creditworthy owner-occupant purchaser who executes an agreement to assume personal liability for the debt. When this form is executed, you are no longer liable for the mortgage debt.

You must sign and date this notice as indicated, return one copy to your lender as proof of notification and keep one copy for your records.

| Date | X<br>Mortgagor   EMMA L WHITE |
|------|-------------------------------|
| Date | X<br>Mortgagor |
| Date | X<br>Mortgagor |
| Date | X<br>Mortgagor |

**INSTRUCTION TO LENDER**  A copy of this Notice must be given to the mortgagor on or before the date of settlement. You should retain signed copy in the origination file.

ITEM T4937LD (0611)          GREATLAND ■To Order Call: 1-800-530-9393 □Fax 616-791-1131

*065002837987*

CONFIDENTIAL

| CREDIT SCORE NOTICE | |
|---|---|
| Borrower Name(s): | Lender:<br><br>Taylor, Bean & Whitaker Mortgage Corp. |
| EMMA L WHITE | Date: 01/13/2006 |

## NOTICE TO THE HOME LOAN APPLICANT

In connection with your application for a home loan, the lender must disclose to you the score that a consumer reporting agency distributed to users and the lender used in connection with your home loan, and the key factors affecting your credit scores.

The credit score is a computer generated summary calculated at the time of the request and based on information that a consumer reporting agency or lender has on file. The scores are based on data about your credit history and payment patterns. Credit scores are important because they are used to assist the lender determining whether you will obtain a loan. They may also be used to determine what interest rate you may be offered on the mortgage. Credit scores can change over time, depending on your conduct, how your credit history and payment patterns change, and how credit scoring technologies change.

Because the score is based on information in your credit history, it is very important that you review the credit-related information that is being furnished to make sure it is accurate. Credit records may vary from one company to another.

If you have questions about your credit score or the credit information that is furnished to you, contact the consumer reporting agency at the address and telephone number provide with this notice, or contact the lender, if the lender developed or generated the credit score. The consumer reporting agency plays no part in the decision to take any action on the loan application and is unable to provide you with specific reasons for the decision on a loan application.

If you have questions concerning the terms of the loan, contact the lender.

One or more of the following consumer reporting agencies will provide the credit score:

| **Experian** | **Equifax Credit Information Services** | **Trans Union** |
|---|---|---|
| P.O. Box 2002 | P.O. Box 740241 | P.O. Box 4000 |
| Allen, TX 75013 | Atlanta, GA 30374 | Chester, PA 19016 |
| 1-888-397-3742 | 1-800-685-1111 | 1-866-887-2673 |

EMMA L WHITE                634

Your acknowledgment below signifies that this written notice was provided to you.

_Emma L. White_                01/13/06                                        01/13/06
EMMA L WHITE                Date                                              Date

                            01/13/06                                        01/13/06
                            Date                                              Date

                            01/13/06                                        01/13/06
                            Date                                              Date

Fact Act

C0582L0

## AFFIDAVIT

STATE OF FL

COUNTY OF Nassau

BEFORE ME, the undersigned authority, personally appeared   EMMA L WHITE
who have been by me
first duly sworn deposes and says:

The tax proration shown on the HUD-1 settlement statement and payment letter was in
fact based on Lot assessment only and was not based on improved property. The tax
value shown on the tax rolls at the time of closing was in the sum of
Therefore, the escrows collected at the time of closing were based on this sum.

The affiant fully understands that the tax rolls will be re-assessed to include the new
home. At the time of re-assessment, the undersigned is fully aware that the escrow
account will be re-analyzed and additional sums will have to be paid to the lender to
allow for sufficient funds to pay the tax bill.

The undersigned agrees to pay all sums as requested by the lender, regarding the
re-assessment of the subject property.

FURTHER AFFIANT SAYETH NAUGHT.

*Emma L. White*

**EMMA L WHITE**

SWORN TO AND SUBSCRIBED BEFORE ME, this **Thirteen**day of    **January**

_____   Notary Public

C0579L0

CONFIDENTIAL

**NOTICE TO THE HOME LOAN APPLICANT**
**CREDIT SCORE INFORMATION DISCLOSURE**

| APPLICANT(S) NAME AND ADDRESS | LENDER NAME AND ADDRESS (ORIGINATOR): |
|---|---|
| Emma L. White<br>45053 Luther Street<br>Callahan FL, 32011 | PREMIER MORTGAGE FUNDING<br>3620 NW 43rd STREET, SUITE C<br>GAINESVILLE, FL 32606<br>(P) 352-373-3082, (F) 352-373-4881 |

In connection with your application for a home loan, the lender must disclose to you the score that a consumer reporting agency distributed to users and the lender used in connection with your home loan, and the key factors affecting your credit scores.

The credit score is a computer-generated summary calculated at the time of the request and based on information a consumer reporting agency or lender has on file. The scores are based on data about your credit history and payment patterns. Credit scores are important because they are used to assist the lender in determining whether you will obtain a loan. They may also be used to determine what interest rate you may be offered on the mortgage. Credit scores can change over time, depending on your conduct, how your credit history and payment patterns change, and how credit-scoring technologies change.

Because the score is based on information in your credit history, it is very important that you review the credit related information that is being furnished to make sure it is accurate. Credit records may vary from one company to another.

If you have questions about your credit score or the credit information that is furnished to you, contact the consumer reporting agency at the address and telephone number provided with this notice, or contact the lender, if the lender developed or generated the credit score. The consumer reporting agency plays no part in the decision to take any action on the loan application and is unable to provide you with specific reasons for the decision on a loan application.

If you have questions concerning the terms of the loan, contact the lender.

