Michael L. Schrag (SBN 185832)
Joshua J. Bloomfield (SBN 212172)
Linda P. Lam (SBN 301461)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
mls@classlawgroup.com
jjb@classlawgroup.com
lpl@classlawgroup.com

Richard M. Paul III
Ashlea G. Schwarz
Laura C. Fellows
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Facsimile:  (816) 984-8101
Rick@PaulLLP.com
Ashlea@PaulLLP.com
Laura@PaulLLP.com

*Counsel for Plaintiffs*
*and the Proposed Classes*

## UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alicia Hernandez et al., individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>Wells Fargo & Company and Wells Fargo Bank, N.A.,<br><br>                    Defendant. | Case No. 3:18-cv-07354-WHA<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Date:   January 9, 2020<br>Time:  8 a.m.<br>Dept:  Courtroom 12<br>Judge: Hon. William H. Alsup |

**NOTICE OF MOTION**

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 9, 2020 at 8 a.m., or as soon thereafter as the matter may be heard, before the Honorable Judge William H. Alsup, Courtroom 12, 450 Golden Gate Avenue, San Francisco, California, Plaintiffs will and hereby do move this Court, pursuant to Federal Rules of Civil Procedure 15 and 16, for leave to file a Third Amended Complaint, a copy of which is submitted with this motion. Plaintiffs' motion is based on this notice; the accompanying memorandum in support, Declaration of Sandra Campos, proposed order, and proposed Third Amended Complaint; the complete files and records in this action; and such other evidence as the Court may allow. Plaintiffs met and conferred with Wells Fargo and Wells Fargo does not consent to the filing of the Third Amended Complaint.

**MEMORANDUM IN SUPPORT**

I. **INTRODUCTION**

Plaintiffs initially filed this lawsuit in December 2018, on behalf of individuals whom Wells Fargo wrongfully denied mortgage modifications. After two amendments, the operative complaint now names fifteen plaintiffs from eleven states. Each Plaintiff's mortgage contract was a government-issued, form Federal Housing Administration (FHA) and/or Fannie Mae/Freddie Mac security instrument. Dkt. No. 137 at ¶ 182.  Some Plaintiffs had their homes secured by Fannie Mae/Freddie Mac security instruments, while others had their homes secured by FHA security instruments. *Id.*

In its October 31 order, the Court indicated that it would consider "certify[ing] a California only class and to hold in abeyance certification of any other class until after a trial on the California class's claims – a way to test the viability of plaintiffs' assertions that plaintiffs' counsel could present a common method of proof at trial . . ." Dkt. No. 164. At the November 6 hearing, the Court instructed Plaintiffs to file a renewed certification motion addressing certification of a California-only class. Dkt. No. 171, 5:17-20.

While the Second Amended Complaint has multiple class representatives with FHA security instruments, none had homes located in California. The current California class representative, Debora Granja, had her California home secured by a Fannie Mae/Freddie Mac security instrument. As such,

Plaintiffs now move for leave to file a Third Amended Complaint for the narrow purpose of putting forward a California class representative, Sandra Campos, who had her home in California secured by an FHA security instrument. While the contracts present the same predominant common questions, Plaintiffs believe it is prudent to ensure that the California Plaintiffs reflect class members with both types of contracts, which in turn better positions the Court to adjudicate effectively the claims of all California class members, should it choose to certify a California-only class. *See Lane v. Wells Fargo Bank, N.A.*, 2013 WL 3187410 at *7 (N.D. Cal. June 21, 2013) (Alsup, J.).

Plaintiffs therefore request that the Court grant them leave to file their proposed Third Amended Complaint.

## II.    BACKGROUND

On December 5, 2018, Plaintiff Alicia Hernandez filed a complaint that included claims for negligence, negligence per se, conversion, and violation of California's Unfair Competition Law, as well as the New Jersey Consumer Fraud Act. Dkt. No. 1 at pp. 13-20.

