

North America   Europe   Asia

101 California Street
34th Floor
San Francisco, CA 94111
T +1 415 591 1000
F +1 415 591 1400

**AMANDA L. GROVES**
(704) 350-7755 - Charlotte
(415)591-1409 – San Francisco
agroves@winston.com

December 6, 2019

**VIA ECF**
Hon. Judge William Alsup
San Francisco Courthouse
Courtroom 12 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:  *Hernandez et al v. Wells Fargo Bank, N.A.*, Case No. 3:18-cv-07354-WHA

Dear Judge Alsup:

Defendant Wells Fargo Bank, N.A. submits the following response to Plaintiffs' December 4, 2019 discovery dispute letter. We look forward to discussing these issues with Plaintiffs' counsel on December 9, 2019 and, if issues remain unresolved, with the Court thereafter.

**A.   The attorney advertisement Plaintiffs' counsel would like to send is unnecessary and inappropriate.**

Plaintiffs' counsel apparently represents some 140 of the approximately 823 putative national class members. Most of the clients presumably were attained as a result of Wells Fargo's January 2019 letter to borrowers, notifying them of the litigation's existence, identifying Plaintiffs' counsel, and suggesting borrowers could contact Plaintiffs' counsel for representation. According to Plaintiffs' discovery dispute letter, 11 of those borrowers, each from California, did *not* elect to retain Plaintiffs' counsel at that time. Plaintiffs' counsel proposes they receive a new solicitation.

As an initial matter, this position is somewhat curious. The more class members Plaintiffs' counsel represents the less reason there is to have a class action at all–each represented client can most effectively pursue their alleged six-figure+ claim on their own. Moreover, as Plaintiffs' counsel already represents named parties to the litigation, and is a fiduciary to unnamed class members, there is no need for these individual representations. Plaintiffs' counsel can already object to the subpoenas, including the document requests, and negotiate for new dates. Nor do any of the usual reasons Plaintiffs' lawyers seek to represent unnamed class members exist here. No potential objectors are afoot, no competing lead counsel applications have been filed, and mootness does not threaten the named representatives' standing. The one thing Plaintiffs' counsel cannot do without representing these deponents, of course, is claim a privilege in connection with preparing them for deposition. It appears this is the reason for the solicitation request here.

AmericasActive:14245286.1



Indeed, the discovery letter admits that Plaintiffs' counsel wants the opportunity to "discuss the possibility of representing these class members when we see them before their depositions." So rather than start at 9:00, for instance, Plaintiffs' counsel can take the class member aside, privately offer to represent them (in addition to asking them in the letter), and then presumably prepare them for questions that are likely to be asked. This happened repeatedly at the named representative depositions, where witnesses would have eerily similar answers to key questions. (Just as one example, after the first few depositions, named representatives were consistently unwilling to estimate damage-related figures. Instead, they testified with remarkable consistency that they were searching for "justice.") Wells Fargo does not believe similar coaching of unnamed class members is appropriate or that it somehow warrants the requested solicitation letter.

Moreover, the insinuation that this request is somehow necessary because of Wells Fargo's positions or productions is patently wrong. The discovery letter correctly notes that the parties met and conferred by telephone on December 2. But it conveniently omits that this call was the ***first time*** Plaintiffs had asked for the 24 California class member loan files. Complaining to the Court two days later that they have not yet been produced is unreasonable in the extreme. Wells Fargo has moved expeditiously to collect and produce them and will do so within only seven days of Plaintiffs' request.

It is notable that Plaintiffs could have asked for those loan files at multiple points in time before December 2, but chose not to. Plaintiffs requested loan documents, communications with class members and foreclosure-related documents for unnamed class members at the outset of the case. In its April 11, 2019 written response, Wells Fargo agreed to produce such documents for named representatives, but objected as to unnamed class members. Plaintiffs did little to nothing to press the matter during meet and confer, and never raises it with the Court. On November 6, 2019, the Court advised the parties to move forward with depositions of the unnamed California class members. Still, Plaintiffs did nothing to follow-up regarding these files or otherwise seek discovery relevant to those members. Instead, Plaintiffs' counsel inexplicably waited until a month later, and a week before the first deposition was scheduled, to ask Wells Fargo to suddenly pull the loan files and produce them.

Finally, if any solicitation letter is to be sent, Wells Fargo proposes it be in the form attached as Exhibit B to Plaintiffs' December 4 letter. The wording should mirror, to the extent reasonably possible, the prior letter Your Honor approved in January 2019. And touting Plaintiffs' counsel's record in this case is not appropriate for this communication, so the deletions Wells Fargo suggested should be incorporated as well.

      **B.     Plaintiffs' request to extend discovery and expert deadlines should be denied.**

The parties have agreed to extend the discovery cut-off ***only*** for ***already-noticed*** depositions of California class members and the ***already-noticed*** depositions for two employees–to accommodate witness schedules. The parties also agree that discovery of unnamed class members outside California should not proceed absent approval from the Court. Neither party has sought, or is seeking in this dispute, that approval.



Instead, Plaintiffs seek "clarification" that they can take post-cut-off discovery for (a) a "couple additional depositions" of unidentified witnesses, and (b) apparently unlimited "damages" discovery related to California class members. They seek clarification that damages experts can be pushed off beyond the expert deadlines as well. As Your Honor made clear on November 6, those deadlines remain in place. Therefore, to extend them, Plaintiffs must demonstrate "good cause." Fed. R. Civ. P.16(b)(4). ("A schedule may be modified only for good cause and with the judge's consent.")

To establish "good cause," Plaintiffs must show that, even with the exercise of due diligence, they cannot meet the scheduling order's timetable. *Johnson v. Mammoth Recreations*, Inc. (9th Cir. 1992) 975 F.2d 604, 609.[1] Here, the very reasons Plaintiffs' counsel cite as justification for an extension show they did not act diligently. "The first reason is that Wells Fargo did not produce the information Plaintiffs and their expert needs." s set forth above, Plaintiffs' counsel had more than ample opportunity to request that information, and inexplicably failed to do so–even after the Court told the parties to take the California class members' depositions on November 6. Second, Plaintiffs complain that even if they had the loan files they "still would not have had the opportunity to subpoena medical and other records concerning emotional distress damages." This begs the question of how Plaintiffs' counsel were ever planning to obtain class member damages' information when they agreed to this schedule at the outset. The answer cannot be, as their discovery letter suggests, that they thought they could try liability first and take discovery after the trial. Bifurcating liability and damages at trial has nothing to do with whether *discovery* is bifurcated. Moreover, and in any event, Plaintiffs requested this bifurcation in the first of their now four proposed trial plans on August 29, 2019. They have no explanation for not pursuing any necessary extension or discovery needs since then.

Plaintiffs' counsel "should not be rewarded for [their] own procrastination." 2014 WL 1647529 at *6. The schedule should remain.

Respectfully submitted,

*/s/ Amanda L. Groves*
Amanda L. Groves

*Counsel for Defendants*

---

[1] For example, in *Raymat Materials, Inc. v. A & C Catalysts, Inc.*, this Court denied a motion to extend the discovery period because "no diligence has been shown to justify a finding of good cause for extending the scheduling order in such a dramatic way." 2014 WL 1647529 at *6. This Court explained that defendant's post-discovery deadline discovery requests could have been timely served,