# EXHIBIT 7

Amanda L. Groves (SBN: 187216)
agroves@winston.com
Morgan E. Stewart (SBN: 321611)
mstewart@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5802
Telephone:   (415) 591-1000
Facsimile:   (415) 591-1400

Kobi K. Brinson (Admitted *pro hac vice*)
kbrinson@winston.com
Stacie C. Knight (Admitted *pro hac vice*)
sknight@winston.com
WINSTON & STRAWN LLP
100 North Tryon Street
Charlotte, NC 28202-1078
Telephone:   (704) 350-7700
Facsimile:   (704) 350-7800

Attorneys for Defendant
WELLS FARGO BANK, N.A.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ALICIA HERNANDEZ, EMMA WHITE, KEITH LINDNER, TROY FRYE, COSZETTA TEAGUE, IESHA BROWN, RUSSELL and BRENDA SIMONEAUX, JOHN and YVONNE DEMARTINO, ROSE WILSON, TIFFANIE HOOD, GEORGE and CYNDI FLOYD, and DIANA TREVINO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A.<br><br>Defendants. | **Case No. No. 18-cv-07354-WHA**<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES** |

**PROPOUNDING PARTY: PLAINTIFFS**

**RESPONDING PARTY:    DEFENDANT WELLS FARGO BANK, N.A.**

**SET NUMBER:              TWO (2)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") hereby objects and responds to Plaintiffs' Second Set of Interrogatories. Defendant reserves the right to supplement, modify, or amend these responses up to and through the time of trial.

## RESPONSES & OBJECTIONS

### INTERROGATORY NO. 7

State the monthly payment amount (both the trial period payment amount and permanent modified payment amount) that would have been due from each class member under the mortgage modification that each class member would have been approved for, had You not made the calculation error(s) described in Wells Fargo & Company's Form 10-Q for the quarterly period ending on September 30, 2018, as well as how You arrived at those amounts and the regulation, statute, and/or guidance that governed your calculation of those amounts.

### RESPONSE TO INTERROGATORY NO. 7

Defendant objects that Plaintiffs are seeking information without regard as to whether it is relevant to Plaintiffs' claims or Defendant's defenses at issue in this lawsuit, and thus exceeds the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure. Defendant objects to this Interrogatory on the ground that it is unduly burdensome. Defendant further objects to the term "class members" as vague and ambiguous given that the First Amended Complaint defines multiple putative classes and sub-classes.

Defendant further objects that the request for "permanent modified payment amount that would have been due" for each Plaintiff seeks information based on an unfounded presupposition that any Plaintiff would have completed the trial period payments and qualified for a permanent modification.

Subject to and without waiving these objections, Defendant states the following with respect to the Named Plaintiffs in this action:

| Named Plaintiff(s) | Trial Period Monthly Payment Amount | Explanation of Calculation |
|---|---|---|
| FLOYD, GEORGE & CYNDI | $1,257.01 | 1. Subtract $6,406 in Recoverable Expenses from the modified unpaid principal balance ("UPB"). <br> 2. Re-amortize the loan to determine if a 10% payment reduction is met. <br> * Applicable policy: WFHM FNMA Non-HAMP Home Preservation Guidelines (effective 10/11/2011) |
| HERNANDEZ, ALICIA | $651.43 | 1. Subtract $4,674 in Recoverable Expenses from the modified UPB. <br> 2. Re-amortize the loan to determine if the P&I payment decreases. <br> * Applicable policy: Freddie Mac Non-HAMP Home Preservation Program (effective 11/1/2013) |
| GRANJA, DEBORA | $2,586.41 | 1. Subtract $2,140 in Recoverable Expenses from the modified UPB. <br> 2. Re-amortize the loan to determine if the P&I payment decreases. <br> * Freddie Mac Non-HAMP Home Preservation Program (effective 11/1/2013) |
| LINDNER, KEITH | $902.55 or $909.19 | 1. Subtract $2,140 in Recoverable Expenses from the total debt. <br> 2. Forbear principal up to 30% of UPB or down to LTV of 115%. <br> 3. Re-amortize the loan to determine if the P&I payment decreases. <br> * Applicable policy: WFHM FNMA Non-HAMP Home Preservation Guidelines (effective 5/31/2012) <br> **Borrower not Impacted – payment reduction not achieved in either calculation** |
| WILSON, ROSE | $804.53 | 1. Subtract $6,021 in Recoverable Expenses from the modified UPB. <br> 2. Re-amortize the loan to determine if the P&I payment decreases. <br> * Wells Fargo FNMA Non-HAMP Home Preservation Guidelines (effective 12/28/2012) |
| WHITE, EMMA | $678.44 | 1. Replace $2,927.50 in Pending RECO Fees with the correct amount ($0) to determine what the correct Total Partial Claim Amount would have been. <br> 2. Determine the max partial claim available. Calculate 30% of the pre-modification UPB less any prior partial claims. Amortize the modified UPB with the modified rate and term to identify the new housing ratio. <br> 3. Compare corrected partial claim amount (step 1) to the max partial claim available (step 2). Corrected partial claim is less than max partial claim available. |

