# EXHIBIT 16

**SURVEY OF VARIATIONS IN STATE LAWS AFFECTING THE DETERMINATION OF WHETHER A CONTRACTUAL AMBIGUITY EXISTS, AND THE RESOLUTION OF ANY AMBIGUITY**

State laws differ regarding whether and when a court will consider extrinsic evidence to determine whether a contractual ambiguity exists. Ambiguity Survey, Part I. Many states, such as Alabama, Tennessee, Delaware, Florida, Georgia, Hawaii, Indiana, Mississippi, Missouri, Virginia, and others, follow a general rule that an unambiguous contract must be construed in accordance with its plain meaning without resort to extrinsic evidence. *Id.* at Part I(A). Other states, such as Alaska, Arizona, California, Colorado, and Michigan, will routinely consider extrinsic evidence from the parties to determine whether a contract is ambiguous. *Id.* at Part I(B). Still other states may employ varying exceptions as to whether they will consider extrinsic evidence to determine whether a contract is ambiguous. *See, e.g., id.* at Part I(C) (citing Idaho (term of art exception), Maryland (facts and circumstances at time of execution), and others).

Among those states that may allow extrinsic evidence to demonstrate an ambiguity, state laws also differ regarding the type of evidence the court may consider. *See id.* at Part II (citing, *inter alia,* Arizona (negotiation, prior understandings, and subsequent conduct); Colorado (local usage and circumstances of formation, but not extrinsic expressions of intent); Maryland (circumstances at the time of execution); Washington (circumstances under which contract was made *and* subsequent conduct of parties)). Many states, including Alabama, Florida, South Carolina, and others, recognize a distinction between patent and latent ambiguities. *See id.* at Part III(A). Some states, such as Rhode Island and West Virginia, appear to limit the recognition of latent ambiguities to certain types of contracts, such as wills and trusts. *Id.* Other states consider the distinction between patent and latent ambiguities immaterial for purposes of determining whether to admit extrinsic evidence. *Id.* (citing Georgia, Iowa, Kansas, and others).

If a contract is ambiguous, state laws differ markedly regarding the process of resolving the ambiguity. *Id.* at Part IV(A). For example, in Colorado and various other states, resolution of an ambiguity in a contract is "an issue of fact to be determined in the same manner as other factual issues." *Id.* (quoting *E. Ridge of Fort Collins, LLC v. Larimer & Weld Irrigation Co.,* 109 P.3d 969, 974 (Colo. 2005). The laws of Florida, Maine, and Missouri are similar. In other states, such as Texas and Georgia, common law or statutory rules of contract construction first may be employed to resolve the ambiguity, and if the trial court does not resolve the ambiguity employing these rules, the meaning of the contract then becomes an issue for the fact finder. *Id.* Wyoming has expressly held that the interpretation of an ambiguous contract is a "mixed question of law and fact." *Id.* at Part IV(C) (quoting *Hoff v. City of Casper-Natrona Cnty. Health Dep't,* 33 P.3d 99, 103 (Wyo. 2001)).

Finally, some states, such as Florida and New York, will only apply the rule of *contra proferentuni, i.e.*, construing ambiguous terms against the drafter, as a last resort or after extrinsic evidence has not successfully resolved the ambiguity. *Id.* at Part IV(D). Others, such as California, invoke the rule only after an attempt is made to ascertain the reasonable expectations of the parties. *Id.*

I.   **STATE LAWS DIFFER REGARDING WHETHER AND WHEN A COURT WILL CONSIDER EXTRINSIC EVIDENCE TO DETERMINE WHETHER A CONTRACTUAL AMBIGUITY EXISTS**

A.   **States That Do Not Generally Consider Extrinsic Evidence When A Contract Is Unambiguous**

| State | Case Law Citations - Do Not Generally Consider Extrinsic Evidence When A Contract Is Unambiguous |
|---|---|
| Alabama | "If a contract is unambiguous on its face, there is no room for construction and it must be enforced as written. A court may not twist the plain meaning of the terms in a contract to create an ambiguity under the guise of interpretation. . . . It is well established in Alabama that when an instrument is unambiguous its construction and legal effect will be based upon what is found within its four corners. The determination of whether an instrument is ambiguous is a question of law for the court to decide." *Southland Quality Homes, Inc. v. Williams*, 781 So. 2d 949, 953 (Ala. 2000) (citations and internal quotation marks omitted). |
| Arkansas | "Where the meaning of a written contract is ambiguous, parol evidence is admissible to explain the writing." *Hurt-Hoover Invs., LLC v. Fulmer*, 2014 Ark. 461, ¶ 12, 448 S.W.3d 696, 703. |
| Connecticut | "Therefore, because we determine that the integrated agreement contains no ambiguity, we further conclude that the trial court properly determined that extrinsic evidence of conduct was inadmissible to vary the effective date of the agreement." *Alstom Power, Inc. v. Balcke-Durr, Inc.*, 269 Conn. 599, 612-13, 849 A.2d 804, 813 (2004). |
| Delaware | "When the language of a contract is plain and unambiguous, the intent of the parties expressed in that language is binding. If, however, the language of the contract is ambiguous, the court may look to extrinsic evidence to determine the parties' intent." *Local Union 1183 UAW Bldg. Co. v. William Holding, LLC*, 2009 WL 1547217, at *4 (Del. June 2, 2009) (citation and internal quotation marks omitted). |

| State | Case Law Citations - Do Not Generally Consider Extrinsic Evidence When A Contract Is Unambiguous |
|---|---|
| Florida | "As a general rule, in the absence of some ambiguity, the intent of the parties to a written contract must be ascertained from the words used in the contract, without resort to extrinsic evidence." *Wheeler v. Wheeler, Erwin & Fountain, P.A.*, 964 So. 2d 745, 749 (Fla. 1st DCA 2007) (citation omitted). |
| Georgia | "[P]arol evidence may not be considered unless the written instrument is ambiguous." Dorsey v. Atlanta Bd. of Educ., 564 S.E.2d 509, 511 (Ga. Ct. App. 2002) (internal quotation marks omitted). "Where the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties. Such a contract is the only evidence of what the parties intended and understood by it. Parol evidence is not admissible to contradict or construe an unambiguous contract." *Unifund Fin. Corp. v. Donaghue*, 653 S.E.2d 513, 515 (Ga. Ct. App. 2007) (citations omitted). *See also Boling v. Golden Arch Realty Corp.*, 247 S.E.2d 744, 746 (Ga. 1978) ("In any event, where the terms of a contract are unambiguous on their face as they were here, parol evidence may not be used to explain their intent and meaning.") (citation omitted). |
| Hawaii | "[W]e recognize the well-settled principle that courts should not draw inferences from a contract regarding the parties' intent when the contract is definite and unambiguous.  In fact, contractual terms should be interpreted according to their plain, ordinary meaning and accepted use in common speech.  The court should look no further than the four corners of the document to determine whether an ambiguity exists." *United Pub. Workers, AFSCME, Local 646 v. Dawson Int'l, Inc.*, 149 P.3d 495, 508 (Haw. 2006) (citation omitted). |
| Indiana | "Indiana follows the four corners rule that extrinsic evidence is not admissible to add to, vary or explain the terms of a written instrument if the terms of the instrument are susceptible of a clear and unambiguous construction." *Roberts, M.D. v. Only. Hosps. of Ind., Inc.*, 897 N.E.2d 458, 467 (Ind. 2008) (citation and internal quotation marks omitted). |
| Kansas | "When a contract is complete, unambiguous, and free from uncertainty, parol evidence of prior or contemporaneous agreements or understandings tending to vary the terms of the contract evidenced by the writing is inadmissible." *Decatur Cnty. Feed Yard, Inc. v. Fahey*, 974 P.2d 569, 574 (Kan. 1999) (citation omitted). |

| State | Case Law Citations - Do Not Generally Consider Extrinsic Evidence When A Contract Is Unambiguous |
|---|---|
| Kentucky | "[I]n the absence of ambiguity a written instrument will be enforced strictly according to its terms, and a court will interpret the contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence." *Frear v. P.T.A. Indus., Inc.*, 103 S.W.3d 99, 106 (Ky. 2003) (citation and internal quotation marks omitted). |
| Louisiana | "Parol or extrinsic evidence is generally inadmissible to vary the terms of a written contract unless the written expression of the common intention of the parties is ambiguous." *Campbell v. Melton*, 2001-2578 ( La. 05/14/02), 817 So. 2d 69, 75. |
| Maine | "[P]arol evidence is only employed to construe a contractual term if the term is first deemed ambiguous." *Pearse Assocs., LLC v. Perry*, 960 A.2d 1166, 1172 (Me. 2008) (citation omitted). |
| Massachusetts | "By considering the language against the backdrop of a portion of the trial evidence, the judge relied, at least in part, on extrinsic evidence to conclude that there was no ambiguity in the contract to begin with. But extrinsic evidence may be used as an interpretive guide only after the judge or the court determines that the contract is ambiguous on its face or as applied." *Bank v. Thermo Elemental Inc.*, 888 N.E.2d 897, 908 (Mass. 2008). |
| Mississippi | "We must look to the four corners of the contract whenever possible to determine how to interpret it. . . . Only if the contract is unclear or ambiguous can a court go beyond the text to determine the parties' true intent." *One South, Inc. v. Hollowell*, 963 So. 2d 1156, 1162 (Miss. 2007) (citations and internal quotation marks omitted). |

