Michael L. Schrag (SBN 185832)
Joshua J. Bloomfield (SBN 212172)
Linda P. Lam (SBN 301461)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
mls@classlawgroup.com
jjb@classlawgroup.com
lpl@classlawgroup.com

Richard M. Paul III
Ashlea G. Schwarz
Laura C. Fellows
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Facsimile:  (816) 984-8101
Rick@PaulLLP.com
Ashlea@PaulLLP.com
Laura@PaulLLP.com

*Counsel for Plaintiffs
and the Proposed Classes*

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alicia Hernandez et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Wells Fargo & Company and Wells Fargo Bank, N.A.,<br><br>Defendant. | Case No. 3:18-cv-07354-WHA<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Date:   January 15, 2020<br>Time:  10 a.m.<br>Dept:  Courtroom 12<br>Judge: Hon. William H. Alsup |

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant Wells Fargo has filed an overheated response to a routine motion to amend a complaint that merely proposes to name one additional plaintiff, Sandra Campos, as a California class representative. This minor addition was occasioned by the Court's recent instruction that Plaintiffs should seek to certify a California-only class while the Court holds in abeyance consideration of proposed nationwide and other state classes. Because the request to amend was sought promptly, and because there is no countervailing reason (prejudice, bad faith, or futility) to deny this limited amendment, Plaintiffs' motion should be granted.

Wells Fargo disagrees, claiming that Plaintiffs should have anticipated recent events well before now. But clairvoyance is not what the law demands of a party seeking to amend a complaint after the deadline set by a Rule 16 schedule. The law merely demands good cause. And good cause exists when a party acts diligently—with diligence being measured from the time the moving party receives facts that indicate an amendment is warranted.

The record here demonstrates diligence. The putative class representatives in earlier pleadings were from different states and had either Fannie/Freddie or FHA contracts. To obtain nationwide relief, it was unnecessary to propose representatives from each state with both Fannie/Freddie and FHA contracts. But now that this Court has expressed its preference for limited consideration of class certification for California, Plaintiffs have sought to add a Californian with an FHA contract so that the propriety of class certification can be addressed cleanly and without an unnecessary dispute over whether existing named Plaintiffs from California who have Fannie/Freddie contracts can stand in the shoes of Californians with FHA contracts. Plaintiffs made their request soon after this Court expressed its preference on how to manage this case, and thus Wells Fargo's argument about delay falls flat.

Wells Fargo's arguments about prejudice also fail. The amendment would introduce no new claims; it has no impact on the Court's rulings on the pleadings; and there has been more than sufficient time for Wells Fargo, a sophisticated and frequent litigant, to take discovery of one more putative class representative. To that end, Wells Fargo has already deposed Campos (and her husband) and Plaintiffs have produced her relevant documents. Wells Fargo's claim of prejudice not only overstates the impact

that this limited additional discovery has had on it, but this contention also ignores that at the same hearing during which the Court confirmed that Plaintiffs should prioritize a California class, the Court instructed Wells Fargo to depose *all* putative class members. As such, this discovery was inevitable.

Lastly, Wells Fargo accuses Plaintiffs of acting in bad faith by waiting too long to amend – but it is irresponsible of Wells Fargo to insinuate bad faith without any credible basis for doing so – especially given the vanilla nature of this amendment.

## II.   ARGUMENT

### A.   Plaintiffs Have Demonstrated "Good Cause" Under Rule 16

Rule 16(b) provides that a scheduling order shall be modified "only for good cause." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Diligence is measured in view of the timing and circumstances occasioning the need to amend the pleadings. *See Bradley v. T-Mobile US, Inc.*, No. 17-CV-07232-BLF, 2019 WL 2358972, at *2 (N.D. Cal. June 4, 2019); *LaPointe v. County of Los Angeles*, 532 Fed.Appx. 742, 742 (9th Cir. 2013) (Plaintiff "exercised diligence in seeking amendment . . . once the County provided sufficient information for him to identify [appropriate defendants]."

Thus, in *Bradley*, plaintiffs dropped a California representative from their class complaint after her allegations proved to be inaccurate. *Id.* at *2. In her stead, plaintiffs sought to add another California representative, but did so after the deadline to amend set by the applicable Rule 16 schedule. *Id.* The defendants responded by accusing plaintiffs of not acting diligently; in their view, plaintiffs knew or should have known that the first California representative was inadequate. *Id.* The court, however, disagreed that plaintiffs had not been diligent. The court considered whether there was undue delay given "the timing and circumstances of [plaintiff] being dropped from the case and the Court's first opportunity to discuss its views with the parties at the April 17, 2019 hearing, . . ." *Id.* Given that these events were close in time to when the amendment was requested, the court easily found that plaintiffs had been diligent. *Id.*

So too here. Plaintiffs recently learned that the Court would prefer to consider certification of a California class; and that in the event of class certification, the parties would first proceed to trial on this limited basis. Under this approach, the Court would hold in abeyance further consideration of all other classes proposed for certification.

Upon learning this, Plaintiffs moved swiftly to vet absent class members and to amend their pleadings to include an appropriate Californian with an FHA contract. Plaintiffs also sought to work cooperatively with Wells Fargo, so that it could obtain whatever discovery it needed on an expedited basis.

Wells Fargo nevertheless faults Plaintiffs for not anticipating the Court's recent directives. The law, however, does not demand clairvoyance; it demands diligence, and Plaintiffs acted diligently upon learning of the Court's preference on how to manage this case. Plaintiffs are otherwise unaware of any authority—and Wells Fargo cites none—suggesting plaintiffs seeking to certify a nationwide class must also have representatives from all 50 states in the event that the Court directs the parties to focus their attention on the propriety of certification for a single state.

