# EXHIBIT E

Amanda L. Groves (SBN: 187216)
agroves@winston.com
Morgan E. Stewart (SBN: 321611)
mstewart@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5802
Telephone:   (415) 591-1000
Facsimile:    (415) 591-1400

Kobi K. Brinson (Admitted *pro hac vice*)
kbrinson@winston.com
Stacie C. Knight (Admitted *pro hac vice*)
sknight@winston.com
WINSTON & STRAWN LLP
100 North Tryon Street
Charlotte, NC 28202-1078
Telephone:   (704) 350-7700
Facsimile:    (704) 350-7800

Attorneys for Defendant
WELLS FARGO BANK, N.A.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ALICIA HERNANDEZ, EMMA WHITE, KEITH LINDNER, TROY FRYE, COSZETTA TEAGUE, IESHA BROWN, RUSSELL and BRENDA SIMONEAUX, JOHN and YVONNE DEMARTINO, ROSE WILSON, TIFFANIE HOOD, GEORGE and CYNDI FLOYD, and DIANA TREVINO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A.<br><br>Defendants. | Case No. No. 18-cv-07354-WHA<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSES TO PLAINTIFFS' THIRD SET OF INTERROGATORIES** |

PROPOUNDING PARTY: PLAINTIFFS

RESPONDING PARTY: DEFENDANT WELLS FARGO BANK, N.A.

SET NUMBER: THREE (3)

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") hereby objects and responds to Plaintiffs' Third Set of Interrogatories. Defendant reserves the right to supplement, modify, or amend these responses up to and through the time of trial.

**RESPONSES & OBJECTIONS**

**INTERROGATORY NO. 15**

State the total number of homes since 2010 on which Defendant foreclosed and later determined it made a mistake in foreclosing.

**RESPONSE TO INTERROGATORY NO. 15**

Defendant objects that Plaintiffs are seeking information without regard as to whether it is relevant to Plaintiffs' claims or Defendant's defenses at issue in this lawsuit, and thus exceeds the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure. Defendant further objects to this Interrogatory on the grounds that it is overbroad and disproportionate to the claims and defenses in this case. Defendant further objects to this Interrogatory on the ground that it is unduly burdensome. Defendant further objects to the phrase "mistake in foreclosing" as vague and ambiguous. Defendant further objects to the extent the Interrogatory requests information protected by the attorney-client privilege and/or bank examination privilege.

**INTERROGATORY NO. 16**

State the total number of mortgage modifications since 2010 that Defendant has determined it did not offer, but has since determined that it should have offered to a borrower.

**RESPONSE TO INTERROGATORY NO. 16**

Defendant objects that Plaintiffs are seeking information without regard as to whether it is relevant to Plaintiffs' claims or Defendant's defenses at issue in this lawsuit, and thus exceeds the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure. Defendant

further objects to this Interrogatory on the grounds that it is overbroad and disproportionate to the claims and defenses in this case. Defendant further objects to this Interrogatory on the ground that it is unduly burdensome. Defendant further objects to this Interrogatory as duplicative. Defendant further objects to the phrases "did not offer" and "should have offered to a borrower" as vague and ambiguous. Defendant further objects to the extent the Interrogatory requests information protected by the attorney-client privilege and/or bank examination privilege.

**INTERROGATORY NO. 17**

State the total number of mortgage repayment plans that Defendant has determined it did not offer, but has since determined that it should have offered to a borrower since 2010.

**RESPONSE TO INTERROGATORY NO. 17**

Defendant objects that Plaintiffs are seeking information without regard as to whether it is relevant to Plaintiffs' claims or Defendant's defenses at issue in this lawsuit, and thus exceeds the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure. Defendant further objects to this Interrogatory on the grounds that it is overbroad and disproportionate to the claims and defenses in this case. Defendant further objects to this Interrogatory on the ground that it is unduly burdensome. Defendant further objects to this Interrogatory as duplicative. Defendant further objects to the phrases "did not offer" and "should have offered to a borrower" as vague and ambiguous. Defendant further objects to the extent the Interrogatory requests information protected by the attorney-client privilege and/or bank examination privilege.

**INTERROGATORY NO. 18**

State the total number of CITs that Defendant has opened since 2010.

**RESPONSE TO INTERROGATORY NO. 18**

Defendant objects that Plaintiffs are seeking information without regard as to whether it is relevant to Plaintiffs' claims or Defendant's defenses at issue in this lawsuit, and thus exceeds the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure. Defendant further objects to this Interrogatory on the grounds that it is overbroad and disproportionate to the claims and defenses in this case. Defendant further objects to this Interrogatory on the ground that it

is unduly burdensome and harassing.  Defendant further objects to the phrase "mistake in foreclosing" as vague and ambiguous.  Defendant further objects to the extent the Interrogatory requests information protected by the attorney-client privilege and/or bank examination privilege.

**INTERROGATORY NO. 19**

State the total number of remediations that Defendant has offered to residential mortgage borrowers since 2010.

**RESPONSE TO INTERROGATORY NO. 19**

Defendant objects that Plaintiffs are seeking information without regard as to whether it is relevant to Plaintiffs' claims or Defendant's defenses at issue in this lawsuit, and thus exceeds the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure.  Defendant further objects to this Interrogatory on the grounds that it is overbroad and disproportionate to the claims and defenses in this case.  Defendant further objects to this Interrogatory on the ground that it is unduly burdensome.  Defendant further objects to the term "remediations" as vague and ambiguous.  Defendant further objects to the extent the Interrogatory requests information protected by the attorney-client privilege and/or bank examination privilege.

Dated:  November 21, 2019        WINSTON & STRAWN LLP

By:  */s/ Amanda L. Groves*
      Amanda L. Groves
      Kobi K. Brinson (*pro hac vice*)

      Attorneys for Defendant
      WELLS FARGO BANK, N.A.

# CERTIFICATE OF SERVICE

## United States District Court for the Northern District of California

### Case No. 3:18-cv-07354-WHA

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 333 S. Grand Avenue, Los Angeles, CA 90071-1543. On November 21, 2019, I served the following document:

**DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSES TO PLAINTIFF'S THIRD SET OF INTERROGATORIES**

☒ by placing a copy of the document listed above in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, CA addressed as set forth below.

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

☒ by electronically transmitting a copy of the document listed above via email to the addressees as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), or Local Rule of Court, or court order. No error messages were received after said transmission.

| | |
|---|---|
| **RICHARD M. PAUL, III**<br>**PAUL LLP**<br>**601 WALNUT STREET, SUITE 300**<br>**KANSAS CITY, MO 64106**<br>816-984-8103<br>FAX: 816-984-8101<br>EMAIL: rick@paulllp.com | **ASHLEA GAYLE SCHWARZ**<br>**PAUL LLP**<br>**601 WALNUT STREET, SUITE 300**<br>**KANSAS CITY, MO 64106**<br>816-984-8100<br>FAX: 816-984-8101<br>EMAIL: ashlea@paulllp.com |

**MICHAEL LAWRENCE SCHRAG**
**GIBBS LAW GROUP LLP**
**505 14TH STREET, SUITE 1110**
**OAKLAND, CA 94612**
510-350-9700
FAX: 510-350-9701
EMAIL: mls@classlawgroup.com

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Signed: *Shawn R. Obi*
Shawn R. Obi

Dated: November 21, 2019