# EXHIBIT H

1  Amanda L. Groves (SBN: 187216)
   agroves@winston.com
2  Morgan E. Stewart (SBN: 321611)
   mstewart@winston.com
3  WINSTON & STRAWN LLP
   101 California Street, 35th Floor
4  San Francisco, CA  94111-5802
   Telephone:    (415) 591-1000
5  Facsimile:    (415) 591-1400

6  Kobi K. Brinson (Admitted *pro hac vice*)
   kbrinson@winston.com
7  Stacie C. Knight (Admitted *pro hac vice*)
   sknight@winston.com
8  WINSTON & STRAWN LLP
   100 North Tryon Street
9  Charlotte, NC  28202-1078
   Telephone:    (704) 350-7700
10 Facsimile:    (704) 350-7800

11 Attorneys for Defendant
   WELLS FARGO BANK, N.A.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ALICIA HERNANDEZ, EMMA WHITE, KEITH LINDNER, TROY FRYE, COSZETTA TEAGUE, IESHA BROWN, RUSSELL and BRENDA SIMONEAUX, JOHN and YVONNE DEMARTINO, ROSE WILSON, TIFFANIE HOOD, GEORGE and CYNDI FLOYD, and DIANA TREVINO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A.<br><br>Defendants. | Case No. No. 3:18-cv-07354-WHA<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSES TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTY:  PLAINTIFFS**

**RESPONDING PARTY:    DEFENDANT WELLS FARGO BANK, N.A.**

**SET NUMBER:          THREE (3)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendant Wells Fargo Bank, N.A. ("Defendant") hereby submits the following Objections and Responses to Plaintiff Alicia Hernandez's ("Plaintiff") Third Set of Requests for Production of Documents ("Requests").  Defendant reserves the right to supplement, modify, or amend these responses up to and through the time of trial.

## PRELIMINARY STATEMENT

The following responses ("Responses") and objections ("Objections") are made without waiver of, or prejudice to, any objections Defendant may have.

In addition, these Responses and Objections are based on information known to Defendant at this time and should not be viewed as an exhaustive statement of the facts underlying its claims or defenses in this action.  Defendant has made a reasonable and good faith effort to respond to these Requests in compliance with Federal Rules of Civil Procedure 33 and 34.  However, discovery is ongoing and Defendant has not fully completed its investigation relating to the facts in this action.  The Responses contained herein are based only on such information and documents presently available and specifically known to Defendant.  These Responses are provided without prejudice to Defendant's right to produce or rely on subsequently discovered information, facts, or documents.  Accordingly, Defendant reserves its right to produce subsequently discovered evidence and facts, and to add, modify, supplement, or otherwise change or amend these Responses as may be appropriate in light of further investigation, discovery, or court rulings.  Nothing in these Responses shall limit or waive Defendant's right to offer additional evidence at the time of any hearing or to provide information not yet obtained by or known to Defendant.  These Responses are also subject to correction for any inadvertent errors or omissions.

No incidental or implied admissions are intended in these Responses.  The fact that Defendant has responded to these Requests should not be taken as an admission that Defendant accepts or admits

the existence of any facts set forth or assumed by these Requests or that such response constitutes admissible evidence. Further, the fact that Defendant has responded to these Requests is not intended to and shall not be construed to be a waiver by Defendant of the objections to these Requests.

Defendant objects to these Requests to the extent they seek or would call for the production of information or documents that: (i) were prepared for or in anticipation of litigation and are work-product; (ii) constitute or reflect communications protected by the attorney-client, work-product, or common interest privileges; or (iii) are protected by any other privilege under the Federal Rules of Civil Procedure or other applicable law. The production of a document by Defendant in response to these Requests is not intended to waive any privilege, right or objection on the part of Defendant with respect to any such document. In the event that a privileged document(s) is inadvertently produced, such production shall be deemed inadvertent, and shall not constitute a waiver of Defendant's right to assert the applicability for any such document(s). Upon notification that such disclosure was inadvertent, the document(s) or any copies thereof shall be returned immediately.

Defendant intends to produce information electronically, in the manner specified in the Stipulation Regarding Discovery of Electronically Stored Information ("ESI") agreed to by the parties and in accordance with mutually agreed upon custodians, search terms, and production schedule. Defendant objects to the timeframe for production specified, and intends to begin production within 30 days of entry of an appropriate protective order regarding confidentiality.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Defendant objects to the extent the Instructions request documents that exceed the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure by seeking discovery beyond that which is relevant to Plaintiff's claim, Defendant's defenses, and proportional to the needs of the case, considering the importance of the discovery in resolving issues in the case and whether the burden of the proposed discovery outweighs its likely benefit.

Defendant objects to Plaintiff's Requests on the grounds that Instruction No. 1 is overly broad, unduly burdensome, and purports to impose on Defendant obligations beyond those required by the Federal Rules of Civil Procedure, applicable local rules, and/or orders of this Court. Defendant will respond to the requests in compliance with its obligations under the Federal Rules of Civil Procedure,

applicable local rules, and/or orders of this Court.

