# EXHIBIT I

Amanda L. Groves (SBN: 187216)
agroves@winston.com
Morgan E. Stewart (SBN: 321611)
mstewart@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5802
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Kobi K. Brinson (Admitted *pro hac vice*)
kbrinson@winston.com
Stacie C. Knight (Admitted *pro hac vice*)
sknight@winston.com
WINSTON & STRAWN LLP
100 North Tryon Street
Charlotte, NC 28202-1078
Telephone: (704) 350-7700
Facsimile: (704) 350-7800

Attorneys for Defendant
WELLS FARGO BANK, N.A.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ALICIA HERNANDEZ, EMMA WHITE, KEITH LINDNER, TROY FRYE, COSZETTA TEAGUE, IESHA BROWN, RUSSELL and BRENDA SIMONEAUX, JOHN and YVONNE DEMARTINO, ROSE WILSON, TIFFANIE HOOD, GEORGE and CYNDI FLOYD, and DIANA TREVINO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A.<br><br>Defendants. | Case No. No. 18-cv-07354-WHA<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES** |

1  **PROPOUNDING PARTY: PLAINTIFFS**
2  **RESPONDING PARTY:   DEFENDANT WELLS FARGO BANK, N.A.**
3  **SET NUMBER:           FOUR (4)**

4  Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Wells Fargo Bank, N.A.
5  ("Defendant" or "Wells Fargo") hereby objects and responds to Plaintiffs' Fourth Set of
6  Interrogatories. Defendant reserves the right to supplement, modify, or amend these responses up to
7  and through the time of trial.

8  **PRELIMINARY STATEMENT**

9  The following responses ("Responses") and objections ("Objections") are made without
10 waiver of, or prejudice to, any objections Defendant may have.
11 In addition, these Responses and Objections are based on information known to Defendant at
12 this time and should not be viewed as an exhaustive statement of the facts underlying its claims or
13 defenses in this action. Defendant has made a reasonable and good faith effort to respond to these
14 Interrogatories in compliance with Federal Rules of Civil Procedure 26 and 33. However, discovery
15 is ongoing and Defendant has not fully completed its investigation relating to the facts in this action.
16 The Responses contained herein are based only on such information and documents presently available
17 and specifically known to Defendant. These Responses are provided without prejudice to Defendant's
18 right to produce or rely on subsequently discovered information, facts or documents. Accordingly,
19 Defendant reserves its right to produce subsequently discovered evidence and facts, and to add,
20 modify, supplement, or otherwise change or amend these Responses as may be appropriate in light of
21 further investigation, discovery, or court rulings. Nothing in these Responses shall limit or waive
22 Defendant's right to offer additional evidence at the time of any hearing or to provide information not
23 yet obtained by or known to Defendant. These Responses are also subject to correction for any
24 inadvertent errors or omissions.
25 In making these responses, Defendant does not concede the relevance or materiality of any of
26 the interrogatories propounded by Plaintiff. Defendant also does not concede the relevance or
27 materiality of any of the subjects to which those interrogatories refer or relate. Defendant's objections
28 and responses are made without waiver of any objections as to competence, relevance, materiality, or

admissibility as evidence, for any purpose, of any response to the interrogatories, and without waiver of Defendant's right to object on any grounds to the use of these objections and responses at any trial or hearing. No incidental or implied admissions of any kind are intended by the objections and responses herein. The fact that Defendant objects to or responds to any interrogatory should not be taken as an admission that Defendant accepts or admits the existence of any facts assumed by such interrogatory, nor should such a response be taken to constitute admissible evidence as to any such assumed facts. The fact that Defendant responds to part of or all of any interrogatory is not intended to be, and shall not be construed as, a waiver by Defendant of any part of any objection to any interrogatory.

Defendant's discovery and investigation of the subject matter of this litigation is presently ongoing and is not yet complete. Defendant's present objections and responses are based on information currently known to the individuals responding to discovery at this time. Defendant reserves the right to supplement, modify, or amend these objections and responses and to introduce at trial additional responsive information that may be subsequently discovered.

**RESPONSES & OBJECTIONS**

**INTERROGATORY NO. 20**

For each named Plaintiff, state the interest rate, whether the interest rate would be fixed or variable (and if variable, the underlying index, margin, how often the variable rate could be adjusted, and by how much at each interval), loan term, amortization schedule, principal amount of the loan (including any fees or arrearages added), and whether the monthly payment includes an escrow amount for each plaintiff under the trial mortgage modification that each plaintiff would have been approved for, had You not made the calculation error(s) described in Wells Fargo & Company's Form 10-Q for the quarterly period ending on September 30, 2018.

**RESPONSE TO INTERROGATORY NO. 20**

Defendant objects that Plaintiffs are seeking information without regard as to whether it is relevant to Plaintiffs' claims or Defendant's defenses at issue in this lawsuit, and thus exceeds the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure. Defendant further objects to this Interrogatory on the grounds that it is overbroad and disproportionate to the

claims and defenses in this case.  Defendant further objects to this Interrogatory on the ground that it is unduly burdensome.  Defendant further objects to the phrase "would have been approved" as vague and ambiguous.

