# EXHIBIT J

1  Amanda L. Groves (SBN: 187216)
   agroves@winston.com
2  Morgan E. Stewart (SBN: 321611)
   mstewart@winston.com
3  WINSTON & STRAWN LLP
   101 California Street, 35th Floor
4  San Francisco, CA 94111-5802
   Telephone:    (415) 591-1000
5  Facsimile:    (415) 591-1400

6  Kobi K. Brinson (Admitted *pro hac vice*)
   kbrinson@winston.com
7  Stacie C. Knight (Admitted *pro hac vice*)
   sknight@winston.com
8  WINSTON & STRAWN LLP
   100 North Tryon Street
9  Charlotte, NC 28202-1078
   Telephone:    (704) 350-7700
10 Facsimile:    (704) 350-7800

11 Attorneys for Defendant
   WELLS FARGO BANK, N.A.

12
               **UNITED STATES DISTRICT COURT**
13
              **NORTHERN DISTRICT OF CALIFORNIA**
14
                 **SAN FRANCISCO DIVISION**
15

16 ALICIA HERNANDEZ, EMMA WHITE,        **Case No. No. 3:18-cv-07354-WHA**
   KEITH LINDNER, TROY FRYE,
17 COSZETTA TEAGUE, IESHA BROWN,        **DEFENDANT WELLS FARGO BANK, N.A.'S**
   RUSSELL and BRENDA SIMONEAUX,        **SUPPLEMENTARY RESPONSES TO**
18 JOHN and YVONNE DEMARTINO,           **PLAINTIFFS' SECOND SET OF REQUESTS**
   ROSE WILSON, TIFFANIE HOOD,          **FOR PRODUCTION OF DOCUMENTS**
19 GEORGE and CYNDI FLOYD, and
   DIANA TREVINO, individually and on
20 behalf of all others similarly situated,

21        Plaintiffs,

22    v.

23 WELLS FARGO & COMPANY,
   WELLS FARGO BANK, N.A.
24
          Defendants.
25

26

27

28

---

DEFENDANT WELLS FARGO BANK, N.A.'S SUPPLEMENTARY RESPONSES TO PLAINTIFFS' SECOND SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 18-cv-07354-WHA

**PROPOUNDING PARTY: PLAINTIFFS**

**RESPONDING PARTY:     DEFENDANT WELLS FARGO BANK, N.A.**

**SET NUMBER:            TWO (2)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendant Wells Fargo Bank, N.A. ("Defendant") hereby submits the following Objections and Responses to Plaintiff Alicia Hernandez's ("Plaintiff") Third Set of Requests for Production of Documents ("Requests").  Defendant reserves the right to supplement, modify, or amend these responses up to and through the time of trial.

## PRELIMINARY STATEMENT

The following responses ("Responses") and objections ("Objections") are made without waiver of, or prejudice to, any objections Defendant may have.

In addition, these Responses and Objections are based on information known to Defendant at this time and should not be viewed as an exhaustive statement of the facts underlying its claims or defenses in this action.  Defendant has made a reasonable and good faith effort to respond to these Requests in compliance with Federal Rules of Civil Procedure 33 and 34.  However, discovery is ongoing and Defendant has not fully completed its investigation relating to the facts in this action. The Responses contained herein are based only on such information and documents presently available and specifically known to Defendant.  These Responses are provided without prejudice to Defendant's right to produce or rely on subsequently discovered information, facts, or documents.  Accordingly, Defendant reserves its right to produce subsequently discovered evidence and facts, and to add, modify, supplement, or otherwise change or amend these Responses as may be appropriate in light of further investigation, discovery, or court rulings.  Nothing in these Responses shall limit or waive Defendant's right to offer additional evidence at the time of any hearing or to provide information not yet obtained by or known to Defendant.  These Responses are also subject to correction for any inadvertent errors or omissions.

No incidental or implied admissions are intended in these Responses.  The fact that Defendant has responded to these Requests should not be taken as an admission that Defendant accepts or admits

1  the existence of any facts set forth or assumed by these Requests or that such response constitutes

2  admissible evidence.  Further, the fact that Defendant has responded to these Requests is not intended

3  to and shall not be construed to be a waiver by Defendant of the objections to these Requests.

