Michael L. Schrag (SBN 185832)
Joshua J. Bloomfield (SBN 212172)
Linda P. Lam (SBN 301461)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
mls@classlawgroup.com
jjb@classlawgroup.com
lpl@classlawgroup.com

Richard M. Paul III
Ashlea G. Schwarz
Laura C. Fellows
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Facsimile: (816) 984-8101
Rick@PaulLLP.com
Ashlea@PaulLLP.com
Laura@PaulLLP.com

*Counsel for Plaintiffs and Proposed Classes*

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALICIA HERNANDEZ et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 3:18-cv-07354-WHA<br><br>**PLAINTIFFS' RESPONSE TO NOTICE RE CLASS CERTIFICATION** |

Plaintiffs respectfully submit this response to the Court's Order dated January 15 asking for decisions that address whether "federal common law govern[s]" the Fannie Mae/Freddie Mac and FHA contracts at issue here "(which would be common through the United States) versus the law of the state in which the property is located." Dkt. 203, at 1.

*Kolbe v. BAC Home Loans Servicing, LP*, 738 F.3d 432 (1st Cir. 2013) (en banc), was a putative class action for damages against a mortgagee and flood insurer. The suit alleged that the mortgagee's requirement that the homeowner maintain flood insurance in an amount sufficient to cover the replacement value of the home was in breach of the mortgage contract and the implied covenant of good faith and fair dealing. *Id*. at 436 (opinion of Lynch, C.J., Howard, J., and Kayatta, J.). The district court dismissed the complaint for failure to state a claim, and the First Circuit affirmed by an equally divided en banc court. *Id*. The mortgage in question was insured by the Federal Housing Administration ("FHA"), and the contractual language at issue was "a standard uniform covenant prescribed by the FHA pursuant to federal law." *Id*. Further, "[t]he mortgage itself provide[d] that it is governed by "federal law and the law of the jurisdiction in which the Property is located." *Id*. at 459 n.33 (opinion of Lipez, J., Torruella, J., and Thompson, J.).

Writing for herself and Judge Howard and Judge Kayatta, Chief Judge Lynch concluded that "[w]hen dealing with uniform contract language imposed by the United States, it is the meaning of the United States that controls," *id*. at 441, rather than the meaning assigned by the contracting parties. The court appears to have considered the meaning to the uniform contract language to be a question of federal law, though it cited New Jersey law as well, noting (for example) that such "principles have also been adopted in New Jersey." *Id*. at 443.

Writing for himself and two other members of the en banc court, Judge Lipez found that "[a]lthough the meaning of [the standard uniform covenant] is a question of federal law, we use New Jersey's general framework for contract interpretation." *Id*. (citing *cf. LPP Mortg., Ltd. v. Sugarman*, 565 F.3d 28, 31 (1st Cir. 2009) (noting that, even where "federal common law governs as to contractual issues," courts typically borrow from state law and apply ordinary contract principles)). And in a separate opinion, Judge Lipez wrote: "The parties agree that New Jersey law governs the state-law issue of contract interpretation because Kolbe's residence is located there, and Paragraph 14 of the

-1-  PLAINTIFFS' RESPONSE TO NOTICE RE CLASS CERTIFICATION

mortgage provides that 'federal law and the law of the jurisdiction in which the Property is located' govern." *Id*. at 477 n.6 (Lipez, J.).

In *Kolbe*, the United States appeared as amicus curiae. It argued that "the interpretation of [the uniform covenant] is properly a matter of federal law." Br. of United States as Amicus Curiae, 2012 WL 6837765, at *13 n.3. "The mortgage's choice-of-law clause provides that the contract is 'governed by federal law and the law of the jurisdiction in which the Property is located.' R.A. 34; see also 54 Fed. Reg. at 27,606 (prescribing this choice-of-law clause). State law may govern the portions of the standard FHA mortgage contract that vary from state to state, but it would make little sense for the meaning of a uniform provision prescribed by a federal agency as a nationwide condition of participation in a federal program to depend on the content of state law." *Id*.

Similarly, in *Feaz v. Wells Fargo Bank, N.A.*, 745 F.3d 1098 (11th Cir. 2014), the court stated: "When a contract contains a uniform, standard-form provision required by the United States in every such contract across the country, two considerations supplement those general principles: interpretation of the provision cannot vary from place to place or from contract to contract; and the United States drafted the language to implement congressional directives." *Id*. at 1105.

Plaintiffs could find at least eighty-eight cases that reference the choice-of-law language at issue here. Most of these cases do not analyze choice of law in any depth, and those that do consider which state law to apply (as opposed to considering whether federal law applies instead of state law). In the main, the cases that mention this choice-of-law language merely find that the law of the property's location governs.

