Michael L. Schrag (SBN 185832)
Joshua J. Bloomfield (SBN 212172)
Linda P. Lam (SBN 301461)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
mls@classlawgroup.com
jjb@classlawgroup.com
lpl@classlawgroup.com

Richard M. Paul III
Ashlea G. Schwarz
Laura C. Fellows
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Facsimile: (816) 984-8101
Rick@PaulLLP.com
Ashlea@PaulLLP.com
Laura@PaulLLP.com

*Counsel for Plaintiffs and Proposed Classes*

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA HERNANDEZ et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 3:18-cv-07354-WHA<br><br>**PLAINTIFFS' OPPOSITION TO WELLS FARGO'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF REGARDING DEMONSTRATIVE EVIDENCE SUBMITTED BY PLAINTIFFS AT CLASS CERTIFICATION HEARING** |

1    Wells Fargo's request to file redundant briefing on Plaintiffs' UCL restitution claim should be

2 denied. Wells Fargo simply repeats the same arguments it made in its opposition brief: that Plaintiffs

3 are wrong that in awarding UCL restitution, this Court, under *Pulaski & Middleman, LLC v. Google,*

4 *Inc.*, has flexibility in the date at which restitution is calculated. 802 F.3d 979, 988-89 (9th Cir. 2015);

5 *see* Dkt. 188 at 17:18-18-20; Dkt. 211-1. In its opposition, Wells Fargo already argued that the two

6 types of restitution Plaintiffs seek – the value of the property Wells Fargo wrongfully took and the

7 excess mortgage payments they paid due to Wells Fargo's failure to offer loan modifications – are not

8 recoverable under the UCL. Plaintiffs have now disclosed the amount of restitution class members seek

9 based on their expert's work, but that does not change the bank's arguments. The Court already has

10 what it needs to assess the parties' positions on this issue.

11    If the Court, however, considers Wells Fargo's brief, it should nevertheless certify the UCL

12 claim because common liability issues predominate and the bank presents an overly narrow reading of

13 restitution. The California Supreme Court has made clear that restitution under the UCL "is not limited

14 only to the return of money or property," and that a court may exercise broad powers in awarding

15 restitution in order to restore "the *status quo ante* as nearly as may be achieved." *Colgan v. Leatherman*

16 *Tool Group, Inc.*, 135 Cal.App.4th 663, 698 (2006); *see also Fletcher v. Sec. Pac. Nat'l. Bank*, 23

17 Cal.3d 442, 452 (1979) ("A court of equity may exercise its full range of powers 'in order to

18 accomplish complete justice between the parties, restoring if necessary the *status quo ante* as nearly as

19 may be achieved.'") (quoting *People v. Superior Court (Jayhill)*, 9 Cal.3d 283, 286, 107 (1973)).

20    The primary purpose of UCL restitution is restoring the plaintiff to the position she would have

21 been absent the wrongdoing. *Colgan*, 135 Cal.App.4th at 697-698 (citing *Fletcher*, 23 Cal.3d at

22 450*); Pulaski & Middleman*, 802 F.3d at 988-89. Where a defendant has wrongfully taken a plaintiff's

23 property, the measure of restitution "'is the value of the property at the time of its improper acquisition

24 *… or a higher value if this is required to avoid injustice' where the property has changed in value.*" *Id.*

25 (citations omitted) (emphasis added). Wells Fargo's brief did not address this portion of *Pulaski*, which

26 cites the Restatement of Restitution, and states that if property the defendant took has fluctuated in

27 value, the measure of restitution can be adjusted (and made higher) to avoid injustice. Restatement

28 (First) of Restitution § 151.

PLAINTIFFS' OPP. TO ADMINISTRATIVE
MOTION FOR LEAVE TO FILE SUPPLEMENTAL
BRIEF

1    Courts have held that the forms of restitution Plaintiffs seek are recoverable under the UCL. In

2    *Majd v. Bank of America, N.A.*, the plaintiff sued under the UCL based on the defendant-bank's "dual

3    tracking" (*i.e.* initiating a loan modification review while simultaneously proceeding with foreclosure)

4    and ultimate wrongful foreclosure of his home. 243 Cal.App.4th 1293, 1302 (2015). The court

5    considered whether the plaintiff had "lost money or property as a result of the unfair competition," and

6    held, "[t]here is no question that plaintiff alleged economic injury in the form of the loss of his home."

7    *Id*. at 1034 (citing *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal.App.4th 49, 82 (2013)). The

8    *Lueras* court similarly held that "[s]ale of a home through a foreclosure sale is certainly a deprivation

9    of property to which a plaintiff has a cognizable claim" for UCL purposes. 221 Cal.App.4th at 82; *see*

10   *also Hahn v. Select Portfolio Servicing*, 2018 WL 6046463, at *4 (N.D. Cal. Nov. 19, 2018) (plaintiffs

11   established claim for UCL standing by alleging they lost equity in their property and paid "improper

12   foreclosure fees").

13       *Estrada v. Caliber Home Loans, Inc.* establishes that a plaintiff can seek "lost money or

14   property" under the UCL in the form of mortgage payments. 172 F. Supp. 3d 1108 (C.D. Cal. 2016).

15   There, the plaintiff was forced to make higher monthly payments on her loan because the defendant-

16   loan servicer failed to honor a modification she had received at one point. *Id*. at 1116-17. The court

17   held that she adequately alleged UCL injury based on those higher mortgage payments. *Id*. at 1117.

