# EXHIBIT 3

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALICIA HERNANDEZ, et al., individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendant. | Case No. 3:18-cv-07354-WHA |

CORRECTED REBUTTAL EXPERT REPORT OF PETER M. ROSS

**January 3, 2020**

**CONFIDENTIAL**

matrix (a spreadsheet from which the HPA tool pulled information) not being updated when a new FNMA exhibit (*i.e.*, a listing of allowable attorneys' fees for foreclosures on a state-by-state basis) was periodically issued.  As explained below, due to the nature of this error, it took several years for Wells Fargo personnel to discover it.  As also explained below, once discovered in late 2013, and after an extensive – certainly reasonable – review, it was determined that this issue had caused no customer harm.  The second issue (the "HPA Tool Calculation Issue") was a calculation error within the HPA tool and was also discovered in 2013 and resolved in 2015 with the same change that resolved the Updated Matrix Issue.[61]

67. Moreover, Wells Fargo conducted a prompt and diligent investigative process of these issues to determine the nature of the problem, to assess whether it affected customers, and to develop a course of action going forward in response to the issues.

68. As discussed in further detail below, I find that Mr. Kelley's opinions of the alleged HPA error are fundamentally flawed for several reasons.

    **A.   The Existence of an Error Does Not Indicate that Wells Fargo Acted Unreasonably.**

69. As a threshold matter, Mr. Kelley assumes – without fully understanding the nature of the error that occurred here (and as described in detail below) – that because an error existed, Wells Fargo must have acted unreasonably or inconsistent with industry norms.  But that assumption defies logic and essentially endorses a theory of strict liability.  While I am not a lawyer, based on my background, experience, and common sense, the mere fact that an error exists does not mean that Wells Fargo acted unreasonably.  After all, errors are inevitable in any business, especially when complicated software tools and processes, like

---

[61] Both of these issues were investigated and corrected under CIT 1552.

those required by HAMP, are involved.

### B. The Nature of the Issues that Occurred and Wells Fargo's Discovery of the Issues Was Reasonable Indicates that Wells Fargo Acted Reasonably.

70. Despite conflating the issues at play, Mr. Kelley concludes several times in the report "that the attorney fee miscalculation error remained undiscovered for several years."[62] An understanding of the issue as well as Wells Fargo's actions, however, demonstrates this unfounded statement, as well as others sprinkled in Mr. Kelley's Report, is untrue. There are two issues that Wells Fargo dealt with.

71. The HPA tool used Fannie Mae's maximum attorney fee table to populate recoverable foreclosure attorneys' fees in the HAMP modification waterfall. Wells Fargo determined that table was not being updated to reflect updated guidance from Fannie Mae.

72. The HPA Tool Calculation Issue involved a miscalculation of attorneys' fees as a result of a programing error involving one of many variables used to perform the HAMP calculation. Specifically, the HPA tool's program was designed to compare actual and accrued, but not yet billed, attorneys' fees ("actual attorneys' fees") to the Fannie Mae matrix listing the state-by-state maximum allowable attorneys' fees, and to create an exception if the amount exceeded the applicable state fee cap. Instead of comparing the actual attorneys' fees to the state maximum, the HPA tool added the state maximum to the actual attorneys' fees.[63]

73. Mr. Kelley fails to cite any support for the assertion that the required periodic audits of Wells Fargo's loan modification processes and procedures necessarily included a requirement to conduct a periodic review of the software's written code, separate and apart

---

[62] *See, e.g.*, Kelley Report ¶ 55.
[63] *Attorney Fee Calculation Error – CIT 6214: Executive Summary*, WELLS FARGO BANK, N.A. (July 2018), WF_HERNANDEZ_00106021, at WF_HERNANDEZ_00106022.