# EXHIBIT 4

| | |
|---|---|
| 1 | Amanda L. Groves (SBN: 187216) |
|   | agroves@winston.com |
| 2 | Morgan E. Stewart (SBN: 321611) |
|   | mstewart@winston.com |
| 3 | WINSTON & STRAWN LLP |
|   | 101 California Street, 35th Floor |
| 4 | San Francisco, CA 94111-5802 |
|   | Telephone:   (415) 591-1000 |
| 5 | Facsimile:    (415) 591-1400 |
| 6 | Kobi K. Brinson (Admitted *pro hac vice*) |
|   | kbrinson@winston.com |
| 7 | Stacie C. Knight (Admitted *pro hac vice*) |
|   | sknight@winston.com |
| 8 | WINSTON & STRAWN LLP |
|   | 100 North Tryon Street |
| 9 | Charlotte, NC 28202-1078 |
|   | Telephone:   (704) 350-7700 |
| 10 | Facsimile:    (704) 350-7800 |
| 11 | Attorneys for Defendant |
|    | WELLS FARGO BANK, N.A. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ALICIA HERNANDEZ, EMMA WHITE, KEITH LINDNER, TROY FRYE, COSZETTA TEAGUE, IESHA BROWN, RUSSELL and BRENDA SIMONEAUX, JOHN and YVONNE DEMARTINO, ROSE WILSON, TIFFANIE HOOD, GEORGE and CYNDI FLOYD, and DIANA TREVINO, individually and on behalf of all others similarly situated, | Case No. No. 3:18-cv-07354-WHA<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| Plaintiffs, | |
| v. | |
| WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A. | |
| Defendants. | |

**PROPOUNDING PARTY: PLAINTIFF ALICIA HERNANDEZ**

**RESPONDING PARTY:   DEFENDANT WELLS FARGO BANK, N.A.**

**SET NUMBER:            TWO (2)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendant Wells Fargo Bank, N.A. ("Defendant") hereby submits the following Objections and Responses to Plaintiff Alicia Hernandez's ("Plaintiff") Second Set of Requests for Production of Documents ("Requests"). Defendant reserves the right to supplement, modify, or amend these responses up to and through the time of trial.

## PRELIMINARY STATEMENT

The following responses ("Responses") and objections ("Objections") are made without waiver of, or prejudice to, any objections Defendant may have.

In addition, these Responses and Objections are based on information known to Defendant at this time and should not be viewed as an exhaustive statement of the facts underlying its claims or defenses in this action. Defendant has made a reasonable and good faith effort to respond to these Requests in compliance with Federal Rules of Civil Procedure 33 and 34. However, discovery is ongoing and Defendant has not fully completed its investigation relating to the facts in this action. The Responses contained herein are based only on such information and documents presently available and specifically known to Defendant. These Responses are provided without prejudice to Defendant's right to produce or rely on subsequently discovered information, facts, or documents. Accordingly, Defendant reserves its right to produce subsequently discovered evidence and facts, and to add, modify, supplement, or otherwise change or amend these Responses as may be appropriate in light of further investigation, discovery, or court rulings. Nothing in these Responses shall limit or waive Defendant's right to offer additional evidence at the time of any hearing or to provide information not yet obtained by or known to Defendant. These Responses are also subject to correction for any inadvertent errors or omissions.

No incidental or implied admissions are intended in these Responses. The fact that Defendant has responded to these Requests should not be taken as an admission that Defendant

accepts or admits the existence of any facts set forth or assumed by these Requests or that such response constitutes admissible evidence. Further, the fact that Defendant has responded to these Requests is not intended to and shall not be construed to be a waiver by Defendant of the objections to these Requests.

