Michael L. Schrag (SBN 185832)
Joshua J. Bloomfield (SBN 212172)
Linda P. Lam (SBN 301461)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
mls@classlawgroup.com
jjb@classlawgroup.com
lpl@classlawgroup.com

Richard M. Paul III
Ashlea G. Schwarz
Laura C. Fellows
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Facsimile: (816) 984-8101
Rick@PaulLLP.com
Ashlea@PaulLLP.com
Laura@PaulLLP.com

*Counsel for Plaintiffs and the Class*

Amanda L. Groves (SBN: 187216)
agroves@winston.com
Morgan E. Stewart (SBN: 321611)
mstewart@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5802
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Kobi K. Brinson (Admitted pro hac vice)
kbrinson@winston.com
Stacie C. Knight (Admitted pro hac vice)
sknight@winston.com
WINSTON & STRAWN LLP
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7700
Facsimile: (704) 350-7800

*Counsel for Defendant*

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALICIA HERNANDEZ *et al*., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 3:18-cv-07354-WHA<br><br>**PROPOSALS FOR DISTRIBUTION OF CLASS NOTICE BY FIRST CLASS MAIL AND FURTHER DISCOVERY** |

I.     **INTRODUCTION**

On January 29, 2020, this Court certified under Rule 23(b)(3) the following class (the "Class"):

> All persons in the United States who between 2010 and 2018 (i) qualified for a home loan modification or repayment plan pursuant to the requirements of government-sponsored enterprises (such as Fannie Mae and Freddie Mac), the Federal Housing Administration (FHA), [or] the U.S. Department of Treasury's Home Affordable Modification Program (HAMP); (ii) were not offered a home loan modification or repayment plan by Wells Fargo due to excessive attorney's fees being included in the loan modification decisioning process; and (iii) whose home Wells Fargo sold in foreclosure. Dkt. 217 ("Order") at 4.

The Court's Order stated that "By **FEBRUARY 20**, the parties shall jointly submit a proposal for Class notification with a plan to distribute notice by first-class mail." *Id*. at 11 (emphasis in original). The parties have met and conferred regarding Class notice and notice distribution, and have agreed on many aspects of the plan and notice. The areas of disagreement are discussed below, and a redline illustrating the differences with respect to the notice is attached as Exhibit A to the Declaration of Michael Schrag ("Schrag Decl."). A clean version of Plaintiffs' proposed notice is attached as Exhibit B, and Defendant's is attached as Exhibit C to the Schrag Declaration.

The Order also noted that "[i]f further discovery is needed as to plaintiff Campos or any other issue, the Court is amenable to reopen discovery for a limited period." Order at 11. As with the notice, the parties' agreements and disagreements are outlined below. The parties also have submitted proposed orders reflecting their positions regarding reopening discovery and for how long.

II.    **PLAN FOR DISSEMINATION OF CLASS NOTICE**

Class notice shall be distributed by first-class mail to all Class members. Class counsel received bids from two experienced and well-regarded claims administrators: Settlement Services, Inc., a division of EpiqGlobal ("Epiq") and Heffler Claims Group ("Heffler"). While Plaintiffs submit that both would do a competent job, Epiq's bid of $9,765 was significantly higher than Heffler's bid of $3,588 because Heffler agreed to perform much of the work at its cost without markup. *See* Schrag Decl. Exs. D and E. Class counsel therefore proposes that Heffler be appointed as the administrator.[1] Class counsel agrees to retain the administrator and pay its costs. The parties agree that Heffler will

---

[1] Wells Fargo is currently reviewing Plaintiffs' selection of Heffler, and if Wells Fargo has any objections to Plaintiffs' retention of this particular administrator, agrees to promptly advise Plaintiffs and, if necessary, the Court.

send out the notice, set up and maintain a website, operate a toll-free number to address questions by Class members and process opt-outs.

Wells Fargo will provide the names and addresses of all Class members to Class counsel and Heffler within three business days of the Court's issuance of an order for the plan and form for Class notice. Within 14 days after receiving the names and addresses, Heffler will mail Class notice by first-class U.S. mail (updating addresses using the National Change of Address (NCOA) database) and use skip-tracing to obtain forwarding addresses for any returned notices.

Also within 14 days after receiving the names and addresses, Heffler will (1) set up and maintain a website at a URL to be agreed upon by the parties and procured by Heffler, where Class members can learn about the case and view relevant case documents such as the complaint and orders on motions to dismiss and class certification, and (2) set up a toll-free number with a recorded message with information about the case, with the option to speak to a live person. The website will have a full version of the notice in Spanish. The parties will work with the administrator to establish a protocol for processing opt outs, content for the website, and the content of the recorded message.

Notwithstanding these agreements, there are a few areas where the parties do not agree, outlined below.

1.     <u>Opt Out Deadline</u>. Plaintiffs propose that Class members have 45 days from the first mailing deadline to opt out by mailing opt-out letters to the administrator. Defendant believes Class members should have at least 60 days from that date, to allow time for returned mail, skip tracing, and Class members' consideration of their options.

