# EXHIBIT 2

UNITED STATES DISTRICT COURT NORT

HERN DISTRICT OF CALIFORNIA

ALICIA HERNANDEZ, EMMA WHITE,
KEITH LINDNER, TROY FRYE,
COSZETTA TEAGUE, IESHA BROWN,
RUSSELL and BRENDA SIMONEAUX,
JOHN and YVONNE DEMARTINO,
ROSE WILSON, TIFFANIE HOOD,
GEORGE and CYNDI FLOYD, and
DIANA TREVINO, individually and on

        Plaintiffs,

  v.

WELLS FARGO & COMPANY,
WELLS FARGO BANK, N.A.

        Defendants.

Case No.     No. 3:18-cv-07354 WHA

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER FOR STANDARD
LITIGATION

1.     P URPOSES AND LIMITATIONS

     Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal;

1  Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be

2  applied when a party seeks permission from the court to file material under seal.

3  2.    DEFINITIONS

4     2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

5     2.2    "CONFIDENTIAL" means and refers to Discovery Material that contains or reflects confidential, non-public, proprietary, commercially sensitive, and/or private information of an individual or entity.

     2.3    "ATTORNEYS' EYES ONLY" means and refers to Discovery Material that contains personal identifying information ("PII") of an individual, including but not limited to name, social security number, account or full loan number(s), phone numbers, and email addresses.

     2.4    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

     2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY"

     2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

     2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to

the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on

behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 2.11 Party: any named party to this action, including all of its officers, directors,

employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery

Case 3:18-cv-07354-WHA Document 66 Filed 04/24/19 Page 3 of 14

Material in this action.

2.12 2.13    Professional Vendors: persons or entities that provide litigation support services

(e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,

storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 2.14    Protected Material: any Disclosure or Discovery Material that is designated as

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.14 2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a

Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as

defined above), but also (1) any information copied or extracted from Protected Material; (2) all

copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following

information: (a) any information that is in the public domain at the time of disclosure to a Receiving

Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

publication not involving a violation of this Order, including becoming part of the public record

through trial or otherwise; and (b) any information known to the Receiving Party prior to the

disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

information lawfully and under no obligation of confidentiality to the Designating Party. Any use of

Protected Material at trial shall be governed by a separate agreement or order.

4.    D URATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this

Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **D**ESIGNATING PROTECTED MATERIAL

    5.1 **E**xercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards. The Designating Party must designate for protection only material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper use (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions. The Parties agree that confidentiality designations will be applied on the document level because Defendants' document review software does not accommodate page-level designations and a page-level review of every document is burdensome and inefficient. Each page of the document will be branded "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" if any portion of the document is ~~Confidential~~Protected Material. The Receiving Party can challenge the designation of specific pages in a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" document using the process outlined in Section 6 below. The Designating Party will comply with reasonable requests to remove the "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" designation on pages that do not contain Confidential information.

    If it comes to a Designating Party's attention that information or items that it designated for

26     protection do not qualify for protection, that Designating Party must promptly notify all other Parties

27     that it is withdrawing the mistaken designation.

28

5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but

7 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

8 affix the legend "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" to each page of the

9 document that contains protected material.

10 A Party or Non-Party that makes original documents or materials available for inspection

11 need not designate them for protection until after the inspecting Party has indicated which material it

12 would like copied and produced. During the inspection and before the designation, all of the material

13 made available for inspection shall be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES

14 ONLY." After the inspecting Party has identified the documents it wants copied and produced, the

15 Producing Party must determine which documents qualify for protection under this Order. Then,

16 before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL

17 OR "ATTORNEYS' EYES ONLY" legend to each page of the document that contains Protected

18 Material.

19 (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

20 Designating Party identify on the record, before the close of the deposition, hearing, or other

21 proceeding, all protected testimony.

22 (c) for information produced in some form other than documentary and for any other

23 tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

24 containers in which the information or item is stored the legend "CONFIDENTIAL" OR

25 "ATTORNEYS' EYES ONLY."

26 5.3    Inadvertent Failures to Designate. An inadvertent failure to designate qualified

27 information or items does not, standing alone, waive the Designating Party's right to secure

28 protection under this Order for such material. Upon timely correction of a designation, the Receiving

1  20Party must make reasonable efforts to assure that the material is treated in accordance with the

2  21provisions of this Order.

3  6.       C HALLENGING CONFIDENTIALITY DESIGNATIONS

4       6.1      T iming of Challenges. Any Party or Non-Party may challenge a designation of

5  confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation

6  25by electing not to mount a challenge promptly after the original designation is disclosed.

