Amanda L. Groves (SBN: 187216)
agroves@winston.com
Morgan E. Stewart (SBN: 321611)
mstewart@winston.com
**WINSTON & STRAWN LLP**
101 California Street, 35th Floor
San Francisco, CA 94111-5802
Telephone:   (415) 591-1000
Facsimile:   (415) 591-1400

Kobi K. Brinson (Admitted *pro hac vice*)
kbrinson@winston.com
Stacie C. Knight (Admitted *pro hac vice*)
sknight@winston.com
**WINSTON & STRAWN LLP**
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone:   (704) 350-7700
Facsimile:   (704) 350-7800

Scott P. Glauberman
sglauber@winston.com
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, IL 60601
Telephone:   (312) 558-5600
Facsimile:   (312) 558-5700

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| ALICIA HERNANDEZ, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 3:18-cv-07354 WHA<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO SEVER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: April 16, 2020<br>Time: 8:00 a.m.<br>Courtroom: 12<br>Judge: Hon. William H. Alsup |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE THAT, on April 16, 2020 at 8:00 a.m., or as soon thereafter as the matter may be heard before the Honorable William H. Alsup, in Courtroom 12 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") will and hereby does move the Court under Rule 21 of the Federal Rules of Civil Procedure to sever each Plaintiff's individual (non-class) claims.

This Motion is based on the Third Amended Complaint ("Complaint"), the Memorandum of Points and Authorities accompanying this Motion, the declaration of Amanda L. Groves filed concurrently herewith ("Groves Decl."), other matters of which this Court may take judicial notice, the records on file with the Court, and any further briefing or argument presented to the Court before or at the time of hearing of this matter.

Dated: March 10, 2020

Respectfully submitted,
**WINSTON & STRAWN LLP**

By: /s/ *Amanda L. Groves*
Amanda L. Groves (SBN: 187216)
agroves@winston.com
Morgan E. Stewart (SBN: 321611)
mstewart@winston.com
101 California Street, 35th Floor
San Francisco, CA 94111-5802
Telephone:    (415) 591-1000
Facsimile:    (415) 591-1400

Shawn R. Obi (SBN: 288088)
sobi@winston.com
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone:    (415) 615-1700
Facsimile:    (415) 615-1750

Kobi K. Brinson (Admitted *pro hac vice*)
kbrinson@winston.com
Stacie C. Knight (Admitted *pro hac vice*)
sknight@winston.com
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
Telephone:    (704) 350-7700
Facsimile:    (704) 350-7800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Scott P. Glauberman
sglauber@winston.com
35 West Wacker Drive
Chicago, IL 60601
Telephone:   (312) 558-5600
Facsimile:   (312) 558-5700

*Attorneys for Defendant*
*Wells Fargo Bank, N.A.*

# TABLE OF CONTENTS

**INTRODUCTION**.................................................................................................................- 1 -
**BACKGROUND** ..................................................................................................................- 2 -
   A.   **Plaintiffs And Their Claims** ..................................................................................- 2 -
   B.   **The Certified Class** ...............................................................................................- 3 -
   C.   **Non-Class Claims At The Class Trial** ................................................................- 4 -
**ARGUMENT**........................................................................................................................- 4 -
**I.**   **Plaintiffs' Individual Claims Are Not Properly Joined.** ........................................- 5 -
**II.**   **Allowing The Claims To Remain Joined Would Confuse The Jury.** ..................- 7 -
**III.**   **Allowing The Individual Claims At The Class Trial Would Cause Unfair Prejudice.** ...- 8 -
**CONCLUSION** ...................................................................................................................- 10 -

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acevedo v. Allsup's Convenience Stores*,
    600 F.3d 516 (5th Cir. 2010) ..................................................................................................5

*AF Holdings v. Does 1-1058*,
    752 F.3d 990 (D.C. Cir. 2014) ................................................................................................5

*Alvarado v. FedEx*,
    2006 WL 1465522 (N.D. Cal.) ................................................................................................9

*Armstead v. City of Los Angeles*,
    66 F. Supp. 3d 1254 (C.D. Cal. 2014), *aff'd sub nom. Alvarado v. City of Los Angeles*, 720 F. App'x 889 (9th Cir. 2018) ...........................................................................4, 6

