UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALICIA HERNANDEZ, EMMA WHITE, KEITH LINDNER, TROY FRYE, COSZETTA TEAGUE, IESHA BROWN, RUSSEL and BRENDA SIMONEAUX, JOHN and YVONNE DEMARTINO, ROSE WILSON, TIFFANIE HOOD, GEORGE and CYNDI FLOYD, DEBORA GRANJA, and DIANA TREVINO, individually and behalf of all others similarly situated,

Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

Defendant.

No. C 18-07354 WHA

**ORDER DENYING DEFEENDANT'S MOTION TO STAY**

In this class action involving mortgage foreclosures, Wells Fargo moves to stay this action pending the resolution of its FRCP 23(f) appeal. For the reasons stated below, the motion is **DENIED**.

The background of this action has been described in prior orders (Dkt. Nos. 87, 217). Plaintiffs allege, among other things, that defendant Wells Fargo, N.A. breached its contract by failing to notify them that they qualified for mortgage modifications under federally supported programs because of a calculation error in defendant's system which misstated fees and resulted in incorrect mortgage modification denials. In January, this Court certified a nationwide class of

individuals whose homes Well Fargo then foreclosed on after it failed to offer them mortgage modifications they otherwise qualified for pursuant to federal programs (Dkt. No. 217).

Class notice is set out to go out by March 30, and the opt-out period expires on May 11. Given that the trial in this action was also set to begin on May 11, and pursuant to the parties' stipulated request to delay ruling on defendant's partial summary judgment motion until after the opt-out period has expired, a recent order vacated the May 11 trial date. As of now, there is no set trial date. The undersigned judge will set the trial date for this summer at defendant's summary judgment hearing (Dkt. No. 256).

Recently, defendant filed a petition to our court of appeals seeking interlocutory appeal of the class certification order pursuant to FRCP 23(f). Defendant also filed this instant motion to stay this action pending resolution on its petition for review and, if the petition is granted, pending the outcome of that appeal (Dkt. No. 229).

Petitions appealing a district court's certification order pursuant to FRCP 23(f) do not automatically stay the proceedings unless either the district judge or the court of appeals so orders. In deciding whether to stay this action, the following four factors should be weighed: (1) likelihood of success on the merits of the appeal; (2) harm to defendant in the absence of a stay; (3) harm to plaintiffs if stayed; and (4) public interest. *See Leiva-Parez v. Holder*, 640 F.3d 962, 964–70 (9th Cir. 2011). The first two factors are the "most critical." *Ibid.* (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). The party requesting a stay bears the burden of showing the circumstances warrant a stay. *See Nken*, at 433–44. For the reasons stated below, this order finds that defendant has failed to meet its burden.

Defendant contends its petition raises a substantial case on the merits of its appeal because the class certification order failed to address how causation and damages will be proved using common evidence. This is the same argument that was made and rejected at class certification (Dkt. No. 217 at 7). This argument presents a mere disagreement with the determinations in the class certification order that common issues predominate over individualized inquiries.

Even assuming substantial questions exist, defendant has failed to establish a likelihood of irreparable injury if the stay is denied or that the stay is in the public interest. Defendant contends, if the stay is denied, it would be irreparably harmed because it would be forced to incur substantial costs associated with trial preparation in the next three months and, of course, for the trial itself. This argument is rendered moot, however, considering a recent order vacated the impending trial date of May 11. Since trial will not be held until after both the opt-period has expired and until after defendant's summary judgment motion is heard, there is substantial time between now and then for our court of appeals to determine whether it will consider defendant's interlocutory appeal. Accordingly, defendant will not be irreparably harmed if the stay is denied.

Lastly, defendant's assertion that the public interest factor weighs in its favor because class members will be confused if they receive multiple notices — assuming our court of appeals decides to first consider the appeal and then to decertify or modify the class — is similarly rendered moot by this Court's recent order approving the parties' proposal for distribution of class notice and setting a date for which notice is to be sent out (Dkt. No. 256).

After weighing all the factors, this order holds that defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 19, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3