Michael L. Schrag (SBN 185832)
Joshua J. Bloomfield (SBN 212172)
Linda P. Lam (SBN 301461)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
mls@classlawgroup.com
jjb@classlawgroup.com
lpl@classlawgroup.com

Richard M. Paul III
Ashlea G. Schwarz
Laura C. Fellows
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Facsimile: (816) 984-8101
Rick@PaulLLP.com
Ashlea@PaulLLP.com
Laura@PaulLLP.com

*Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALICIA HERNANDEZ et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 3:18-cv-07354-WHA<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SEVER**<br><br>Date: April 16, 2020 [vacated]<br>Time: 8:00 a.m. [vacated]<br>Courtroom: 12<br>Judge: Hon. William H. Alsup |

# I. INTRODUCTION

In this class action, defendant Wells Fargo breached its home mortgage contracts with Plaintiffs and class members by foreclosing on their homes without offering them loan modifications for which they qualified. This Court certified a nationwide breach of contract class, concluding that Plaintiffs Granja and Campos ("Class Representatives") were typical and adequate representatives of the class. At no point did the Court dismiss the Class Representative's individual claims.

The Class Representatives plan to try their individual claims against Wells Fargo together with the certified breach of contract class claim. In total, despite Wells Fargo's suggestions to the contrary, the trial will consist of two California-based Plaintiffs, one Defendant, one class claim, and four individual claims, all governed by California law—a wholly manageable trial describing how Wells Fargo's actions led to Plaintiffs' home foreclosures.

Wells Fargo's arguments for severing claims are unpersuasive. Although juries decide trials encompassing multiple claims all the time, Wells Fargo argues that to proceed without severing the Class Representatives' individual claims would be confusing. But courts presume, and Plaintiffs are confident, that juries can follow jury instructions, including those describing the difference between the class breach of contract claim and the Class Representatives' individual claims. Further, Wells Fargo misconstrues the legal authority on which it relies, which pertains to misjoinder of large numbers of parties (not claims) following the denial of class certification or decertification. By contrast, here, the two Class Representatives represent a certified class, and their individual claims substantially overlap with their class claim. Finally, the Class Representatives' interactions with Wells Fargo that will prove their individual claims are illustrative of the pertinent facts surrounding the breach of contract claim on behalf of the class. There is no basis to assume that the jury would be confused by the evidence showing that Wells Fargo's wrongful conduct was broader than the Class Representatives' breach of contract claims; nor would there be a basis to exclude as prejudicial this evidence even if the Class Representatives' individual claims were no part of the trial.

Because Plaintiffs' trial plan is manageable, cohesive, and appropriate, and no parties are mis-joined, Plaintiffs respectfully request that the Court deny Wells Fargo's motion to sever the Class Representatives' non-class claims.

## II. BACKGROUND

On January 29, 2020, this Court certified a nationwide breach of contract class under Fed. R. Civ. P. 23(b)(3), defined as follows:

> All persons in the United States who between 2010 and 2018 (i) qualified for a home loan modification or repayment plan pursuant to the requirements of government-sponsored enterprises (such as Fannie Mae and Freddie Mac), the Federal Housing Administration (FHA), [or] the U.S. Department of Treasury's Home Affordable Modification Program (HAMP); (ii) were not offered a home loan modification or repayment plan by Wells Fargo due to excessive attorney's fees being included in the loan modification decisioning process; and (iii) whose home Wells Fargo sold in foreclosure.

Dkt. 217 at 4. In certifying the breach-of-contract class, the Court found that the Class Representatives are "typical of the proposed class," with "the same claims class members have." *Id.* at 8. It also found that they "are adequate class representatives," without "any conflict with other putative class members." *Id.* Although the Court declined to certify the other claims, it did not dismiss them.

Plaintiffs then filed their Third Amended Class Action Complaint, listing Granja and Campos as class representatives for a breach of contract claim. Dkt. 220. This Complaint also included their individual claims, which, together with their class claims, were based on their experiences with Wells Fargo and their resulting home foreclosures. *Id.* ¶¶ 72-87.

It has thus been clear that the Class Representatives have planned to try all of their claims together—their breach of contract representative claim and their individual claims. Dkt. 252-1 ¶2.

## III. ARGUMENT

The Class Representatives' individual claims need not be severed from the class claims because their trial plan is manageable and cohesive. Wells Fargo's legal arguments rest on cases and statutes that are inapplicable here; they mostly grapple with misjoinder of parties (not individual parties' claims) in cases with dozens or even hundreds of individual plaintiffs or defendants. Even applying Wells Fargo's framework, the Class Representatives' claims are properly joined. Because it is neither appropriate nor necessary to sever their individual claims from the class claims, the Court should deny Wells Fargo's motion to sever.

