# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA HERNANDEZ et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 3:18-cv-07354-WHA<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT**<br><br>Date: April 16, 2020<br>Time: 8 a.m.<br>Dept: Courtroom 12<br>Judge: Hon. William H. Alsup |

The parties to this litigation have entered into a Stipulation of Class Action Settlement ("Agreement"), which if approved, would resolve the claims of the Settlement Class. Class representatives Debora Granja and Sandra Campos ("Representatives") filed a motion to preliminarily approve the settlement and direct notice of the proposed class action settlement. Defendant Wells Fargo Bank, N.A., supports approval of the settlement. The Court has read and considered the Agreement and all exhibits thereto, including the proposed notice; the related briefing, and determined that Plaintiffs have complied with the Northern District's Procedural Guidance for Class Action Settlements and provided the Court sufficient information to decide whether the settlement should be granted preliminary approval. The Court concludes that it is appropriate to direct notice in a reasonable manner to all Settlement Class Members who would be bound by the proposal because the parties' showing establishes that the Court will likely be able to approve the proposal under Rule 23(e)(2) and certify the class for purposes of judgment on the proposal. *See* Fed. R. Civ. P. 23(e)(1)(B).

## Likely Approval of the Proposed Settlement

1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Agreement.

2. The Court has reviewed the terms of the Agreement, the exhibits thereto, Plaintiffs' motion papers, the declarations of counsel, and all arguments made.

3. The Agreement is the product of approximately 18 months of litigation, including two of rounds of motions to dismiss briefing, five letter briefs concerning discovery disputes, the production of more than 200,000 pages of documents, and more than 46 depositions.

4. Plaintiffs twice moved for class certification, and a class was certified on January 29, 2020. Wells Fargo petitioned the Ninth Circuit to review the class certification order under Fed. R. Civ. P. 23(f) and also filed a motion for summary judgment which is fully briefed.

5. Based on its review, the Court will likely be able to approve the proposed settlement as fair, reasonable, and adequate under Rule 23(e)(2). *See* Fed. R. Civ. P. 23(e)(1)(B)(i). The Agreement: (a) results from efforts by Representatives and Class Counsel who adequately represented the class; (b) includes an amount of Settlement Consideration that was negotiated at arm's length with the assistance of Magistrate Judge Donna M. Ryu; (c) provides $18.5 million in all-cash non-reversionary relief for

the Settlement Class, which is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effective proposed method of distributing the vast majority of relief to the class automatically without the need for a claims process; and (iii) the terms of the proposed award of attorney's fees and costs, including timing of payment; and (d) the treatment of Settlement Class Members equitably relative to each other.

### Certification of Settlement Class

6. The Court further finds that the proposed Settlement Class as defined is nearly identical to the litigation class this Court certified as:

> All persons in the United States who between 2010 and 2018 (i) qualified for a home loan modification or repayment plan pursuant to the requirements of government-sponsored enterprises (such as Fannie Mae and Freddie Mac), the Federal Housing Administration (FHA), [or] the U.S. Department of Treasury's Home Affordable Modification Program (HAMP); (ii) were not offered a home loan modification or repayment plan by Wells Fargo due to excessive attorney's fees being included in the loan modification decisioning process; and (iii) whose home Wells Fargo sold in foreclosure.[1]

7. The Court finds that continued certification of this action as a class action, pursuant to Rule 23(a) and (b)(3) is appropriate. The Court preliminarily finds for settlement purposes that: (a) the Settlement Class numbers in the hundreds of persons, and joinder of all such persons would be impracticable, (b) there are questions of law and fact that are common to the Settlement Class, and those questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member; (c) the claims of the Representatives are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Settlement Class is superior to other available means of adjudicating this dispute; and (e) Representatives and Class Counsel are adequate representatives of the Settlement Class. Defendant retains all rights to argue the action is not properly certified as a class action other than for settlement purposes. The Court also concludes that, because the action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class

---

[1] Excluded from the Settlement Class are: (a) Wells Fargo and its principals, affiliated entities, legal representatives, successors, and assigns; (b) any Person who files a valid, timely Request for Exclusion; (c) federal, state, and local governments (including all agencies and subdivisions thereof); and (d) any Person who settled and released claims at issue in this Action.

-2-                    [PROPOSED] ORDER GRANTING
                                              PRELIMINARY APPROVAL

action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

8. Pursuant to Rule 23(g), the Court continues the appointment of Gibbs Law Group LLP and Paul LLP as Class Counsel for the Settlement Class.

**Notice and Administration**

9. The Court directs the Class Action Administrator to fulfill its notice duties and responsibilities specified in this Order and the Settlement Agreement.

10. The Court finds that the provision for notice to the Settlement Class set forth in the Settlement Agreement satisfies the requirements of due process and Federal Rule of Civil Procedure 23 and provides the best notice practical under the circumstances, including individual notice to all Settlement Class Members who can be identified through reasonable effort. The Court approves, as to form and content, the Proposed Class Notice and Severe Emotional Distress Claim Form attached hereto as Exhibits 1 and 2 The Class Notice is reasonably calculated to apprise Settlement Class Members of the nature of this litigation; the scope of the Settlement Class; the Settlement Class claims, issues, and defenses; the terms of the Agreement; the right of Settlement Class Members to appear, object to the Agreement, and exclude themselves from the Settlement Class and the process for doing so; of the Final Approval Hearing; and of the binding effect of a class judgment on the Settlement Class.

