**If Wells Fargo sent you a letter stating that it mistakenly denied you a loan modification and you later lost your home to foreclosure, you could get a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

**Hay una traducción completa de éste documento en nuestra pagina de red: www.XXXXX.com**

- Wells Fargo has agreed to pay $18.5 million to settle a class action lawsuit on behalf of borrowers who were denied a trial loan modification due to a calculation error. The settlement applies only to those borrowers who later lost their homes to foreclosure.
- The settlement resolves a lawsuit over whether Wells Fargo violated the law by wrongfully denying loan modifications because of this calculation error. Wells Fargo publicly acknowledged the discovery of the calculation error and sent letters and checks to affected borrowers. Wells Fargo acknowledges the error but denies that it has further liability or that the erroneous calculations of trial payment plans caused foreclosures, or any related damages.
- This settlement avoids costs and risks from continuing the lawsuit; pays money to borrowers; and releases Wells Fargo from liability.
- Court-appointed lawyers for the borrowers will ask the Court for up to 25% of the net settlement (approximately $4,525,000) in attorney's fees, reimbursement of expenses (no more than $335,000), and costs to administer the settlement ($65,000).
- The federal court still must decide whether to approve this settlement. You have the right to make your views known to the Court.
- **Your legal rights are affected whether you act or don't act.** Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | Get a payment. Give up rights. |
| **OBJECT** | Write to the Court about why you don't like the settlement. **The deadline for submitting a written objection is July 2, 2020.** |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. **The Final Fairness Hearing is scheduled for August 20, 2020.** |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be a part of another lawsuit against Wells Fargo about the legal claims in this case. **The deadline to exclude yourself is July 2, 2020.** |

- These rights and options—**and the deadlines to exercise them—**are explained in this notice.
- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

# What This Notice Contains

**BASIC INFORMATION** ..................................................................................................... **PAGE 4**
1. Why did I get this notice package?
2. What is this lawsuit about?
3. Why is this a class action?
4. Why is there a settlement?

**WHO IS IN THE SETTLEMENT** ........................................................................................ **PAGE 5**
5. How do I know if I am part of the settlement?
6. Are there exceptions to being included?
7. I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS—WHAT YOU GET** .............................................. **PAGE 5**
8. What does the settlement provide?
9. How much will my payment be and how will these payments be calculated?

**HOW YOU GET A PAYMENT** ........................................................................................ **PAGE 6**
10. How do I get paid?
11. When will I get my payment?
12. What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ........................................... **PAGE 8**
13. How do I get out of the settlement?
14. If I don't exclude myself, can I sue Wells Fargo for the same thing later?
15. If I exclude myself, can I get money from this settlement?

**THE LAWYERS REPRESENTING YOU** ..................................................................... **PAGE 8**
16. Do I have a lawyer in the case?
17. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ......................................................................... **PAGE 9**
18. How do I tell the Court that I don't like the settlement?
19. What's the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING** ........................................................................ **PAGE 10**
20. When and where is the Fairness Hearing?
21. Do I have to come to the hearing?
22. May I speak at the hearing?

**IF YOU DO NOTHING** .................................................................................................... **PAGE 11**
23. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ............................................................................. **PAGE 12**
24. Are there more details about the settlement?
25. How do I get more information?

# BASIC INFORMATION

## 1. Why did I get this notice package?

You have been identified as a borrower who was erroneously denied a trial loan modification or payment plan by Wells Fargo and later lost your home in a foreclosure sale.

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the settlement. If the Court approves it and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows. You will be informed of the progress of the settlement at www._____.com.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Hernandez et al. v. Wells Fargo Bank,* Case No. 3:18-cv-07354-WHA. The people who sued are called Plaintiffs, and the company they sued, Wells Fargo, is called the Defendant.

## 2. What is this lawsuit about?

The lawsuit alleges that between 2010 and 2018, Wells Fargo miscalculated attorneys' fees that were included for purposes of determining whether a borrower qualified for a mortgage loan modification under the U.S. Department of Treasury's Home Affordable Modification Program (HAMP). Specifically, fees that should have been compared for purposes of the relevant calculation were instead added – which resulted in the erroneous denial of trial loan modification and repayment plans. Over 500 borrowers impacted by this calculation error later lost their homes to foreclosure.

