**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALICIA HERNANDEZ et al., individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 3:18-cv-07354 -WHA<br><br>**[PROPOSED] ORDER AND JUDGMENT GRANTING MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND AWARDING ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES**<br><br>Date:  August 20, 2020<br>Time:  8 a.m.<br>Dept:  Courtroom 12<br>Judge:  Hon. William H. Alsup |

Plaintiffs' Motion for Final Approval of Proposed Class Action Settlement and Motion for Attorney's Fees and Reimbursement of Expenses came before the Court for hearing on August 20, 2020 pursuant to the Preliminary Approval Order dated April 19, 2020. Having considered the parties' Class Action Settlement Agreement ("Settlement") and all papers filed and proceedings herein, THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:[1]

1. The Court has subject matter jurisdiction over this matter.

2. Based on Plaintiffs' Motion for Final Approval of Proposed Class Action Settlement, the argument and comments at the final Fairness Hearing, and its further consideration of the factors identified in the Court's Preliminary Approval Order, the Court orders that the following class (referred to as the "Settlement Class" or "Class"), which was certified in the litigation, remains certified for settlement purposes:

> All persons in the United States who between 2010 and 2018 (i) qualified for a home loan modification or repayment plan pursuant to the requirements of government-sponsored enterprises (such as Fannie Mae and Freddie Mac), the Federal Housing Administration (FHA), the U.S. Department of Treasury's Home Affordable Modification Program (HAMP); (ii) were not offered a home loan modification or repayment plan by Wells Fargo due to excessive attorney's fees being included in the loan modification decisioning process; and (iii) whose home Wells Fargo sold in foreclosure.

3. The Court confirms its appointment of Plaintiffs Debora Granja and Sandra Campos as Class Representatives. The Court also confirms its appointment of Michael Schrag of Gibbs Law Group LLP and Richard Paul of Paul LLP as Class Counsel.

4. Attached to this Final Approval Order and Judgment is a list setting forth the name of each person who is excluded from the Class. The persons so identified: (a) are not Settlement Class members as that term is defined and used herein; (b) shall not be bound by this Final Approval Order or any release provided herein; and (c) shall not be entitled to any benefits from the Settlement.

5. The Court finds that Class Notice has been disseminated to the Class in compliance with the Court's Preliminary Approval Order and the Notice Plan provided the best notice to the Class practicable under the circumstances, fully satisfied due process, met the requirements of Rule 23 of the

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Class Settlement Agreement, Dkt. 269-2.

Federal Rules of Civil Procedure, and complied with all other applicable law. The Court further finds that notice provisions of 28 U.S.C. § 1715 were complied with in this case.

6. The Court finds that the Settlement is fair, reasonable, adequate, is in the best interests of the Class, has been entered into in good faith, and should be and hereby is fully and finally approved pursuant to Federal Rule of Civil Procedure 23. The Settlement represents a fair resolution of all claims asserted by the Class Representatives on behalf of the Class, and fully and finally resolves all such claims.

7. The Release set forth in the Settlement will become binding and effective on all Class members upon the Effective Date. To avoid ambiguity, this Release must be read in light of the definitions of "Released Claims"[2] and "Released Party,"[3] and reads as follows:

 A. The Agreement shall be the sole and exclusive remedy for any and all Released Claims of all Releasing Parties against all Released Parties. No Released Party shall be subject to liability or expense of any kind to any Releasing Party with respect to any Released Claims.

 Upon entry of the Final Judgment and Order Approving Settlement, each and every Releasing Party shall be permanently barred and enjoined from initiating, asserting, and/or prosecuting any Released Claim against any Released Party in any court or any forum whatsoever.

 B. Upon entry of the Final Judgment and Order Approving Settlement, each Releasing Party shall be deemed to have released and forever discharged each Released Party of and from any and all liability for any and all Released Claims.

 C. The Parties acknowledge that they may hereafter discover facts in addition to or

---

[2] "Released Claims" means any and all claims, rights, causes of action, liabilities, actions, suits, damages, or demands (including Unknown Claims as defined in Paragraph 47 of the Agreement), of any kind whatsoever that arise out of or are based on the claims set forth in the Action, including claims based on the subject Loan Modification Denials, damages based on any failure to modify the Loans and/or damages based on the foreclosures challenged in the Action.

[3] "Released Party" as it applies to Wells Fargo, includes all of its respective predecessors, successors, assigns, parents, subsidiaries, divisions, departments, and affiliates, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, agents, servants, successors, attorneys, insurers, representatives, licensees, licensors, customers, subrogees, and assigns. "Released Party" as it applies to Campos, Granja, and each Settlement Class Member includes each of their spouses, children, wards, heirs, devisees, legatees, invitees, employees, associates, co-owners, attorneys, agents, administrators, predecessors, successors, assignees, representatives of any kind, shareholders, partners, directors, or affiliates.

different from those that they now know or believe to be true concerning the subject matter of the Release, but nevertheless fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or heretofore have existed based on actions, conduct, events, or transactions occurring on or before the date of the Agreement, without regard to subsequent discovery or the existence of such different or additional facts concerning each of the Released Parties.

D. Waiver of Civil Code Section 1542 and Similar Laws. With respect to any and all Released Claims, and upon entry of the Final Judgment and Order Approving Settlement without further action, the Parties shall be deemed to have waived any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code and any statute, rule, and legal doctrine similar, comparable, or equivalent to California Civil Code §1542, which reads as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

E. On and after the Effective Date, each of the Releasing Parties shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Parties, from all claims of every nature and description, including Unknown Claims, relating to the defense, settlement, and/or resolution of the Action or the Released Claims.

F. The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Parties, Settlement Class Members, the Class Action Administrator, and the Class Action Administrator's Agent to interpret and enforce the terms, conditions, and obligations under the Agreement.

8. The Class Action Administrator (JND) is hereby directed to implement and carry out the Settlement in accordance with the terms and provisions thereof, including the allocation plan set forth in Exhibit A to the Settlement Agreement.

9. Class Counsel and the Class Representatives fairly and adequately represented the interests of Class members. The Court finds that Class Counsel's request for $4,525,000 in attorney's fees which represents 25% of the net class recovery is fair and reasonable, given the high level of risk involved, the

result achieved, the high quality of the legal representation, and the novelty and complexity of the legal issues in this case. In addition, this Court has cross-checked the fee award and finds that Class Counsel's combined lodestar of $3,758,689 is reasonable under the circumstances of this case and the 1.2 multiplier on this lodestar is fair and reasonable for the reasons discussed above. The Court finds Class Counsel reasonably spent over 6,877 hours representing the Class's interests over the course of this litigation, and that Class Counsel's hourly rates were reasonable and in line with the prevailing rates in the community for complex class action litigation. The Court further finds that the $335,000 in costs incurred to prosecute the litigation were reasonable. Accordingly, Class Counsel is hereby awarded attorney's fees in the amount of $4,525,000 and costs in the amount of $335,000, which are to be paid from the Settlement Fund within seven (7) days following the Effective Date of the Settlement.

10. There being no just reason for delay, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees that, upon entry, it be deemed a Final Judgment.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation and administration of the Settlement; (b) further proceedings, if necessary, on applications for attorney's fees and costs in connection with the Action and the Settlement; and (c) the Parties and the Class members for the purpose of construing, enforcing, and administering the Settlement Agreement and all orders and judgments entered in connection therewith.

IT IS SO ORDERED.

Dated: _____     _____
                                   United States District Judge