# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA HERNANDEZ *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 3:18-cv-07354-WHA<br><br>[PROPOSED] **ORDER GRANTING PRELIMINARY APPROVAL OF SUPPLEMENTAL CLASS SETTLEMENT** |

In this breach of contract class action, Plaintiffs have filed a motion for preliminary approval of a proposed $21,865,690 supplemental class settlement to address 741 class members who fell within the class definition in the original class settlement agreement, but were not part of the original list of borrowers provided by Wells Fargo and identified in the class list submitted to the Court after final approval of the original settlement. For the reasons stated on the record, Plaintiffs' unopposed motion is **GRANTED.**

The background of this action has been set forth in a prior order and needs not be discussed in detail herein (*see* Dkt. No. 217). A prior order appointed Debora Granja and Sandra Campos as class representatives and Gibbs Law Group LLP and Paul LLP as

class counsel, and certified the following nationwide class under FRCP 23(b)(3) (Dkt. No. 217 at 4):

> All persons in the United States who between 2010 and 2018 (i) qualified for a home loan modification or repayment plan pursuant to the requirements of government-sponsored enterprises (such as Fannie Mae and Freddie Mac), the Federal Housing Administration (FHA), the U.S. Department of Treasury's Home Affordable Modification Program (HAMP); (ii) were not offered a home loan modification or repayment plan by Wells Fargo due to excessive attorney's fees being included in the loan modification decisioning process; and (iii) whose home Wells Fargo sold in foreclosure.

After new class members were identified, the parties agreed to the supplemental settlement which provides new class members compensation for economic harm using the same formula as in the first settlement. The supplemental settlement also provides new class members the same opportunity to apply for additional settlement amounts for severe emotional distress. New class members will have the opportunity to object or opt out of the supplemental settlement.

"A settlement should be approved if 'it is fundamentally fair, adequate and reasonable.'" *Torrisi v. Tuscan Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993) (citation omitted). Preliminary approval is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007) (Chief Judge Vaughn Walker).

For reasons stated on the record, the proposed settlement falls within the range of possible approval. Accordingly, this order preliminarily **APPROVES** the proposed class settlement, subject to further review at the final approval hearing. The claim form for the severe emotional distress fund and the proposed form of notice, to be administered by JND Legal Administration, are also **APPROVED**. Cathy Yanni is hereby **APPOINTED** as

special master for processing class members' claims for compensation under the severe emotional distress fund. Plaintiffs' proposed schedule (*see* Dkt. No.312-5 at 7) is hereby **APPROVED.** Pursuant to said schedule, the final approval hearing will be held on **December 2, 2021 at 11 a.m**. for an in-person hearing.

**IT IS SO ORDERED.**

Dated: July 26, 2021

HON. WILLIAM H. ALSUP
U.S. DISTRICT COURT JUDGE