The consumer reporting agencies listed below provided a credit score that was used in connection with your home loan application.

| Consumer Reporting Agency #1 | Borrower | Factors: |
|---|---|---|
| **Experian Consumer Relations**<br>PO Box 2002<br>Allen, TX 75013<br>(P)888-397-3742 | **Emma L. White**<br>Score: __637__<br>Created: __05/30/2005__ | 38 Serious delinquency and public record or collection filed<br>18 Number of accounts delinquent<br>14 Length of time accounts have been established<br>20 Length of time since legal item filed or collection item reported |
| Model Used:<br>__ExperianFairIsaac__<br>Range of Possible Scores<br>___ to ___ | Co-Borrower<br>Score: _____<br>Created: _____ | Factors: |
| Consumer Reporting Agency #2 | Borrower | Factors: |
| **Trans Union Consumer Relations**<br>PO Box 1000<br>Chester, PA 19022<br>(P)888-800-4213 | **Emma L. White**<br>Score: __615__<br>Created: __05/30/2005__ | 038 Serious delinquency, and public record or collection<br>018 Frequent delinquency<br>020 Recent derogatory public record or collection<br>014 Insufficient length of credit history |
| Model Used:<br>__TransUnionEmpirica__<br>Range of Possible Scores<br>___ to ___ | Co-Borrower<br>Score: _____<br>Created: _____ | Factors: |
| Consumer Reporting Agency #3 | Borrower | Factors: |
| **Equifax Consumer Relations**<br>PO Box 740241<br>Atlanta, GA 30374<br>(P)800-685-1111 | **Emma L. White**<br>Score: __633__<br>Created: __05/30/2005__ | 39 Serious delinquency, and derogatory public record or collection filed<br>13 Time since delinquency is too recent or unknown<br>20 Length of time since derogatory public record or collection is too short<br>18 Number of accounts with delinquency |
| Model Used:<br>__EquifaxBeacon__<br>Range of Possible Scores<br>___ to ___ | Co-Borrower<br>Score: _____<br>Created: _____ | Factors: |

I/We have received a copy of this disclosure.

_Emma L. White_ __1|13|06__
Applicant               Date                   Applicant               Date

Calyx Form - csid.frm (09/04)

PL_WHITE_00169

## MANUFACTURED HOME RIDER

STATE OF FL                              )         LOAN NUMBER:   837987
                                         ) ss:
COUNTY OF Nassau                         )

This Manufactured Home Rider is made on this day   1/13/06  , and is incorporated into and shall be
deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security
Instrument") of the same date, given by the undersigned (the "Borrower") to secure Borrower's Note to
Taylor, Bean & Whitaker M(the "Lender") of the same date and covering the Property described in the
Security Instrument and located at:  45038 MARVIN STREET , CALLAHAN, FL 32011

Before me, the undersigned authority duly authorized to take acknowledgments and administer oaths
personally appeared EMMA L WHITE                   ("Affiants") who, upon being duly sworn, depose
and say as follows:

1.     Affiants hereby certify that, upon taking title to the property described above, they will do the
       following:

       The manufactured home will be permanently part of the real property that secures the Security
       Instrument executed on _____1/13/06_____.

       All necessary documentation required will be supplied to perfect title in the
       Manufactured home.

       Manufactured Home is an improvement to the land and an immoveable
       fixture considered as real estate.

2.     Affiants acknowledge that this Affidavit of Intent is given as a material inducement to cause
       Taylor, Bean & Whitaker Mortgage Co to make a mortgage loan to Affiants and that any false
       statements, misrepresentations or material omissions shall constitute a breach of the Affiant's
       obligation to Taylor, Bean & Whitaker Mortgage Corp.  and that all the provisions of the mortgage
       indenture concerning default on the Promissory Note will thereupon be in full force and effect.

3.     Affiants further acknowledge that it is a Federal crime punishable by fine or imprisonment or both,
       to knowingly make any false statements concerning any of the above facts as applicable under the
       provisions of Title 18, United States Code, Section 1001, et seq.

4.     The agreements and covenants contained herein shall survive the closing of the mortgage loan
       transaction.

_Emma L. White_ _____        Date_____
EMMA L. WHITE

_____    Date_____

_____    Date_____

_____    Date_____

_____    Date_____

_____    Date_____

State of      FLORIDA
County of     DUVAL

The forgoing instrument was acknowledged before me this 13TH day of  JAN 2006 by
EMMA L.  WHITE _____ who is personally known to me or who has produced  A VALID DRIVER'S
as identification.                                                                LICENSE

(Seal)                                            _____
                                                  Notary Public

C0135L0

PL_WHITE_00170

**Warranty of Completion
of Construction**

U.S. Department of Housing
and Urban Development
Office of Housing
Federal Housing Commissioner

OMB Approval No. 2502-0059 (exp. 3/31/94)

| Lender's Name, Address & Phone No.: Taylor, Bean & Whitaker Mortgage Corp.<br>1417 North Magnolia Ave<br>Ocala, FL 34475    352-369-6200 | FHA/VA Case No.:<br>091-4010407-729 |
|---|---|

| Name(s) of Purchaser / Owner: EMMA L WHITE | Property Address: 45038 MARVIN STREET<br>CALLAHAN, FL 32911 |
|---|---|

For good and valuable consideration, and in accordance with Section 801 of the Housing Act of 1954, and Public Law 85-857 (38 U.S.C. 3705), the undersigned Warrantor hereby warrants to the Purchaser(s) or Owner(s) identified in the caption hereof, and to his/her successors or transferees, that:

The dwelling located on the property identified in the caption hereof is constructed in substantial conformity with the plans and specifications (including any amendments thereof, or changes and variations therein) which have been approved in writing by the Federal Housing Commissioner or the Secretary of Veterans Affairs on which the Federal Housing Commissioner or the Secretary of Veterans Affairs based the valuation of the dwelling: Provided, however, That this warranty shall apply only to such instances of substantial nonconformity as to which the Purchaser(s)/Owner(s)   or his/her (their) successors or transferees shall have given written notice to the Warrantor at any time or times within one year from the date of original conveyance of title to such Purchaser(s)/Owner(s)   or the date of initial occupancy, whichever first occurs: Provided further, however, That in the event (1) the Purchaser(s)  / Owner(s) acquired title to the captioned property

prior to the completion of construction of the dwelling thereon, such notice of nonconformity to the Warrantor may be given any time or times within one year from the date of completion or initial occupancy of such dwelling, whichever first occurs, or (2) where it has been necessary to postpone improvements such notice of nonconformity to the Warrantor as to such incomplete items may be given at any time or times within one year from the date of full completion of each of such items.