On February 28, 2019, Plaintiff amended her complaint under Rule 15(a)(1)(B), which provides that a party may amend its complaint once as a matter of course after service of a motion to dismiss. Dkt. No. 44. The First Amended Complaint added additional plaintiffs and claims, including a nationwide breach of contract claim based on each of the government form mortgage contracts (FHA and Fannie Mae/Freddie Mac) signed by most class members. Plaintiffs also named Wells Fargo & Company ("Company") as a defendant (in addition to Wells Fargo Bank). *Id*. The Company and the Bank each filed a motion to dismiss the amended complaint. Dkt. Nos. 59, 73. The Court granted in part and denied in part the Bank's motion to dismiss, and allowed Plaintiffs to seek leave to amend following resolution of the Company's motion to dismiss. Dkt. No. 87 at p. 17. Specifically, the Court dismissed Plaintiffs' breach of contract and negligence claims (among others) against the Bank, while allowing Plaintiffs' Homeowner Bill of Rights, California Unfair Competition Law, and certain state consumer claims to go forward. The Court later granted the Company's motion to dismiss. Dkt. No. 121.

On July 16, 2019, Plaintiffs moved for leave to file a Second Amended Complaint. Dkt. No. 127. The proposed complaint included additional allegations supporting Plaintiffs' previously

1    dismissed breach of contract, Maryland Consumer Protection Act, Wrongful Foreclosure and

2    negligence claims, as well as new claims for fraudulent concealment and negligent misrepresentation.

3    Dkt. No. 127-1. On August 19, the Court issued an order granting Plaintiffs leave to amend their

4    nationwide breach of contract claim, and their Maryland Consumer Protection Act, and Wrongful

5    Foreclosure claims, while dismissing the negligence, fraudulent concealment and negligent

6    misrepresentation claims. Dkt. No. 136. Plaintiffs filed the Second Amended Complaint on August 26.

7    Dkt. No. 137.

8        Plaintiffs now seek to file a Third Amended Complaint that adds a single class representative -

9    Sandra Campos. Because Campos had a California property secured by an FHA security instrument,

10   and because Plaintiffs' Second Amended Complaint asserts claims from only non-California residents

11   whose properties were secured by an FHA security instrument, granting Plaintiffs' motion furthers

12   Plaintiffs' request that the Court certify a California class represented by plaintiffs with both of the

13   relevant contract types. As discussed below, good cause exists for this amendment, and the addition of

14   a class representative under these circumstances is routinely allowed. Having satisfied the requirements

15   of both Rule 15 and 16, Plaintiffs respectfully request that the Court grant leave to file their Third

16   Amended Complaint.

17       **III.    ARGUMENT**

18       Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive

19   standard of Federal Rule of Civil Procedure 15(a). *Martinez v. Newport Beach City*, 125 F.3d 777, 785

20   (9th Cir. 1997) (overruled on other grounds). However, once a scheduling order establishing a deadline

21   to amend pleadings has been entered, and the court must modify the scheduling order to permit an

22   amendment, then Federal Rule of Civil Procedure 16(b) applies. *Coleman v. Quaker Oats Co.*, 232 F.3d

23   1271, 1294 (9th Cir. 2000). Here, the Court's April 1 Case Management Order established a deadline of

24   June 28 for Plaintiffs to seek leave to add new parties or amend the pleadings. Dkt. No. 63, ¶ 2.

25   Because that date has passed, Plaintiffs must first demonstrate "'good cause' under Rule 16(b), and

26   then, if good cause is shown, must demonstrate that the motion is proper under Rule 15." *Briggs v.*

27   *Blomkamp*, 2014 WL 4100689, at *2 (N.D. Cal. Aug 20, 2014). Plaintiffs satisfy the requirements of

28   both Rule 15 and 16, and so leave to file a Third Amended Complaint adding Sandra Campos as a class

1   representative should be granted.

2        **A.**     **Plaintiffs Meet the Requirements of Rule 16**

3        Rule 16(b) provides that a scheduling order shall be modified "only for good cause."

4   Fed.R.Civ.P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the

5   party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.

6   1992). Accordingly, while the court may consider the "existence or degree of prejudice" to the

7   opposing party, the focus of the court's inquiry is upon the moving party's explanation for not seeking

8   leave to amend prior to the deadline established by the scheduling order. *Id.* "The pretrial schedule may

9   be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"

10   *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

11        Since filing their First Amended Complaint on February 28, Plaintiffs have had class

12   representatives with both types of relevant security instruments. *See* Dkt. No. 44 (Plaintiffs Emma