| Named Plaintiff(s) | Trial Period Monthly Payment Amount | Explanation of Calculation |
|---|---|---|
| | | * Applicable policy: HAMP Policies For FHA Loans (effective 9/30/2013) |
| DEMARTINO, JOHN & YVONNE | $7,024.87 | 1. Subtract $2,167.50 in Pending RECO Fees from total arrearage, add back in correct Pending RECO Fees ($80.02). This calculation provides the correct arrearage.<br>2. Subtract any suspense funds ($0).<br>3. Divide the correct arrearage by 5. The result is the new monthly arrearage payment adjustment used to qualify a repayment plan.<br>4. Determine available surplus for the RPP by calculating 85% of the Remaining Surplus.<br>5. Answer to #4 is greater than answer to #3, so the available surplus is enough to meet the repayment plan requirements.<br>6. Add new monthly arrearage payment adjustment amount to Total Monthly Payment.<br>* Applicable policy: FHA Non-HAMP Home Preservation Program (effective 7/3/2013)<br>** **Borrower not Impacted – property was non-owner occupied and ineligible for RPP for this reason** |
| TREVINO, DIANA | $780.47 | 1. Replace $3,258.44 in Pending RECO Fees with the correct amount ($0) to determine what the correct Total Partial Claim Amount would have been.<br>2. Determine the max partial claim available. Calculate 30% of pre-modification UPB less any prior partial claims. Amortize the new post-modification UPB with the post-modification rate and term to identify the new housing ratio.<br>3. Compare corrected partial claim amount (step 1) to the max partial claim available (step 2).  Corrected partial claim is less than max partial claim available.<br>* Applicable policy: HAMP Policies for FHA Loans (effective 9/30/2013)<br>** The corrected monthly payment also reflects an escrow arrearage adjustment. |
| FRYE, TROY | $1,599.79 | 1. Subtract $900.00 in Pending RECO Fees from total arrearage, add back in correct Pending RECO Fee ($0). This calculation provides the correct arrearage.<br>2. Subtract any suspense funds ($0).<br>3. Divide the correct arrearage by 6. The result is the new monthly arrearage payment adjustment used to qualify a repayment plan. |

| Named Plaintiff(s) | Trial Period Monthly Payment Amount | Explanation of Calculation |
|---|---|---|
| | | 4. Determine available surplus for the RPP by calculating 85% of the Remaining Surplus.<br>5. Answer to #4 is greater than answer to #3, so the available surplus is enough to meet the repayment plan requirements.<br>6. Add new monthly arrearage payment adjustment amount to Total Monthly Payment.<br>\* Applicable policy: FHA Non-HAMP Home Preservation Program (effective 12/23/2013) |
| TEAGUE, COSZETTA & BROWN, IESHA | $873.88 | 1. Replace $195.00 in Pending RECO Fees with the correct Pending Fee amount ($0) to determine what the correct Total Partial Claim Amount would have been.<br>2. Determine the max partial claim available. Calculate 30% of pre-modification UPB less any prior partial claims. Amortize the new post-modification UPB with the post-modification rate and term to identify the new housing ratio.<br>3. Compare corrected partial claim amount (step 1) to the max partial claim available (step 2). Corrected partial claim is less than max partial claim available.<br>\* Applicable policy: HAMP Policies for FHA Loans (effective 12/6/2013)<br>\*\* The corrected monthly payment also reflects an escrow arrearage adjustment. |
| HOOD, TIFFANIE | $848.18 | 1. Replace $5,631.00 in Pending RECO Fees with the correct Pending Fee amount ($1,766.80) to determine what the correct Total Partial Claim Amount would have been.<br>2. Determine the max partial claim available. Calculate 30% of pre-modification UPB less any prior partial claims. Amortize the new post-modification UPB with the post-modification rate and term to identify the new housing ratio.<br>3. Compare corrected partial claim amount (step 1) to the max partial claim available (step 2). Corrected partial claim is less than max partial claim available.<br>\* Applicable policy: HAMP Policies for FHA Loans (effective 7/3/2013)<br>\*\* The corrected monthly payment also reflects a principal reduction for which borrower would have been eligible. |