| State | Case Law Citations - Do Not Generally Consider Extrinsic Evidence When A Contract Is Unambiguous |
|---|---|
| Missouri | "Extrinsic evidence of contractual intent, including a determination of the essence of the transaction, is necessary only if the contract contains an ambiguity." *Fall Creek Constr. Co. v. Dir. of Revenue*, 109 S.W.3d 165, 170 (Mo. 2003) (en banc) (citations and internal quotations marks omitted). "Where there is no ambiguity in the contract the intention of the parties is to be gathered from it and it alone, and it becomes the duty of the court and not the jury to state its clear meaning. A court will not resort to construction where the intent of the parties is expressed in clear and unambiguous language for there is nothing to construe. It is only where the contract is ambiguous and not clear that resort to extrinsic evidence is proper to resolve the ambiguity." *J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club*, 491 S.W.2d 261, 264 (Mo. 1973) (en banc) (citations omitted). |
| Nebraska | "When the terms of the contract are clear, a court may not resort to rules of construction, and the terms are to be accorded their plain and ordinary meaning as the ordinary or reasonable person would understand them." *Thrower v. Anson*, 752 N.W.2d 555, 561 (Neb. 2008) (citations omitted). |
| New Hampshire | "Absent fraud, duress, mutual mistake, or ambiguity, we must restrict our search for the parties' intent to the words of the contract. Accordingly, we will reverse the determination of the fact finder where, although the terms of the agreement are unambiguous, the fact finder has improperly relied upon extrinsic evidence in reaching a determination contrary to the unambiguous language of the agreement." *Sherman v. Graciano*, 872 A.2d 1045, 1047-48 (N.H. 2005) (citations omitted). |
| New York | "[W]here the terms of a contract are clear and unambiguous, the intent of the parties must be found within the four corners of the document and extrinsic evidence is not to be considered." *Osprey Partners, LLC v. Bank of N.Y. Mellon Corp.*, 982 N.Y.S.2d 119, 120 (App. Div. 2014) (citations and internal quotation marks omitted). |
| North Carolina | "[I]f the plain language of a contract is clear, the intention of the parties is inferred from the words of the contract. It is well-established law that, when a contract is plain and unambiguous on its face, it will be interpreted by the courts as a matter of law . . . and the court's only duty is to determine the legal effect of the language used and to enforce the agreement as written." *Helms v. Schultze*, 588 S.E.2d 524, 527 (N.C. Ct. App. 2003) (citations omitted). "Parol evidence is admissible . . . only if the writing is found to contain an ambiguity." *Lattimore v. Fisher's Food Shoppe, Inc.*, 329 S.E.2d 346, 350 (N.C. 1985) (citation omitted). |

| State | Case Law Citations - Do Not Generally Consider Extrinsic Evidence When A Contract Is Unambiguous |
|---|---|
| North Dakota | "If a written contract is unambiguous, extrinsic evidence is not admissible to contradict the written language." *Langer v. Bartholomay*, 745 N.W.2d 649, 655 (N.D. 2008) (citation omitted). |
| Oklahoma | "There is no need to resort to extrinsic evidence to ascertain a contract's meaning where its language is clear and explicit. When a contract is reduced to writing, the parties' intent is to be ascertained from the writing alone whenever possible." *Campbell v. Indep. Sch. Dist. No. 01 of Okmulgee Cnty.*, 77 P.3d 1034, 1039 (Okla. 2003) (citations omitted). |
| Oregon | "The consensus among Oregon courts is that they are opposed to considering extrinsic evidence to determine the parties' intent unless an ambiguity is apparent from the four corners of the document." *Webb v. Nat'l Union Fire Ins. Co.*, 207 F.3d 579, 582 (9th Cir. 2000). *See also Yogman v. Parrott*, 937 P.2d 1019, 1021 (Or. 1997) ("First, the court examines the text of the disputed provision, in the context of the document as a whole. If the provision is clear, the analysis ends."). |
| Pennsylvania | "When the terms of a contract are clear and unambiguous, the intent of the parties is to be ascertained from the document itself." Ins. *Adjustment Bureau, Inc. v. Allstate Ins. Co.*, 905 A.2d 462, 468 (Pa. 2006). "Only where a contract's language is ambiguous may extrinsic or parol evidence be considered to determine the intent of the parties." *Murphy v. Duquesne Univ. of the Holy Ghost*, 777 A.2d 418, 429 (Pa. 2001). |
| Rhode Island | "[B]efore the trial justice may look to extrinsic evidence an ambiguity must be found in the terms of the contract." *Merrimack Mut. Fire Ins. Co. v. Dufault*, 958 A.2d 620, 624-25 (R.I. 2008) (citation omitted). |

| State | Case Law Citations - Do Not Generally Consider Extrinsic Evidence When A Contract Is Unambiguous |
|---|---|
| South Carolina | "If the contract's language is clear and unambiguous, the language alone determines the contract's force and effect. When a contract is unambiguous a court must construe its provisions according to the terms the parties used; understood in their plain, ordinary, and popular sense." *Schulmeyer v. State Farm Fire & Cas. Co.*, 579 S.E.2d 132, 134 (S.C. 2003) (citation omitted). *See also McGill v. Moore*, 672 S.E.2d 571, 576 (S.C. 2009) ("Where a written instrument is unambiguous, parol evidence is inadmissible to ascertain the true intent and meaning of the parties.") (citation omitted). |
| South Dakota | "When the meaning of contractual language is plain and unambiguous, construction is not necessary. If a contract is found to be ambiguous the rules of construction apply. If the contract is plain and unambiguous extrinsic evidence is not considered because the intent of the parties can be derived from within the four corners of the contract." *Kernelburner, L.L.C., v. Mitchhart Mfg., Inc.*, 765 N.W.2d 740, 742 (S.D. 2009) (citations omitted). |
| Tennessee | "In interpreting contractual language, courts look to the plain meaning of the words in the document to ascertain the parties' intent. . . . If the language is clear and unambiguous, the literal meaning controls the outcome of the dispute." *AllState Ins. Co. v. Watson*, 195 S.W.3d 609, 611 (Tenn. 2006) (citation omitted). "Thus courts prohibit the introduction of parol evidence where a contract is unambiguous on its face." *Sec. Fire Prot. Co. v. Huddleston*, 138 S.W.3d 829, 836 (Tenn. Ct. App. 2003) (citation omitted). |
| Utah | "Where the language within the four corners of the contract is unambiguous, the parties' intentions are determined from the plain meaning of the contractual language, and the contract may be interpreted as a matter of law. Only if the language of the contract is ambiguous will we consider extrinsic evidence of parties' intent." *Café Rio, Inc. v. Larkin-Gifford-Overton, LLC*, 207 P.3d 1235, 1240 (Utah 2009) (citation and internal quotation marks omitted). *But see Daines v. Vincent*, 190 P.3d 1269, 1277 (Utah 2008) ("[A] judge [must] first review relevant extrinsic evidence offered to demonstrate that there is in fact an ambiguity.  After reviewing the evidence offered, the . . . rule justifies a finding of ambiguity only if the competing interpretations are reasonably supported by the language of the contract.") (citation and internal quotation marks omitted). |
| Virginia | "The venerable parol evidence rule requires a court to construe a document according to its plain terms if it is clear and unambiguous on its face.  In such a case, the court will not look for meaning beyond the instrument itself." *Ott v. L & J Holdings, LLC*, 654 S.E.2d 902, 905 (Va. 2008). |

| State | Case Law Citations - Do Not Generally Consider Extrinsic Evidence When A Contract Is Unambiguous |
|---|---|
| West Virginia | "Extrinsic evidence may be used to aid in the construction of a contract if the matter in controversy is not clearly expressed in the contract, and in such case the intention of the parties is always important and the court may consider parol evidence in connection therewith with regard to conditions and objections relative to the matters involved. However, where the language of a contract is clear the language cannot be construed and must be given effect and no interpretation thereof is permissible." *Supervalu Operations, Inc. v. Ctr. Design, Inc.*, 524 S.E.2d 666, 670-671 (W. Va. 1999) (citation omitted). |
| Wisconsin | "If the agreement is not ambiguous, ascertaining the parties' intent ends with the four corners of the contract, without consideration of extrinsic evidence." *Stone v. Acuity*, 747 N.W.2d 149, 163 (Wis. 2008) (citation omitted). |

**B.      States That Will Consider Extrinsic Evidence To Determine Whether A Contract Is Ambiguous**

| State | Case Law Citations - Will Consider Extrinsic Evidence To Determine Whether A Contract Is Ambiguous |
|---|---|
| Alaska | "In the context of contract interpretation, we have departed from the "cumbersome" traditional parol evidence rule by allowing the use of extrinsic evidence without the need for a preliminary finding that a contract is facially ambiguous." *Estate of Smith v. Spinelli*, 216 P.3d 524, 530 (Alaska 2009). "Alaska courts may use extrinsic evidence regarding the intent of the parties to interpret a contract regardless of whether the contract appears to be ambiguous on its face or not." *Municipality of Anchorage v. Gentile*, 922 P.2d 248, 258-59 (Alaska 1996) (citations and internal quotation marks omitted). |
| Arizona | "The better rule is that the judge first considers the offered evidence and, if he or she finds that the contract language is reasonably susceptible to the interpretation asserted by its proponent, the evidence is admissible to determine the meaning intended by the parties." *Taylor v. State Farm Mut. Auto. Ins. Co.*, 854 P.2d 1134, 1140-41 (Ariz. 1993) (citations omitted). |
| California | "The test of admissibility of extrinsic evidence to explain the meaning of a written instrument is not whether it appears to the court to be plain and unambiguous on its face, but whether the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible." *Pac. Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co.*, 442 P.2d 641, 644 (Cal. 1968) (citations omitted). |
| Colorado | "To decide whether a contract is ambiguous, a court may consider extrinsic evidence regarding the meaning of the written terms, including evidence of local usage and of the circumstances surrounding the making of the contract. The court may not, however, consider the parties' extrinsic expressions of intent." *Pub. Serv. Co. of Colo. v. Meadow Island Ditch Co.* No. 2, 132 P.3d 333, 339 (Colo. 2006) (en banc) (citation omitted). |