In any event, it is not uncommon for courts to allow plaintiffs more time to find a suitable representative. Thus, in *Gould v. Motel 6, Inc.*, plaintiffs were permitted to file an amended complaint naming a new class representative more than 16 months after their initial complaint was filed, because of their "difficulty locating additional class representatives." 2011 WL 759472, at *3 (C.D. Cal. Feb. 22, 2011). While Wells Fargo is correct that Plaintiffs knew of Ms. Campos "at least eight months ago," Opp. at 5, Dkt. 177, Plaintiffs were not aware that their breach of contract claims would not be considered on a nationwide basis but would instead be put on hold while the Court considers certification of California only. So informed, Plaintiffs moved quickly to vet and add Campos as a class representative.

*Plascencia v. Lending 1st Mortg.*, 2012 WL 253319 (N.D. Cal. Jan. 26, 2012), cited by Wells Fargo, is distinguishable. There, plaintiffs belatedly sought to amend class definitions to expand the scope of the putative class lawsuit. *Id.* at *2. Plaintiffs seek no such expansion here, inasmuch as they were already proceeding against Wells Fargo on a nationwide basis for homeowners with FHA

contracts. The addition of a Californian with an FHA contract thus does not expand the scope of the class.

*Plascencia* also did not allow plaintiffs to substitute a named representative who could have been added months earlier. Plaintiffs in that case, however, provided no reason for this delay. *Id*. at *5-*6. Plaintiffs here, in contrast, have adequately explained the circumstances that prompted their motion to amend. And Plaintiffs in this case did not wait months to seek an amendment but acted within 15 days.

**B. Wells Fargo Fails to Prove that the Timing of This Amendment Has Prejudiced It.**

Wells Fargo claims to be prejudiced by the fact that it has had to obtain discovery from an additional named plaintiff on an expedited basis as discovery is closing. But at the last hearing, the Court ordered Wells Fargo to take discovery of all absent class members. Wells Fargo thus would have had to take discovery of Campos anyway.

In any event, Wells Fargo, a sophisticated corporate defendant, has had more than enough time and ample resources to take discovery from Campos. The company completed discovery on December 10. As such, there is no basis to find that the company was prejudiced in its ability to defend itself on class certification.[1]

Wells Fargo also claims that it was prejudiced because it could not serve written discovery on Campos. But Wells Fargo had previously served the same discovery requests on all named representatives, and Plaintiffs told Wells Fargo that they were willing to serve expedited responses to those requests for Campos. On November 27, Plaintiffs provided Wells Fargo with more than 330 pages of documents. What's more, as Campos's lender, Wells Fargo presumably already had many of these documents.

---

[1] Wells Fargo could have completed discovery even earlier. Plaintiffs offered to make Campos available for deposition in San Francisco or Los Angeles as early as Monday, November 25. Dkt. 174, 6. This offer was supported by a sworn declaration from Campos. Wells Fargo instead scheduled Campos's deposition for two days before the due date for its opposition to Plaintiffs motion for class certification.

Given these efforts, Wells Fargo's speculation that Campos will not comply with discovery is unfounded. And it bears repeating that, given the Court's directive that Wells Fargo complete discovery of absent class members, it is difficult to see how Wells Fargo has been prejudiced by having to take discovery from Campos at this stage in the proceedings.

**C.  Amendment is Appropriate Under Rule 15**

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend "shall be freely given." "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Courts consider five factors in determining whether a motion for leave to amend should be granted: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party previously amended a pleading. *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). Prejudice carries the greatest weight in the analysis. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "[U]ndue delay alone is insufficient to justify denying a motion to amend." *Green Valley Corp. v. Caldo Oil Co.*, No. 5:09-CV-04028-LHK, 2011 WL 3501712, at *9 (N.D. Cal. Aug. 10, 2011) (quoting *Schultz v. Wal–Mart Stores, Inc.*, 68 Fed. App'x 130, 131 (9th Cir. 2003)). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–87 (9th Cir. 1987); *see also Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (noting courts must grant leave to amend in the absence of bad faith, undue delay, prejudice or futility).

In the context of a motion for leave to amend, "'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015). "[I]t implies the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . [I]t contemplates a state of mind affirmatively operating with furtive design or ill will.'" *Id*. (quoting *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1185 (9th Cir. 2003)). It is much more than "bad judgment or negligence[.]" *Id*. Wells Fargo hasn't come close to showing that Plaintiffs acted in bad faith.

Plaintiffs readily meet the applicable standard of diligence, as explained in the motion and in section II.A. above. As for prejudice, Wells Fargo has fallen far short of its burden to show that it would be prejudiced by the addition of Campos as a class representative, as explained in the motion and in section II.B. above. Finally, Plaintiffs moved at their first reasonable opportunity for leave to add Campos as a class representative, as explained in the motion and in section II.A. above. Plaintiffs didn't do so as part of their previous two amendments because the Court had not yet indicated its intentions at the time that those amended complaints were filed.

### III. CONCLUSION

For the reasons stated, Plaintiffs respectfully request that the Court grant their motion for leave to file their proposed Third Amended Complaint.

Dated: December 12, 2019                          Respectfully submitted,

/s/ Michael Schrag
**GIBBS LAW GROUP LLP**
Michael L. Schrag (SBN 185832)
Joshua J. Bloomfield (SBN 212172)
Linda P. Lam (SBN 301461)
505 14th Street, Ste. 1110
Oakland, California 94612
Telephone:  510-350-9700
Facsimile:  510-350-9701
mls@classlawgroup.com
jjb@classlawgroup.com
lpl@classlawgroup.com

Richard M. Paul III
Ashlea G. Schwarz
Laura C. Fellows
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone: 816-984-8100
Facsimile:  816-984-8101
Rick@PaulLLP.com
Ashlea@PaulLLP.com
Laura@PaulLLP.com