**RESPONSES & OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 33**

The complete loan files (including any loss mitigation records) for proposed class members (as defined in Paragraph 158 of the second amended complaint, Dkt. 137).

**RESPONSE TO REQUEST NO. 33**

Defendant objects on the ground that the Request is overbroad and premature as to any individuals other than the named Plaintiffs, as no class has yet been certified.  Defendant further objects to the Request on the ground that it is vague as to what Plaintiffs consider "loan files" and on the ground that it seeks documents for which the disclosure would invade the privacy of third parties and constitute a violation of the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809.  Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

Subject to and without waiving these objections, Defendant responds as follows: Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, origination and loss-mitigation records (the "Loan Files") for the members of the putative California class.

**REQUEST FOR PRODUCTION NO. 34**

The complete loan files (including any loss mitigation records) for proposed class members (as defined in Paragraph 158 of the second amended complaint, Dkt. 137) whose mortgage loan was secured by real property located in California.

**RESPONSE TO REQUEST NO. 34**

Defendant objects on the ground that the Request is overbroad and premature as to any individuals other than the named Plaintiffs, as no class has yet been certified.  Defendant further objects to the Request on the ground that it is vague as to what Plaintiffs consider "loan files" and on the ground that it seeks documents for which the disclosure would invade the privacy of third parties and constitute a violation of the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809.  Defendant also

objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

Subject to and without waiving these objections, Defendant responds as follows: Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, the Loan Files for the members of the putative California class.

**REQUEST FOR PRODUCTION NO. 35**

Any security instrument that any proposed class member had that does not include the "action required to cure the default" or "except as limited by regulations issued by the [HUD] Secretary" phrase in the acceleration clause.

**RESPONSE TO REQUEST NO. 35**

Defendant objects on the ground that the Request is overbroad and premature as to any individuals other than the named Plaintiffs, as no class has yet been certified. Defendant further objects to the Request on the ground the production of responsive documents as to the non-California out-of-state putative class members would be improper absent a court order. Defendant further objects on the ground that it is unduly burdensome. Defendant further objects to the Request on the ground that it seeks documents for which the disclosure would invade the privacy of third parties and constitute a violation of the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809.

Subject to and without waiving these objections, Defendant responds as follows: Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, responsive documents for the members of the putative California class, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 36**

Any security instrument that any proposed class member had that is not the Fannie Mae/Freddie Mac or Federal Housing Administration form version in Dkt. 60-3.

**RESPONSE TO REQUEST NO. 36**

Defendant objects on the ground that the Request is overbroad and premature as to any individuals other than the named Plaintiffs, as no class has yet been certified. Defendant further

objects to the Request on the ground the production of responsive documents as to the non-California out-of-state putative class members would be improper absent a court order. Defendant further objects on the ground that it is unduly burdensome. Defendant further objects to the Request on the ground that it seeks documents for which the disclosure would invade the privacy of third parties and constitute a violation of the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809.

Subject to and without waiving these objections, Defendant responds as follows: Subject to and without waiving these objections, Defendant responds as follows: Defendant will produce, based on a search of reasonable scope that is proportional to the needs of the case and consistent with the parties' ESI protocol, responsive documents for the members of the putative California class, to the extent any exist.

Dated: December 6, 2019                     WINSTON & STRAWN LLP

                                            By:  */s/ Amanda L. Groves*
                                                 Amanda L. Groves
                                                 Kobi K. Brinson (*pro hac vice*)

                                                 Attorneys for Defendant
                                                 WELLS FARGO BANK, N.A.

# CERTIFICATE OF SERVICE

## United States District Court for the Northern District of California

**Case No. 3:18-cv-07354-WHA**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 333 S. Grand Avenue, Los Angeles, CA 90071-1543. On December 6, 2019, I served the following document:

**DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSES TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

☒ by placing a copy of the document listed above in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, CA addressed as set forth below.

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

☒ by electronically transmitting a copy of the document listed above via email to the addressees as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), or Local Rule of Court, or court order. No error messages were received after said transmission.

| | |
|---|---|
| **RICHARD M. PAUL, III**<br>**PAUL LLP**<br>**601 WALNUT STREET, SUITE 300**<br>**KANSAS CITY, MO 64106**<br>816-984-8103<br>FAX: 816-984-8101<br>EMAIL: rick@paulllp.com | **ASHLEA GAYLE SCHWARZ**<br>**PAUL LLP**<br>**601 WALNUT STREET, SUITE 300**<br>**KANSAS CITY, MO 64106**<br>816-984-8100<br>FAX: 816-984-8101<br>EMAIL: ashlea@paulllp.com |

**MICHAEL LAWRENCE SCHRAG**
**GIBBS LAW GROUP LLP**
**505 14TH STREET, SUITE 1110**
**OAKLAND, CA 94612**
510-350-9700
FAX: 510-350-9701
EMAIL: mls@classlawgroup.com

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Signed: /s/ Shawn R. Obi
Shawn R. Obi

Dated: December 6, 2019