Subject to the foregoing objections, Defendant responds as follows:  In accordance with Fed. R. Civ. P. 33(d), Defendant further identifies the following as containing information from which Plaintiffs can derive information they seek in this interrogatory: WF_HERNANDEZ_00017734 - WF_HERNANDEZ_00017742; WF_HERNANDEZ_00017743 - WF_HERNANDEZ_00017752; WF_HERNANDEZ_00017714 - WF_HERNANDEZ_00017716; WF_HERNANDEZ_00017780 - WF_HERNANDEZ_00017783; WF_HERNANDEZ_00017801 - WF_HERNANDEZ_00017809; WF_HERNANDEZ_00110262 - WF_HERNANDEZ_00110271; WF_HERNANDEZ_00017721 - WF_HERNANDEZ_00017724; WF_HERNANDEZ_00017788 - WF_HERNANDEZ_00017791; WF_HERNANDEZ_00017762 - WF_HERNANDEZ_00017770; WF_HERNANDEZ_00017784 - WF_HERNANDEZ_00017787; WF_HERNANDEZ_00017771 - WF_HERNANDEZ_00017779; WF_HERNANDEZ_00017753 - WF_HERNANDEZ_00017761; WF_HERNANDEZ_00017792 - WF_HERNANDEZ_00017800; WF_HERNANDEZ_00017725 - WF_HERNANDEZ_00017733; WF_HERNANDEZ_00017717 - WF_HERNANDEZ_00017720.

**INTERROGATORY NO. 21**

For each named Plaintiff, state the interest rate, whether the interest rate would be fixed or variable (and if variable, the underlying index, margin, how often the variable rate could be adjusted, and by how much at each interval), loan term, amortization schedule, principal amount of the loan (including any fees or arrearages added), and whether the monthly payment includes an escrow amount for each plaintiff under the permanent mortgage modification that each plaintiff would have been approved for, had You not made the calculation error(s) described in Wells Fargo & Company's Form 10-Q for the quarterly period ending on September 30, 2018, and had the plaintiff made each payment under his or her trial period payment plan.

**RESPONSE TO INTERROGATORY NO. 21**

Defendant objects that Plaintiffs are seeking information without regard as to whether it is relevant to Plaintiffs' claims or Defendant's defenses at issue in this lawsuit, and thus exceeds the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure. Defendant further objects to this Interrogatory on the grounds that it is overbroad and disproportionate to the claims and defenses in this case. Defendant further objects to this Interrogatory on the ground that it is unduly burdensome. Defendant further objects to the phrase "would have been approved" as vague and ambiguous. Defendant further objects to this Interrogatory on the ground that it is unintelligible and unanswerable as to permanent modifications.

**INTERROGATORY NO. 22**

If you deny Plaintiffs' Request for Admission No. 1, please explain Your reason for denying and identify any type of security instrument any class member had that does not include the "action required to cure the default" or "except as limited by regulations issued by the [HUD] Secretary" phrase in the acceleration clause (including identifying by loan number which class members had each different version).

**RESPONSE TO INTERROGATORY NO. 22**

Defendant objects on the ground that the Interrogatory is overbroad and premature as to any individuals other than the named Plaintiffs, as no class has yet been certified.

Subject to and without waiving these objections, Defendant responds as follows: N/A, Defendant admits Request for Admission No. 1 as to the named Plaintiffs.

Dated: December 6, 2019        WINSTON & STRAWN LLP

                               By:   */s/ Amanda L. Groves*
                                     Amanda L. Groves
                                     Kobi K. Brinson (*pro hac vice*)

                                     Attorneys for Defendant
                                     WELLS FARGO BANK, N.A.

# CERTIFICATE OF SERVICE

## United States District Court for the Northern District of California

### Case No. 3:18-cv-07354-WHA

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 333 S. Grand Avenue, Los Angeles, CA 90071-1543. On December 6, 2019, I served the following document:

**DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES**

⊠    by electronically transmitting a copy of the document listed above via email to the addressees as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), or Local Rule of Court, or court order. No error messages were received after said transmission.

**RICHARD M. PAUL, III**
**PAUL LLP**
**601 WALNUT STREET, SUITE 300**
**KANSAS CITY, MO 64106**
**816-984-8103**
**FAX: 816-984-8101**
**EMAIL: rick@paulllp.com**

**ASHLEA GAYLE SCHWARZ**
**PAUL LLP**
**601 WALNUT STREET, SUITE 300**
**KANSAS CITY, MO 64106**
**816-984-8100**
**FAX: 816-984-8101**
**EMAIL:** ashlea@paulllp.com

**MICHAEL LAWRENCE SCHRAG**
**GIBBS LAW GROUP LLP**
**505 14TH STREET, SUITE 1110**
**OAKLAND, CA 94612**
**510-350-9700**
**FAX: 510-350-9701**
**EMAIL:** mls@classlawgroup.com

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Signed:   _Shawn R. Obi_
               Shawn R. Obi

Dated:   December 6, 2019