4      Defendant objects to these Requests to the extent they seek or would call for the production of

5  information or documents that: (i) were prepared for or in anticipation of litigation and are work-

6  product; (ii) constitute or reflect communications protected by the attorney-client, work-product, or

7  common interest privileges; or (iii) are protected by any other privilege under the Federal Rules of

8  Civil Procedure or other applicable law.  The production of a document by Defendant in response to

9  these Requests is not intended to waive any privilege, right or objection on the part of Defendant with

10  respect to any such document.  In the event that a privileged document(s) is inadvertently produced,

11  such production shall be deemed inadvertent, and shall not constitute a waiver of Defendant's right to

12  assert the applicability for any such document(s).   Upon notification that such disclosure was

13  inadvertent, the document(s) or any copies thereof shall be returned immediately.

14      Defendant intends to produce information electronically, in the manner specified in the

15  Stipulation Regarding Discovery of Electronically Stored Information ("ESI") agreed to by the parties

16  and in accordance with mutually agreed upon custodians, search terms, and production schedule.

17  Defendant objects to the timeframe for production specified, and intends to begin production within

18  30 days of entry of an appropriate protective order regarding confidentiality.

19  **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

20      Defendant objects to the extent the Instructions request documents that exceed the scope of

21  discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure by seeking discovery

22  beyond that which is relevant to Plaintiff's claim, Defendant's defenses, and proportional to the needs

23  of the case, considering the importance of the discovery in resolving issues in the case and whether

24  the burden of the proposed discovery outweighs its likely benefit.

25      Defendant objects to Plaintiff's Requests on the grounds that Instruction No. 1 is overly broad,

26  unduly burdensome, and purports to impose on Defendant obligations beyond those required by the

27  Federal Rules of Civil Procedure, applicable local rules, and/or orders of this Court.  Defendant will

28  respond to the requests in compliance with its obligations under the Federal Rules of Civil Procedure,

applicable local rules, and/or orders of this Court.

## **RESPONSES & OBJECTIONS**

## **REQUEST FOR PRODUCTION NO. 31**

Documents regarding the discovery, analysis, and any fix of HPU-40/CIT 1600/CCR 17127, including the customer impact submission/notification, change control center submission, root cause analysis, project definition document(s), executive summaries, business requirement document(s), and StarWeb notes.

## **RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the claims and defenses in this case. Defendant also objects to the extent that the request seeks information protected by the attorney-client privilege, bank examination privilege, and/or work product doctrine. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

## **REQUEST FOR PRODUCTION NO. 32**

Documents regarding insurance claims submitted and paid to Defendant in connection with foreclosures of class members' homes.

## **RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

Defendant objects on the ground that the Request is overbroad, unduly burdensome and disproportionate to the claims and defenses in this case. Defendant further objects to this Request on the ground that it is premature as to any individuals other than the named Plaintiffs, as no class has yet been certified. Defendant further objects to the Request on the ground that it is vague and ambiguous as to "insurance claims." Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant also objects to the extent that the request seeks information protected by the attorney-client privilege and/or work product doctrine.

1    To the extent responsive, non-privileged documents exist, Defendant withholds them on the

2    basis of the foregoing objections.

3

4    Dated:  December 26, 2019                    WINSTON & STRAWN LLP

5

6                                                By:   */s/ Amanda L. Groves*
                                                      Amanda L. Groves
                                                      Kobi K. Brinson (*pro hac vice*)

7

8                                                Attorneys for Defendant
                                                 WELLS FARGO BANK, N.A.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

## United States District Court for the Northern District of California

### Case No. 3:18-cv-07354-WHA

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Winston & Strawn LLP, 333 S. Grand Avenue, Los Angeles, CA 90071-1543.  On December 26, 2019, I served the following document:

**DEFENDANT WELLS FARGO BANK, N.A.'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

☒  by electronically transmitting a copy of the document listed above via email to the addressees as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), or Local Rule of Court, or court order.  No error messages were received after said transmission

**RICHARD M. PAUL, III**
**PAUL LLP**
**601 WALNUT STREET, SUITE 300**
**KANSAS CITY, MO 64106**
**816-984-8103**
**FAX: 816-984-8101**
**EMAIL: rick@paulllp.com**

**ASHLEA GAYLE SCHWARZ**
**PAUL LLP**
**601 WALNUT STREET, SUITE 300**
**KANSAS CITY, MO 64106**
**816-984-8100**
**FAX: 816-984-8101**
**EMAIL: ashlea@paulllp.com**

**MICHAEL LAWRENCE SCHRAG**
**GIBBS LAW GROUP LLP**
**505 14TH STREET, SUITE 1110**
**OAKLAND, CA 94612**
**510-350-9700**
**FAX: 510-350-9701**
**EMAIL: mls@classlawgroup.com**

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Signed:   */s/ Shawn R. Obi*
                 Shawn R. Obi

1

Dated:     December 26, 2019

AmericasActive:14297994.1

PROOF OF SERVICE