A representative sampling of such cases are as follows:

- *Rapp v. Green Tree Servicing, LLC*, 302 F.R.D. 505, 509 (D. Minn. 2014).
- *Krause v. GE Capital Mortg. Services, Inc.*, 1998 WL 831896 (N.D. Ill. Nov. 20, 1998).
- *Heil v. Wells Fargo Bank*, 2006 WL 2411416 (N.D. Cal. Aug. 18, 2006).
- *Lee v. Ocwen Loan Servicing, LLC*, 2018 WL 4365583 (E.D. Va. July 31, 2018).
- *Wells Fargo Bank, N.A. v. Klibanoff*, 2014 WL 12610226 (N.D. Ala. Nov. 14, 2014).
- *Feaz v. Wells Fargo Bank, N.A.*, 2012 WL 6680301 (S.D. Ala. Nov. 19, 2012).
- *Acosta v. Campbell*, 2006 WL 146208 (M.D. Fla. Jan. 18, 2006).

- *Hylton v. J.P. Morgan Chase Bank, N.A.*, 338 F.Supp.3d 263 (S.D.N.Y. 2018).
- *Sharpes v. JPMorgan Chase & Co.*, 2015 WL 5440626 (D. Col. Aug. 26, 2015).
- *Garcia v. ARCS Mortgage, Inc.*, 2002 WL 31341254 (C.A. Cal. 4th Dist. Oct. 18, 2002).
- *In re Macklin*, 2011 WL 2015520 (E.D. Cal. May 19, 2011).
- *Saterbak v. National Default Servicing Corp.*, 2015 WL 5794560 (S.D. Cal. Oct. 1, 2015).
- *Reyes-Aguilar v. Bank of America, N.A.*, 2014 WL 2153792 (N.D. Cal. Mar. 20, 2014).
- *Lupo v. JPMorgan Chase Bank, N.A.*, 2015 WL 5714641 (D. Md. Sep. 28, 2015).
- *In re Hight*, 393 B.R. 484 (S.D. Tex. 2008).
- *Fall v. Bank of New York Mellon*, 2017 WL 7806593 (C.D. Cal. May 5, 2017).
- *Willis v. Bank of America Corp.*, 2014 WL 3829520 (D. Md. Aug. 1, 2014).
- *Galante v. Ocwen Loan Servicing LLC*, 2014 WL 3616354 (D. Md. July 18, 2014).

In contrast to these cases, the parties in *Portage Cty. Commrs. v. O'Neil*, No. 2013-P-0066, 2015 WL 1000178 (Ohio Ct. App. Mar. 9, 2015), disagreed on whether federal law applies. In a concurrence, Judge O'Toole agreed with the majority that the trial court had erred in granting summary judgment to a bank on the issue of whether the bank had provided proper notice prior to acceleration, as required under the note and mortgage as well as applicable federal law. *Id*. at *8 (O'Toole, J., concurring and dissenting in part). The bank had argued that federal law does not apply, *id*. at *6, but Judge O'Toole rejected that argument based on choice-of-law language that is materially identical to that at issue here. *Id*. at *7.

Lastly, in *Smith v. Reverse Mortg. Sols., Inc.*, 200 So. 3d 221 (Fla. Dist. Ct. App. 2016), the court "applied [ ] relevant provisions of federal law related to reverse mortgages" because the mortgage at issue included such choice-of-law language. *Id*. at 226-27 & n.9.

Dated: January 22, 2020

Respectfully submitted,

/s/ Michael Schrag
**GIBBS LAW GROUP LLP**
Michael L. Schrag (SBN 185832)
Joshua J. Bloomfield (SBN 212172)
Linda P. Lam (SBN 301461)
505 14th Street, Ste. 1110

|   |   |
|---|---|
| 1 | Oakland, California 94612 |
| 2 | Telephone:  510-350-9700 |
|   | Facsimile:  510-350-9701 |
| 3 | mls@classlawgroup.com |
|   | jjb@classlawgroup.com |
| 4 | lpl@classlawgroup.com |
| 5 | Richard M. Paul III |
|   | Ashlea G. Schwarz |
| 6 | Laura C. Fellows |
|   | **PAUL LLP** |
| 7 | 601 Walnut Street, Suite 300 |
|   | Kansas City, Missouri 64106 |
| 8 | Telephone: 816-984-8100 |
|   | Facsimile:  816-984-8101 |
| 9 | Rick@PaulLLP.com |
| 10 | Ashlea@PaulLLP.com |
|   | Laura@PaulLLP.com |

*Counsel for Plaintiffs*

-4-    PLAINTIFFS' RESPONSE TO NOTICE RE CLASS CERTIFICATION