18       Here, Plaintiffs allege that Wells Fargo violated the UCL by failing to adequately test and

19   monitor its mortgage modification practices, and by failing to adhere to HAMP. Dkt. 87 at 8-9. Certain

20   Plaintiffs and class members will seek to prove in the remedies phase that the "property" they lost as a

21   result of Wells Fargo's unfair business practices was their home. Wells Fargo took these homes at the

22   time of foreclosure and later sold them; it is therefore impossible to return the actual property back to

23   class members. So, to restore the *status quo ante* "as nearly as can be achieved," Plaintiffs seek the

24   value of the homes as restitution. And because those homes have increased in value since the time of

25   the foreclosure, the Court may award that higher value to avoid injustice. At the remedies phase, these

26   Plaintiffs and class members will argue that it would be unjust to measure the value of the property

27   taken at a time when values were low, given that one of the purposes of the modification was to allow

28   borrowers to stay in their homes and enjoy the benefits of long-term home ownership, including

PLAINTIFFS' OPP. TO ADMINISTRATIVE
MOTION FOR LEAVE TO FILE SUPPLEMENTAL
BRIEF

appreciation in value. *See Jordan v. Paul Financial, LLC*, 285 F.R.D. 435, 455 (N.D. Cal. 2012) (Illston, J.) (finding plaintiffs had shown injury in fact under the UCL with lost equity in their home as well as loan payments they paid due to the wrongful conduct).

Wells Fargo tries to brush aside *Majd* and *Estrada* as cases that generally concerned UCL standing to sue for lost money or property. Dkt. 211-1 at 6. But at class certification, Wells Fargo argued that certification of Plaintiffs' UCL claim should be denied because "Plaintiffs Do Not Have UCL Standing." Dkt. 188 at 17 (heading). *Majd* and *Estrada* refute Wells Fargo's argument that "Plaintiffs seek remedies that are not available under the UCL," and thus "do not have standing to pursue that claim." Dkt. 188 at 18. Indeed, those decisions *confirm* that Plaintiffs here have standing to pursue remedies that *are* available under the UCL.

Wells Fargo also leans heavily on *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134 (2003), but that case is distinguishable. In *Korea Supply*, the plaintiff alleged that the defendant unlawfully induced a foreign government to award a military purchase contract to the defendant rather than the plaintiff's client. *Id* at 1140. The plaintiff stood to receive a $30 million commission had its client been awarded the contract. *Id*. The Supreme Court held because the plaintiff did not have "an ownership interest in the money it seeks to recover from defendants" and was "not seeking the return of money or property that was once in its possession," *id*. at 1149-50, it was seeking non-restitutionary disgorgement, which the UCL does not permit. Here, in contrast, Wells Fargo took Plaintiffs' properties that *were* once in their possession; thus, Plaintiffs are not attempting to recover the non-restitutionary disgorgement *Korea Supply* prohibits.

Plaintiff's expert Dan Salah estimated the current value of the homes today, and to avoid a windfall to Plaintiffs, subtracted out the full amount that Plaintiffs and class members owed on those properties. Awarding restitution in the form of lost home value minus debt owed on the home will restore the *status quo ante* as nearly as possible, since Wells Fargo no longer owns those homes and is not able to return them to class members.

Even class members who did not lose their homes to foreclosure lost money as a result of Wells Fargo's UCL violation because the modifications that Wells Fargo should have offered to class members had loan terms that were more favorable than their original loans – such as a lower interest

PLAINTIFFS' OPP. TO ADMINISTRATIVE
MOTION FOR LEAVE TO FILE SUPPLEMENTAL
BRIEF

1    rate, principal reduction or forbearance amount. For these class members, Salah has estimated, in

2    present value terms, the "difference between the mortgages they continued to pay on and the modified

3    mortgages they were qualified for but didn't receive." Dkt. 211-4, Salah Depo. at 28:3-11. This

4    difference is the present value of the extra amount class members have paid or owe to Wells Fargo.

5          Wells Fargo may disagree with Salah's provisional restitution estimates, but it will have a full

6    opportunity to challenge these figures at the remedies phase following class-wide adjudication of

7    liability. Such disagreement, however, is not grounds to deny class certification.

8          In sum, Wells Fargo's motion to file a supplemental brief on Plaintiffs' restitution theory should

9    be denied as unnecessary because it merely rehashes arguments that it has already pressed. If, however,

10   the Court accepts Wells Fargo's submission, it should reject Wells Fargo's stingy understanding of

11   restitution as contrary to California law.

12   Dated: January 27, 2020                                   Respectfully submitted,

13                                                              /s/ Michael Schrag

14                                                              **GIBBS LAW GROUP LLP**
                                                               Michael L. Schrag (SBN 185832)
15                                                              Joshua J. Bloomfield (SBN 212172)
                                                               Linda P. Lam (SBN 301461)
16                                                              505 14th Street, Ste. 1110
                                                               Oakland, California 94612
17                                                              Telephone:  510-350-9700
                                                               Facsimile:  510-350-9701
18                                                              mls@classlawgroup.com
19                                                              jjb@classlawgroup.com
                                                               lpl@classlawgroup.com
20

21                                                              Richard M. Paul III
                                                               Ashlea G. Schwarz
22                                                              Laura C. Fellows
                                                               **PAUL LLP**
23                                                              601 Walnut Street, Suite 300
                                                               Kansas City, Missouri 64106
24                                                              Telephone: 816-984-8100
                                                               Facsimile:  816-984-8101
25                                                              Rick@PaulLLP.com
26                                                              Ashlea@PaulLLP.com
                                                               Laura@PaulLLP.com
27
                                                               *Counsel for Plaintiffs*
28