Defendant objects to these Requests to the extent they seek or would call for the production of information or documents that: (i) were prepared for or in anticipation of litigation and are work-product; (ii) constitute or reflect communications protected by the attorney-client, work-product, or common interest privileges; or (iii) are protected by any other privilege under the Federal Rules of Civil Procedure or other applicable law. The production of a document by Defendant in response to these Requests is not intended to waive any privilege, right or objection on the part of Defendant with respect to any such document. In the event that a privileged document(s) is inadvertently produced, such production shall be deemed inadvertent, and shall not constitute a waiver of Defendant's right to assert the applicability for any such document(s). Upon notification that such disclosure was inadvertent, the document(s) or any copies thereof shall be returned immediately.

Defendant intends to produce information electronically, in the manner specified in the Stipulation Regarding Discovery of Electronically Stored Information ("ESI") agreed to by the parties and in accordance with mutually agreed upon custodians, search terms, and production schedule. Defendant objects to the timeframe for production specified, and intends to begin production within 30 days of entry of an appropriate protective order regarding confidentiality.

## **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Defendant objects to the extent the Instructions seek "any" and "all" documents on broad subject matters, and therefore exceed the scope of discovery permitted in Rule 26(b)(1) of the Federal Rules of Civil Procedure by seeking discovery beyond that which is relevant to Plaintiff's claim, Defendant's defenses, and proportional to the needs of the case, considering the importance of the discovery in resolving issues in the case and whether the burden of the proposed discovery outweighs its likely benefit.

Defendant objects to Plaintiff's Requests on the grounds that Instruction No. 1 is overly broad, unduly burdensome, and purports to impose on Defendant obligations beyond those required

by the Federal Rules of Civil Procedure, applicable local rules, and/or orders of this Court. Defendant will respond to the requests in compliance with its obligations under the Federal Rules of Civil Procedure, applicable local rules, and/or orders of this Court.

Defendant further objects to Plaintiff's Instruction No. 2 as overbroad and unduly burdensome and because it purports to impose on Defendant obligations beyond those required by the Federal Rules of Civil Procedure, applicable local rules, and/or orders of this Court. Defendant will respond to the requests in compliance with its obligations under the Federal Rules of Civil Procedure, applicable local rules, and/or orders of this Court. Defendant interprets the term "document" as defined in the Federal Rules of Civil Procedure.

## RESPONSES & OBJECTIONS

**REQUEST FOR PRODUCTION NO. 24**

All communications (including drafts) between Defendant and any state or federal government official (excluding communications with the Office of the Comptroller of the Currency and the Federal Reserve), such as any members of Congress or their staff, regarding Defendant's compliance with HAMP and/or Defendant's mortgage modification practices.

**RESPONSE TO REQUEST NO. 24**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the claims and defenses in this case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects on the ground that the phrase "compliance with HAMP" is vague and ambiguous. Defendant also objects to the extent that the request seeks information protected by the bank examination privilege.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 25**

All communications Defendant received from its customers between 2010 and December 31,

2018 regarding concerns about Defendant's compliance with HAMP and/or Defendant's mortgage modification practices.

**RESPONSE TO REQUEST NO. 25**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the claims and defenses in this case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant further objects on the ground that the phrase "compliance with HAMP" is vague and ambiguous.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 26**

All documents regarding the "regular" audits of Defendant's HPA Tool by Defendant, regulators, and/or third-party investors, as Defendant described in its opposition to Plaintiffs' motion for class certification (Dkt. 149 at 11:5-9) - including summary reports on the audits' results and communications regarding how Defendant planned to address any issues in the HPA Tool that the audits revealed.

**RESPONSE TO REQUEST NO. 26**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the claims and defenses in this case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case. Defendant also objects to the extent that the request seeks information protected by the attorney-client privilege, bank examination privilege, and/or work product doctrine. Defendant further objects on the ground that the Request is duplicative of Request No. 21.

To the extent non-privileged documents exist that are responsive to Request No. 21 and can be located after a reasonable search, Defendant has or will produce them consistent with its Response to Request No. 21. To the extent other responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 27**

Any handbook or document explaining how Defendant's SLoaD tool works to evaluate a borrower's eligibility for a loan modification.