*Plaintiffs' position:* The Federal Judicial Center recommends that class members have at least 30 days after notice is mailed to postmark a request for exclusion. In this case, a 45-day opt-out period is sufficient. Because there is no settlement to evaluate, Class members need only decide whether to exclude themselves. Further, it is likely that Wells Fargo has a current address for a high percentage of the 505 class members. As part of its remediation process, Wells Fargo already skip traced class members. Wells Fargo first ran all impacted borrowers' accounts through an automated skip tracing process and then had a team member manually review any that were not returned with information. For returned mail, Wells Fargo ran a second skip trace and then continued attempting to mail the borrowers

1  until the identified addresses were exhausted. Wells Fargo's success rate was upwards of 90%, on the
2  higher end of the "reasonable" range of 70-95% noted by the FJC. *See*
3  https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf, at 3. Moreover, Class counsel learned from
4  Heffler that running the names through NCOA database takes very little time. While the timing of
5  returned mail is always unpredictable, a 45-day opt out period which would be completed in late April
6  makes more sense than allowing the opt out period to run past the May 11 trial date.

7      *Defendant's position*: Under the Federal Judicial Center guidelines, 30 days is the *minimum*
8  time for Class members to receive a notice by mail. The guidelines prefer 60-90 days "from completed
9  dissemination before deadlines" to allow for "re-mailings, fulfillment of requests for more information,
10 and consideration of rights and options." *See* "Judges' Class Action Notice and Claims Process
11 Checklist and Plain Language Guide," 2010, accessible at
12 https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf at 4. Defendant spoke with a class action
13 administrator and learned that it can take one to three weeks to determine whether a set of addresses are
14 current and valid through use of the NCOA database and receipt of returned mail, plus another couple
15 weeks to use skip tracing services. Plaintiffs' proposal thus would leave Class members very little time
16 (and, for some, potentially no time) to make the decision about whether to opt out or remain in the
17 Class. Given the large amounts of individual damages Plaintiffs have claimed to date, the decision
18 whether to participate or pursue an individual claim may be particularly important to many Class
19 members. Plaintiffs claim many Class members are already aware of the underlying issues in the
20 lawsuit because they received a letter from Wells Fargo informing them of the loan modification error,
21 received money pertaining to the error, and may have participated in mediations related to the same
22 facts. However, Class members who have been following the case or otherwise participating in the
23 remediation program are likely those *most* interested in considering their options before deciding
24 whether to opt out. In addition, it is clear from Wells Fargo's exercise of issuing subpoenas to
25 California Class members that many of the addresses are indeed out-of-date and will need to be updated
26 through the administrator's processes. Of the subpoenas served on California Class members, nearly
27 25% were undeliverable due to invalid addresses. Thus, the skip tracing process will need to be re-run
28 for the other Class members, rather than relying on prior updates from the remediation program.

2. <u>Trial Attendance</u>. Plaintiffs propose advising Class members their attendance is not required at trial. Defendant disagrees and believes Class members should be advised their attendance may be required to prove their claim at trial.

*Plaintiffs' position:* The Court stated that there will be a class trial to determine liability and damages on the breach of contract claim. Dkt. 217 at 4. This Court appointed Debora Granja and Sandra Campos as class representatives, finding them adequate to represent the class of borrowers who were wrongfully denied a mortgage modification and lost their homes to foreclosure. *Id*. at 8. Unnamed class members need not attend trial because Granja and Campos will be there to represent their interests. As the Supreme Court put it, "an absent class-action plaintiff is not required to do anything." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985). An absent class member may "opt out," or "[h]e may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection." *Id*. at 811-12. It therefore makes no sense to require 505 individuals to attend the trial.

*Defendant's position:* Plaintiffs have the burden to prove the elements of the breach of contract claim: (1) the existence of a contract; (2) that they performed or were excused from performing; (3) that the contract was breached; and (4) that damages resulted from the breach. *Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga*, 96 Cal. Rptr. 3d 813, 839 (Cal. Ct. App. 2009). As the Court explained at the January 15, 2020 certification hearing, a Class member may present a circumstance where "the homeowner is a deadbeat; lied to the bank when they got the loan to begin with; never should have gotten the loan to begin with; and, in fact, would have never qualified -- well, let's say they might have qualified under the computer, but they -- but when you actually get into the actual details of that person's situation, there is no way they ever could have made the payments. They were going to lose the home anyway. They were -- they acted in bad-faith towards the bank from the get-go." [T. at 3:21-4:4.] Such a Class member could not win at trial because "even though the computer screwed up, it didn't cause them any damage." [T. at 34:22-23.] The Court also acknowledged this issue in its Class Certification Order, where it stated that "[h]ypothetically, one putative class member could be an impoverished individual who attempted to make her mortgage payments, and was wrongfully denied a mortgage modification, while another putative class member

could have repeatedly failed to make his mortgage payments due to negligence, but was also denied a mortgage modification." Jan. 19, 2020 Order at 9. The trier of fact will need to determine these facts to establish causation, which requires proof from each Class member. Plaintiffs' apparent plan – to simply have their expert provide a damage calculation with no proof the modification-denial caused it – means the Class claims necessarily will fail. Therefore, Defendant proposes advising the Class members in the Notice that they may need to attend the trial.