7       6.2      M eet and Confer. The Challenging Party shall initiate the dispute resolution process

8  by providing written notice of each designation it is challenging and describing the basis for each

9  28challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

specifically identify the documents subject to challenge by Bates number and recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    J udicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall

automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

10    1 Unless the Designating Party has waived the confidentiality designation by failing to file a motion to

11    2 retain confidentiality as described above, all parties shall continue to afford the material in question

12    3 the level of protection to which it is entitled under the Producing Party's designation until the court

13    4 rules on the challenge.

14    5 7.      A CCESS TO AND USE OF PROTECTED MATERIAL

15    6 7.1      B asic Principles. A Receiving Party may use Protected Material that is disclosed or

16    7 produced by another Party or by a Non-Party in connection with this case only for prosecuting,

17    8 defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

18    9 the categories of persons and under the conditions described in this Order. When the litigation has

19    10 been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

20    11 DISPOSITION).

21    12 Protected Material must be stored and maintained by a Receiving Party at a location and in a

22    13 secure manner that ensures that access is limited to the persons authorized under this Order.

23    14 7.2      D isclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by

24    15 the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

25    16 information or item designated "CONFIDENTIAL" only to:

26    17 (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

27    18 of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

28    19 this litigation.

20(b) the officers, directors, and employees (including House Counsel) of the Defendants

21to whom disclosure is reasonably necessary for this litigation and who have signed the

22"Acknowledgment and Agreement to Be Bound" (Exhibit A);

23(c) Named Plaintiffs who have signed the "Acknowledgment and Agreement to Be

24Bound" that is attached hereto as Exhibit A;

25(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

26reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement

27to Be Bound" (Exhibit A);

28(e) the court and its personnel;

Case 3:18-cv-07354-WHA Document 66 Filed 04/24/19 Page 8 of 14

1(f) court reporters and their staff and Professional Vendors to whom disclosure is

2reasonably necessary for this litigation;

3(g) Professional jury or trial consultants and mock jurors to whom disclosure is

4reasonably necessary for this litigation and who have signed the "Acknowledgment and

5Agreement to Be Bound" (Exhibit A);

6(h) during their depositions, witnesses (who do not otherwise fit (i) below), in the action

7to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and

8Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered

9by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal

10Protected Material must be separately bound by the court reporter and may not be disclosed to

11anyone except as permitted under this Stipulated Protective Order.

12(i) the author or recipient of a document containing the information or a custodian or13 other

person who otherwise possessed or knew the information.

7.3    D isclosure of "ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise

ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

information for this litigation;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(c) the individual whose PII is contained in the document(s) at issue as long as they are only shown their own PII.

7.4    D isclosure of "ATTORNEYS' EYES ONLY" Information or Items that require r edaction of PII before disclosure. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, the Receiving Party's Outside Counsel must redact all PII contained in any information or item designated "ATTORNEYS' EYES ONLY" before disclosing the document publicly or to any party not listed in Section 7.3, including before introducing the document at a deposition in this matter.

8.    P ROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER L ITIGATION If a Party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena

25 CONFIDENTIAL" or

26 "ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or

27 order issued, unless the Party has

obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material

28

– and nothing in these3 provisions should be construed as authorizing or encouraging a Receiving

Party in this action to4 disobey a lawful directive from another court.

59.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

6LITIGATION

7(a) The terms of this Order are applicable to information produced by a Non-Party in this

8action and designated as "CONFIDENTIAL." or "ATTORNEYS' EYES ONLY" Such information

produced by Non-Parties in9 connection with this litigation is protected by the remedies and relief

provided by this Order.10 Nothing in these provisions should be construed as prohibiting a Non-Party

from seeking additional11 protections.

12(b) In the event that a Party is required, by a valid discovery request, to produce a Non-

13Party's confidential information in its possession, and the Party is subject to an agreement with the

14Non-Party not to produce the Non-Party's confidential information, then the Party shall:

15(1) promptly notify in writing the Requesting Party and the Non-Party that some or

16all of the information requested is subject to a confidentiality agreement with a Non-Party;

17(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in

18this litigation, the relevant discovery request(s), and a reasonably specific description of the

19information requested; and

20(3) make the information requested available for inspection by the Non-Party.

21(c) If the Non-Party fails to object or seek a protective order from this court within 14

22days of receiving the notice and accompanying information, the Receiving Party may produce the

23Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

24seeks a protective order, the Receiving Party shall not produce any information in its possession or

25control that is subject to the confidentiality agreement with the Non-Party before a determination by

26the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

27seeking protection in this court of its Protected Material.28

Case 3:18-cv-07354-WHA Document 66 Filed 04/24/19 Page 10 of 14

.10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    P RODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The production of documents (including both paper documents and electronically stored information) subject to protection by the attorney-client, the Bank Examination privilege and/or protected by the work-product, joint defense or other similar doctrine, or by another legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the Producing Party notifies the receiving party, in writing, of the production after its discovery of the same.