*Coleman v. Quaker Oats*,
    232 F.3d 1271 (9th Cir. 2000) .................................................................................................4

*Corley v. Google*,
    316 F.R.D. 277 (N.D. Cal. 2016) .............................................................................................5

*Coughlin v. Rogers*,
    130 F.3d 1348 (9th Cir. 1997) .............................................................................................5, 6

*Czuchaj v. Conair*,
    2016 WL 4216686 (S.D. Cal.) .............................................................................................5, 6

*Helm v. Alderwoods*,
    2011 WL 2837411 (N.D. Cal.) ............................................................................................7, 8

*Hill v. Eli Lilly*,
    2015 WL 5714647 (S.D. Ind.) .................................................................................................5

*On The Cheap v. Does 1-5011*,
    280 F.R.D. 500 (N.D. Cal. 2011) .............................................................................................5

*Renati v. Wal-Mart Stores*,
    2019 WL 5536206 (N.D. Cal.) ................................................................................................6

*Todd v. Tempur-Sealy Int'l*,
    2017 WL 2840272 (N.D. Cal.) ............................................................................................5, 6

*Visendi v. Bank of Am.*,
    733 F.3d 863 (9th Cir. 2013) ...................................................................................................5

*Wynn v. NBC*,
  234 F. Supp. 2d 1067 (C.D. Cal. 2002) ...................................................................................7, 8

**Statutes**

Cal. Civ. Code § 2924.17..................................................................................................................6

California Unfair Competition Law............................................................................................2, 4

**Other Authorities**

Homeowner's Bill of Rights ...............................................................................................2, 3, 4, 6

Rule 20(a)..........................................................................................................................................5

Rule 21 ..............................................................................................................................................4

Rule 23(b) .........................................................................................................................................5

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

This Court certified one class with one claim: foreclosed borrowers asserting breach of contract and lost equity damages. The Court refused to allow class members to assert any of the other causes of action or damages claimed by Plaintiffs.

The class trial is scheduled to begin in May. According to the Court's class certification Order, the only purpose of the "trial on both liability and damages together … as to the breach of contract claim" is to "determine the value of the equity lost by each homeowner through a foreclosure by reason of the failure of Wells Fargo to give notice of the modification procedure (assuming that it is a breach of contract)." Yet Plaintiffs stated, during a conference between the parties, that they plan to include in the trial not only the class's one claim, but also all of the class representatives' individual causes of action and claims for damages—the very same causes of action and claims for damages that the Court held class members may *not* assert.

This Motion seeks to sever each Plaintiff's individual claims from the case, for three reasons. First, the individual claims are not properly joined. All of them require evidence that is specific to each Plaintiff, as the Court held, for example, with respect to intentional infliction of emotional distress. Trying the individual claims together with the class claims would only inject into the trial the same individualized issues that this Court deliberately excluded with its Order.

Second, the individual claims would confuse the jury. Class representatives are supposed to represent the class, and their claims are required to be typical of class members' claims, but the representatives here intend to introduce evidence to support four causes of action and around a dozen types of damages that the Court *barred* class members from asserting. The jury cannot help but wonder why, for example, after hearing extensive evidence about a class representative's emotional distress, they are being asked to decide unrelated contract issues for over 500 class members.

Third, allowing the individual claims would present an unacceptable risk of unfair prejudice on the class's claim. Continuing the emotional distress example, one class representative intends to testify (and to have family members and medical providers testify) that Wells Fargo upended her children's lives, caused her and her husband to separate, and damaged her health by giving her "severe

depression" and "acute traumatic stress disorder" and contributing to her diagnosis of cancer. If this evidence has its intended effect, the jury will be outraged at her misfortune and seek someone to punish. That should not happen in a trial that is supposed to be about whether the terms in over 500 class members' contracts were followed and, if not, how much if any equity in the properties was lost as a consequence.

For all of these reasons and those stated below, Wells Fargo respectfully urges the Court to sever each Plaintiff's individual claims and ensure that the only subject of the class trial is the class's claim.