//

//

## A. The Class Representatives' trial plan is manageable and cohesive.

The Class Representatives intend to try in a single trial the class contract claim and their four individual claims (intentional infliction of emotional distress, wrongful foreclosure, violation of the Homeowner Bill of Rights, and violation of the Unfair Competition Law), each of which is governed by California law. The crux of all of these claims are the same: that Wells Fargo failed to offer a loan modification even though it was required to do so, and harm resulted from that failure. Proof of the breach of contract claim, which encompasses Wells Fargo's failure to provide notice of an opportunity for class members to modify their loans, mirrors the Class Representatives' proof of individual claims for wrongful foreclosure, violation of the California Homeowner Bill of Rights, the UCL, and emotional distress. Indeed, the wrongful foreclosure claim rises or falls with the contract claim, since both allege that Wells Fargo foreclosed in violation of the Class Representatives' mortgage contracts. Dkt. 220 at ¶¶ 170-181, 192. And whether Wells Fargo violated HBOR and the UCL also hinges on proof that the bank acted unlawfully by failing to offer them a loan modification.

Specifically, proof of the error for purposes of all claims will consist of evidence of Wells Fargo's warnings from the government about deficiencies in its loss mitigation, as well as Wells Fargo's discovery of the error in 2013, failure to even partially fix it until years later, and later "rediscovery" in 2018 before publicly disclosing it. In fact, Wells Fargo believes the evidence as to these claims is so similar that in moving for partial summary judgment on the wrongful foreclosure claims it argued "these claims fail *for the same reasons the breach of contract claim fails…*" Dkt. 231 at p. 29:21-22 (emphasis added).

The trial, with two Plaintiffs, one Defendant, and five California-law-based claims, is cohesive and manageable without severing the individual claims from the class claims. *Czuchaj v. Conair Corp.* is instructive. There, the court certified a California subclass for one California claim, and a New York subclass for one New York claim. Defendants sought to sever the California class representative's individual claims. No. 3:13-cv-01901, 2016 WL 4216686 (N.D. Cal. Aug. 10, 2016). However, the court ultimately decided to "maintain jurisdiction over the California law-based claims—the class and individual claims—and the New York subclass claim." *Id.* at *3. In declining to sever the class representative's individual claim from his class claims, the court reasoned that "instructing the jury on

six claims under two state's laws—with only one claim arising under foreign law—does not pose the same confusion and prejudice" that a larger, more complicated proceeding could have posed. *Id.* The trial here, with only California-law-based claims, is even less complicated than the trial contemplated in *Czuchaj*.

As *Czuchaj* demonstrates, Wells Fargo's fear that juries cannot follow representative and non-representative claims simultaneously is unfounded. Following "clear instructions of the trial judge" is the "premise upon which our jury system is founded." *Travison v. Jones*, 522 F. Supp. 666, 670 (N.D.N.Y. 1981). Courts routinely explain class actions to jurors. *See, e.g.*, *Nunag-Tanedo v. E. Baton Rouge Parish Sch. Bd.*, No. 10-01172, 2012 WL 8964044 (C.D. Cal. Dec. 17, 2012) (instructions include class action instructions); 4 Newberg on Class Actions § 11:22 (5th ed.) (collecting jury instructions describing class actions). At the beginning of the trial, the court could instruct the jury that the Class Representatives represent the class on the contract claim, but also have their own individual claims. The notion that the Class Representatives also have related claims is something a jury would easily understand.

Wells Fargo's concern regarding evidence separate from the breach of contract claim is without merit. Each of the Class Representatives' claims is based on Wells Fargo's failure to offer a loan modification. The only example Wells Fargo cites of the "great deal of evidence" pertaining to non-contract claims is the 63 trial witnesses Plaintiffs disclosed, but most of those witnesses relate to the *other* named plaintiffs' emotional distress claims, which will not be a part of this trial.

**B. Wells Fargo's severance framework is inapplicable here.**

Under Fed. R. Civ. P. 21, a court has two options to remedy misjoinder: it may "add or drop a party," or it "may . . . sever any claim against a party." *See Pan Am. World Airways, Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 523 F.2d 1073, 1079-80 (9th Cir. 1975) (directing courts to analyze the validity of permissive joinder for the purposes of Rule 21 according to Rule 20's requirements); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006) (describing dropping a mis-joined party or severing claims against mis-joined parties as two alternative remedies to misjoinder); *Corley v. Google, Inc.*, 316 F.R.D. 277, 293 (N.D. Cal. 2016) (same). Wells Fargo does not argue that any party is improperly joined, but nevertheless seeks to employ a remedy for improperly joined parties—severing

claims. Wells Fargo cannot argue that it was improperly joined as a justification for severing claims against it; after all, Wells Fargo is the only defendant in this case. And it would be nonsensical to suggest that the Class Representatives are improperly joined to the trial in which they are the appointed class representatives. Put differently, there is no problem for claim severance to remedy here.