11. The Court therefore approves the proposed method of providing notice and directs JND Legal Administration ("JND") to proceed with providing Class Notice to Settlement Class Members, pursuant to the terms of the Agreement and this Order.

12. Within **30 days** (the "Notice Date"), JND shall substantially complete its notice obligations consistent with the specifications of the Agreement including by disseminating notice to all reasonably identifiable Settlement Class Members by first class U.S. Mail and through publication of the detailed Settlement Website.

13. No later than **45 days after the Notice Date**, Settlement Class Members who wish to submit a claim to the Severe Emotional Distress Damages Fund must make a written submission pursuant to the terms of the Agreement and this Order. Within **14 days** of the deadline to submit a claim to the Severe Emotional Distress Damages Fund, an initial determination as to the allocation of funds from the Severe Emotional Distress Damages Fund will be made. Within **14 days** of the initial decision,

Settlement Class Members may contest the decision by sending a written submission pursuant to the terms of the Agreement and this Order. Within **14 days** of the Severe Emotional Distress Damages Dispute Deadline, the dispute shall be decided and Settlement Class Members shall be notified of the final determination as to the amount of monetary relief to be provided from the Severe Emotional Distress Damages fund.

14. No later than **10 days before the hearing on final approval** of this settlement, JND shall provide an affidavit to the Court, attesting that Class Notice was disseminated in a manner consistent with the Agreement, including its exhibits.

### **Objections and Exclusions**

15. Settlement Class Members who wish to opt-out and exclude themselves from the Settlement Class may do so by submitting such request in writing consistent with the specification listed in the Class Notice no later than **45 calendar days after the Notice Date**.

16. To be valid, a Settlement Class Member must complete and mail to the Class Action Administrator a Request for Exclusion that is postmarked by the Opt-Out Deadline and must be personally signed. If more than one borrower was on the applicable loan, both borrowers must personally sign the Request for Exclusion.

17. JND must provide Class Counsel and Defendant's Counsel with a final list of any timely Requests for Exclusion received by the Class Action Administrator within **five (5) business days after the Opt-Out Deadline.**

18. Any Settlement Class Member who wishes to object to the Settlement must, no later than **45 days after the Notice Date** submit a written notice of objection to the Court.

19. The written objection must contain the following:
   a. The name, address, telephone number, and, if available, the email address of the Person objecting, and if represented by counsel, of his/her counsel;
   b. The specific legal and factual bases for all objections;
   c. Whether he/she intends to appear at the Final Approval Hearing, either with or without counsel;
   d. A statement of his/her membership in the Settlement Class; and

e. A detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years. If the Settlement Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the objection to this Settlement.

20. All Settlement Class Members who do not submit a Request for Exclusion shall be bound by the terms of the Agreement upon entry of the Final Approval Order and Judgment.

### Final Approval Hearing and Schedule

21. The Court will hold a hearing on entry of final approval of the settlement, as well as an award of fees and expenses to Class Counsel at **8:00 a.m.** on **August 20, 2020** [approximately **125 days** after entry of this Order], in Courtroom 12 of the United States District Court for the Northern District of California, 450 Golden Gate, San Francisco, CA. At the final approval hearing, the Court will consider: (a) whether the settlement should be approved as fair, reasonable, and adequate for the Settlement Class, and judgment entered on the terms stated in the Settlement Agreement; and (b) whether Plaintiffs' application for an award of attorney fees and expenses to Class Counsel ("Fee Application") should be granted.

22. Plaintiffs shall move for final settlement approval and approval of attorney's fees and litigation expense reimbursements no later than **June 8, 2020** [approximately **50 days** after the entry of this Order].

23. Plaintiffs shall file a reply in support of final settlement approval and approval of attorney's fees and litigation expense reimbursements no later than **July 23, 2020** [approximately **14 days** after JND provides class counsel with a list of timely requests for Exclusion].

24. The deadlines outlined above are summarized in the below chart.

25. The Court reserves the right to adjust the date of the final approval hearing and related deadlines.

26. All pending deadlines, except those specified herein, are hereby **VACATED**.

| Notice Date | May 18, 2020 |
| --- | --- |
| Deadline to file claims for Severe Emotional Distress Damages Fund | No later than July 2, 2020 |
| Deadline to file Notice of Objection | No later than July 2, 2020 |
| Deadline to request Exclusion | No later than July 2, 2020 |
| JND to provide class counsel list of timely requests for Exclusion | No later than July 9, 2020 |
| Decision regarding claims made to Severe Emotional Distress Damages Fund | No later than July 16, 2020 |
| Deadline to contest Severe Emotional Distress Damages Fund allocation | No later than July 30, 2020 |
| Final decision regarding claims made to Severe Emotional Distress Damages Fund | No later than August 13, 2020 |
| Plaintiffs to file motion for final approval and fees | June 8, 2020 |
| Plaintiffs to file reply in support of motion for final approval and fees | No later than July 23, 2020 |
| Deadline to file affidavit attesting notice was disseminated as ordered | August 10, 2020 |
| Final Approval Hearing | August 20, 2020 |

**IT IS SO ORDERED.**

Dated: _____

                                            HON. WILLIAM H. ALSUP
                                            U.S. DISTRICT COURT JUDGE