Wells Fargo publicly acknowledged the calculation error and sent letters and checks to affected borrowers. Plaintiffs filed this lawsuit to seek what they claim is full compensation for themselves and similarly situated borrowers.

Wells Fargo denies Plaintiffs' allegations. Wells Fargo denies that it breached a contract or that the erroneous calculations of trial payment plans caused foreclosures or any related damages.

## 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Debora Granja and Sandra Campos) sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. U.S. District Judge William Alsup is in charge of this class action.

### 4. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Wells Fargo. Instead, both sides have agreed to the Settlement. That way, people who lost their homes can receive certain and substantial payments and both sides avoid the multi-year delay, risk, and cost of a trial and appeal. The Class Representatives and the attorneys strongly believe the settlement is best for all Class Members given the risks of the case.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine whether you are a Class Member.

### 5. How do I know if I am part of the settlement?

You are a member of the Class if the calculation error caused you to be denied a trial loan modification (even though you qualified for one) and you later lost your home in a foreclosure sale. You likely received a letter from Wells Fargo in 2018 or 2019 regarding the error.

The Court's description of the Class is as follows:

> All persons in the United States who between 2010 and 2018 (i) qualified for a home loan modification or repayment plan pursuant to the requirements of government-sponsored enterprises (such as Fannie Mae and Freddie Mac), the Federal Housing Administration (FHA), the U.S. Department of Treasury's Home Affordable Modification Program (HAMP); (ii) were not offered a home loan modification or repayment plan by Wells Fargo due to excessive attorney's fees being included in the loan modification decisioning process; and (iii) whose home Wells Fargo sold in foreclosure.

### 6. Are there exceptions to being included?

If you received a letter from Wells Fargo stating that you were erroneously denied a loan modification because of the calculation error, that alone does not make you a Class Member. You are a Class Member only if you received such a letter **and also lost your home in a foreclosure sale**. You are also not a member of the class if (a) Wells Fargo sent you a letter but later determined that you in fact did not qualify for a trial loan modification or (b) you signed a settlement with Wells Fargo releasing the claims at issue in this case.

### 7. I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help. You can call 1-877-545-0236 or visit www._____.com for more information.

# THE SETTLEMENT BENEFITS—WHAT YOU GET

### 8. What does the settlement provide?

Wells Fargo has agreed to pay $18.5 million. After attorney's fees, costs, and settlement administration expenses are deducted, an estimated $13,575,000 will be distributed to Class Members. $1 million from this amount will be used to compensate Class Members who can show that they suffered severe emotional distress as a result of the calculation error. The rest will be distributed as described in Sections 9 and 10.

### 9. How much will my payment be?

If you do nothing, you will receive a check for at least $_____. This is in addition to the $____ Wells Fargo has previously sent you. Your share of the settlement fund is based on the following factors: (1) the amount of your unpaid balance at the time of the error; (2) whether you were delinquent on your loan for six months or more at the time of the error; and (3) how much Wells Fargo previously sent you. For a detailed explanation of all the steps taken to calculate your settlement share, please go to www.XXX.com and review the Allocation Plan document.

You can also apply for additional payments if you suffered severe emotional distress. See Section 10.

# HOW YOU GET A PAYMENT

### 10. How can I get a payment?

You do not need to do anything to receive your share of the settlement. Your money will be mailed to you automatically if the Court approves the settlement, unless you exclude yourself from the settlement. If your address changes, please let the Settlement Administrator know your new address.

If you believe you suffered severe emotional distress, you can apply for an additional payment from the $1 million fund set aside for this purpose. You can use the claim form enclosed with this notice or go to www. XXX.com and either fill out the form online or download the form and mail it to: Hernandez v. Wells Fargo Bank, N.A. c/o JND Legal Administration, P.O. Box 91350, Seattle, WA 98111

You must submit this claim by [July 2, 2020]. An attorney experienced in handling emotional distress claims has been appointed by the court as a special master to process these claims and determine which Class Members will get additional settlement payments and the amount of those payments.

### 11. When would I get my payment?

The Court will hold a hearing on [August 20, 2020], to decide whether to approve the settlement. If the Court approves the settlement, there may still be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. You can check on the progress of the settlement at www._____.com. Please be patient.

### 12. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Wells Fargo about the legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you. If you do not exclude yourself, you will agree to the "Release" in Section IX of the Settlement Agreement, available at www._____.com, which describes exactly the legal claims that you give up if you get settlement benefits.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Wells Fargo on your own about the legal issues in this case, you must take steps to get out. This is called excluding yourself—sometimes referred to as "opting out" of the settlement Class.