The term "dwelling" as used herein shall be deemed to include all improvements or appurtenances set forth in the plans and specifications upon which the Federal Housing Commissioner or the Secretary of Veterans Affairs has based the valuation of the property, excepting those constructed by a municipality or other government authority.

The undersigned Warrantor further warrants to the Purchaser(s)/Owner(s)   or his/her (their) successors or transferees, the property against defects in equipment, material, or workmanship and materials supplied or performed by the Warrantor or any subcontractor or supplier at any tier resulting in noncompliance with standards of quality as measured by acceptable trade practices. This warranty shall continue for a period of one year from the date of original conveyance of title to such Purchaser(s)   or from the date of full completion of each of any items completed after conveyance of title. The Warrantor shall remedy, at the Warrantor's expense, any defect(s) of equipment, material, or workmanship furnished by the Warrantor. Warrantor shall restore any work damaged in fulfilling the terms and conditions of this warranty.

If a manufactured (mobile) home was erected on this property, the Warrantor further warrants that (1) the property (other than the manufactured   unit itself) complies with the submitted construction exhibits; (2) the manufactured home sustained no hidden damage during transportation and erection; and (3) if the home was manufactured in separate sections, the sections were properly joined and sealed.

Manufacturer's Name, Address & Phone No.:

This Warranty shall be in addition to, and not in derogation of, all other rights and privileges which such Purchaser(s)/Owner(s)   or his/her (their) successors or transferees may have under any other law or instrument, and shall survive the conveyance of title, delivery of possession of the property, or other final settlement made by the Purchaser(s)/Owner(s),   and shall be binding on the Warrantor notwithstanding   any provision to the contrary contained in the contract of purchase or other writing executed by the Purchaser(s)/Owner(s)   or his/her (their) successors or transferees heretofore or contemporaneously   with the execution of this agreement or prior to final settlement.

This warranty is executed for the purpose of inducing the Federal Housing Commissioner or the Secretary of Veterans Affairs to make, to guarantee or to insure a mortgage on the captioned property, and the person signing for the Warrantor represents and certifies that he/she is authorized to execute the same by the warrantor and by his/her signature the Warrantor is duly bound under the terms and conditions of said warranty. The FHA Commissioner or the Secretary of Veterans Affairs reserves the right to make a final determination as to whether a defect exists and whether the builder must remedy the defect.

| Warrantor's Title, Signature & Date: QUALITY MOBILE HOMES, INC.; | Purchaser(s)   acknowledgement: Signature(s) of Purchaser(s) & Date(s) EMMA L WHITE |
|---|---|
| X _____ | x _Emma L White_____ |
| Builder's Name, Address & Phone No.:   KEITH R. DAVID - MANAGER<br>x 12627 SAN JOSE BLVD., SUITE 604<br>JACKSONVILLE, FL 32223   (904)783-8385 | X _____ |

Purchaser Note: Any notice of nonconformity must be delivered to the warrantor within the period or periods set forth above.

Warning: HUD will prosecute false claims and statements. Conviction may result in criminal and/or civil penalties. (18 U.S.C. 1001, 1010, 1012; 31 U.S.C. 3729, 3802)

| Previous editions are obsolete. Combines previous HUD-92544-A. | VA form 26-1859 | form HUD-92544   (6/92) |
|---|---|---|
| ITEM T2764.1 (9511) | | ref. Handbook 4145.1 |

|||||||| *022131837987*

Public reporting burden for this collection of information is estimated to average 0.05 hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Reports Management Officer, Office of Information Policies and Systems, U.S. Department of Housing and Urban Development, Washington, D.C. 20410-3600 and to the Office of Management and Budget, Paperwork Reduction Project (2502-0059), Washington, D.C. 20503. Do not send this completed form to either of these addressees.

1. Provide completed copies of this warranty to both the homebuyer and the builder, at closing.

2. Include a copy of this warranty in the case binder when sent to HUD.

PL_WHITE_00172

## TRUTH-IN-LENDING DISCLOSURE FOR REAL ESTATE MORTGAGE LOANS

| NAME(S) ADDRESS(ES) OF BORROWER(S) ("Borrower, you or your") | BANK/ADDRESS OF LENDER (CREDITOR) ("Lender, us or we") |
|---|---|
| EMMA L WHITE<br>45053 LUTHER ST<br>CALLAHAN, FL 32011 | Taylor, Bean & Whitaker Mortgage Corp.<br>1417 North Magnolia Ave<br>Ocala, FL 34475 |

PROPERTY ADDRESS  45038 MARVIN STREET , CALLAHAN, FL  32011 Nassau

| LOAN NUMBER | TRANSACTION DATE | | |
|---|---|---|---|
| 837987 | 01/13/2006 | Preliminary | X Final |

Words, numbers or phrases preceded by a □ are applicable only if the □ is marked. "x" means estimate.