13   White, John DeMartino, Yvonne DeMartino, Diana Trevino, Troy Frye, Coszetta Teague, Tiffanie

14   Hood, Russell Simoneaux and Brenda Simoneaux had FHA security instruments; Plaintiffs George

15   Floyd, Cyndi Floyd, Alicia Hernandez, Debora Granja, Keith Lindner and Rose Wilson had Fannie

16   Mae/Freddie Mac security instruments). During that time, Plaintiffs believed the breakdown of

17   Plaintiffs between states and types of contract sufficed for Plaintiffs' contemplated motion to certify a

18   nationwide breach of contract class.  However, now that Plaintiffs are moving, as an alternative, to

19   certify a California-only class (Dkt. No. 171, 6:16-17), and notwithstanding the similarities between the

20   contracts, Plaintiffs believe it prudent to advance proposed California class representatives for both

21   types of security instruments. *See Lane*, 2013 WL 3187410 at *7. Existing California class

22   representative Debora Granja's property was secured by a Fannie Mae/Freddie Mac contract, but none

23   of the existing class representatives had property in California secured by an FHA contract. Adding

24   Campos as a class representative closes this gap, and provides a more robust record on which to decide

25   the motion to certify the California-only class.

26        Within a few days after the Court's October 31 order, Plaintiffs' counsel spoke with Campos

27   about her willingness and ability to represent the California class. Declaration of Sandra Campos

28   ("Campos Decl.") at ¶ 3. As described more fully below, she is willing and able. *Id.* Plaintiffs bring this

PLAINTIFFS' MOTION FOR LEAVE TO
FILE THIRD AMENDED COMPLAINT
Case No. 3:18-cv-07354-WHA

motion a mere three weeks after the Court's order (Dkt. No 164) and just 15 days after the November 6 hearing at which the Court ordered briefing on certifying a California-only class. Plaintiffs were thus diligent in bringing this motion seeking to add a class representative as soon as the need to do so arose.

Courts routinely find good cause to modify scheduling orders and allow amendment of pleadings for the narrow purpose of adding a class representative. *See e.g. Bradley v. T-Mobile US, Inc.*, 2019 WL 2358972, at *2 (N.D. Cal. June 4, 2019) (granting plaintiffs leave to file a fourth amended complaint including a new class representative); *In re Facebook Privacy Litig.*, 2015 WL 2453734, at *6 (N.D. Cal. May 22, 2015) (finding good cause to allow addition of a named plaintiff after the close of discovery); *Gould v. Motel 6, Inc.*, 2011 WL 759472, at *5 (C.D. Cal. Feb. 22, 2011) (permitting amendment to add new class representative even though plaintiffs took over sixteen months to find the new plaintiff).

Accordingly, good cause exists for the Court to modify the scheduling order to allow Plaintiffs to file their Third Amended Complaint adding Campos as a class representative.

### B.  Plaintiffs Meet the Requirements of Rule 15

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend "shall be freely given." "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Courts consider five factors in determining whether a motion for leave to amend should be granted: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party previously amended a pleading. *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). Below, Plaintiffs address each of these factors, which collectively weigh in favor of allowing amendment.

### 1.  Plaintiffs' Request for Amendment Is Made in Good Faith

"In order for a court to find that a moving party filed for leave to amend in bad faith, the adverse party must offer evidence that shows 'wrongful motive' on the part of the moving party." *Misle v. Schnitzer Steel Indus., Inc.*, 2017 WL 661366, *3 (N.D. Cal. Feb. 17, 2017) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)). There is no such evidence. In seeking to add Campos as a California Class representative with an FHA mortgage contract, Plaintiffs' only motive is to ensure their proposed California class is represented by named plaintiffs with both types of security

1  instruments, even where the differing contracts are substantially similar. In short, Plaintiffs' motive is

2  to advance the best interests of the class and maximize the probability that class members can obtain

3  full recovery of the economic and non-economic damages that Wells Fargo's misconduct caused.

4  Plaintiffs have made a good faith decision to move to amend their complaint.

5                    **2.  Plaintiffs Have Not Delayed in Seeking Leave to Amend**

6          In "assessing whether a party unduly delayed in seeking leave to amend, courts focus on

7  'whether the moving party knew or should have known the facts and theories raised by the amendment

8  in the original pleading,' rather than on whether the motion to amend was timely filed." *Misle*, at *3

9  (citations omitted). As explained above, Plaintiffs' operative complaint has long included Plaintiffs

10 governed by each form of contract, which they believed adequate for their contemplated national

11 contract class. During that time, Wells Fargo took discovery from each of the Plaintiffs with FHA

12 contracts. Now that Plaintiffs are moving to certify a California-only contract class, which became the

13 focus of the proceedings within the last few weeks, they are shoring up the representatives to do so.