| Named Plaintiff(s) | Trial Period Monthly Payment Amount | Explanation of Calculation |
|---|---|---|
| SIMONEAUX, RUSSELL & BRENDA | $271.99 | 1. Replace $200.00 in Pending RECO Fees with the correct Pending Fee amount ($0) to determine what the correct Total Partial Claim Amount would have been.<br>2. Determine the max partial claim available. Calculate 30% of pre-modification UPB less any prior partial claims. Amortize the new post-modification UPB with the post-modification rate and term to identify the new housing ratio.<br>3. Compare corrected partial claim amount (step 1) to the max partial claim available (step 2).  Corrected partial claim is less than max partial claim available.<br>* Applicable policy: HAMP Policies For FHA Loans (effective 7/3/2013) |

## INTERROGATORY NO. 8

For each class member, state the date on which you made the calculation error(s) described in Wells Fargo & Company's Form 10-Q for the quarterly period ending on September 30, 2018, and whether the error was a wrongful denial of a HAMP modification or other type of modification.

## RESPONSE TO INTERROGATORY NO. 8

Defendant objects to the term "class members" as vague and ambiguous given that the First Amended Complaint defines multiple putative classes and sub-classes.  Defendant further objects to the term "HAMP modification" as vague and ambiguous.

Subject to and without waiving these objections, Defendant states the following with respect to the Named Plaintiffs in this action:

| Named Plaintiff(s) | Date of Calculation Error | Trial Modification Denied |
|---|---|---|
| FLOYD, GEORGE & CYNDI | 11/18/2011 | FNMA NEW MOD |
| HERNANDEZ, ALICIA | 12/03/2013 | FHLMC STREAMLINED MOD |
| GRANJA, DEBORA | 12/13/2013 | FHLMC STREAMLINED MOD |
| LINDNER, KEITH | 07/10/2012 | ALT MOD 3.0 |

| Named Plaintiff(s) | Date of Calculation Error | Trial Modification Denied |
|---|---|---|
| WILSON, ROSE | 01/09/2013 | ALT MOD 3.0 |
| WHITE, EMMA | 10/31/2013 | HAMP |
| DEMARTINO, JOHN & YVONNE | 07/25/2013 | SPECIAL FORBEARANCE RPP |
| TREVINO, DIANA | 11/19/2013 | HAMP |
| FRYE, TROY | 03/03/2014 | SPECIAL FORBEARANCE RPP |
| TEAGUE, COSZETTA BROWN, IESHA | 12/12/2013 | HAMP |
| HOOD, TIFFANIE | 08/14/2013 | HAMP |
| SIMONEAUX, RUSSELL & BRENDA | 08/22/2013 | HAMP |

**INTERROGATORY NO. 9**

State the date, location, and attendees of each meeting of Your (Wells Fargo Bank's) Board of Directors from January 1, 2011 to December 31, 2018, as well as the general subject matter of those meetings and how long the meetings lasted.

**RESPONSE TO INTERROGATORY NO. 9**

Defendant objects to this Interrogatory on the ground that Plaintiffs are seeking information without regard as to whether it is relevant to Plaintiffs' claims or Defendant's defenses at issue in this lawsuit, and thus exceeds the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure.  Defendant further objects to this Interrogatory on the grounds that it is overbroad and disproportionate to the claims and defenses in this case.  Defendant further objects to the extent that the Interrogatory seeks information protected by the attorney-client privilege and/or bank examination privilege.

**INTERROGATORY NO. 10**

State the names of all individuals who served on Your (Wells Fargo Bank's) Board of Directors from January 1, 2011 to December 31, 2018, the titles of those individuals (such as what committees they were on as well as any other positions they held within Wells Fargo & Company and Wells Fargo Bank), and the locations of the Board of Directors meetings they attended (and if they attended by

phone, from which city and state).