| State | Case Law Citations - Will Consider Extrinsic Evidence To Determine Whether A Contract Is Ambiguous |
|---|---|
| Iowa | "[A]ny determination of meaning or ambiguity should only be made in the light of relevant evidence of the situation and relations of the parties, the subject matter of the transaction, preliminary negotiations and statements made therein, usages of trade, and the course of dealing between the parties." *Pillsbury Co. v. Wells Dairy, Inc.*, 752 N.W.2d 430, 436 (Iowa 2008) (citation omitted). |
| Michigan | "Because the detection of a latent ambiguity requires a consideration of factors outside the instrument itself, extrinsic evidence is obviously admissible to prove the existence of the ambiguity, as well as to resolve any ambiguity proven to exist." *City of Grosse Pointe Park v. Mich. Mun. Liab. & Prop. Pool*, 702 N.W.2d 106, 113 (Mich. 2005) (citation omitted). |
| Montana | "[Parol] evidence is considered by the court to enable it to determine whether the contract or clause is ambiguous; if it is not, the inquiry ends and parol evidence is kept from the jury." *Mary I Baker Revocable Trust v. Cenex Harvest States, Coops., Inc.*, 164 P.3d 851, 866 (Mont. 2007) (citations omitted). |
| New Jersey | "[W]e permit a broad use of extrinsic evidence to achieve the ultimate goal of discovering the intent of the parties. Extrinsic evidence may be used to uncover the true meaning of contractual terms. It is only after the meaning of the contract is discerned that the parol evidence rule comes into play to prohibit the introduction of extrinsic evidence to vary the terms of the contract." *Conway v. 287 Corporate Ctr. Assocs.*, 901 A.2d 341, 347 (N.J. 2006) (citations omitted). |
| New Mexico | "In abandoning reliance only on the four-corners approach, courts are now allowed to consider extrinsic evidence in determining whether an ambiguity exists in the first instance, or to resolve any ambiguities that a court may discover. . . . [W]e stated that a court may consider extrinsic evidence to make its preliminary finding on questions of ambiguity." *Ponder v. State Farm Mut. Auto. Ins. Co.*, 12 P.3d 960, 965 (N.M. 2000) (citation omitted). |

| State | Case Law Citations - Will Consider Extrinsic Evidence To Determine Whether A Contract Is Ambiguous |
|---|---|
| Vermont | "The court may consider limited extrinsic evidence of circumstances surrounding the making of the agreement in determining whether the writing is ambiguous, which is a question of law for the court in the first instance." *Hall v. State*, 54 A.3d 993, 999 (Vt. 2012); *see also Isbrandtsen v. N. Branch Corp.*, 556 A.2d 81, 84 (Vt. 1988) ("[W]e believe it appropriate, when inquiring into the existence of ambiguity, for a court to consider the circumstances surrounding the making of the agreement."). |
| Washington | "[A] party may offer extrinsic evidence in a contract dispute to help the fact finder interpret a contract term and determine the contracting parties' intent regardless of whether the contract's terms are ambiguous." *Brogan & Anensen LLC v. Lamphiear*, 202 P.3d 960, 961 (Wash. 2009) (en banc) (citation omitted). |

**C.**     **States That Are Unclear or Employ Varying Exceptions As To Whether They Will Consider Extrinsic Evidence To Determine Whether A Contract Is Ambiguous**

| State | Case Law Citations - Unclear or Employ Varying Exceptions As To Whether They Will Consider Extrinsic Evidence To Determine Whether A Contract Is Ambiguous |
|---|---|
| District of Columbia | "[B]ecause we follow the "objective" law of contracts, we will not inquire beyond contractual terms unless the language of the agreement is ambiguous. In other words, absent ambiguity, we enforce written contracts according to their terms." *Dyer v. Bilaal*, 983 A.2d 349, 361 (D.C. 2009). *But see Patterson v. District of Columbia*, 795 A.2d 681, 683 (D.C. 2002) ("However, in deciding whether the contract language is susceptible of clear meaning, we look to the contract language itself, and ask ourselves generally "what a reasonable person in the position of the parties would have thought the disputed language meant. Using this approach, the objective reasonable person assessing the contract's language is presumed to know all the circumstances before and contemporaneous with the making of the agreement, and extrinsic evidence is admissible to determine the nature of those circumstances. This reasonableness determination involving an evaluation of the surrounding circumstances is to be applied whether the contract's language appears ambiguous or not.") (citations and internal quotation marks omitted). "Admittedly, our cases have not been a model of clarity in explaining the parol evidence rule." *Abdelrhman v. Ackerman*, 76 A.3d 883, 888 (D.C. 2013) (citations omitted). |
| Idaho | "If the language used by the parties is plain, complete, and unambiguous, the intention of the parties must be gathered from that language, and from that language alone, no matter what the actual or secret intentions of the parties may have been .... Only when the language of the contract is ambiguous may a court turn to extrinsic evidence of the contracting parties' intent." *Swanson v. BECO Const. Co.*, 175 P.3d 748, 752-53 (Idaho 2007). *But see JR. Simplot Co. v. Rycair, Inc.*, 67 P.3d 36, 41 (Idaho 2003) ("Parol evidence, of course, may be received to interpret a term of art used within a contract.") (citation omitted). |
| Illinois | "This court, however, has never formally adopted the provisional admission approach, and we decline to do so today because the contract in the case before us contains an explicit integration clause." *Air Safety, Inc. v. Teachers Realty Corp.*, 706 N.E.2d 882, 885 (Ill. 1999) "When there is no ambiguity in the policy, any evidence beyond the four corners of the policy should not be considered." *See e.g., USG Corp. v. Sterling Plumbing Grp., Inc.*, 617 N.E.2d 69, 71 (Ill. App. Ct. 1993) ("A court may consider extrinsic evidence provisionally for the limited purpose of determining whether an ambiguity exists.") (citation omitted). Other Illinois courts, however, have applied the 'provisional' approach to contract interpretation. *See, e.g. Ahsan v. Eagle, Inc.*, 287 Ill. App. 3d 788, 790, 223 Ill. Dec. 107, 110, 678 N.E.2d 1238, 1241 (1997). |

| State | Case Law Citations - Unclear or Employ Varying Exceptions As To Whether They Will Consider Extrinsic Evidence To Determine Whether A Contract Is Ambiguous |
|---|---|
| Maryland | "[T]he law of contracts, absent other considerations not here relevant, permits the use of extrinsic evidence only if the contract is ambiguous on its face." *Kasten Constr. Co. v. Rod Enters., Inc*., 301 A.2d 12, 18 (Md. 1973) (citations omitted). *But see Clendenin Bros., Inc. v. U.S. Fire Ins. Co*., 889 A.2d 387, 393 (Md. Ct. App. 2006) ("When interpreting the meaning of an insurance policy under the first prong of our analytical paradigm, we construe the instrument as a whole to determine the intention of the parties. . . . When interpreting the language of a contract, we accord a word its usual, ordinary and accepted meaning unless there is evidence that the parties intended to employ it in a special or technical sense. Additionally, Maryland state courts examine the character of the contract, its purpose, and the facts and circumstances of the parties at the time of execution.") (citations and internal quotation marks omitted). |
| Minnesota | "Under a contract analysis, we first look to the language of the contract and examine extrinsic evidence of intent only if the contract is ambiguous on its face." *Housing & Redevelopment Auth. of Chisholm v. Norman*, 696 N.W.2d 329, 337 (Minn. 2005) (citation omitted). *But see Cut Price Super Mkts. v. Kingpin Foods, Inc*., 98 N.W.2d 257, 268 ("[O]rdinarily, the question whether the language of a contract is ambiguous is one of law for the court, and the extrinsic facts which may be considered in aid of construction are ordinarily questions for the court."); *Kreitzer v. Xethanol Corp*., 2009 WL 113373, at *3 (D. Minn. Jan. 16, 2009) ("Whether a contract is ambiguous is a legal question to be determined by the court. A court may consider acts in performance of a contract to determine its meaning and the parties' intent.") (citations omitted). |
| Nevada | The "California" rule permits provisional receipt of parol evidence to demonstrate that a particular phrase or term in a document, that has a common meaning, was not intended by the parties to have its common meaning. *Kaldi v. Farmers Ins. Exch*., 117 Nev. 273, 282, 21 P.3d 16, 22 (2001). *But see id*. at 21-22 (Nev. 2001) ("[W]here a written contract is clear and unambiguous on its face, extraneous evidence cannot be introduced to explain its meaning.") (citation omitted). |
| Ohio | "Courts resort to extrinsic evidence of the parties' intent only where the language is unclear or ambiguous, or where the circumstances surrounding the agreement invest the language of the contract with a special meaning. The fact that the parties fail to specifically define a term within the contract does not make the term ambiguous. Instead, common, undefined words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or some other meaning is clearly evidenced from the face or overall contents of the instrument." *State ex rel. Petro v. R.J. Reynolds Tobacco Co*., 820 N.E.2d 910, 915 (Ohio 2004) (citations omitted). |

| State | Case Law Citations - Unclear or Employ Varying Exceptions As To Whether They Will Consider Extrinsic Evidence To Determine Whether A Contract Is Ambiguous |
|---|---|
| Texas | "An unambiguous contract will be enforced as written, and parol evidence will not be received for the purpose of creating an ambiguity or to give the contract a meaning different from that which its language imports.  Only where a contract is ambiguous may a court consider the parties' interpretation and admit extraneous evidence to determine the true meaning of the instrument. . . . If a contract is unambiguous, the parol evidence rule precludes consideration of evidence of prior or contemporaneous agreements unless an exception to the parol evidence rule applies." *David I Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450-51 (Tex. 2008) (citations and internal quotation marks omitted).  *But see Houston Exploration Co. v. Wellington Underwriting Agencies, Ltd*., 352 S.W.3d 462, 469-70 (Tex. 2011) ("The [parol] evidence rule does not prohibit consideration of surrounding circumstances . . . Those circumstances include . . . the commercial or other setting in which the contract was negotiated and other objectively determinable factors that give a context to the transaction between the parties.") (citation and internal quotation marks omitted); *BP Am. Prod. Co. v. Zaffirini*, 419 S.W.3d 485, 500 (Tex. App. 2013) ("We consider surrounding circumstances as a construction aid to determine the parties' intentions as expressed in the plain language of the lease. . . . Negotiations prior to or contemporaneous with the adoption of a writing are admissible in evidence to establish . . . (c) the meaning of the writing, whether or not integrated.") (internal citations and quotation marks omitted). |
| Wyoming | "According to our established standards for interpretation of contracts, the words used in the contract are afforded the plain meaning that a reasonable person would give to them.  When the provisions in the contract are clear and unambiguous, the court looks only to the four corners of the document in arriving at the intent of the parties. In the absence of any ambiguity, the contract will be enforced according to its terms because no construction is appropriate." *Mathisen v. Thunder Basin Coal Co*., 169 P.3d 61, 64-65 (Wyo. 2007) (citation and internal quotation marks omitted). *But see Mullinnix LLC v. HKB Royalty Trust*, 126 P.3d 909, 921 (Wyo. 2006) ("[E]vidence of usage may be admissible to give meaning to apparently unambiguous terms of a contract where other parol evidence would be impermissible. Thus, circumstances known to the parties at the time they entered into contract, such as what that industry considered to be the norm, or reasonable or prudent, should be considered in construing a contract, while the parties' statements of what they intended the contract to mean are not admissible.") (citation omitted). |