**RESPONSE TO REQUEST NO. 27**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the claims and defenses in this case. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 28**

All documents regarding Defendant's remediation on the loans in CIT 1600, as discussed in WFHERNANDEZ00133389-92.

**RESPONSE TO REQUEST NO. 28**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the claims and defenses in this case. Defendant also objects to the extent that the request seeks information protected by the attorney-client privilege, bank examination privilege, and/or work product doctrine. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the claims and defenses in this case.

To the extent responsive, non-privileged documents exist, Defendant withholds them on the basis of the foregoing objections.

**REQUEST FOR PRODUCTION NO. 29**

All documents showing any conclusions and action items regarding attorney's fees in the mortgage modification decisioning process that resulted from Defendant's 2014 summit regarding fees within the modification process (referenced in Dkt. 149 at 12:15-19).

**RESPONSE TO REQUEST NO. 29**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the claims and defenses in this case. Defendant also objects to the extent that the request seeks information protected by the attorney-client privilege, bank examination privilege,

5

DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSES TO PLAINTIFF'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 18-cv-07354-WHA

1  and/or work product doctrine.  Defendant further objects on the ground that the Request is

2  duplicative of Request No. 7.

3       To the extent non-privileged documents exist that are responsive to Request No. 7 and can be

4  located after a reasonable search, Defendant has or will produce them consistent with its Response to

5  Request No. 7.  To the extent other responsive, non-privileged documents exist, Defendant

6  withholds them on the basis of the foregoing objections.

7  **REQUEST FOR PRODUCTION NO. 30**

8       Documents sufficient to show the "Commitment to Customer" policy that Defendant

9  implemented in 2015.

10 **RESPONSE TO REQUEST NO. 30**

11      Defendant objects to this Request on the grounds that it is overbroad and disproportionate to

12 the claims and defenses in this case.  Defendant further objects to this Request on the ground that it

13 seeks documents that are not relevant to the claims and defenses in this case.  Defendant further objects

14 on the ground that the phrase "the 'Commitment to Customer' policy that Defendant implemented in

15 2015" is vague and ambiguous.

16      To the extent responsive, non-privileged documents exist, Defendant withholds them on the

17 basis of the foregoing objections.

20 Dated:  November 21, 2019         WINSTON & STRAWN LLP

22                             By:  */s/ Amanda L. Groves*
                                Amanda L. Groves
23                                 Kobi K. Brinson (*pro hac vice*)

24                                 Attorneys for Defendant
                                WELLS FARGO BANK, N.A.

# CERTIFICATE OF SERVICE

**United States District Court for the Northern District of California**

**Case No. 3:18-cv-07354-WHA**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 333 S. Grand Avenue, Los Angeles, CA 90071-1543. On November 21, 2019, I served the following document:

**DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

☒ by placing a copy of the document listed above in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, CA addressed as set forth below.

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

☒ by electronically transmitting a copy of the document listed above via email to the addressees as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), or Local Rule of Court, or court order. No error messages were received after said transmission.

| | |
|---|---|
| **RICHARD M. PAUL, III**<br>**PAUL LLP**<br>**601 WALNUT STREET, SUITE 300**<br>**KANSAS CITY, MO 64106**<br>816-984-8103<br>FAX: 816-984-8101<br>EMAIL: rick@paulllp.com | **ASHLEA GAYLE SCHWARZ**<br>**PAUL LLP**<br>**601 WALNUT STREET, SUITE 300**<br>**KANSAS CITY, MO 64106**<br>816-984-8100<br>FAX: 816-984-8101<br>EMAIL: ashlea@paulllp.com |

**MICHAEL LAWRENCE SCHRAG**
**GIBBS LAW GROUP LLP**
**505 14TH STREET, SUITE 1110**
**OAKLAND, CA 94612**
510-350-9700
FAX: 510-350-9701
EMAIL: mls@classlawgroup.com

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Signed: */s/ Shawn R. Obi*
        Shawn R. Obi

Dated:  November 21, 2019