### III. DISCOVERY NEEDED FOR CLASS TRIAL

Non-expert discovery closed on December 18, 2019, before the Court's certification order. With respect to the discovery cutoff, and discovery needed for the Class trial, the parties provide the information below.

First, the parties agree the cut-off should be extended to March 31, 2020 to provide for production of loan documents for the additional Class members. Specifically, Wells Fargo is in the process of producing agreed-upon loan files for the 483 Class members outside California. Wells Fargo estimates this production will be complete by March 16, 2020.

Second, the parties agree expert discovery (which closed on January 23, 2020), should be re-opened as to Class wide damages. Specifically, Plaintiffs will serve an updated expert report on Class damages by April 6, 2020[2] and Wells Fargo may depose Plaintiffs' expert regarding the updated report by April 13, 2020. Wells Fargo will produce its opposition report by April 22, 2020, and Plaintiffs may take Defendant's expert's deposition regarding the opposition report by April 29, 2020. The parties thus request that expert discovery be re-opened until May 5, 2020.

Though not specific to the Class issues, the parties note they had already agreed to waive the discovery cut-off as to certain discovery – namely, Plaintiffs' depositions of: (a) Wells Fargo employee Mike Nold (Lending Officer); (b) a 30(b)(1) deponent on the topic of the "cap sheets" Wells Fargo created summarizing key facts about each Class member's modification decisioning (currently scheduled for March 12, 2020 in Des Moines, IA); and (c) Wells Fargo's designated records custodian. The parties request the discovery cut-off be extended until March 31, 2020 for this purpose as well.

---

[2] This April 6 deadline is contingent on Wells Fargo producing all Class members' loan files by an estimated completion date of March 16.

1    Also not specific to Class issues, Judge Beeler currently has under submission certain discovery disputes. The parties are waiting for a ruling and will also continue to meet and confer on those issues.

The parties disagree regarding witnesses Plaintiffs disclosed on December 18, 2019.

*Plaintiffs' position:* Plaintiffs' supplemental disclosures merely include a comprehensive list of those individuals already identified in Plaintiffs' responses to Wells Fargo's interrogatories served in May 2019 and individuals Plaintiffs mentioned during their depositions. What's more, most of those witnesses relate to all the named Plaintiffs' emotional distress damages. Since only Campos and Granja's claims for intentional infliction for emotional distress will be tried in this upcoming trial, the majority of those witnesses have no relevance to the trial. With respect to the ones that do relate to Campos and Granja, Plaintiffs will identify the ones they intend to call at trial and produce those witnesses for deposition by March 31, 2020.

*Defendant's position:* Plaintiffs served – on the day of the December 18th discovery cut-off – an updated disclosure identifying 63 new witnesses they apparently intend to call at trial, including numerous family members and medical providers for each named Plaintiff. Under the Court's scheduling order, such late disclosures are subject to "preclusion under FRCP 37(c)," see Dkt. 63 at ¶ 1, and Wells Fargo requests the Court strike the disclosures. Their position that an unknown number of depositions (they won't say how many or whose) can simply be taken a month before trial is prejudicial.

Dated: February 20, 2020

Respectfully submitted,

/s/ Michael Schrag
**GIBBS LAW GROUP LLP**
Michael L. Schrag (SBN 185832)
Joshua J. Bloomfield (SBN 212172)
Linda P. Lam (SBN 301461)
505 14th Street, Ste. 1110
Oakland, California 94612
Telephone:  510-350-9700
Facsimile:  510-350-9701
mls@classlawgroup.com
jjb@classlawgroup.com
lpl@classlawgroup.com

Richard M. Paul III
Ashlea G. Schwarz
Laura C. Fellows
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone: 816-984-8100
Facsimile:  816-984-8101
Rick@PaulLLP.com
Ashlea@PaulLLP.com
Laura@PaulLLP.com

*Counsel for Plaintiffs and the Class*

**WINSTON & STRAWN LLP**

/s/ *Amanda L. Groves*
Amanda L. Groves (SBN: 187216)
Morgan E. Stewart (SBN: 321611)
101 California Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
agroves@winston.com
mstewart@winston.com

Kobi K. Brinson*
Stacie C. Knight*
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone: (704) 350-7700
Facsimile: (704) 350-7800
kbrinson@winston.com
sknight@winston.com
*\*Admitted pro hac vice*

*Counsel for Defendant*

-7- PROPOSALS FOR DISTRIBUTION OF CLASS NOTICE BY FIRST CLASS MAIL AND FURTHER DISCOVERY