11.1 If the Producing Party notifies the Receiving Party after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the Producing Party or destroyed or deleted, on request of the producing party. If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

11.2 The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected.

11.3 The contents of the Identified Materials shall not be disclosed to anyone who was

26 not already aware of the contents of them before the notice was made.

27       11.4   If any Receiving Party is in receipt of a document from a Producing Party that the

28 Receiving Party has reason to believe is privileged, the Receiving Party shall in good faith take

reasonable steps to promptly notify the Producing Party of the production of that document so that the producing party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulated Protective Order.

11.5   The Party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

11.6 The Parties agree that this Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and thus the disclosure of Identified Materials is not a waiver of the privilege in any other federal or state proceeding.

11.7 This stipulated agreement set forth in this section and its subparts does not constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the work product doctrine, or any other potentially applicable privilege or doctrine. This agreement also is not intended to waive or limit in any way any Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

12.   MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the

Case 3:18-cv-07354-WHA Document 66 Filed 04/24/19 Page 12 of 14

26   1  public record in this action any Protected Material. A Party that seeks to file under seal any Protected

27   2  Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal

28   3  pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant

~~4~~to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the ~~5~~Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to ~~6~~protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant ~~7~~to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information ~~8~~in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.      F INAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each

~~11~~Receiving Party must return all Protected Material to the Producing Party or destroy such material. ~~12~~As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, ~~13~~summaries, and any other format reproducing or capturing any of the Protected Material. Whether ~~14~~the Protected Material is returned or destroyed, the Receiving Party must submit a written ~~15~~certification to the Producing Party (and, if not the same person or entity, to the Designating Party) ~~16~~by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material ~~17~~that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, ~~18~~abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

~~19~~Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all ~~20~~pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, ~~21~~correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant ~~22~~and expert work product, even if such materials contain Protected Material. Any such archival copies

~~23~~that contain or constitute Protected Material remain subject to this Protective Order as set forth in

22  25 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Case 3:18-cv-07354-WHA Document 66 Filed 04/24/19 Page 13 of 14

1  DATED:  April 24 March 5,              _/ s/ Ashlea G. Schwarz Laura Fellows
   2019 2020 _____      Attorneys for Plaintiff

2

3                                         _/ s/ Laura Campoli
                                           Attorneys for Defendants
4  DATED:  April 24 March 5,

   2019 2020 _____

5

6

7  PURSUANT TO STIPULATION, IT IS SO ORDERED.

8

9  DATED:_____ _____

10                                        United States District/Magistrate Judge

11

12

13

14

15

16

17

23

24

25

26

27

28

19

20

21

22

23

24

25

Case 3:18-cv-07354-WHA Document 66 Filed 04/24/19 Page 14 of 14

23

24

25

26

27

28

1          <u>E XHIBIT A</u>

2          <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3    I,_____[print or type full name], of_____[print or

4    type full address], declare under penalty of perjury that I have read in its entirety and understand the

5    Stipulated Protective Order that was issued by the United States District Court for the Northern

6    District of California on [date] in the case of_____**[insert formal name of the case and the**

7    **number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the

8    terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply

9    could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I

10   will not disclose in any manner any information or item that is subject to this Stipulated Protective

11   Order to any person or entity except in strict compliance with the provisions of this Order.

12   I further agree to submit to the jurisdiction of the United States District Court for the Northern

13   District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even

14   if such enforcement proceedings occur after termination of this action.

15   I hereby appoint_____[print or type full name] of

16   _____[print or type full address and telephone number] as

17   my California agent for service of process in connection with this action or any proceedings related

18   to enforcement of this Stipulated Protective Order.

19

20   Date:_____

21   City and State where sworn and signed:_____

22

23   Printed name:_____

24

25   Signature:_____

26

27

28

26

27

28

Document comparison by Workshare 10.0 on Thursday, March 05, 2020 1:28:56 PM

| Input: | |
|---|---|
| Document 1 ID | file://\\clhome\home-cl$\akinkade\Desktop\EJI\Filed Order.pdf |
| Description | Filed Order |
| Document 2 ID | file://\\clhome\home-cl$\akinkade\Desktop\EJI\Hernandez Revise Protective Order.pdf |
| Description | Hernandez Revise Protective Order |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 447 |
| Deletions | 336 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 783 |