## BACKGROUND

### A.  Plaintiffs and their claims

Plaintiffs filed their Third Amended Complaint (Dkt. 220) just over a month ago. It names thirteen Plaintiffs, including two married couples (the Simoneaux and the Floyds), that had mortgages on eleven properties. As the Court is aware, Plaintiffs allege that Wells Fargo should have, but did not, offer them trial payment plans after they stopped paying their mortgages.

The class representatives, Plaintiffs Granja and Campos, both had mortgages on properties in California. In addition to the breach of contract claim they are asserting for the certified class,[1] both alleged claims under California law for intentional infliction of emotional distress, wrongful foreclosure, violation of the Homeowner Bill of Rights, and consumer protection under the Unfair Competition Law.

The other Plaintiffs had mortgages on properties in New Jersey (Hernandez), Florida (White), Illinois (Teague), Louisiana (the Simoneaux), New York (Wilson), Ohio (Hood), Pennsylvania (the Floyds), Georgia (Frye), and Texas (Trevino). All Plaintiffs but the Simoneaux experienced a foreclosure and are therefore members of the certified class asserting a breach of contract claim. (Compl. ¶ 153.) With no foreclosure, the Simoneaux—who paid off their unmodified mortgage—are

---

[1] Wells Fargo has moved for summary judgment on the class's claim (Dkt. 231), and asked the Ninth Circuit to review class certification (9th Cir. Dkt. 1-3, No. 20-80033). This Motion, however, addresses the upcoming class trial.

not members of the class and are not asserting a claim for breach of contract. (*Id*. ¶¶ 112, 153, 166.) Plaintiffs assert varying causes of action under varying state laws, as shown in the following table:

| Plaintiff(s) | Governing law | Class and individual cause(s) of action | Complaint |
|---|---|---|---|
| Granja<br>Campos | California | Breach of contract (class)<br>Intentional infliction of emotional distress<br>Wrongful foreclosure<br>Homeowner Bill of Rights<br>Consumer protection | ¶ 166<br>¶ 183<br>¶ 191<br>¶ 201<br>¶ 207 |
| Hernandez<br>Teague<br>Wilson<br>Floyds | New Jersey<br>Illinois<br>New York<br>Pennsylvania | Breach of contract (class)<br>Intentional infliction of emotional distress<br>Consumer protection statutes | ¶ 166<br>¶ 183<br>¶ 215 |
| Frye | Georgia | Breach of contract (class)<br>Intentional infliction of emotional distress<br>Wrongful foreclosure | ¶ 166<br>¶ 183<br>¶ 196 |
| White<br>Hood<br>Trevino | Florida<br>Ohio<br>Texas | Breach of contract (class)<br>Intentional infliction of emotional distress | ¶ 166<br>¶ 183 |
| Simoneaux | Louisiana | Intentional infliction of emotional distress | ¶ 183 |

The only cause of action asserted by every Plaintiff is intentional infliction of emotional distress. Some Plaintiffs also assert up to three other causes of action on an individual basis. The laws of ten different states govern the causes of action.

**B.     The certified class**

In the class certification Order (Dkt. 217), this Court denied certification of all of the classes Plaintiffs requested. Instead, the Court certified one class, "only with respect to the breach of contract claim," as follows:

> All persons in the United States who between 2010 and 2018 (i) qualified for a home loan modification or repayment plan pursuant to the requirements of government-sponsored entities (such as Fannie Mae and Freddie Mac), the Federal Housing Administration (FHA), the U.S. Department of Treasury's Home Affordable Modification Program (HAMP); (ii) were not offered a home loan modification or repayment plan by Wells Fargo due to excessive attorney's fees being included in the loan modification decisioning process; and (iii) whose home Wells Fargo sold in foreclosure.

(Order at 10-11.)

The Order specified that "the action will proceed to trial on both liability and damages together … as to the breach of contract claim." (*Id.* at 4.) The only purpose of that trial is to "determine the value of the equity lost by each homeowner through a foreclosure by reason of the failure of Wells Fargo to give notice of the modification procedure (assuming that it is a breach of contract)." (*Id.*)

### C.   Non-class claims at the class trial

The Order was clear about the one class that was certified, the one breach of contract claim and the one type of damages the class may assert, and the one purpose of the trial: adjudicating that one claim. The Court has already ruled that the class may not assert any other cause of action or damages.