The cases Wells Fargo cites to support its argument for claim severance are distinguishable for the same reason—they all discuss misjoinder of *parties*, not claims. For example, *Visendi v Bank of America, N.A.* concerned a "massive, multi-plaintiff . . . prototypical mass action," not a representative class action. 733 F.3d 863, 871 (9th Cir. 2013). The Ninth Circuit analyzed "permissive joinder of plaintiffs" under Rule 20, concluded that "[n]othing unite[d] all of these Plaintiffs but the superficial similarity of their allegations and their common choice of counsel," and remanded with instructions to sever all but the first named plaintiff. *Id.* at 870-71. Similarly, in *Corley v. Google, Inc.*, a court within this district grappled with joining 879 named plaintiffs following denial of class certification in a related case. 316 F.R.D. 277. To remedy this improper joinder, the court severed "[a]ll but the original three Plaintiffs" and ordered Plaintiffs' counsel to file 876 individual complaints. *Id.* at 295; *see also Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516 (5th Cir. 2010) (concerning 800 individual plaintiffs following a decertification order); *Helm v. Alderwoods Grp., Inc.*, No. 08-1184, 2011 WL 2837411 (N.D. Cal. July 18, 2011) (concerning "dozens of named plaintiffs" following denial of plaintiffs' motion for class certification); *Todd v. Tempur-Sealy Int'l, Inc.*, 2017 WL 2840272 (N.D. Cal. June 30, 2017) (evaluating whether to sever following denial of class certification).

These severance analyses are far cries from the Class Representatives' case with three named parties and a certified class. Because Wells Fargo identifies no misjoinder that severing claims would remedy, severing some of the Class Representatives' claims is inappropriate here.

**C. The Class Representatives' individual claims are properly joined under Rule 20.**

Should the Court perform joinder analysis on the Class Representatives' claims, all are properly joined and should not be severed.

Rule 20 allows "[p]ersons [to] join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all

plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Rule 21 provides, in relevant part, that if these two criteria are not met and plaintiffs are improperly joined, "[t]he court may . . . sever any claim against a party." Fed. R. Civ. P. 21.

On the first requirement for permissive joinder, "[t]he Ninth Circuit has interpreted the phrase 'same transaction, occurrence, or series of transactions or occurrences' to require a degree of factual commonality underlying the claims. Typically, this means that a party must assert rights that arise from related activities – a transaction or an occurrence or a series thereof." *Jacques v. Hyatt Corp.*, No. 11-05364, 2012 WL 3010969, at *3 (N.D. Cal. July 23, 2012) (Alsup, J.) (citations omitted). Here, applying this concept to the Class Representatives' claims, their IIED, wrongful foreclosure, HBOR and UCL claims all arise from the same "occurrence or a series thereof" – wrongful denial of mortgage modifications due to Wells Fargo's defective software. And despite Wells Fargo's argument to the contrary, Class Representatives' individual claims are live claims. This Court declined to certify those claims; it did not dismiss them.

As for the second requirement for permissive joinder, "FRCP 20 requires at least one common question of law or fact." *Id.* at *5. Here, as applied to the Class Representatives' claims, there are many; perhaps most obvious is whether Wells Fargo wronged Campos and Granja when it denied them mortgage modifications for which they qualified. And as described above, judicial economy favors trying these related claims together because they rest on much of the same evidence. *See Czuchaj*, 2016 WL 4216686, at *2 (accounting for judicial economy and similarities in proof when considering whether to sever claims).

Courts must also evaluate whether joinder would comport with principles of fundamental fairness or would result in prejudice to either side. *Coleman v. Quaker Oats*, 232 F.3d 1271, 1296 (9th Cir. 2000). Wells Fargo has been on notice that the Class Representatives bring their breach of contract class claim and individual claims since December of 2018 and, as described above, all these claims are closely related. Wells Fargo also argues that it is unfair to include the Class Representatives' individual claims in the class trial because it will irrevocably inflame the jury to hear anything other than the bare bones facts related to the existence of a contract, breach, and resulting damages. In so arguing, though, Wells Fargo ignores the substantial overlap of evidence among the claims, and contradicts its prior

arguments that the claims are so intertwined that summary judgment can be granted on multiple claims for the same reasons. Moreover, Wells Fargo's wrongdoing will be at issue and properly presented to the jury from the breach of contract claim alone. This Court has all the necessary tools to manage any confusion that may arise during the course of the trial through, for example, instructing the jury, deciding motions in limine, and bifurcation if necessary.

Thus, the Class Representatives' individual and class claims are properly joined and should not be severed.

## V. CONCLUSION

For all of the foregoing reasons, the motion to sever should be denied.

Dated: March 31, 2020

Respectfully submitted,

/s/ Michael Schrag
**GIBBS LAW GROUP LLP**
Michael L. Schrag (SBN 185832)
Joshua J. Bloomfield (SBN 212172)
Linda P. Lam (SBN 301461)
505 14th Street, Ste. 1110
Oakland, California 94612
Telephone:  510-350-9700
Facsimile:  510-350-9701
mls@classlawgroup.com
jjb@classlawgroup.com
lpl@classlawgroup.com

Richard M. Paul III
Ashlea G. Schwarz
Laura C. Fellows
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone: 816-984-8100
Facsimile:  816-984-8101
Rick@PaulLLP.com
Ashlea@PaulLLP.com
Laura@PaulLLP.com

*Counsel for Plaintiffs and the Class*