### 13. How do I opt out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail entitled "Request for Exclusion." **You must clearly say: "I want to be excluded from the settlement in *Hernandez et al. v. Wells Fargo Bank* (Case No. 3:18-cv-07354-WHA) (N.D. Cal.)."** Be sure to include your name, mailing address, telephone number, and your signature. If known, please also include the address of the property that was affected by Wells Fargo's failure to offer a loan modification. If there was more than one borrower on the applicable loan (for example two spouses), both borrowers must personally sign the Request for Exclusion. Your exclusion request must be **postmarked no later than [July 2, 2020]** to:

Hernandez v. Wells Fargo Bank, N.A.
c/o JND Legal Administration
P.O. Box 91350
Seattle, WA 98111

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Wells Fargo in the future.

### 14. If I don't exclude myself, can I sue Wells Fargo for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Wells Fargo for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is [July 2, 2020].

### 15. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this settlement. But, you may sue,

continue to sue, or be part of a different lawsuit against Wells Fargo.

## THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer in this case?

Class Counsel in this case are Gibbs Law Group LLP (www.classlawgroup.com), in Oakland, CA, and Paul LLP (www.paulllp.com), in Kansas City, MO. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to 25% of the net settlement, or roughly $4,525,000 for attorney's fees and reimbursement of up to $335,000 in litigation expenses they incurred throughout this case. The attorney's fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than these amounts. There will also be costs of $65,000 to administer the settlement. These amounts have already been accounted for in projecting the approximately $13,575,000 million available for Class Members and in providing the approximate amount of your settlement check.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

### 18. How do I tell the Court that I don't like the settlement?

If you're a Class Member, you can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Hernandez et al. v. Wells Fargo Bank,* Case No. 3:18-cv-07354-WHA), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before [July 2, 2020].

Be sure to include: (1) your name, mailing address, email address, and telephone number; (2) state the specific legal and factual bases for your objections; (3) whether you (or your attorney) intend to appear at the Final Fairness Hearing; (4) a statement that you are a member of the Settlement Class; (5) a detailed list of any other objections you (or your attorney) have submitted to any other class actions in the last five years; and (6) your signature.

### 19. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

### 20. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at [8:00 a.m.] on [Thursday, August 20, 2020], at the Phillip Burton Federal Building and U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 12 on the 19th Floor. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

The Court may reschedule the Fairness Hearing or change any of the deadlines described in this notice. The date of the Fairness Hearing may change without further notice to Class Members. Be sure to check the settlement website, www._____.com, for news of any such changes. You can also check whether the hearing date or any deadlines have changed by accessing the case docket via the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

### 21. Do I have to come to the hearing?

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### 22. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must indicate your desire to speak at the hearing in your objection letter (see section 18 above). You cannot speak at the hearing if you excluded yourself.

**IF YOU DO NOTHING**

### 23. What happens if I do nothing at all?

If you do nothing, you'll receive a settlement payment as described above, as long as the Court approves the settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Wells Fargo about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

### 24. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in the Settlement Agreement available at www._____.com.

You can email the settlement administrator at email@email.com or call 1-877-545-0236 toll free; or visit the website at www._____.com, where you will find answers to common questions about the settlement, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

All the case documents that have been filed publicly in this case are also available online through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov. This case is called *Hernandez et al. v. Wells Fargo Bank*, and the case number is 3:18-cv-07354-WHA (N.D. Cal.).

You may also obtain case documents by visiting the office of the Clerk of Court for the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, except court-observed holidays. More information about the clerk's office hours and other locations can be found at https://www.cand.uscourts.gov/locations.

You can also contact Class Counsel for them to answer questions:

### CLASS COUNSEL

| | |
|---|---|
| Richard Paul | Michael Schrag |
| PAUL LLP | GIBBS LAW GROUP LLP |
| 601 Walnut Street, Suite 300 | 505 14th Street, Suite 1110 |
| Kansas City, MO | Oakland, CA 94612 |
| Telephone: (816) 984-8100 | Telephone: (510) 350-9718 |
| Facsimile: (816) 984-8101 | Facsimile: (510) 350-9701 |
| rick@paulllp.com | mls@classlawgroup.com |

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.**