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 6.0115% | $123,937.77 | $109,580.14 | $233,517.91 |

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 12 | 678.87 | 3/1/2006 |
| 12 | 678.24 | 3/1/2007 |
| 12 | 677.37 | 3/1/2008 |
| 12 | 676.86 | 3/1/2009 |
| 12 | 676.12 | 3/1/2010 |
| 12 | 675.33 | 3/1/2011 |
| 12 | 674.50 | 3/1/2012 |
| 12 | 673.62 | 3/1/2013 |
| 12 | 672.69 | 3/1/2014 |
| 12 | 671.71 | 3/1/2015 |
| 12 | 670.67 | 3/1/2016 |
| 227 | 633.36 | 3/1/2017 |
| 1 | 631.03 | 2/1/2036 |

**VARIABLE RATE:**  □ Applicable    X Not Applicable

The annual percentage rate may increase during the term of this transaction if the _____ increases. Please refer to the Adjustable Rate Mortgage Documents for specific information concerning the variable rate provisions of this transaction. The rate may not increase more often than _____ and may not increase more than _____ % per adjustment. Any increase will take the form of _____ . For example, _____

□ This transaction is subject to a variable rate feature and is secured by your principal dwelling. Variable rate disclosures have been provided at an earlier time.

**PAYABLE ON DEMAND:**  □ This obligation is payable on demand.  □ The disclosures are based on an assumed maturity of one year.

Filing / Recording Fee $ _____

You may obtain property insurance from anyone acceptable to the lender.

**SECURITY:** You are giving a security interest in the real property and any of the following items which are checked:

| | |
|---|---|
| □ Goods being purchased. | □ Funds on deposit with the lender. |
| □ Other (Specify) | □ Collateral securing other loans with us may also secure this loan. |

**LATE CHARGE:** If you are more than  **Fifteen**  days late in making any payment, in addition to your payment, you will pay a late charge of:
□ the lesser of  □ the greater of  X an amount equal to  □ $ _____  or X  4.00 % of the payment in default.

**PREPAYMENT:** If you pay off early, you
□ may  X will not  have to pay a penalty.
□ may  X will not  be entitled to a refund of part of the finance charge.

**ASSUMPTION:** If this loan is to purchase and is secured by your principal dwelling, and if checked here, □ someone buying your dwelling cannot assume the remainder of this purchase money mortgage loan on the original terms.
If this loan is to purchase and is secured by your principal dwelling, and if checked here, X someone buying your dwelling may, subject to conditions, be allowed to assume the remainder of this purchase money mortgage loan.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, prepayment refunds and penalties and Creditor's policy regarding assumption of the obligation.  "e" means an estimate.

□ Please refer to the "Good Faith Estimate" for a breakdown of fees, charges and amount financed.  X Please refer to the Itemization of Amount Financed Statement.

**SIGNATURES:**
By signing you acknowledge receipt of a completed copy of this disclosure. You understand that this is not a contract and does not reflect all of the terms and conditions of the mortgage transaction to which the disclosures reflected on this form relate.

x _Emma L White_  EMMA L WHITE   DATE   x _01-13-06_   DATE

x _____  DATE   x _____   DATE

© GREATLAND 1995 ITEM T919HL3 (9804)   GREATLAND ■ To Order Call: 1-800-530-9393 □ Fax: 616-791-1131



*085008837987*

**INITIAL ESCROW ACCOUNT DISCLOSURE STATEMENT**          Disclosure Date:   **January 13, 2006**

| BORROWER(S) NAME(S) AND ADDRESS | LENDER/SERVICER NAME AND ADDRESS |
|---|---|
| EMMA L WHITE | Taylor, Bean & Whitaker Mortgage Corp. |
| | 1417 North Magnolia Ave |
| 45053 LUTHER ST | Ocala, FL 34475 |
| CALLAHAN, FL 32011 | |
| | TOLL FREE NO.  18882252164 |
| LOAN NO. | MORTGAGE INSURANCE / CASE NUMBER |
| 837987 | 091-4010407-729 |

[x] Your [x] monthly [ ] biweekly mortgage payment for the coming year will be **$ 788.91** of which **$ 633.36** will be for principal and interest, **$ 155.55** will go into your escrow account, and $ will be for discretionary items (such as life insurance, disability insurance) that you chose to be included with your monthly payment.

[ ] Your first [ ] monthly [ ] biweekly mortgage payment for the coming year will be $ of which $ will be for principal and interest, $ will go into your escrow account, and $ will be for discretionary items (such as life insurance, disability insurance) that you chose to be included with your monthly payment. The terms of your loan may result in changes to the principal and interest payments during the year.

This is an estimate of activity in your escrow account during the coming year based on payments anticipated to be made from your account.

| MONTH/ PAYMENT NO. | PAYMENTS TO ESCROW ACCT. | PAYMENTS FROM ESCROW ACCT. | DESCRIPTION | ESCROW ACCT. BALANCE |
|---|---|---|---|---|
| Starting balance: | | | | $        330.02 |
| 3/1/2006 | 155.55 | 45.51 | Mortgage Insurance | 440.06 |
| 4/1/2006 | 155.55 | 45.51 | Mortgage Insurance | 550.10 |
| 5/1/2006 | 155.55 | 45.51 | Mortgage Insurance | 660.14 |
| 6/1/2006 | 155.55 | 45.51 | Mortgage Insurance | 770.18 |
| 7/1/2006 | 155.55 | 45.51 | Mortgage Insurance | 880.22 |
| 8/1/2006 | 155.55 | 45.51 | Mortgage Insurance | 990.26 |
| 9/1/2006 | 155.55 | 45.51 | Mortgage Insurance | 1,100.30 |
| 10/1/2006 | 155.55 | 45.51 | Mortgage Insurance | 1,210.34 |
| 11/1/2006 | 155.55 | 367.89 | Mortgage Insurance,County Property Tax | 998.00 |
| 12/1/2006 | 155.55 | 45.51 | Mortgage Insurance | 1,108.04 |
| 1/1/2007 | 155.55 | 1,043.51 | Mortgage Insurance,Hazard Insurance | 220.08 |
| 2/1/2007 | 155.55 | 45.51 | Mortgage Insurance | 330.12 |

*(Please keep this statement for comparison with the actual activity in your account at the end of the escrow accounting computation year.)*
Cushion selected by servicer: $

(Signatures are optional.) By signing below, I/we acknowledge receipt of a copy of this Initial Escrow Account Disclosure Statement.