14 Plaintiffs have acted diligently.

15                    **3.  Amendment Will Not Prejudice Wells Fargo**

16         The most important factor in considering whether to grant leave to amend is prejudice to the

17 opposing party. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

18 "Prejudice must be substantial in order for the Court to justify denying leave to amend." *Chrimar*

19 *Systems Inc v. Cisco Systems Inc*, 2016 WL 520948, *3 (N.D. Cal. Feb. 10, 2016) (citation omitted).

20         Wells Fargo will not suffer prejudice from the proposed amendment. Discovery is ongoing in

21 this case and does not close until December 18, 2019. Dkt. No. 63 at ¶ 4. Campos has agreed to make

22 herself available for deposition in San Francisco or Los Angeles as early as Monday, November 25.

23 Campos Decl. at ¶ 7. Campos has also pledged to produce all relevant documents in her possession and

24 to answer the interrogatories Wells Fargo served on the other class representatives on an expedited

25 basis. Campos Decl. at ¶ 8-9.

26         While dealing with one additional named plaintiff may cause Wells Fargo some minor

27 inconvenience, it is already defending FHA contract claims advanced by nine other named Plaintiffs,

28 thus the amendment Plaintiffs request does not introduce new or different issues, and is nothing close to

the substantial prejudice that would justify denial of Plaintiffs' motion. *See*, *e.g.*, *In re Facebook* at *5 (explaining that the addition of a class representative would not be overly burdensome where "plaintiff [was] not seeking new categories or avenues of discovery," "[defendant] ha[d] not identified any new issues or defenses that may arise," and "any additional discovery by the parties . . . [would] be limited to [the new class representative]"); *Ellsworth v. U.S. Bank, N.A.*, 2013 WWL 6730725, at *11 (N.D. Cal. Dec. 19, 2013) (finding no prejudice because plaintiff "add[ed] new parties who assert[ed] the same claims and theories," defendants' additional discovery would "be about the attributes of the two new representative plaintiffs," and defendants already had their documents).

### 4. Amendment Is Not Futile

The proposed addition of Campos as a named plaintiff in this case does not change anything about the claims it contains – it merely provides a California class representative with an FHA contract to support Plaintiffs' motion to certify a California-only class. The proposed amendments are therefore not futile.

### 5. Until October 31, Plaintiffs Had No Reason to Add Campos as a Class Representative

The last factor courts consider when evaluating a proposed amendment under Rule 15 is whether the moving party has had prior opportunities to amend. A "repeated failure to cure deficiencies by amendments previously allowed" can justify denial of a subsequent request to amend. *Eminence Capital*, 316 F.3d at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, there are no repeated failures to cure deficiencies. Plaintiffs' Second Amended Complaint successfully cured the deficiency the court had found in the breach of contract claim. Dkt. No. 136, 3-4. The purpose of the proposed Third Amended Complaint, however, is not to cure any pleading deficiencies but to add an additional plaintiff with an FHA contract to represent the California class. Plaintiffs had no reason to amend until recently.

## IV.   CONCLUSION

For the reasons stated, Plaintiffs respectfully request that the Court grant their motion for leave to file their proposed Third Amended Complaint.

1

Dated: November 21, 2019

Respectfully submitted,

2

/s/ Michael Schrag
**GIBBS LAW GROUP LLP**
Michael L. Schrag (SBN 185832)
Joshua J. Bloomfield (SBN 212172)
Linda P. Lam (SBN 301461)
505 14th Street, Ste. 1110
Oakland, California 94612
Telephone:  510-350-9700
Facsimile:  510-350-9701
mls@classlawgroup.com
jjb@classlawgroup.com
lpl@classlawgroup.com

3

4

5

6

7

8

9

Richard M. Paul III
Ashlea G. Schwarz
Laura C. Fellows
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone: 816-984-8100
Facsimile:  816-984-8101
Rick@PaulLLP.com
Ashlea@PaulLLP.com
Laura@PaulLLP.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MOTION FOR LEAVE TO
FILE THIRD AMENDED COMPLAINT
Case No. 3:18-cv-07354-WHA