**RESPONSE TO INTERROGATORY NO. 10**

Defendant objects to this Interrogatory on the ground that Plaintiffs are seeking information without regard as to whether it is relevant to Plaintiffs' claims or Defendant's defenses at issue in this lawsuit, and thus exceeds the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure. Defendant further objects to this Interrogatory on the grounds that it is overbroad and disproportionate to the claims and defenses in this case.

Subject to and without waiving these objections, Defendant states the following are individuals who served on Wells Fargo Bank, N.A.s' Board of Directors ("Board") from January 1, 2011 through December 31, 2018. Further, the dates they were elected to the Board and the dates they resigned from the Board are provided as follows:

| Name | Date elected to Board | Date of Resignation from Board |
|---|---|---|
| Carrie L. Tolstedt | 3/2/2001 | 12/31/2014 |
| Howard I. Atkins | 8/14/2001 | 2/8/2011 |
| Mark Craig Oman | 11/21/2003 | 8/11/2011 |
| David A. Hoyt | 11/21/2003 | 5/15/2014 |
| John G. Stumpf | 11/21/2003 | 10/12/2016 |
| Michael J. Loughlin | 4/26/2006 | 12/31/2014 |
| Timothy J. Sloan | 5/10/2011 | 12/31/2014 |
| Timothy J. Sloan | 10/12/2016 | 3/28/2019 |
| Michael J. Heid | 8/11/2011 | 12/31/2014 |
| Avid Modjtabai | 8/22/2011 | 12/31/2014 |
| Nicholas G. Moore | 1/1/2013 | 12/31/2014 |
| Philip J. Quigley | 1/1/2013 | 12/31/2014 |
| John R. Shrewsberry | 5/15/2014 | 12/31/2014 |
| Judith M. Runstad | 1/1/2015 | 4/25/2016 |
| Cynthia H. Milligan | 1/1/2015 | 12/31/2017 |

| | | |
|---|---|---|
| Stephen W. Sanger | 1/1/2015 | 12/31/2017 |
| Lloyd H. Dean | 1/1/2015 | 4/11/2018 |
| Enrique Hernandez Jr. | 1/1/2015 | 4/11/2018 |
| Federico F. Pena | 4/25/2016 | 4/12/2018 |
| Karen B. Peetz | 2/15/2018 | 4/23/2019 |
| James H. Quigley | 1/1/2015 | N/A |
| Theodore F. Craver, Jr. | 4/5/2018 | N/A |
| Maria R. Morris | 4/5/2018 | N/A |

**INTERROGATORY NO. 11**

For all individuals that You list in Your response to Interrogatory No. 10, state those individuals' current contact information, as well as the city and state where those individuals' jobs were during the period(s) they served on the Board of Directors.

**RESPONSE TO INTERROGATORY NO. 11**

Defendant objects to this Interrogatory on the ground that Plaintiffs are seeking information without regard as to whether it is relevant to Plaintiffs' claims or Defendant's defenses at issue in this lawsuit, and thus exceeds the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure. Defendant further objects to the Interrogatory on the ground that it seeks information for which the disclosure would constitute an invasion of privacy.

Subject to and without waiving these objections, Defendant states that such individuals may be contacted through counsel for Wells Fargo Bank, N.A.

**INTERROGATORY NO. 12**

State the date, location and attendees of each meeting of Your (Wells Fargo Bank's) Compliance Committee from January 1, 2011 to December 31, 2018, as well as the general subject matter of those meetings and how long the meetings lasted.

**RESPONSE TO INTERROGATORY NO. 12**

Defendant objects to this Interrogatory on the ground that Plaintiffs are seeking information

without regard as to whether it is relevant to Plaintiff's claims or Defendant's defenses at issue in this lawsuit, and thus exceeds the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure.  Defendant further objects to this Interrogatory on the grounds that it is overbroad and disproportionate to the claims and defenses in this case.  Defendant further objects to the extent that the Interrogatory seeks information protected by the attorney-client privilege and/or bank examination privilege.

**INTERROGATORY NO. 13**

State the names of all individuals who served on Your (Wells Fargo Bank's) Compliance Committee from January 1, 2011 to December 31, 2018, the titles of those individuals (such as what other committees they were on as well as any other positions they held within Wells Fargo & Company and Wells Fargo Bank), and the locations of the Compliance Committee meetings they attended (and if they attended by phone, from which city and state).