II.     FOR STATES THAT ALLOW EXTRINSIC EVIDENCE TO DETERMINE WHETHER A CONTRACTUAL AMBIGUITY EXISTS,
        STATE LAWS DIFFER REGARDING THE TYPE OF EVIDENCE CONSIDERED

| State | Case Law Citations - State Laws Differ Regarding The Type Of Evidence Considered |
|---|---|
| Alaska | "In determining the intent of the parties the court looks to the written contract as well as extrinsic evidence regarding the parties' intent at the time the contract was made. . . . The parties' expectations are assessed by examining the language used in the contract, case law interpreting similar language, and relevant extrinsic evidence, including the subsequent conduct of the parties." *Municipality of Anchorage v. Gentile*, 256 (Alaska 1996) (citations omitted). |
| Arizona | "In Arizona, therefore, the interpretation of a negotiated agreement is not limited to the words set forth in the document. Evidence on surrounding circumstances, including negotiation, prior understandings, subsequent conduct and the like, is taken to determine the parties' intent with regard to integration of the agreement; once the court is able to decide what constitutes the 'agreement,' the evidence may be used to interpret the meaning of the provisions contained in the agreement." *Johnson v. Cavan*, 733 P.2d 649, 651 (Ariz. Ct. App. 1986). |
| California | "Where the meaning of the words used in a contract is disputed, the trial court must provisionally receive any proffered extrinsic evidence which is relevant to show whether the contract is reasonably susceptible of a particular meaning." *Wolf v. Sup. Ct.*, 655 (Cal. Ct. App. 2004) (citation omitted). |
| Colorado | "In deciding whether a contract is ambiguous, a court may consider extrinsic evidence bearing upon the meaning of the written terms, such as evidence of local usage and of circumstances surrounding the making of the contract. However, the court may not consider the parties' own extrinsic expressions of intent." *Cheyenne Mountain Sch. Dist. v. Thompson*, 861 P.2d 711, 715 (Colo. 1993) (citations omitted). |

| State | Case Law Citations - State Laws Differ Regarding The Type Of Evidence Considered |
|---|---|
| Illinois | "A party that asserts extrinsic ambiguity is entitled to present to the court objective evidence, i.e. evidence that cannot be faked and can be supplied by disinterested third parties." *Ahsan v. Eagle, Inc*., 287 Ill. App. 3d 788, 790-91, 223 Ill. Dec. 107, 110, 678 N.E.2d 1238, 1241 (1997). |
| Iowa | "[A]ny determination of meaning or ambiguity should only be made in the light of relevant evidence of the situation and relations of the parties, the subject matter of the transaction, preliminary negotiations and statements made therein, usages of trade, and the course of dealing between the parties. But after the transaction has been shown in all its length and breadth, the words of an integrated agreement remain the most important evidence of intention." *Pillsbury Co., v. Wells Dairy, Inc*., 752 N.W.2d 430, 436 (Iowa 2008) (internal quotation marks and emphasis omitted). |
| Maryland | "The test of ambiguity is whether, considering the character of the contract, its purpose, and the facts and circumstances of the parties at the time of execution, the language used in the contract, when read by a reasonably prudent person, is susceptible of more than one meaning." *Maryland Dep't of Econ. & Cmty. Dev. v. Attman/Glazer P.B. Co*., 594 A.2d 138, 144 (Md. 1991) (citations omitted). |
| Michigan | "Mil construing [contractual provisions] due regard must be had to the purpose sought to be accomplished by the parties as indicated by the language used, read in the light of attendant facts and circumstances. Such intent when ascertained must, if possible, be given effect and must prevail as against the literal meaning of expressions used in the agreement." *City of Grosse Pointe Park v. Mich. Mun. Liab. & Prop. Pool*, 702 N.W.2d 106, 114 (Mich. 2005) (citation and internal quotation marks omitted). "[E]ven where the writing is not ambiguous on its face, the circumstances under which the parties contract may be looked at to establish an ambiguity, as well as to indicate the proper choice of possible meanings, and the common knowledge and the understanding of the parties themselves as shown by their previous negotiations is sometimes such a circumstance." *Sawyer v. Arum*, 690 F.2d 590, 593 (6th Cir. 1982) (citation omitted). |

| State | Case Law Citations - State Laws Differ Regarding The Type Of Evidence Considered |
|---|---|
| Minnesota | "[W]here parties to a contract have given it a practical construction by their conduct, as by acts in performance thereof, such construction may be considered by the court in determining its meaning and in ascertaining the mutual intent of the parties, and where such extrinsic evidence is conclusive and undisputed and renders the meaning of the contract clear, the situation presents a question of law for the court." *Cut Price Super Mkts. v. Kingpin Foods, Inc.*, 98 N.W.2d 257, 268 (Minn. 1959) (citation omitted). |
| Montana | "Thus, for the purpose of aiding the court in determining, as a preliminary matter, whether the instrument contains an ambiguity, objective evidence of the circumstances under which [the instrument] was made, including the situation of the subject of the instrument and of the parties to it, may be shown and considered. . . . Subjective evidence of ambiguity is the testimony of the parties themselves as to what they believe the contract means, which is invariably self-serving, inherently difficult to verify and thus, inadmissible. . . . Objective evidence, on the other hand, is evidence of ambiguity that can be supplied by disinterested third parties, such as custom or usage of the trade.  This kind of evidence is admissible because the ability of one of the contracting parties to fabricate such evidence is limited." *Mary J Baker Revocable Trust v. Cenex Harvest States, Coops., Inc.*, 164 P.3d 851, 866 (Mont. 2007) (citations and internal quotation marks omitted). |
| Nevada | The "California" rule permits provisional receipt of parol evidence to demonstrate that a particular phrase or term in a document, that has a common meaning, was not intended by the parties to have its common meaning. *Kaldi v. Farmers Ins. Exch.*, 117 Nev. 273, 282, 21 P.3d 16, 22 (2001). |
| New Jersey | "When the meaning of an integrated contract is ambiguous, the surrounding circumstances may be introduced for the purpose of elucidation.  Even when the contract on its face is free from ambiguity, evidence of the situation of the parties and the surrounding circumstances and conditions is admissible in aid of interpretation. . . . The fundamental rule in construing contracts calls for the ascertainment of the intention of the parties in the light not only of the language used but also of the surrounding circumstances and the objects sought to be attained by them under their agreement." *Great Atl. & Pac. Tea Co. v. Checchio*, 762 A.2d 1057, 1061 (N.J. Super. Ct. App. Div. 2000) (citations omitted.) *See also Atl. N Airlines v. Schwimmer*, 96 A.2d 652, 656 (N.J. 1953) ("Evidence of circumstances is always admissible in the aid of the interpretation of an integrated agreement. This is so even when the contract on its face is free from ambiguity.") (citation omitted). |

| State | Case Law Citations - State Laws Differ Regarding The Type Of Evidence Considered |
|---|---|
| New Mexico | "The parol evidence rule bars admission of evidence extrinsic to the contract to contradict and perhaps even supplement the writing. The rule, however, allows evidence of circumstances surrounding the transaction . . . to aid the court in determining whether chosen terms are clear. When "determining whether a term or expression to which the parties have agreed is unclear, a court may hear evidence of the circumstances surrounding the making of the contract and of any relevant usage of trade, course of dealing, and course of performance." *Mem. Med. Ctr., Inc. v. Tatsch Constr., Inc.*, 12 P.3d 431, 437 (N.M. 2000) (citations omitted). |
| Texas | "While parol evidence of parties' intent is not admissible to create an ambiguity, the contract may be read in light of the surrounding circumstances. . . ." *Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738, 741 (Tex. 1998) (citations omitted). |
| Vermont | "The court may consider limited extrinsic evidence of circumstances surrounding the making of the agreement in determining whether the writing is ambiguous, which is a question of law for the court in the first instance." *Hall v. State*, 54 A.3d 993, 999 (Vt. 2012). |
| Washington | "Washington courts focus on objective manifestations of the contract rather than the subjective intent of the parties; thus, the subjective intent of the parties is generally irrelevant if the intent can be determined from the actual words used." *Brogan & Anensen LLC v. Lamphiear*, 202 P.3d 960, 961-62 (Wash. 2009) (en banc) (citation omitted). "[I]f extrinsic evidence is relevant to determining the parties' mutual intent (as opposed to one party's unexpressed subjective intent about the meaning of a contract term), such extrinsic evidence may include (1) the subject matter and objective of the contract, (2) all the circumstances surrounding the making of the contract, (3) the parties' subsequent acts and conduct, and (4) the reasonableness of the parties' respective interpretations." *Int'l Shellfish v. Dep't of Nat. Res., Aquatic Div.*, No. 41428-7-II, 2012 Wash. App. LEXIS 737, at |

| State | Case Law Citations - State Laws Differ Regarding The Type Of Evidence Considered |
|-------|---------------------------------------------------------------------------------|
| Wyoming | "[C]ircumstances known to the parties at the time they entered into contract, such as what that industry considered to be the norm, or reasonable or prudent, should be considered in construing a contract, while the parties' statements of what they intended the contract to mean are not admissible." *Mullinnix LLC v. HKB Royalty Trust*, 126 P.3d 909, 921 (Wyo. 2006) (citation omitted). |