Plaintiffs' counsel nonetheless announced that they plan to assert, in this *class* breach of contract trial, all of the class representatives' other *individual* causes of action: intentional infliction of emotional distress, wrongful foreclosure, violation of the Homeowner Bill of Rights, and violation of the Unfair Competition Law. (Groves Decl. ¶ 2.) In the parties' Proposal for Distribution of Class Notice (Dkt. 233 at 6), counsel likewise stated, about one cause of action in particular: "Campos and Granja's claims for intentional infliction for [sic] emotional distress will be tried in this upcoming trial." Regarding the other Plaintiffs, who were not named as class representatives, counsel stated that their individual claims should *not* be included in the class trial—but Plaintiffs have not moved to sever those claims. (Groves Decl. ¶ 2.)

### **ARGUMENT**

Allowing the class trial to include claims that are being asserted by class representatives (or Plaintiffs) but *not* by class members would violate the rules on joining claims, confuse the jury, and cause unfair prejudice. This Court should instead enforce its Order certifying the class, and limit the trial to the class's breach of contract claim, by exercising its "broad discretion" under Rule 21 to "sever any claim against a party." *Coleman v. Quaker Oats*, 232 F.3d 1271, 1297 (9th Cir. 2000); *see also Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254, 1270 (C.D. Cal. 2014) (finding that permitting joinder of more than thirteen plaintiffs "would likely lead to inefficiency, prejudice, and delay"), *aff'd sub nom. Alvarado v. City of Los Angeles*, 720 F. App'x 889 (9th Cir. 2018).

### I. Plaintiffs' individual claims are not properly joined.

Claims should be severed as improperly joined if they do not meet *both* of two requirements: they must (a) "arise out of the same transaction or occurrence," and (b) "present some common question of law or fact"—which is also the two-part test, from Rule 20(a)(1), for whether multiple plaintiffs are permitted to join in one case. *Visendi v. Bank of Am.*, 733 F.3d 863, 871 (9th Cir. 2013).

The "same transaction or occurrence" requirement "is not met where plaintiffs would have to prove their claims or defendants would have to litigate their defenses on an individualized basis." *Corley v. Google*, 316 F.R.D. 277, 284 (N.D. Cal. 2016) (discussing *Visendi*, 733 F.3d 863; *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997); *On The Cheap v. Does 1-5011*, 280 F.R.D. 500, 503 (N.D. Cal. 2011); *AF Holdings v. Does 1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014); and *Acevedo v. Allsup's Convenience Stores*, 600 F.3d 516, 522 (5th Cir. 2010) (severing plaintiffs' non-certified, individual claims due to factual differences between plaintiffs)). In other words, "[c]ourts have recognized that the [class action] predominance analysis under Rule 23(b) and the single transaction or occurrence analysis under Rule 20(a) may, in some instances, be two sides of the same coin." *Corley*, 316 F.R.D. at 286. Similarly, the requirement of a common question of law or fact is not met if common issues are "eclipsed by the individualized issues that dominate Plaintiffs' claims." *Hill v. Eli Lilly*, 2015 WL 5714647, at *8 (S.D. Ind.); *see also Czuchaj v. Conair*, 2016 WL 4216686, at *2 (S.D. Cal.) ("similarities in the claims" is not enough when "the facts differ regarding each Plaintiff's … resulting damages").

The Ninth Circuit's decision in *Visendi* is particularly instructive, because like the present case it involved "over 100 distinct loan transactions … secured by separate properties scattered across the country, and … some of the properties, but not all, were sold in foreclosure." 733 F.3d at 870. The Ninth Circuit found that because borrowers' "interactions with Defendants were not uniform," the "[f]actual disparities" and necessary "factual analysis" meant that the claims were not properly joined and should be severed. *Id.*; *see also Coughlin*, 130 F.3d at 1350-51 (severing because each applicant presented a "different factual situation" and required "personalized attention"); *Todd v. Tempur-Sealy Int'l*, 2017 WL 2840272, at *3 (N.D. Cal.) (severing because "interactions with Defendants were not

uniform"); *Armstead*, 66 F. Supp. 3d at 1270-71 (finding that "individualized factual issues impacting liability make joinder of plaintiffs in this action impracticable").