*Emma L. White*          1/13/06

| BORROWER | | BORROWER | |
|---|---|---|---|
| EMMA L WHITE | DATE | | DATE |

| BORROWER | | BORROWER | |
|---|---|---|---|
| | DATE | | DATE |

ITEM 7716FL0 (0511)

GREATLAND ▮▮
To Order Call: 1-800-530-9393 ☐Fax 616-791-1131

*021001837987*

## LOAN SERVICING DISCLOSURE STATEMENT

**Taylor, Bean & Whitaker Mortgage Corp.**
**1417 North Magnolia Ave**
**Ocala, FL 34475**

LOAN NUMBER: **837987**

NOTICE TO MORTGAGE LOAN APPLICANTS:  THE RIGHT TO COLLECT YOUR MORTGAGE LOAN PAYMENTS MAY BE TRANSFERRED.  FEDERAL LAW GIVES YOU CERTAIN RELATED RIGHTS.  READ THIS STATEMENT AND SIGN ONLY IF YOU UNDERSTAND ITS CONTENTS.

Because you are applying for a mortgage loan covered by the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2601 ET SEQ.) you have certain rights under that federal law.  This statement tells you about those rights.  It also tells you what the chances are that the servicing for this loan may be transferred to a different loan servicer.  "Servicing" refers to collecting your principal, interest and escrow account payments, if any.  If your loan servicer changes, there are certain procedures that must be followed.  This statement generally explains those procedures.

**Transfer practices and requirements**
If the servicing of your loan is assigned, sold, or transferred to a new servicer, you must be given written notice of that transfer.  The present loan servicer must send you notice in writing of the assignment, sale or transfer of the servicing not less than 15 days before the effective date of the transfer.  The new loan servicer must also send you notice within 15 days after the effective date of the transfer.  The present servicer and the new servicer may combine this information in one notice, so long as the notice is sent to you 15 days before the effective date of transfer.  The 15 day period is not applicable if a notice of prospective transfer is provided to you at settlement.  The law allows a delay in the time ( not more than 30 days after a transfer) for service's to notify you under certain limited circumstances, when your servicer is changed abruptly.  This exception applies only if your servicer is fired for cause, is in bankruptcy proceedings, or is involved in a conservator ship or receivership initiated by a federal agency.

Notices must contain certain information.  They must contain the effective date of the transfer of the servicing of your loan to the new servicer, the name, address, and toll-free or collect-call telephone number of the new servicer and toll-free or collect-call telephone numbers of a person or department for both your present servicer and your new servicer to answer your questions about the transfer of servicing.  During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

**Complaint Resolution**
Section 6 of RESPA (12 U.S.C. 2605) gives you certain consumer rights, whether or not your loan servicing is transferred.  If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgment within 20 Business Days of receipt of your request.  A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request.  Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account or must provide you with a written clarification regarding any dispute.  During this 60-Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request.  A Business Day is any day, excluding public holidays (State or Federal), Saturday and Sunday.

**Damages and Costs**
Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that section.

**Servicing Transfer Estimated by Lender**
The following is the best estimate of what will happen to the servicing of your mortgage loan:
1. _____ We do not service mortgage loans.  We intend to assign, sell, or transfer the servicing of your loan to another party.  You will be notified at settlement regarding the servicer.
OR
2. ___X___ We are able to service this loan and presently intend to do so.  However, that may change in the future.  For all the loans that we make in the 12-month period after your loan is funded, we estimate that the chances that we will transfer the servicing of those loans is between:
_____ 0 to 25%     _____ 26 to 50%     _____ 51 to 75%     ___X___ 76 to 100%
This is only our best estimate and it is not binding.  Business conditions or other circumstances may affect our future transferring decisions.
3. This is our record of transferring the servicing of the loans we have made in the past:

| YEAR | PERCENTAGE OF LOANS TRANSFERRED |
|------|--------------------------------|
| 2003 | 60.7% |
| 2004 | 34.8% |
| 2005 | 17.65% |

This information includes assignments, sales or transfers to affiliates or subsidiaries.

**Taylor, Bean & Whitaker Mortgage Corp.**                    01/13/06
Lender's Authorized Representative                              Date

### ACKNOWLEDGMENT OF MORTGAGE APPLICANT
I/we have read this disclosure form, and understand its contents as evidenced by my/our signature(s) below.

*Emma L. White*          01-13-06
**EMMA L WHITE**          Date                    _____  _____
                                                                    Date

_____  _____          _____  _____
                   Date                                        Date

_____  _____          _____  _____
                   Date                                        Date

C0013L0

PL_WHITE_00175

Loan Number:   837987

### SIGNATURE AFFIDAVIT AND AKA STATEMENT

I, **EMMA L WHITE**
certify that this is my true and correct signature:

**EMMA L WHITE** _____            *Emma L. White*
Borrower                                              Sample Signature

_____                              _____
Co Borrower                                           Sample Signature

### AKA STATEMENT

I, **EMMA L WHITE**                  further certify that I am also known as:

**EMMA WHITE** _____               *Emma White*
Name Variation (Print)                               Sample Signature (Variation)

**EMMA L WHITE** _____             *Emma L. White*
Name Variation (Print)                               Sample Signature (Variation)

_____                              _____
Name Variation (Print)                               Sample Signature (Variation)

_____                              _____
Name Variation (Print)                               Sample Signature (Variation)

I,                                   further certify that I am also known as:

_____                              _____
Name Variation (Print)                               Sample Signature (Variation)

_____                              _____
Name Variation (Print)                               Sample Signature (Variation)

_____                              _____
Name Variation (Print)                               Sample Signature (Variation)

_____                              _____
Name Variation (Print)                               Sample Signature (Variation)

State of **Florida**              ,       **DUVAL**          County SS:

On   1/13/06    before me _____ SHERRI E. TRAVIS _____ personally
appeared **EMMA L WHITE** to be the person(s) whose name(s) is/are subscribed to the within instrument and
basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

Witness my hand and official seal.       Signature _____
(Reserved for official seal)

                                         _____
                                         Name (typed or printed)

C0014L0

*031001837987*

Loan Number  837987

## EQUAL CREDIT OPPORTUNITY ACT NOTICE

The Federal Equal Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided that the applicant has the capacity to enter into a binding contract), because all or part of the applicant's income derived from any public assistance program, or because the applicant has, in good faith, exercised any right under the Consumer Credit Protection Act.  The Federal agency that administers compliance with this creditor is the Federal Trade Commission, Washington D.C.

## APPRAISAL DISCLOSURE

You have the right to a copy of the appraisal report used in connection with your application for credit.  If you would like a copy, please write to us at: **Taylor, Bean & Whitaker Mortgage Corp.**
**1417 North Magnolia Ave**
**Ocala, FL  34475**

We must hear from you no later than 90 days after we notify you about the action taken on your credit application or you withdraw your application.  In your letter, give us the following information:  Name, Address, Property Address and Loan/Application Number.  Federal law allows us to charge fees for photocopy and postage expenses incurred in providing copies of this appraisal to you.

## PRIVACY POLICY NOTICE
### (SIMPLIFIED)

This notice is provided to you pursuant to the Privacy of Consumer Financial Information Act and the Federal Trade Commission's implementing regulation thereunder, 16 CFR Part 313.

1. Collection Sources:
   We collect nonpublic personal information about you from the following sources:
   -Information we receive from you on application or other forms;
   -Information about your transactions with us, our affiliates, or others;
   -Information we receive from a consumer reporting agency.

2. We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law.

3. We restrict access to nonpublic information about you to those employees who need to know that information to provide the requested loan origination services to you.  We maintain physical, electronic, and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

## RE-CERTIFICATION OF EMPLOYMENT AND INCOME

I/We  **EMMA L WHITE**                                    do hereby certify that I/we are currently employed at the same job(s), with no decrease in salary, have received no notice of layoff nor have any knowledge of a pending layoff, and that my/our outstanding obligations are substantially the same as reported on my/our application.

_Emma L. White_   111306
**EMMA L WHITE**                         Date                                                    Date

_____                 _____
                                         Date                                                    Date

_____                 _____
                                         Date                                                    Date

**STATE OFFL**

**COUNTY OF** Nassau

Sworn to and subscribed before me this **13th**   day of **January**                  , **2006**   .

_____
Notary Signature

_____
Type or Print Name

Commission expires:

C0011L0

## ESCROW DISBURSEMENT AGREEMENT

CASE NUMBER: 837987                                   DATE:  1/13/2006

TO: Taylor, Bean & Whitaker Mortgage Corp.

1. The undersigned seller(s) and buyer(s) direct to make disbursements for the subject transaction, pursuant to the attached closing statement.

2. It is expressly understood that **DUANE C. ROMANELLO** in no way represents the buyer(s) or seller(s). We merely act solely for the lender in the disbursement of the mortgage proceeds.

3. The undersigned buyer(s) direct(s) you to make such disbursements only when you are in a position to issue your ALTA owners title policy insuring the fee simple title of the buyer(s), subject only to:

    a.  General real estate taxes for the year

    b.  The Schedule B, Section 2, exceptions

    c.  The mortgage made by the owner(s) as part of this transaction

4. Buyer(s) agree(s) to pay the escrow fee for this service.

5. Seller(s) agree(s) to reimburse **DUANE C. ROMANELLO** for any fees required by the existing lender to obtain the release of the current mortgage (if any). It is understood that the fees will only be collected if the fee is incurred as a result of a conditional payoff letter and not for negligence on the part of **DUANE C. ROMANELLO**

QUALITY MOBILE HOMESL, INC.;

*Emma L. White*

Seller KEITH R. DAVID - MANAGER         **EMMA L WHITE**

Seller

Seller

Seller

Seller

Seller

C0010L0

*087218837987*

## MORTGAGE PROGRAM DISCLOSURE

**Creditor: Taylor, Bean & Whitaker Mortgage Corp.**     **Borrower(s)** EMMA L WHITE

**Loan Number: 837987**
**Date of Program Disclosure:**   1/13/06
**Est. Settlement Date:**

**Mailing**   45053 LUTHER ST
**Address**   CALLAHAN, FL 32011

**Please Note:**   As used in this disclosure, the words you, your, and yours refer to the borrower; the words we, us, and our refer to the creditor. Also, optional items with boxes only apply if checked.

☐   **FIXED RATE MORTGAGE PROGRAM:**
This fixed rate mortgage program disclosure describes the features of the fixed rate mortgage (FRM) program which you are considering. The interest rate, payment amount, and term of your loan are not subject to change.

## CONTRACTUAL CONTINGENCIES

☐   **Due-On-Sale Clause:** Your mortgage loan documents contain a "due-on sale" clause provides specific rights for us.  Except as is otherwise provided by law. Please read loan documents carefully for more details on the "due on sale" and "acceleration" clauses.

☒   **Late Charge:** Your mortgage loan documents contain a late charge clause.  If a payment is 15 days late, you will be charged   4.0 of the payment.

☐   **Prepayment Penalty:** If you payoff your mortgage loan before maturity, you may have to pay a penalty.