**RESPONSE TO INTERROGATORY NO. 13**

Defendant objects to this Interrogatory on the ground that Plaintiffs are seeking information without regard as to whether it is relevant to Plaintiff's claims or Defendant's defenses at issue in this lawsuit, and thus exceeds the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure.  Defendant further objects to this Interrogatory on the grounds that it is overbroad and disproportionate to the claims and defenses in this case.

Subject to and without waiving these objections, Defendant states that the following individual served on Wells Fargo Bank, N.A.'s Compliance Committee from January 1, 2011 to December 31, 2018:

| Effective Date | Committee Members |
| --- | --- |
| April 2011 - December 2011 | John D. Baker II (Chair)<br>Susan E. Engel<br>Michael J. Loughlin<br>Judith M. Runstad |
| January 2012 - December 2012 | John D. Baker II (Chair)<br>Susan E. Engel<br>Michael J. Loughlin<br>Judith M. Runstad |
| January 2013 - December 2013 | John D. Baker II (Chair)<br>Susan E. Engel |

| Effective Date | Committee Members |
|---|---|
|  | Michael J. Loughlin<br>Judith M. Runstad |
| January 2014 - December 2014 | John D. Baker II (Chair)<br>Susan E. Engel<br>Michael J. Loughlin<br>Judith M. Runstad |
| January 2015 - December 2015 | John D. Baker II (Chair)<br>Susan E. Engel<br>Michael J. Loughlin<br>Judith M. Runstad |
| January 2016 - March 2016 | John D. Baker II (Chair)<br>Susan E. Engel<br>Michael J. Loughlin<br>Judith M. Runstad |
| April 2016 – May 2016 | John D. Baker II (Chair)<br>Susan E. Engel<br>Michael J. Loughlin |

**INTERROGATORY NO. 14**

For all individuals that you list in Your response to Interrogatory No. 13, state those individuals' current contact information, as well as the city and state where those individuals' jobs were during the period(s) they served on the Compliance Committee.

**RESPONSE TO INTERROGATORY NO. 14**

Defendant objects to this Interrogatory on the ground that Plaintiffs are seeking information without regard as to whether it is relevant to Plaintiff's claims or Defendant's defenses at issue in this lawsuit, and thus exceeds the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure. Defendant further objects to the Interrogatory on the ground that it seeks information for which the disclosure would constitute an invasion of privacy.

Subject to and without waiving these objections, Defendant states that such individuals may be contacted through counsel for Wells Fargo Bank, N.A.

Dated: August 1, 2019                    WINSTON & STRAWN LLP

                                         By:  */s/ Amanda L. Groves*
                                              Amanda L. Groves
                                              Kobi K. Brinson (*pro hac vice*)

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# CERTIFICATE OF SERVICE

**United States District Court for the Northern District of California**

**Case No. 3:18-cv-07354-WHA**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 333 S. Grand Avenue, Los Angeles, CA 90071-1543. On August 1, 2019, I served the following document:

**DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

☒ by placing a copy of the document listed above in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, CA addressed as set forth below.

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

☒ by electronically transmitting a copy of the document listed above via email to the addressees as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), or Local Rule of Court, or court order. No error messages were received after said transmission.

**RICHARD M. PAUL, III**
**PAUL LLP**
**601 WALNUT STREET, SUITE 300**
**KANSAS CITY, MO 64106**
**816-984-8103**
**FAX: 816-984-8101**
**EMAIL: rick@paulllp.com**

**ASHLEA GAYLE SCHWARZ**
**PAUL LLP**
**601 WALNUT STREET, SUITE 300**
**KANSAS CITY, MO 64106**
**816-984-8100**
**FAX: 816-984-8101**
**EMAIL:** ashlea@paulllp.com

**MICHAEL LAWRENCE SCHRAG**
**GIBBS LAW GROUP LLP**
**505 14TH STREET, SUITE 1110**
**OAKLAND, CA 94612**
**510-350-9700**
**FAX: 510-350-9701**
**EMAIL:** mls@classlawgroup.com

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

1  Signed: *Shawn R. Obi*
        Shawn R. Obi
2

3  Dated: August 1, 2019