III.   **STATE LAWS DIFFER REGARDING PATENT AND LATENT AMBIGUITIES AND THE LEGAL EFFECT OF EACH IN CONSTRUING A CONTRACT**

A.   **States That Distinguish Between or Assign Different Legal Consequences To Patent Versus Latent Ambiguities In Construing a Contract**

| State | Case Law Citations - Distinguish Between or Assign Different Legal Consequences To Patent Versus Latent Ambiguities In Construing a Contract |
|---|---|
| Alabama | "It is well settled in this state that extrinsic evidence is not admissible if the instrument, on its face, is clear and unambiguous, or if the ambiguity within the instrument is a patent one. Extrinsic evidence is admissible only in the case of a latent ambiguity." *Gafford v. Kirby*, 512 So. 2d 1356, 1363 (Ala. 1987) (citations omitted). |
| Florida | "Florida courts have adhered to the distinction [between patent and latent ambiguities] and ordinarily allow parol evidence where there is a latent ambiguity and reject it where there is a patent ambiguity." *Metro Dev. Grp., LLC v. 3D-C&C, Inc.*, 941 So. 2d 11, 13 (Fla. 2d DCA 2006) (citation omitted). |
| Michigan | "[E]xtrinsic evidence may not be used to identify a patent ambiguity because a patent ambiguity appears from the face of the document.  However, extrinsic evidence may be used to show a latent ambiguity exists. . . . Because the detection of a latent ambiguity requires a consideration of factors outside the instrument itself, extrinsic evidence is obviously admissible to prove the existence of the ambiguity, as well as to resolve any ambiguity proven to exist." *Shay v. Aldrich*, 790 N.W.2d 629, 641 (Mich. 2010) (citations and internal quotation marks omitted). "In other words, where a latent ambiguity exists in a contract, extrinsic evidence is admissible to indicate the actual intent of the parties as an aid to construction of the contract." *City of Grosse Pointe Park v. Mich. Mun. Liab. & Prop. Pool*, 702 N.W.2d 106, 113 (Mich. 2005) (citation and internal quotation marks omitted). |
| Mississippi | "The classification on ambiguities into latent and patent still exists in this jurisdiction.  The Court finds that this is a patent ambiguity, and it is the Court's opinion that the objection of counsel to the introduction of parol evidence to explain the ambiguity should have been sustained." *Sunnybrook Children's Home, Inc. v. Dahlem*, 265 So. 2d 921, 923 (Miss. 1972) (citations omitted). |

| State | Case Law Citations - Distinguish Between or Assign Different Legal Consequences To Patent Versus Latent Ambiguities In Construing a Contract |
|---|---|
| Montana | "Parol evidence will not be admitted to complete a defective description, or to show the intention with which it was made. This principle is reflected in § 70-20-202, MCA, which bars the admission of evidence of the terms of [a written] agreement other than the contents of the writing, but permits other evidence . . . to explain an extrinsic ambiguity." *Blazer v. Wall*, 183 P.3d 84, 105 (Mont. 2008) (citation omitted). |
| North Carolina | "The question of patent ambiguity is one of law for the court." *Bradshaw v. McElroy*, 302 S.E.2d 908, 911 (N.C. Ct. App. 1983) (citations omitted).  *See also Asheville Mall, Inc. v. F.W. Woolworth Co.*, 331 S.E.2d 772, 774 (N.C. Ct. App. 1985) ("Only when an agreement is ambiguous, is it for the jury to determine the parties' intent.") (citation omitted). |
| Oregon | "It is settled law in this jurisdiction that when the ambiguity is patent, parol evidence is not admissible to explain it or introduce into the document omitted words or phrases." *Lincoln Cnty. v. Bruesch*, 254 P.2d 690, 693 (Or. 1953) (citations omitted). |
| Rhode Island | "The ambiguity sought to be aided by the testimony offered was not, as the plaintiff's counsel supposes, a latent ambiguity, that is, one arising upon the evidence, in aid of which extrinsic evidence is admissible as, for instance, where it appears that there are two persons or estates, both answering equally the description in the will, and the question is whom or which the testator intended, but was an ambiguity arising from the apparent conflict of the provisions of the will itself, and was, therefore, a patent ambiguity, or one appearing on the face of the instrument. Such an ambiguity is to be removed, if at all, by construction and not by averment." *Bank of Manhattan Trust Co. v. Gray*, 166 A. 817, 818-819 (R.I. 1933) (citation omitted*). See also Hadley Falls Trust Co. v. Green*, 59 A.2d 356, 359 (R.I. 1948) ("There was at most perhaps a patent ambiguity by reason of the testator's use of the expression 'ground release.' Such an ambiguity, however, is to be resolved not by evidence but by construction.") (citations omitted). *See also Prince v. Roberts*, 436 A.2d 1078, 1081 (R.I. 1981) ("The intended effect of the term "per stirpes" on the distribution of the trust to the beneficiary class that consisted of female children and more remote female issue created not only as patent but a latent ambiguity that would require the introduction of extraneous evidence to resolve.") (citations omitted). |

| State | Case Law Citations - Distinguish Between or Assign Different Legal Consequences To Patent Versus Latent Ambiguities In Construing a Contract |
|---|---|
| South Carolina | "We note that extrinsic evidence is admissible when there is a latent ambiguity, not a patent ambiguity." *Poison v. Craig*, 570 S.E.2d 190, 192 n.2 (S.C. Ct. App. 2002) (citation omitted). *See also Beaufort Cnty. Sch. Dist. v. United Nat'l Ins. Co.*, 709 S.E.2d 85, 95 (S.C. Ct. App. 2011) ("Even if an ambiguity exists in a contract, extrinsic evidence may not be considered if the ambiguity is a patent ambiguity.") (citation omitted). |
| Tennessee | "Courts customarily decline to consider parol evidence that adds to, varies, or otherwise contradicts the language of the instrument. However, parole evidence may be admissible to remove a latent ambiguity. . . . On the other hand, parol evidence is not admissible to explain a patent ambiguity contained within the instrument." *Arnold v. Davis*, 2004 WL 1372831, at *9-10 (Tenn. Ct. App. June 17, 2004) (citations omitted). *See also Ward v. Berry & Assocs.*, 614 S.W.2d 372, 374 (Tenn. Ct. App. 1981) ("Parol evidence is not admissible to remove a patent ambiguity but is admissible to remove a latent ambiguity.") (citation omitted); *Staub v. Hampton*, 101 S.W. 776, 784 (Tenn. 1907) ("The difficulty in the application of the descriptive portions of a deed to external objects usually arises from what is called a 'latent ambiguity,' which has its origin in parol testimony, and must necessarily be solved in the same way. It therefore becomes a question to be decided by a jury what were the intentions of the parties to the deed.") (citation omitted). |
| Virginia | "[P]arol evidence cannot be considered to explain a patent ambiguity, that is, to supply the understanding that the parties could have reasonably been expected to reach where the language of an instrument reflects no understanding.  Only where the ambiguity is not self-evident from the writing, that is, where there is a latent ambiguity, is the use of parol and other extrinsic evidence permissible to aid the trier of fact in determining the intention of the parties. . . . When resolving a dispute between the parties to a contract with a latent ambiguity, the court may first consider, among other things, whether negotiations and prior dealings of the parties manifested their intent with respect to the ambiguous term.  If, on the other hand, the parties do not manifest the same intent regarding the ambiguity, there has been no meeting of the minds on that term of the contract, and the intent of one party will not control." *Galloway Corp. v. S.B. Ballard Constr. Co.*, 464 S.E.2d 349, 354-55 (Va. 1995) (citations omitted). |
| West Virginia | "Parol evidence to show the intention of the testator in the use and meaning of the words used is admissible only in cases where there is a latent ambiguity. A latent ambiguity is: (t)hat which seemeth certain and without ambiguity for anything that appeareth upon the face of the deed or instrument, but there is some collateral matter out of the deed that breedeth the ambiguity. A patent ambiguity is one apparent on the face of the will.  If the ambiguity occurs in the wording of a will, producing a palpable uncertainty on the face of the instrument, extrinsic evidence cannot remove the difficulty without putting new words in the mouth of the testator, and, in effect, making a new will for him." *Farmers & Merchs. Bank of Keyser v. Farmers & Merchs. Bank of Keyser*, 216 S.E.2d 769, 772 (W. Va. 1975) (citations omitted). |