As this Court held when denying the classes Plaintiffs requested, the individual claims here do require particularized analysis, and individual issues predominate over common ones. Take for example intentional infliction of emotional distress. This Court ruled that determining whether Wells Fargo's conduct toward each Plaintiff was outrageous, as the cause of action requires, "is not only dependent on each state's laws (which vary widely), but also on the facts and circumstances of each individual putative class member." (Order at 9.) If one class member was "an impoverished individual who attempted to make her mortgage payments, and was wrongfully denied a mortgage modification, while another putative class member could have repeatedly failed to make his mortgage payments due to negligence, but was also denied a mortgage modification," the conduct "could be considered outrageous in one situation and not the other." (*Id.*) The Court concluded: "Such individualized inquiries greatly undermine commonality." (*Id.*) Given that Plaintiffs' individual claims of intentional infliction of emotional distress require the same "individualized proof that militated against class certification" of those claims, they are not properly joined. *Renati v. Wal-Mart Stores*, 2019 WL 5536206, at *5 (N.D. Cal.); *see also Todd*, 2017 WL 2840272, at *3 ("severance is proper largely for the same reasons that class certification was not proper" *i.e.* "[t]he potential factual dissimilarities in each Plaintiff's experience weigh in favor of severance").

The same is true of the individual consumer protection claims. The Court held that they are governed by "state consumer laws [that] are materially different," and, as a result, "[c]ommon issues would not predominate." (Dkt. 217 at 9-10.) Given that the issues are particular to each Plaintiff, those claims are not properly joined. *Coughlin*, 130 F.3d at 1351 ("Clearly, each Plaintiff's claim … involves different legal issues, standards, and procedures"); *Conair*, 2016 WL 4216686, at *2 (severing because "the numerous individual claims raise different legal issues arising under different state laws").

The class representatives' claims under the Homeowner Bill of Rights, Cal. Civ. Code § 2924.17, also require individual evidence about each borrower. Plaintiffs allege that Wells Fargo was obliged to "ensure that competent and reliable evidence, including the borrower's loan status and

information, supported its right to foreclose before it filed a notice of default or notice of sale." (Compl. ¶¶ 202-04.) The evidence for one borrower's claim would plainly be different than for another's.

## II. Allowing the claims to remain joined would confuse the jury.

"Even if the permissive joinder requirements are met"—although here they are not—"the court may sever to avoid … jury confusion." *Helm v. Alderwoods*, 2011 WL 2837411, at *1 (N.D. Cal.); *see also Wynn v. NBC*, 234 F. Supp. 2d 1067, 1078 (C.D. Cal. 2002). The jury would undoubtedly be confused if the class representatives (or all of the Plaintiffs) were allowed to pursue, at the class trial, individual claims that the class may not assert.

At a class trial, the representatives are introduced to the jury as just that—plaintiffs representing the class and its members. The jury understands that the representatives are standing in for the class members. But the class members here are pursuing only one claim, for breach of contract. As guided by the Court's Order (Dkt. 217 at 4), that claim will require the class representatives to prove at least that each class member had a contract with Wells Fargo, the class member performed, the contract required Wells Fargo to give the class member a notice that Wells Fargo did not give, the lack of notice caused a foreclosure, and the foreclosure caused the class member to suffer a particular amount of lost equity. Yet instead of presenting evidence directed solely at those class issues, Plaintiffs propose to pursue their own individual claims in the trial. Doing so would plainly confuse the jury.

First, the class's representatives would each be pursuing four claims that the class members themselves are not pursuing—in fact, claims the Order specifically *bars* them from pursuing. That violates the rule that a class representative must have "claims … [that] are typical of the claims … of the class." (Order at 7 (quoting Fed. R. Civ. P. 23(a)(3).) A claim, for example, that a class representative was the victim of outrageous conduct and suffered emotional distress is completely unlike a claim that a contract's terms were not followed. The typicality requirement exists to ensure that representatives and class members have very similar claims, so the jury can view the former as a good substitute for the latter, but the class representatives here would have claims that are completely unlike the those of class members, leaving the jury confused about what is being asserted for who, and why the representatives are not in fact representative.