☐   **Required Escrow Payments:** Your mortgage loan documents provide for escrow payments. As escrow account spreads   out, on a periodic basis, the cost of some substantial payments that occur once or twice a year. By adding these smaller payments to your mortgage payment, they are not only easier to budget, but are also paid by us when they are due. You will have to pay these amounts to us unless we tell you, in writing, that you don't have to do so, or unless the law requires otherwise. You will make these escrow payments on the same day that you make your payments of principle and interest. Generally, the amount of your escrow payments will be one twelfth of any of the following that apply: estimated yearly taxes, assessments and ground rents on the property; estimated yearly premiums for hazard, flood, mortgage or credit life/disability insurances. We have the right to hold one or more payments as a reserve balance for real estate taxes to help cover anticipated tax increases on your property. If the amount of the escrow funds held by us, together with the future payments of escrow funds exceeds the amount required to pay the escrow items when due, the excess shall be, at your option, either promptly repaid to you or credited to you on periodic payments of funds. Failure to make your escrow payments entitles us to deduct them from your mortgage payment or we may, in some cases, advance the funds necessary to pay the escrow bills and add that amount to your principle loan balance. In addition, advance payments for required escrow accounts may be required at settlement. Please read your mortgage loan documents carefully for more details on escrow accounts, applications of payments and protection of your security.

☐   **Demand or Balloon Feature of Non or Partially Amortized Loans:**

___We have the right to call your loan due and payable after a specific period of time, namely:
_____

___The notice of maturity will be provided to you at least          calendar days prior to the expected maturity of the loan and will contain the date of maturity and the amount of the scheduled payment of that date.

___We have unconditionally obligated ourselves to refinance your loan at the maturity date provided that you have met your loan obligations.

___We have no obligations to refinance your loan at maturity.

___There will be a large payment due at maturity or upon call of the loan.

_Emma L. White_                                    _1 | 13 | 06_
**EMMA L WHITE**                                    Date

_____          _____
                                                   Date

_____          _____
                                                   Date

_____          _____
                                                   Date

C0126L0

## NOTICE TO BORROWER
## NOT IN
## SPECIAL FLOOD HAZARD AREA

Borrower:  **EMMA L WHITE**                    Loan Number:        837987

Property Address:  **45038 MARVIN STREET , CALLAHAN, FL  32011**

This Notice Date is as of:   **1/13/2006**

The completed Standard Flood Hazard Determination Form indicates that the improved real estate or mobile home securing your loan is not located in an area designated by the Director of the Federal Emergency Management Agency ("FEMA") as a Special Flood Hazard Area ("SFHA"). As a result of this determination, you will not be required to obtain mandatory flood insurance in connection with the making of your loan.

However, your home may be near a SFHA. As such you, or your lender, may consider the advisability of obtaining flood insurance at reduced rates. You should check with your insurance agent or company as to the coverage types and amounts available to you and make your own determination as to whether you desire any such coverage.

If, however, at any time during the term of your loan the improved real estate or mobile home securing your loan is, due to re-mapping by FEMA or otherwise, located in an area that has been identified by the Director of FEMA as an area having special flood hazards and in which flood insurance is available under the National Flood Insurance Program, you will be so notified and advised that you must obtain an appropriate amount of flood insurance coverage. If, within 45 days after we send you such notification, you fail to purchase flood insurance in an amount not less than the amount we advise you necessary, we shall purchase such flood insurance on your behalf at your expense, as we are authorized to do in accordance with the provisions of the Flood Disaster Protection Act of 1973, as amended.

I/We, the undersigned borrower(s)/applicant(s), hereby understand and agree to all the above.

_Emma White_        11|3|06
**EMMA L WHITE**              Date                    _____
                                                                            Date

_____              _____
Date                                                        Date

_____              _____
Date                                                        Date

C0150L0

*033218837987*

# AFFIDAVIT OF OCCUPANCY

STATE OF **Florida**                )                LOAN NUMBER:   **837987**
                                     ) ss:
COUNTY OF **Nassau**                 )

**45038 MARVIN STREET**
**CALLAHAN, FL 32011**

[Property Address]

Before me, the undersigned authority duly authorized to take acknowledgments and administer oaths personally appeared **EMMA L WHITE**

("Affiants") who, upon being duly sworn, depose and say as follows:

1. Affiants hereby certify that, upon taking title to the real property described above, their occupancy status will be as follows:

[X]   **Primary Residence:**  Occupied by owner as his/her principal residence and entitled to receive, under **Florida** law, Homestead Exemptions for taxes and/or creditor exemptions.

[ ]   **Secondary Residence:**  Occupied by owner as second home (vacation, etc.) while maintaining principal residence elsewhere.

      (NOTE:  Please mark this box if property will initially be a second home but you plan to establish it as your primary residence at a future date (i.e., retirement)).

[ ]   **Investment Property:**  Not owner occupied.  Purchased as an investment to be held or rented.

2. Affiants acknowledge that this Affidavit of Occupancy is given as a material inducement to cause **Taylor, Bean & Whitaker Mortgage Corp.** to make a mortgage loan to Affiants and that any false statements, misrepresentations or material omissions shall constitute a breach of the Affiant's obligation to     **Taylor, Bean & Whitaker Mortgage Corp.**

and that all the provisions of the mortgage indenture concerning default on the Promissory Note will thereupon be in full force and effect.