**B.      States That Do Not Distinguish Between Patent And Latent Ambiguities When Construing a Contract**

| State | Case Law Citations - Do Not Distinguish Between Patent And Latent Ambiguities When Construing a Contract |
|---|---|
| Arizona | "We think it entirely immaterial whether the ambiguity in the contract under consideration be patent or latent, as by the aid of extrinsic evidence the true intent of the parties can and has been made to clearly appear." *Payne v. Todd*, 43 P.2d 1004, 1007 (Ariz. 1935) (citation omitted). |
| Colorado | "An ambiguity may be one of two classes. A patent ambiguity appears on the face of the instrument and extrinsic evidence is usually permitted to dispel such. . . . A latent ambiguity exists where the language of the will, though clear on its face, is susceptible of more than one meaning, when applied to the extrinsic facts to which it refers. [E]xtrinsic evidence must be considered to resolve a latent ambiguity." *In re Estate of Gross*, 646 P.2d 396, 397-98 (Colo. Ct. App. 1981) (citations omitted). |
| Connecticut | "Extrinsic evidence is admissible to assist the court in resolving the question of intent where the terms of a contract are either latently or patently ambiguous." *Kronholni v. Kronholm*, 547 A.2d 61, 65 (Conn. App. Ct. 1988). |
| District of Columbia | "[W]e abolished the distinction between latent and patent ambiguities, and stated unequivocally that competent extrinsic evidence should be received whenever it tends to show what a testator meant by ambiguous words." *In re Estate of Kerr*, 433 F.2d 479, 489 n.75 (D.C. Cir. 1970). |

| State | Case Law Citations - Do Not Distinguish Between Patent And Latent Ambiguities When Construing a Contract |
|---|---|
| Delaware | "A patent ambiguity exists where the language on its face is capable of more than a single interpretation. . . . In other words, latent ambiguity exists when patently unambiguous language becomes ambiguous when applied.  If contract language is ambiguous, the Court may resolve the ambiguity by resorting to extrinsic evidence, that is, to [s]urrounding circumstances, to the common and legal meanings of the terms involved, where such meanings are clear, and of paramount significance, to the manifest purpose sought to be accomplished." *N. Am. Philips Corp. v. Aetna Cas. & Stir. Co.*, 1995 WL 628444, at *8 (Del. Super. Ct. Apr. 20, 1995) (citations omitted). |
| Georgia | *Archer W. Contractors, Ltd. v. Estate of Pitts*, 735 S.E.2d 772, 775 n.4 (Ga. 2012) (noting that extrinsic evidence may be used to explain both latent and patent ambiguities). *See also* Ga. Code Ann. § 13-2-2(1) (2013) ("All the attendant and surrounding circumstances may be proved and, if there is an ambiguity, latent or patent, it may be explained . . . ."). |
| Hawaii | "Since we have found an ambiguity exists . . . , its proper means of construction remains to be determined as a matter of law. We recognize that language at its best is always a defective and uncertain instrument, that words do not define themselves. . . . Therefore, it is invariably necessary before a court can give any meaning to the words of a contract and can select one meaning rather than other possible ones as the basis for the determination of rights and other legal effects, that extrinsic evidence shall be heard to make the court aware of the surrounding circumstances, including the persons, objects, and events to which the words can be applied and which caused the words to be used. . . . [W]e no longer adhere to [the] . . . distinction [between latent and patent ambiguities] as precluding consideration of parol evidence of the surrounding circumstances in the making of a contract to aid the trial court in its determination of the intention of the parties." *Hokama v. Reline Corp.*, 559 P.2d 279, 283 (Haw. 1977) (citations omitted). |
| Idaho | "Parol evidence may be considered to aid a trial court in determining the intent of the drafter of a document if an ambiguity exists. A patent ambiguity is one which is evident from the face of the instrument. A latent ambiguity is not evident on the face of the instrument alone, but becomes apparent when applying the instrument to the facts as they exist." *In re Estate of Kirk*, 907 P.2d 794, 801 (Idaho 1995) (citations omitted). |

| State | Case Law Citations - Do Not Distinguish Between Patent And Latent Ambiguities When Construing a Contract |
|---|---|
| Illinois | "In such cases where the language of a lease admits of ambiguity, either patent or latent, the court may consider the position of the parties, the surrounding circumstances which existed at the time of the execution of the lease and the facts in connection with it." *Am. Nat'l Bank & Trust Co. of Chicago v. Olympic Say. & Loan Ass'n*, 377 N.E.2d 255, 257 (Ill. App. Ct. 1978) (citation omitted). |
| Indiana | "We agree . . . that the latent/patent distinction has not been consistently applied and no longer serves any useful purpose. Accordingly, we conclude that where an instrument is ambiguous, all relevant extrinsic evidence may properly be considered in resolving the ambiguity." *Univ. of S. Ind. Found. v. Baker*, 843 N.E.2d 528, 535 (Ind. 2006). |
| Iowa | "According to the better view, or the more accurate statement of the true rule, extrinsic evidence is admissible to show the situation of the testator and all the relevant facts and circumstances surrounding him for the purpose of explaining or resolving even a patent ambiguity." *Stoffel v. Stoffel*, 41 N.W.2d 16, 20 (Iowa 1950) (citations omitted). |
| Kansas | "When either a patent or latent ambiguity actually exists in a written instrument, parol evidence is admissible to ascertain the meaning of the words used.  Whether an instrument is ambiguous is a matter of law to be decided by the court.  The construction of a written instrument is a question of law, and the instrument may be construed and its legal effect determined by an appellate court." *In re Frank & Lotus Huxtable Living Trust*, 757 P.2d 1262, 1265 (Kan. 1988) (citations omitted). |
| Kentucky | "The parties do not raise the question as to whether the ambiguity in the deed is 'latent' or 'patent'. Our more recent cases involving the construction of instruments have likewise ignored this problem. It may be observed the modern tendency is to admit parol evidence even in cases where the uncertainty may be classified as 'patent.'" *Caudill v. Citizens Bank*, 383 S.W.2d 350, 352 (Ky. 1964) (citations omitted). |

| State | Case Law Citations - Do Not Distinguish Between Patent And Latent Ambiguities When Construing a Contract |
|---|---|
| Minnesota | "Although appellant argues that this gap is a latent defect in the grant, the admission of extrinsic evidence is not dependent on whether the ambiguity is patent or latent." *Harding v. Pederson*, 2007 WL 1673975, at *3 (Minn. Ct. App. June 5, 2007) (citation omitted). |
| Missouri | "The distinction between patent and latent ambiguities is gradually disappearing, and a tendency is manifested in the more recent cases to admit parol evidence even in cases of patent ambiguities; that is, parol evidence is held admissible to explain an ambiguity whether latent or patent." *Campbell v. Dixon*, 647 S.W.2d 617, 621 n.5 (Mo. Ct. App. 1983) (citation omitted). *See also Finova Capital Corp. v. Ream*, 230 S.W.3d 35, 49 (Mo. Ct. App. 2007) ("Where ambiguity exists, whether latent or patent, the cardinal principle is to determine the intent of the parties.  In order to do so, a court will consider the entire contract, subsidiary agreements, the relationship of the parties, the subject matter of the contract, the facts and circumstances surrounding the execution of the contact, the practical construction the parties themselves have placed on the contract by their acts and deeds, and other external circumstances that cast light on the intent of the parties.") (citations omitted). |
| New Mexico | "The use of the term 'las Lomas,' therefore, constituted a latent ambiguity, and was subject to explanation by parol, for it is now well settled that such an ambiguity existing in a deed may be thus explained. And even a patent ambiguity (meaning an ambiguity appearing on the face of the deed) may be explained by parol." *Gentile v. Crossan*, 38 P. 247, 249 (N.M. 1894) (citations omitted). |
| Oklahoma | "In some jurisdictions parol evidence may not be admitted to determine the parties' intention in cases of patent ambiguity. Most jurisdictions dispense with the distinction and permit parol evidence regardless of whether the ambiguity is of the patent variety or latent variety.  Oklahoma courts have followed the majority rule." *Ryan v. Ryan*, 78 P.3d 961, 965 n.6 (Okla. Civ. App. 2003) (citations omitted). |

| State | Case Law Citations - Do Not Distinguish Between Patent And Latent Ambiguities When Construing a Contract |
|---|---|
| Pennsylvania | "When, however, an ambiguity exists, parol evidence is admissible to explain or clarify or resolve the ambiguity, irrespective of whether the ambiguity is patent, created by the language of the instrument, or latent, created by extrinsic or collateral circumstances." *Ins. Adjustment Bureau, Inc. v. Allstate Ins. Co*., 905 A.2d 462, 468 (Pa. 2006). |
| South Dakota | "If this construction is not plain and plausible, but uncertain and ambiguous, the written contracts are open to explanation, and parol evidence is admissible to explain ambiguities, latent or patent." *D.M. Osborne & Co. v. Stringham*, 47 N.W. 408, 410 (S.D. 1890) (citation omitted). |
| Texas | "If the court finds that a contract is ambiguous, either patently or latently, the goal is to determine the true intentions of the parties, for that will resolve the ambiguity. . . . Parol evidence may be introduced to discern the parties' intent." *Fox v. Parker*, 98 S.W.3d 713, 719-20 (Tex. App. 2003). |
| Washington | "The distinction between a latent and a patent ambiguity has traditionally been made. A latent ambiguity is one that is not apparent upon the face of the instrument alone but which becomes apparent when applying the instrument to the facts as they exist. A patent ambiguity is one which is apparent on the face of the instrument. A third specie, equivocation, is an ambiguity which involves an accurate description that equally applies to two or more persons of the same name or things of the same description. Extrinsic evidence is admissible upon finding of any one of the species of ambiguity." *In re Estate of Bergau*, 693 P.2d 703, 706 (Wash. 1985) (citations omitted). |
| Wyoming | "The court will endeavor to ascertain the intention of the parties from the whole instrument and the circumstances attendant on its execution without regard to whether an ambiguity is patent or latent." *Covey v. Covey's Little Am., Inc*., 378 P.2d 506, 512 (Wyo. 1963). |