Second, the class representatives would be seeking damages of a type different than class members. The Order (at 7) limited class members to seeking lost equity damages from foreclosures, on the theory that those damages alone could avoid the "individualized inquiries into the circumstances" of each class member that would be necessary for other types of damages. Yet Plaintiffs intend to have the representatives seek the very same damages that are off-limits to the represented. Granja, for example, alleges the following damages:

> Ms. Granja's life has been irrevocably altered. Her injuries include loss of her family's home and the time and money put into that home; loss of equity in her home; loss of tax benefits; loss of appreciation in her home's value following the sale; loss of time and money spent to find replacement housing and move her family; loss of time and money spent in an effort to avoid foreclosure; damage to her credit and resulting opportunity costs; and severe emotional distress.

(Compl. ¶ 78.) The jury cannot help but be confused at hearing from Granja about the irrevocable alteration of her life, along with her claims for a dozen or so different types of damages, only to be told at the end of the trial that its job is to consider only lost equity for over 500 class members. *Wynn*, 234 F. Supp. 2d at 1088-89 ("A single trial would present the jury with the hopeless task of trying to discern who did and said what to whom and for what reason.").

Finally, as a counterpart to the first two sources of confusion, the jury would have to spend its time hearing a great deal of evidence that has absolutely nothing to do with the class's breach of contract claim. To take only the most egregious example, "most" of the 63 new trial witnesses that Plaintiffs disclosed in mid-December "relate to all the named Plaintiffs' emotional distress damages." (Dkt. 233 at 6.) Those witnesses are family members and medical providers for each Plaintiff, including the class representatives. (*Id.*) Again, the Order *bars* class members from asserting claims for intentional infliction of emotional distress, and emotional distress has nothing to do with proving a breach of contract, so the jury will be confused (and the trial lengthened) by the need to hear testimony and review evidence introduced for and against it, not to mention all of the other individual claims.

### III. Allowing the individual claims at the class trial would cause unfair prejudice.

The individual claims should also be severed "to avoid … prejudice to the moving party." *Helm*, 2011 WL 2837411, at *1; *see also Wynn*, 234 F. Supp. 2d at 1078. As explained above, the

class's breach of contract claim raises a variety of ordinary issues: was there a contract, did it require notice, did Wells Fargo provide notice, did any failure to provide notice cause a foreclosure and lost equity, and so on. Not so all of the other individual claims.

Continuing the emotional distress example, Granja apparently intends to testify that she repeatedly applied for a loan modification, but "Wells Fargo would claim it lost her paperwork"; Wells Fargo lied to her, telling her she was not eligible for a modification; and the eventual foreclosure forced her daughters to "change schools and leave the only environment they knew," caused she and her husband to separate, and "severely affected [her] health," giving her "severe depression" and "acute traumatic stress disorder" and contributing to her diagnosis of cancer. (Compl. ¶¶ 74-76; Granja Dep. Tr. 143: 9-25.)

*None* of those things have anything at all to do with whether terms in the contracts of over 500 class members were followed. But Granja's emotional distress testimony, if believed, could enrage the jurors at her misfortune and motivate them to find someone to blame, a possibility aggravated even further by the potential for a jury to award punitive damages on that claim (but not on the class's claim). There will be only one available target in the courtroom. The sources of the economic factors that caused Granja to default in the first place, such as the landscaping company that stopped employing her husband (*id.* ¶ 73), will not be present. It would not be fair for a verdict in a breach of contract case about 500+ people to result from passion regarding one person rather than a dispassionate examination of the elements of the cause of action and the evidence introduced to meet them. *Alvarado v. FedEx*, 2006 WL 1465522, at *1 (N.D. Cal.) (severing because the jury, charged with examining each plaintiff's employment history, would otherwise be presented with a "parade of horribles"). Severing the individual claims is the only way to prevent an unfair trial.

# CONCLUSION

For the foregoing reasons, this Court should sever from this case each Plaintiff's individual claims.

Dated: March 10, 2020

Respectfully submitted,
**WINSTON & STRAWN LLP**

By:  /s/ *Amanda L. Groves*
Amanda L. Groves (SBN: 187216)
Morgan E. Stewart (SBN: 321611)
Kobi K. Brinson (Admitted *pro hac vice*)
Stacie C. Knight (Admitted *pro hac vice*)
Scott P. Glauberman

Attorneys for Defendant
WELLS FARGO BANK, N.A.