3. Affiants further acknowledge that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

4. The agreements and covenants contained herein shall survive the closing of the mortgage loan transaction.

_Emma L. White_____ (Seal)     Date _1/13/06_____
**EMMA L WHITE**        -Affiant

_____ (Seal)     Date _____
                       -Affiant

_____ (Seal)     Date _____
                       -Affiant

_____ (Seal)     Date _____
                       -Affiant

_____ (Seal)     Date _____
                       -Affiant

_____ (Seal)     Date _____
                       -Affiant

Sworn and subscribed to before me this   **13TH**   day of   **JANUARY 2006**

_____ (Notary Public)

ITEM T9408L0 (0003)

GREATLAND ▨
To Order Call: 1-800-530-9393 □Fax 616-791-1131

*022011837987*

PL_WHITE_00181

Lender:  **Taylor, Bean & Whitaker Mortgage Corp.**
Borrower(s):  **EMMA L WHITE**
Property Address:  **45038 MARVIN STREET , CALLAHAN, FL  32011**
Loan Number:  **837987**

## ERROR AND OMISSION/ COMPLIANCE AGREEMENT
### AND
### CONSENT TO CORRECTION OF SCRIVENER'S ERRORS

The undersigned borrower(s) for and in consideration of the above-referenced lender funding this mortgage loan, agree as follows.  The undersigned, if requested by the lender, its agents or assigns ("Lender"), shall fully cooperate to cure clerical errors or inconsistencies that may be found in any and all documents associated with this mortgage loan ("Loan Documents") if such cure is deemed necessary or desirable in the reasonable discretion of the Lender to enable the Lender to sell, convey, seek guaranty or market said loan to any entity, including but not limited an investor, Federal Housing Authority, Department of Veterans Affairs or Municipal Bonding Authority.

The undersigned agrees to promptly comply with all requests made by the Lender but in all cases within ten (10) days from the date of the mailing of any such request.  The undersigned agrees to assume all costs, including but not limited to, legal fees and marketing losses resulting from undersigned's failure to comply with this Agreement in a timely manner.

The undersigned agrees that by signing below, he/she hereby authorizes and directs the Lender to cure any and all clerical errors in the Loan Documents including but not limited to the note and mortgage resulting from a scrivener's error in such cases where the scrivener's error does not affect a material term of the Loan Documents ("Scrivener's Error").  Said authorization to cure a Scrivener's Error is granted and may be effectuated by Lender at any time without need of further authorization of the undersigned.  Any investor of Lender or purchaser's of the Loan Documents may rely on this authorization and any cure made under such authorization as if made to it directly.

The undersigned do hereby so agree and covenant in order to assure that the Loan Documents executed this date will conform and be acceptable in the marketplace in the instance of transfer, sale or conveyance by Lender of its interests in and to said loan documentation.

Effective this ___13th___ day of ___January 2006___

*Emma L. White*
**EMMA L WHITE**                                    Date                          _____  Date

_____  Date             _____  Date

_____  Date             _____  Date


STATE OF  FLORIDA
COUNTY OF  DUVAL

Sworn to and subscribed before me this __13TH__ day of __JANUARY, 2006__

Notary Signature

Type or Print Name _____

My Commission Expires: _____
Personally known _____ or Produced Identification ___ **VALID DRIVERS LICENSES**

C0338L0

*075211837987*

# AFFIDAVIT

STATE OF FL

COUNTY OF Nassau

BEFORE ME, the undersigned authority, personally appeared   EMMA L WHITE
who have been by me
first duly sworn deposes and says:

The tax proration shown on the HUD-1 settlement statement and payment letter was in
fact based on Lot assessment only and was not based on improved property.  The tax
value shown on the tax rolls at the time of closing was in the sum of
Therefore, the escrows collected at the time of closing were based on this sum.

The affiant fully understands that the tax rolls will be re-assessed to include the new
home.  At the time of re-assessment, the undersigned is fully aware that the escrow
account will be re-analyzed and additional sums will have to be paid to the lender to
allow for sufficient funds to pay the tax bill.

The undersigned agrees to pay all sums as requested by the lender, regarding the
re-assessment of the subject property.

FURTHER AFFIANT SAYETH NAUGHT.

*Emma L. White*

**EMMA L WHITE**

SWORN TO AND SUBSCRIBED BEFORE ME, this  **Thirteenth** day of   **January**

_____

Notary Public

C0579L0

## MORTGAGOR'S INFORMATION STATEMENT/PAYMENT BREAKDOWN

We are pleased to welcome you as another one of our nationwide customers.  We hope you will be pleased with our servicing of your account.  The following is provided for your information:

PROPOSED PAYMENT
Principal and Interest                                                                    633.36
Monthly Escrows:
    Hazard Insurance                                   83.17
    Taxes                                                      26.87
    Private Mtg. Ins./FHA Mtg. Ins.              45.51
    Other

Total Monthly Escrows                    155.55

Total Monthly Payment                    788.91

MORTGAGOR'S TOTAL MONTHLY PAYMENT-                    788.91

Your first payment is due:          March 01, 2006

All payment figures are subject to final review in our home Office.

Additional payment coupons will be mailed to you under separate cover and reflect the amount due date of each.

All of your mortgage payments are due on the first of each month, and we sincerely ask that your payment arrive in our office by the first day of each month.  If for any reason, you are ever without payment coupons, please continue making your mortgage payments on the first of each month by writing your loan number on your check or money order and mailing to:

       Taylor, Bean, & Whitaker Mortgage Corp.
         1417 N. Magnolia Avenue, Ocala, FL 34475

Please provide your mailing address below.
All correspondence on your loan will be directed to this address:

_____
_____
_____ (Phone)

*Emma L White*
EMMA L WHITE

-----------------TEMPORARY COUPONS FOR LOAN PAYMENTS-----------------

PL_WHITE_00184



PAYMENT DATE: 04/01/2006

Taylor, Bean, & Whitaker Mortgage Corp.
1417 N. Magnolia Ave. Mailstop: S
Ocala, FL 34475-9078
CU027L0

*086218837987*

| LOAN #: | 837987 |
|---|---|
| P&I: | 633.36 |
| ESCROWS: | 155.55 |
| TOTAL DUE: | 788.91 |