IV.     **STATE LAWS DIFFER REGARDING THE RESOLUTION OF AMBIGUITIES**

A.     **Some States Consider Resolution Of A Contractual Ambiguity To Be An Issue Of Fact**

| State | Case Law Citations - Consider Resolution Of A Contractual Ambiguity To Be An Issue Of Fact |
|---|---|
| Alabama | "If the terms within a contract are plain and unambiguous, the construction of the contract and its legal effect become questions of law for the court and, when appropriate, may be decided by a summary judgment. However, if the terms within the contract are ambiguous in any respect, the determination of the true meaning of the contract is a question of fact to be resolved by a jury." *Penick v. Most Worshipful Prince Hall Grand Lodge F & AM of Ala., Inc.*, 46 So. 3d 416, 428 (Ala. 2010). |
| Colorado | "When an ambiguity has been determined to exist, the meaning of its terms is generally an issue of fact to be determined in the same manner as other factual issues." *E. Ridge of Fort Collins, LLC v. Larimer & Weld Irrigation Co.*, 109 P.3d 969, 974 (Colo. 2005). |
| Connecticut | "When the language of a contract is ambiguous, the determination of the parties' intent is a question of fact." *O'Connor v. City of Waterbury*, 945 A.2d 936, 946 (Conn. 2008) (citation and internal quotation marks omitted). |
| Delaware | "Where the Court finds that a contract or contractual term is ambiguous, the meaning of the contract or of the term at issue becomes a question of fact to be decided by the factfinder." *Buyse v. Colonial Sec. Serv., Inc.*, 2012 WL 3025843, at *2 (Del. Super. Ct. July 19, 2012). |

| State | Case Law Citations - Consider Resolution Of A Contractual Ambiguity To Be An Issue Of Fact |
| --- | --- |
| District of Columbia | "[I]if the provisions of the contract are ambiguous, the correct interpretation becomes a question for a factfinder." *Debnatn v. Crane Co.*, 976 A.2d 193, 197-98 (D.C. 2009). |
| Florida | "When a contract is ambiguous, an issue of fact is created that cannot be resolved by summary judgment." *Talbott v. First Bank Fla., FSB*, 59 So. 3d 243, 244 (Fla. 4th DCA 2011). |
| Hawaii | "When an ambiguity exists so that there is some doubt as to the intent of the parties, intent is a question for the trier of fact." *Found. Int'l, Inc. v. E.T. Ige Constr., Inc*., 78 P.3d 23, 33 (Haw. 2003) (citations omitted). |
| Idaho | "When a contract is ambiguous, the interpretation of the contract terms presents a question of fact." *Arreguin v. Farmers Ins. Co*., 180 P.3d 498, 463 (Idaho 2008) (citation omitted). |
| Illinois | "Where a court determines that a contract is ambiguous, its construction is then a question of fact, and parol evidence is admissible to explain and ascertain what the parties intended." *Farm Credit Bank of St. Louis v. Whitlock*, 581 N.E.2d 664, 667 (Ill. 1991). |

| State | Case Law Citations - Consider Resolution Of A Contractual Ambiguity To Be An Issue Of Fact |
|---|---|
| Louisiana | "In cases in which the contract is ambiguous, the agreement will be construed according to the intent of the parties. Intent is an issue of fact which is to be inferred from all of the surrounding circumstances." *Dore Energy Corp. v. Carter-Langham, Inc.*, 997 So. 2d 826, 829 (La. Ct. App. 2008) (citations omitted). "[W]hen a contract can be construed from the four corners of the instrument without looking to extrinsic evidence, the question of contractual interpretation is answered as a matter of law and summary judgment is appropriate." *Sims v. Mulhearn Funeral Home, Inc.*, 2007-0054 ( La. 05/22/07), 956 So. 2d 583, 590. |
| Maine | "Where contractual language is ambiguous, its meaning is a matter for the trier of fact." *Madore v. Kennebec Heights Country Club*, 926 A.2d 1180, 1183 (Me. 2007) (citation omitted). |
| Maryland | "When ambiguity is found in a contract, it becomes a question of fact to decipher the intent of the parties in forming the instrument." City of Bowie v. MIE, Props., Inc., 922 A.2d 509, 684 n. 16 (Md. 2007) (citations omitted). |
| Massachusetts | "Where, however, the contract (lease) has terms that are ambiguous, uncertain, or equivocal in meaning, the intent of the parties is a question of fact to be determined at trial." *Seaco Ins. Co. v. Barbosa*, 761 N.E.2d 946, 951 (Mass. 2002) (citations omitted). |
| Michigan | "It was settled that the meaning of an ambiguous contract is a question of fact that must be decided by the jury." *Klapp v. United Ins. Grp. Agency, Inc.*, 663 N.W.2d 447, 453-454 (Mich. 2003) (citation omitted). |

| State | Case Law Citations - Consider Resolution Of A Contractual Ambiguity To Be An Issue Of Fact |
|-------|--------------------------------------------------------------------------------------------|
| Minnesota | "Where the intention of the parties is clear from the face of a contract, construction of the contract is a question of law for the court. If there is ambiguity, extrinsic evidence may be used, and construction of the contract is a question of fact for the jury unless such evidence is conclusive." *Hickman v. Safeco Ins. Co.*, 695 N.W.2d 365, 369 (Minn. 2005) (citations omitted). |
| Mississippi | "In the event of an ambiguity, the subsequent interpretation presents a question of fact for the trier of fact which we review under a substantial evidence/manifest error standard." *Harris v. Harris*, 988 So. 2d 376, 378 (Miss. 2008) (citation omitted). |
| Missouri | "[W]here an ambiguity is found, the resolution of the ambiguity is a question of fact for the jury to determine using extrinsic evidence." *U.S. Neurosurgical, Inc. v. Midwest Div.-RMC, LLC*, 303 S.W.3d 660, 665 (Mo. Ct. App. 2010) (citation omitted). |
| Montana | "[I]f the contract's language is ambiguous, a factual determination must be made as to the parties' intent in entering into the contract. Where there is an ambiguity, the fact-finder may rely on extrinsic evidence to determine the parties' intent." *Corp. Air v. Edwards Jet Ctr.*, 190 P.3d 1111, 1121 (Mont. 2008) (citations omitted). |
| Nebraska | "Whether a contract is ambiguous is a matter of law. The meaning of an ambiguous contract is generally a question of fact." *Gary's Implement, Inc. v. Bridgeport Tractor Parts, Inc.*, 702 N.W.2d 355, 366 (Neb. 2005) (citations omitted). |

| State | Case Law Citations - Consider Resolution Of A Contractual Ambiguity To Be An Issue Of Fact |
|-------|---------------------------------------------------------------------------------------------|
| New Mexico | "A contract is deemed ambiguous only if it is reasonably and fairly susceptible of different constructions. . . . When the contextual evidence is reasonably and fairly susceptible of conflicting interpretations, the jury determines the meaning to be described to particular terms as a question of fact before deciding issues of breach and damages." *Alsup's Convenience Stores, Inc. v. N River Ins. Co.*, 976 P.2d 1, 12 (N.M. 1998) (citations omitted). |
| North Carolina | "When an agreement is ambiguous and the intention of the parties is unclear, however, interpretation of the contract is for the jury." *Schenkel & Shultz, Inc. v. Hermon F. Fox & Assocs. P.C.*, 658 S.E.2d 918, 921 (N.C. 2008) (citation omitted). |
| North Dakota | "If a written contract is ambiguous, extrinsic evidence may be considered to determine the parties' intent, and the terms of the contract and the parties' intent are questions of fact." *Doeden v. Stubstad*, 755 N.W.2d 859, 865 (N.D. 2008) (citation omitted). |
| Ohio | "[W]here a contract is ambiguous, a court may consider extrinsic evidence to ascertain the parties' intent. . . . It is generally the role of the finder of fact to resolve ambiguity." *Westfield Ins. Co. v. Galatis*, 797 N.E.2d 1256, 1261-62 (Ohio 2003) (citations omitted). |
| Oregon | "There is no question that the words . . . are ambiguous in this context and that, as such, it is for the trier of fact to ascertain what the parties intended by those words." *Logan v. D.W. Sivers Co.*, 169 P.3d 1255, 1260 (Or. 2007) (citation omitted). |

| State | Case Law Citations - Consider Resolution Of A Contractual Ambiguity To Be An Issue Of Fact |
|---|---|
| Pennsylvania | "While unambiguous contracts are interpreted by the court as a matter of law, ambiguous writings are interpreted by the finder of fact." *Ins. Adjustment Bureau, Inc. v. Allstate Ins. Co.*, 905 A.2d 462, 469 (Pa. 2006). |
| Rhode Island | "The interpretation of an unambiguous contract is a question of law, but the interpretation of an ambiguous contract is a question of fact." *Elena Carcieri Trust-1988 v. Enterprise Rent-A-Car Co.*, 871 A.2d 944, 947 R.I. 2005 (citation omitted). |
| West Virginia | "Where a contract is ambiguous then issues of fact arise and summary judgment is ordinarily not proper." *Jocum v. Waste Mgmt. of W. Va., Inc.*, 680 S.E.2d 59, 64 (W. Va. 2009) (citations omitted). |

**B.** **Some States Consider Resolution Of A Contractual Ambiguity To Be An Issue Of Fact Only When Extrinsic Evidence Has Been Admitted, Or The Rules Of Construction Have Failed, To Resolve The Ambiguity**

| State | Case Law Citations - Consider Resolution Of A Contractual Ambiguity To Be An Issue Of Fact Only When Extrinsic Evidence Has Been Admitted, Or The Rules Of Construction Have Failed, To Resolve The Ambiguity |
|---|---|
| Alaska | "Interpretation of a contract is ordinarily a question of law. But interpretation 'becomes a task for the trier of fact when the parties present extrinsic evidence to clarify a contract's meaning, when the evidence points towards conflicting interpretations of the contract, and when the contract itself is reasonably susceptible of either meaning.'" *Norville v. Carr-Gottstein Foods Co.*, 84 P.3d 996, 1004 (Alaska 2004) (citations omitted). |
| Arizona | "[T]he language of the agreement, illuminated by the surrounding circumstances, indicates that either of the interpretations offered was reasonable. Because interpretation was needed and because the extrinsic evidence established controversy over what occurred and what inferences to draw from the events, the matter was properly submitted to the jury." *Taylor v. State Farm Mut. Auto Ins. Co.*, 854 P.2d 1134, 1145 (Ariz. 1993). |
| Arkansas` | "The initial determination of the existence of ambiguity rests with the court and, if the writing contains a term which is ambiguous, parol evidence is admissible and the meaning of the ambiguous term becomes a question of fact for the fact-finder." *Hurt-Hoover Invs., LLC v. Fulmer*, 2014 Ark. 461, ¶ 12, 448 S.W.3d 696, 703. |
| California | "The initial question of whether an ambiguity exists is one of law. If the court determines a contract is ambiguous, a party is entitled to introduce extrinsic evidence to aid the interpretation of the contract. Where . . . the interpretation of the contract turns on the credibility of conflicting evidence, the trier of fact must determine the meaning of language in the contract. If substantial evidence supports that interpretation, we will not overturn it on appeal." *Benach v. County of Los Angeles*, 57 Cal. Rptr. 3d 363, 373 (Cal. Ct. App. 2007) (citations omitted). |

| State | Case Law Citations - Consider Resolution Of A Contractual Ambiguity To Be An Issue Of Fact Only When Extrinsic Evidence Has Been Admitted, Or The Rules Of Construction Have Failed, To Resolve The Ambiguity |
|---|---|
| Georgia | "When a contract is at issue, the court first determines whether the language of the agreement is ambiguous. . . . If there is ambiguity, the court will apply the rules of contract construction in an attempt to resolve it. If application of those rules does not resolve the ambiguity, the contract's meaning and the contracting parties' intentions are questions left to the trier of fact." *Azzouz v. Prime Pediatrics, P.C.*, 675 S.E.2d 314, 317 (Ga. Ct. App. 2009) (citations omitted). |
| Indiana | "The fact finder determines the facts upon which a written agreement rests (rather than the court) only where the agreement is both ambiguous and its interpretation requires extrinsic evidence." *Noblesville Redevelopment Comm'n v. Noblesville Assocs. Ltd. P'ship*, 674 N.E.2d 558, 561 (Ind. 1996) (citation omitted). |
| Iowa | "The question of Interpretation, i.e., the meaning to be given contractual words, is one to be determined by the court unless the interpretation depends on extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence. . . If the evidence is so clear that a reasonable man could reach but one conclusion the question should be determined by the court as a matter of law. But if the evidence is disputed or if different conclusions may be drawn from the evidence, the question of interpretation is one of fact." *Rector v. Alcorn*, 241 N.W.2d 196, 202 (Iowa 1976) (citations omitted). |
| Kentucky | "The interpretation of an integrated agreement is directed to the meaning of the terms of the writings in the light of the circumstances. The question of interpretation in these circumstances is to be determined by the trier of fact if it depends on a choice among reasonable inferences to be drawn on the extrinsic evidence admissible apart from the application of the parol evidence rule. Otherwise, the question of interpretation is a question of law." *Hunter v. Wehr Constructors, Inc.*, 875 S.W.2d 899, 901 (Ky. Ct. App. 1993). |
| New Hampshire | "[W]hen contract terms are ambiguous, and the trial court has properly looked to extrinsic evidence to determine the intent of the parties, determining the ambiguous terms' meaning should be left to the jury unless the meaning of the extrinsic evidence is so clear that reasonable people could only reach one conclusion." *Dillman v. N.H. Coll.*, 838 A.2d 1274, 1276 (N.H. 2003). |

| State | Case Law Citations - Consider Resolution Of A Contractual Ambiguity To Be An Issue Of Fact Only When Extrinsic Evidence Has Been Admitted, Or The Rules Of Construction Have Failed, To Resolve The Ambiguity |
|---|---|
| New Jersey | "Ordinarily the construction of a written agreement is a matter for the court, but where its meaning is uncertain or ambiguous and depends upon parol evidence admitted in aid of interpretation, the meaning of the doubtful provisions should be left to the jury." *S.R.H. Corp. v. Rogers Trailer Park, Inc.*, 252 A.2d 713, 719 (N.J. 1969) (citations omitted). |
| New York | "It is well settled that, ' [i]f there is ambiguity in the terminology used . . . and determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence, then such a determination is to be made by the jury. . . . [I]f the equivocality must be resolved wholly without reference to extrinsic evidence the issue is to be determined as a question of law for the court.'" *Gilpin v. Oswego Builders, Inc.*, 930 N.Y.S.2d 120, 122-23 (App. Div. 2011) (citations omitted). |
| South Carolina | "It is a question of law for the court whether the language of a contract is ambiguous. Once the court decides the language is ambiguous, evidence may be admitted to show the intent of the parties. The determination of the parties' intent is then a question of fact." *S.C. Dep't of Natural Res. v. Town of McLellanville*, 550 S.E.2d 299, 302-03 (S.C. 2001) (citations omitted). |
| Tennessee | "If a contract is plain and unambiguous, the meaning thereof is a question of law, and it is the Court's function to interpret the contract as written according to its plain terms. . . . However, where the writing is not plain and unambiguous and is such as to require the aid of parole evidence and the parole evidence is conflicting or may lead to more than one conclusion, the doubtful parts may be submitted to the fact-finder for resolution." *Bratton v. Bratton*, 136 S.W.3d 595, 601-02 (Tenn. 2004) (citations omitted). |
| Texas | "[I]f the contract is subject to two or more reasonable interpretations after applying the pertinent rules of construction, the contract is ambiguous, creating a fact issue on the parties' intent." *JM Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003) (citations omitted). |

| State | Case Law Citations - Consider Resolution Of A Contractual Ambiguity To Be An Issue Of Fact Only When Extrinsic Evidence Has Been Admitted, Or The Rules Of Construction Have Failed, To Resolve The Ambiguity |
|---|---|
| Utah | "We review for correctness the trial court's legal conclusion that the contract is ambiguous. If a contract is deemed ambiguous, and the trial court allows extrinsic evidence of intent, interpretation of the contract becomes a factual matter and our review is strictly limited." *Nielsen v. Gold's Gym*, 78 P.3d 600, 601 (Utah 2003) (citations omitted). |
| Virginia | "When the terms of an agreement are ambiguous, a court will consider parol evidence to ascertain the intent of the parties. Parol evidence 'is admissible, not to contradict or vary contract terms, but to establish the real contract between the parties.' Such construction of an ambiguous contract is a matter submitted to the fact finder, who must consider the extrinsic evidence in determining the parties' intent." *Video Zone, Inc. v. KF & F Props., L.C.*, 594 S.E.2d 921, 924 (Va. 2004) (citations omitted). |
| Washington | "If a written contract is ambiguous and there is extrinsic evidence as to intention or the responsibilities and duties of the respective parties, an issue of fact may be created. . . . In the absence of collateral facts or extrinsic circumstances which might create a disputed factual issue, the determination of whether a written contract is ambiguous and the resolution of such ambiguity is a question of law for the court." *Murray v. W. Pac. Ins. Co.*, 472 P.2d 611, 616 (Wash. Ct. App. 1970). |
| Wisconsin | "When a contract provision is ambiguous, and therefore must be construed by the use of extrinsic evidence, the question is one of contract interpretation for the jury." *Mgmt. Computer Servs., Inc. v. Hawkins, Ash, Baptie & Co.*, 557 N.W.2d 67 ,75 (Wis. 1996) (citations omitted). |

**C.**     **Some States Consider Resolution Of A Contractual Ambiguity To Be A Mixed Question Of Law And Fact**

| State | Case Law Citations - Consider Resolution Of A Contractual Ambiguity To Be A Mixed Question Of Law And Fact |
|---|---|
| Oklahoma | "[W]here the meaning of an ambiguous written contract is in dispute, evidence of extrinsic facts are [sic] admissible, and construction of contract then becomes a mixed question of law and fact and should be submitted to a jury under proper instructions." *Altshuler v. Malloy*, 388 P.2d 1, 4 (Okla. 1963) (citations omitted). |
| Vermont | "Ordinarily, the interpretation of a contract is a question of law. If, however, the meaning of a contract is ambiguous the issue then becomes a mixed question of law and fact and summary judgment may not be appropriate." *Cate v. City of Burlington*, 79 A.3d 854, 860 (Vt. 2013) (citation omitted). |
| Wyoming | "If the meaning of a contract is ambiguous or not apparent, it may be necessary to determine the intention of the parties from evidence other than the contract itself, and interpretation becomes a mixed question of law and fact."  *Hoff v. City Of Casper-Natrona Cnty. Health Dep't*, 33 P.3d 99, 103 (Wyo. 2001) (citation and internal quotation marks omitted). |

**D.** **Some States Apply The Rule Of Contra Proferentum As A Last Resort When No Other Rules of Contract Construction Can Resolve the Ambiguity**

| State | Case Law Citations - Apply The Rule Of Contra Proferentum As A Last Resort When No Other Rules of Contract Construction Can Resolve the Ambiguity |
| --- | --- |
| California | "[W]e note for the benefit of the parties and the trial court that an easy answer is not necessarily provided by the general rule that ambiguities in a contract are construed against the party who drafted the terms.   That maxim applies only when other canons of construction, including consideration of extrinsic evidence of the parties' intent, fail to resolve the ambiguity."   *Vine v. Bear Valley Ski Co*., 13 Cal. Rptr. 3d 370, 379 n.2 (Cal. Ct. App. 2004) (citations omitted). |
| Florida | "This rule construing deeds most strongly against the grantor is not to be resorted to unless necessary. Where satisfactory results can be reached by other rules of analysis and construction it may not be invoked." *W. Yellow Pine Co. v. Sinclair*, 83 Fla. 118, 125, 90 So. 828, 831 (1922). |
| New York | "[T]he axiom 'contra proferentum,' which advises that any ambiguity in a document is resolved against its drafter, is a rule of construction that should be employed only as a last resort." *Fernandez v. Price*, 880 N.Y.S.2d 169, 173 (App. Div. 2009) (citation omitted). |
| Utah | "Only if the court concludes that the extrinsic evidence does not reveal the intent of the parties and uncertainty remains will the court construe the ambiguity against the drafter." *Brady v. Park*, 2019 UT 16, ¶ 65, 445 P.3d 395, 412 (Sup.Ct*.). See also Wilburn v. Interstate Elec*., 748 P.2d 582, 585 (Utah Ct. App. 1988) ("It is only after extrinsic evidence is considered and the court is still uncertain as to the intention of the parties that ambiguities should be construed against the drafter. In other words, the doctrine of construing ambiguities in a contract against the drafter functions as a kind of tie-breaker, used as a last resort by the fact-finder after the receipt and consideration of all pertinent extrinsic evidence has left unresolved what the parties actually intended.") (citation omitted) |