1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

7

ALICIA HERNANDEZ, *et al.*, individually and
on behalf of all others similarly situated,

Case No. 3:18-cv-07354 WHA

8
9

        Plaintiffs,

**DECLARATION OF GRETCHEN
EOFF REGARDING SETTLEMENT
ADMINISTRATION FOR
SUPPLEMENTAL CLASS**

        v.

10

WELLS FARGO BANK, N.A.,

11
12

        Defendant.

13        I, Gretchen Eoff, declare as follows:

14        1.        I am a Senior Vice President of Operations of JND Legal Administration LLC

15 ("JND").  This Declaration is based on my personal knowledge and information provided to me

16 by Counsel and experienced JND employees and, if called on to do so, I could and would testify

17 competently thereto.

18        2.        JND is serving as the Class Action Administrator[1] in the above-captioned litigation

19 as ordered by the Court in its Order Granting Preliminary Approval of Supplemental Class

20 Settlement, filed July 26, 2021, ECF No. 318 ("Preliminary Approval Order").

21
22
23
24

---

[1] Capitalized terms used and not otherwise defined in this Declaration shall have the meanings
given such terms in the Stipulation of Class Action Settlement ("Settlement Agreement"), filed
June 9, 2021, ECF No 312-2.

DECLARATION OF GRETCHEN EOFF REGARDING SETTLEMENT ADMINISTRATION FOR
SUPPLEMENTAL CLASS - 1

3.      JND previously filed a Declaration Regarding Proposed Notice Plan for Supplemental Class, dated June 9, 2021, ECF No. 312-3, and a Declaration Regarding Class Notice Mailing, filed September 2, 2021, ECF No. 323-1 ("Notice Declaration").   This Declaration is being filed to further update the Court regarding the status of the Supplemental Class Settlement Administration.

## CAFA NOTICE

4.      On July 13, 2021, and in compliance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, JND compiled a CD-ROM containing the following documents (with an accompanying cover letter and attachment of recipients):

  a.  Class Action Complaint and Demand for Jury Trial, filed December 5, 2018;

  b.  First Amended Class Action Complaint and Demand for Jury Trial, filed February 28, 2019;

  c.  Second Amended Class Action Complaint and Demand for Jury Trial, filed August 26, 2019;

  d.  Third Amended Class Action Complaint and Demand for Jury Trial, filed February 6, 2020;

  e.  Plaintiffs' Motion for Preliminary Approval of Supplemental Class Action Settlement (Unopposed), filed on June 9, 2021; and

  f.  Stipulation of Class Action Settlement, filed on June 9, 2021 (with Exhibits).

5.      A true and correct copy of the CAFA Notice is attached hereto as Exhibit A.

## SUPPLEMENTAL CLASS MEMBER DATA

6.      As detailed in my Notice Declaration, on August 5, 2021, JND received a data file from the Defendant containing the names, mailing addresses, economic damage allocation amounts, and amounts Wells Fargo previously paid in remediation for 741 unique Class Members ("Supplemental Settlement Class List").

7.      JND updated the Settlement Class List mailing address information using data from the National Change of Address ("NCOA") database.[2]  The Supplemental Settlement Class List data was promptly loaded into a secure and dedicated Settlement database.

## NOTICE MAILING

8.      On August 13, 2021, per Section V of the Settlement Agreement, JND mailed the Court-approved Class Notice by USPS first-class mail, postage prepaid, to the Supplemental Settlement Class List plus one (1) co-borrower address provided by Counsel.

9.      Per my Notice Declaration, on September 10, 2021, JND mailed a corrected Class Notice and Severe Emotional Distress Claim Form ("Corrected Notice") to the Supplemental Settlement Class List plus two (2) co-borrower addresses provided by Counsel.  A representative sample of the Corrected Notice is attached hereto as Exhibit B.

---

[2] The NCOA database is the official United States Postal Service ("USPS") technology product which makes change of address information available to mailers to help reduce undeliverable mail pieces before mail enters the mail stream.  This product is an effective tool to update address changes when a person has completed a change of address form with the USPS.  The address information is maintained in the database for 48 months.

DECLARATION OF GRETCHEN EOFF REGARDING SETTLEMENT ADMINISTRATION FOR
SUPPLEMENTAL CLASS - 3

10.     For the Corrected Notice mailing, JND prepared each Supplemental Class Member's Corrected Notice to state the remediation and Settlement payment amounts.  Per the Court's Order, filed September 3, 2021, ECF No. 325, each Corrected Notice stated:  "This notice supersedes the prior notice dated August 13, 2021" and specifically called out (in bold font) October 25, 2021 as the new deadline to object, opt-out, and/or submit a Severe Emotional Distress Claim Form ("Claim Form").

11.     Prior to the Corrected Notice mailing, JND conducted a quality assurance review of the Corrected Notices as well as the other components of the Corrected Notice packet (the Claim Form and the sheet with the Supplemental Class Member's name and address).  Prior to Corrected Notice mailing, JND re-ran updated address searches using the NCOA for any Supplemental Class Member whose first Notice was returned as undeliverable.   JND also reviewed each Corrected Notice to make sure the stated remediation and Settlement amounts matched each Supplemental Class Member's Unique ID.

12.     JND then prepared the Corrected Notice packets by placing, for each Supplemental Class Member, the components of the Notice packet into an addressed envelope.  After each Notice packet was assembled, a JND employee double-checked each of the 743 Corrected Notice envelopes to make sure each included the correct Supplemental Class Member's Notice and Claim Form.  JND then conducted a second level of quality control, where each Corrected Notice packet envelope was triple-checked.  During that round of checking, Class Counsel video-conferenced with JND and conducted a random spot-check of the Corrected Notice packets to ensure that envelopes contained the correct Corrected Notice.   Only after each Corrected Notice packet envelope was triple-checked by JND, and spot-checked by Class Counsel, did JND seal the Corrected Notice packet envelopes and place them in the mail on September 10, 2021.

---

DECLARATION OF GRETCHEN EOFF REGARDING SETTLEMENT ADMINISTRATION FOR SUPPLEMENTAL CLASS - 4

13.     As of December 1, 2021, 222 Corrected Notices have been returned to JND as undeliverable.  Of these 222, JND re-mailed three (3) Corrected Notices to forwarding addresses provided by the USPS and 206 Corrected Notices were remailed to an updated address obtained through advanced address research or an updated address provided by Counsel.  JND was unable to obtain an updated address for 13 of the undeliverable Corrected Notices.  Of the 206 remailed Corrected Notices, 58 were subsequently returned to JND a second time after all remail attempts, leaving 71 apparently undelivered.  However, 11 of those 71 Supplemental Class Members filed a Claim Form and provided the current address we have on file on their submission, showing that they received Settlement Notice.

14.     As of December 1, 2021, of the 743 Supplemental Settlement Class List Members sent Corrected Notice, we estimate that 683 or 92% were deemed delivered and 60 or 8% were deemed undeliverable.

## SETTLEMENT WEBSITE

15.     On August 13, 2021, JND updated the existing Settlement Website, www.HomeLoanModificationSettlement.com,    to    include    information    regarding    the Supplemental Class Settlement.  The Settlement Website allows Class Members to learn more about the case and Settlement.  The "Home" page provides a summary of the Settlement, key dates, and an overview of legal rights and options.  The "File a Claim for Severe Emotional Distress" page allows Class Members seeking Severe Emotional Distress Damages to file a Claim Form.  An "Important Documents" page provides downloadable PDF copies of important case documents, including the Settlement Agreement, Settlement Notice (in English and Spanish), and Claim Form (in English and Spanish).  The "FAQ – Supplemental Class" page

provides answers to frequently asked questions.  There is also a separate "Contact Us" page detailing how JND can be reached by email, toll-free telephone, and mail.

16.     As December 1, 2021, there were 11,688 total views of the Settlement Website pages and documents and 3,475 unique visitors to the Settlement Website.  JND will continue to maintain the Settlement Website throughout the Settlement Administration process.

### TOLL-FREE INFORMATION LINE

17.     On May 6, 2020, JND established a Settlement-specific dedicated toll-free Interactive Voice Response ("IVR") number, 1-877-545-0236, for Class Members to call for additional information and assistance including an option to speak with a live operator.  The IVR is accessible 24 hours a day, seven days a week.

18.     As of December 1, 2021, JND has received 485 calls to the IVR and handled 288 live calls from Class Members or other individuals since August 13, 2021 when the Supplemental Class Settlement Notice was mailed.  JND will continue to maintain the IVR and assist the Settlement Class throughout the Settlement Administration process.

### REQUESTS FOR EXCLUSION

19.     The Corrected Notice informed Supplemental Class Members that anyone who wanted to exclude themselves from the Settlement ("opt-out") must mail a letter including their name, mailing address, telephone number, a clear statement of their desire to be excluded from the proposed Settlement, and signature, to JND postmarked no later than October 25, 2021.

20.     As of December 1, 2021, JND has received one (1) timely exclusion request.  A list containing information regarding this exclusion request is attached hereto as Exhibit C.

**OBJECTIONS**

21.   The Corrected Notice informed Supplemental Class Members that anyone who wished to object to the proposed Settlement could submit a written objection with the Court, postmarked on or before October 25, 2021.

22.   As of December 1, 2021, JND is not aware of any Settlement objections.

**SEVERE EMOTIONAL DISTRESS CLAIMS**

23.   The Corrected Notice informed Supplemental Class Members that anyone who wished to seek Severe Emotional Distress Damages must submit a Severe Emotional Distress Claim Form ("Claim Form") so that it is received online through the Settlement Website or postmarked by mail by October 25, 2021.[3]

24.   As of December 1, 2021, JND has received 102 Claim Form submissions from Supplemental Class Members that were sent to the Special Master for review.  Of the 102, 77 were received on or before the October 25, 2021 Claim Form deadline and 25 were received after the Claim Form deadline.

25.   In addition to the 102 Claim Forms, JND also received four (4) Claim Forms deemed to be duplicative of another Claim Form submission.  In addition, JND received 20 Claim Forms from individuals not on the Supplemental Settlement Class List.  After Wells Fargo confirmed that these individuals are not Supplemental Class Members, JND sent them a letter denying their claim on that basis.  A representative sample of the Notice of Claim Denial is attached hereto as Exhibit D.

---

[3] At the direction of Counsel, Supplemental Class Members are still able to submit late Claim Forms to JND for Special Master review.

DECLARATION OF GRETCHEN EOFF REGARDING SETTLEMENT ADMINISTRATION FOR
SUPPLEMENTAL CLASS - 7

26.     On November 15, 2021, November 19, 2021, November 23, 2021, and December 1, 2021, the Special Master provided JND with the initial damage determinations for the 102 valid Claim Forms.   JND promptly mailed a Notice of Claim Determination to these Supplemental Settlement Class Members to inform them of the initial damage determination made by the Special Master.

27.     The Notice of Claim Determination informed these Supplemental Class Members that if they disagreed with the Special Master's initial damage determination they may submit a request for the Special Master to conduct a second review of their Claim Form to JND, by mail or email, postmarked by December 6, 2021.  A representative sample of the Notice of Claim Determination is attached hereto as Exhibit E.

28.     As of December 1, 2021, JND has received four (4) Claim Form second review requests for the Special Master.  The Special Master will make a final decision on these requests after December 6, 2021 so that she can make final determinations on all these claims at once.

29.     JND will continue to administer the Settlement through all phases of Settlement Administration, as required by the Settlement Agreement, Preliminary Approval Order, and pursuant to any future Orders of this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 2, 2021 in Seattle, Washington.

_____
GRETCHEN EOFF

# **<u>EXHIBIT A</u>**



July 13, 2021

United States Attorney General
and the Appropriate Officials
Identified in Attachment A

**RE:  CAFA Notice of Proposed Class Action Settlement**

Dear Attorney General or Appropriate State Official:

This Notice is being provided to you in accordance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715 on behalf of Defendant, Wells Fargo Bank, N.A., in the below-referenced class action ("the Action"). A Class Action Settlement Agreement was submitted for approval to the Court on June 9, 2021.

| | |
|---|---|
| **Case Name:** | *Alicia Hernandez, et al. v. Wells Fargo Bank, N.A.* |
| **Case Number:** | *3:18-cv-07354-WHA* |
| **Jurisdiction:** | *United States District Court for the Northern District of California* |
| **Date Settlement filed with Court:** | *June 9, 2021* |

Copies of all materials filed in the Action are electronically available on the Court's Pacer website found at https://pcl.uscourts.gov. Additionally, pursuant to 28 U.S.C. § 1715 (b), the enclosed CD-ROM contains the following documents filed in the Action:

**01 - Complaint.pdf**
Class Action Complaint and Demand for Jury Trial, filed December 5, 2018

**02 - First AmendedComplaint.pdf**
First Amended Class Action Complaint and Demand for Jury Trial, filed February 28, 2019

**03 - Second Amended Complaint.pdf**
Second Amended Class Action Complaint and Demand for Jury Trial, filed August 26, 2019

**04 - Third Amended Complaint.pdf**
Third Amended Class Action Complaint and Demand for Jury Trial, filed February 6, 2020

**05 - Motion for Preliminary Approval.pdf**
Plaintiffs' Motion for Preliminary Approval of Supplemental Class Action Settlement (Unopposed), filed on June 9, 2021

**06 – Settlement Agreement.pdf**
Stipulation of Class Action Settlement, filed on June 9, 2021, and including:

**Exhibit A – Allocation Plan for Supplemental Hernandez Settlement;**
**Exhibit B – [Proposed] Long Form Notice;**
**Exhibit C – [Proposed] Order Granting Preliminary Approval of Supplemental**
**Class Settlement; and**
**Exhibit D – [Proposed] Severe Emotional Distress Fund Claim Form.**

As of the date of this letter, the Court has not yet scheduled a final fairness hearing in this matter.

At this time, Defendant is able to provide an estimate of the number of class members, by state, that fall within the class, which list is enclosed.  It is not feasible at this time to provide the name and state of residence for each class member covered by the proposed settlement, nor is it feasible to provide a breakdown of the estimated proportionate share of the claims of such members to the entire settlement in accordance with 28 U.S.C. § 1715(b)(7).  The proportionate share of each individual class member will be dependent upon a number of factors that will not be known until after the final approval hearing (including, for example, the number and identity of class members that request exclusion).

If you have any questions regarding the details of the case and settlement, please contact Defense Counsel's representatives at:

Amanda L. Groves, Esq.
Winston & Strawn LLP
101 California Street, 35th Floor
San Francisco, California 94111
Email: agroves@winston.com

Kobi K. Brinson, Esq.
Stacie C. Knight, Esq.
Elizabeth J. Ireland, Esq.
Winston & Strawn LLP
300 South Tryon Street
Charlotte, North Carolina 28202
Email: kbrinson@winston.com
Email: sknight@winston.com
Email: eireland@winston.com

For questions regarding this Notice or if for any reason you believe the enclosed information does not fully comply with 28 U.S.C. § 1715, please contact JND at:

JND Class Action Administration
1100 2nd Ave, Suite 300
Seattle, WA  98101
Phone: 800-207-7160

Regards,

/s/

JND Legal Administration
Enclosures

*Hernandez, et al. v. Wells Fargo Bank, N.A.*, Case No. 3:18-cv-07354-WHA
**CAFA Notice – Attachment A – Service List**

Treg R. Taylor
Office of the Attorney General
1031 W 4th Ave
Ste 200
Anchorage, AK  99501

Steve Marshall
Office of the Attorney General
501 Washington Ave
Montgomery, AL  36104

Leslie Rutledge
Office of the Attorney General
323 Center St
Ste 200
Little Rock, AR  72201

Mark Brnovich
Office of the Attorney General
2005 N Central Ave
Phoenix, AZ  85004

CAFA Coordinator
Office of the Attorney General
Consumer Protection Section
455 Golden Gate Ave., Ste 11000
San Francisco, CA  94102

Phil Weiser
Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10th Fl
Denver, CO  80203

William Tong
Office of the Attorney General
165 Capitol Ave
Hartford, CT  06106

Kathy Jennings
Delaware Department of Justice
Carvel State Office Building
820 N French Street
Wilmington, DE  19801

Ashley Moody
Office of the Attorney General
State of Florida
PL-01 The Capitol
Tallahassee, FL  32399

Chris Carr
Office of the Attorney General
40 Capitol Sq SW
Atlanta, GA  30334

Clare E. Connors
Department of the Attorney General
425 Queen Street
Honolulu, HI  96813

Thomas J. Miller
Office of the Attorney General
Hoover State Office Building
1305 E. Walnut Street Rm 109
Des Moines, IA  50319

Lawrence G. Wasden
Office of the Attorney General
700 W. Jefferson St, Suite 210
Boise, ID  83720

Kwame Raoul
Office of the Attorney General
James R. Thompson Center
100 W. Randolph St
Chicago, IL  60601

*Hernandez, et al. v. Wells Fargo Bank, N.A.*, Case No. 3:18-cv-07354-WHA
**CAFA Notice – Attachment A – Service List**

Todd Rokita
Indiana Attorney General's Office
Indiana Government Center South
302 W Washington St 5th Fl
Indianapolis, IN  46204

Derek Schmidt
Office of the Attorney General
120 SW 10th Ave
2nd Fl
Topeka, KS  66612

Daniel Cameron
Office of the Attorney General
Capitol Building
700 Capitol Ave Ste 118
Frankfort, KY  40601

Jeff Landry
Office of the Attorney General
1885 N. Third St
Baton Rouge, LA  70802

CAFA Coordinator
General Counsel's Office
Office of Attorney General
One Ashburton Pl, 20th Floor
Boston, MA  02108

Brian E. Frosh
Office of the Attorney General
200 St. Paul Pl
Baltimore, MD  21202

Aaron Frey
Office of the Attorney General
6 State House Station
Augusta, ME  04333

Dana Nessel
Department of Attorney General
G. Mennen Williams Building, 7th Fl
525 W Ottawa St
Lansing, MI  48933

Keith Ellison
Office of the Attorney General
445 Minnesota St
Suite 1400
St. Paul, MN  55101

Eric Schmitt
Attorney General's Office
Supreme Court Building
207 W High St
Jefferson City, MO  65101

Lynn Fitch
Office of the Attorney General
Walter Sillers Building
550 High St Ste 1200
Jackson, MS  39201

Austin Knudsen
Office of the Attorney General
215 N. Sanders
Justice Building, Third Fl
Helena, MT  59601

Josh Stein
Attorney General's Office
114 W Edenton St
Raleigh, NC  27603

Wayne Stenehjem
Office of the Attorney General
State Capitol, 600 E Boulevard Ave
Dept. 125
Bismarck, ND  58505

*Hernandez, et al. v. Wells Fargo Bank, N.A.*, Case No. 3:18-cv-07354-WHA
**CAFA Notice – Attachment A – Service List**

Doug Peterson
Office of the Attorney General
2115 State Capitol
Lincoln, NE  68509

John Formella
Office of the Attorney General
NH Department of Justice
33 Capitol St.
Concord, NH  03301

Gurbir S. Grewal
Office of the Attorney General
Richard J. Hughes Justice Complex
25 Market St 8th Fl, West Wing
Trenton, NJ  08611

Hector Balderas
Office of the Attorney General
P.O. Drawer 1508
Santa Fe, NM  87504

Aaron Ford
Office of the Attorney General
Old Supreme Court Building
100 N Carson St
Carson City, NV  89701

CAFA Coordinator
Office of the Attorney General
28 Liberty St
15th Fl
New York, NY  10005

Dave Yost
Attorney General's Office
State Office Tower
30 E Broad St 14th Fl
Columbus, OH  43215

Dawn Cash
Office of the Attorney General
313 NE 21st St
Oklahoma City, OK  73105

Ellen F. Rosenblum
Oregon Department of Justice
1162 Court St NE
Salem, OR  97301

Josh Shapiro
PA Office of the Attorney General
Strawberry Square 16th Fl
Harrisburg, PA  17120

Peter F. Neronha
Office of the Attorney General
150 S Main St
Providence, RI  02903

Alan Wilson
Office of the Attorney General
Rembert C. Dennis Bldg
1000 Assembly St Rm 519
Columbia, SC  29201

Jason Ravnsborg
Office of the Attorney General
1302 E Highway 14
Ste 1
Pierre, SD  57501

Herbert H. Slatery, III
Office of the Attorney General
500 Dr Martin L King Jr Blvd
Nashville, TN  37243

*Hernandez, et al. v. Wells Fargo Bank, N.A.*, Case No. 3:18-cv-07354-WHA
**CAFA Notice – Attachment A – Service List**

Ken Paxton
Office of the Attorney General
300 W. 15th St
Austin, TX  78701

Sean D. Reyes
Office of the Attorney General
Utah State Capitol Complex
350 North State St Ste 230
Salt Lake City, UT  84114

Mark R. Herring
Office of the Attorney General
202 N. Ninth St.
Richmond, VA  23219

T.J. Donovan
Attorney General's Office
109 State St.
Montpelier, VT  05609

Bob Ferguson
Office of the Attorney General
1125 Washington St SE
Olympia, WA  98501

Josh Kaul
Attorney General's Office
P.O. Box 7857
Madison, WI  53707

Patrick Morrisey
Office of The Attorney General
State Capitol, 1900 Kanawha Blvd E
Building 1 Rm E-26
Charleston, WV  25305

Bridget Hill
Office of the Attorney General
State Capitol Building
200 W 24th St
Cheyenne, WY  82002

Karl A. Racine
Office of the Attorney General
400 6th St NW
Washington, DC  20001

Merrick Garland
Office of the U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC  20530

Fainuʻulei Falefatu Alaʻilima-Utu
Department of Legal Affairs
Exec Ofc Bldg, 3rd Fl
P.O. Box 7
Utulei, AS  96799

Leevin Taitano Camacho
Office of the Attorney General
Administration Division
590 S Marine Corps Dr, Suite 901
Tamuning, GU  96913

Edward Manibusan
Office of the Attorney General
Administration Building
P.O. Box 10007
Saipan, MP  96950

Domingo Emanuelli Hernández
Dpto. de Justicia de Puerto Rico
Calle Teniente César González 677
Esq. Ave. Jesús T. Piñero
San Juan, PR  00918

*Hernandez, et al. v. Wells Fargo Bank, N.A.*, **Case No. 3:18-cv-07354-WHA**
**CAFA Notice – Attachment A – Service List**

| | |
|---|---|
| Denise N. George | Joses R. Gallen |
| Office of the Attorney General | Department of Justice |
| 3438 Kronprindsens Gade | P.O. Box PS-105 |
| GERS Building 2nd Fl | Palikir |
| St. Thomas, VI  00802 | Pohnpei State, FM  96941 |
| | |
| Richard Hickson, Attorney General | Ernestine K. Rengiil |
| C/O Marshall Islands Embassy | Office of the Attorney General |
| 2433 Massachusetts Ave NW | P.O. Box 1365 |
| Washington, DC  20008 | Koror, PW  96939 |

July 13, 2021

### *Hernandez, et al. v. Wells Fargo Bank, N.A.* **(Supplemental Distribution)**
### **Projected Settlement Breakdown by State**

| State of Class Member | Number of Class Members |
|---|---|
| Alabama | 4 |
| Arkansas | 6 |
| Arizona | 7 |
| California | 7 |
| Colorado | 1 |
| Connecticut | 19 |
| Delaware | 3 |
| Florida | 94 |
| Georgia | 2 |
| Iowa | 15 |
| Idaho | 4 |
| Illinois | 42 |
| Indiana | 19 |
| Kansas | 3 |
| Kentucky | 24 |
| Louisiana | 12 |
| Massachusetts | 7 |
| Maryland | 15 |
| Maine | 3 |
| Michigan | 3 |
| Minnesota | 17 |
| Missouri | 2 |
| Mississippi | 1 |
| Montana | 2 |
| North Carolina | 29 |
| North Dakota | 1 |
| New Hampshire | 4 |
| New Jersey | 60 |
| New Mexico | 7 |
| Nevada | 6 |
| New York | 40 |
| Ohio | 66 |
| Oklahoma | 19 |
| Oregon | 26 |
| Pennsylvania | 101 |
| Rhode Island | 1 |
| South Carolina | 24 |

July 13, 2021

| State of Class Member | Number of Class Members |
|---|---|
| South Dakota | 1 |
| Tennessee | 3 |
| Texas | 5 |
| Utah | 1 |
| Virginia | 7 |
| Vermont | 1 |
| Washington | 19 |
| Wisconsin | 8 |

# <u>EXHIBIT B</u>

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

## If Wells Fargo sent you a letter stating that it mistakenly denied you a loan modification and you later lost your home to foreclosure, you could get a payment from a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

**Hay una traducción completa de éste documento en nuestra pagina de red:
<u>www.HomeLoanModificationSettlement.com</u>**

- Wells Fargo has agreed to pay $21,865,690 to settle a class action lawsuit on behalf of borrowers who should have been offered a trial loan modification but were not due to a calculation error. The settlement applies only to those borrowers who later lost their homes to foreclosure.

- The settlement resolves a lawsuit over whether Wells Fargo violated the law by wrongfully refusing trial loan modifications because of this calculation error. Wells Fargo publicly acknowledged the discovery of the calculation error and sent letters and checks to affected borrowers. Wells Fargo acknowledges the error but denies that it has further liability or that the erroneous calculations of trial payment plans caused foreclosures, or any related damages.

- This settlement avoids costs and risks from continuing the lawsuit; pays money to borrowers; and releases Wells Fargo from liability.

- The settlement will provide class members $18,169,325 in settlement benefits.

- In addition, Court-appointed lawyers for the borrowers will ask the Court for up to $3,623,865 in attorney's fees (approximately 16.6% of the settlement amount), reimbursement of expenses of no more than $2,500, and costs to administer the settlement ($70,000). Wells Fargo will pay the amount of attorney's fees, costs, and administration expenses the Court awards in addition to the class member settlement benefits.

- The federal court still must decide whether to approve this settlement. You have the right to make your views known to the Court.

- **Your legal rights are affected whether you act or don't act.** Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | Get a payment. Give up rights. |
| **OBJECT** | Write to the Court about why you don't like the settlement. **The deadline for submitting a written objection is October 25, 2021.** |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. **The Final Fairness Hearing is scheduled for January 6, 2022.** |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be a part of another lawsuit against Wells Fargo about the legal claims in this case. **The deadline to exclude yourself is October 25, 2021.** |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

### ***This notice supersedes the prior notice dated August 13, 2021***

**UNIQUE ID:** <mark>Unique ID</mark>

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**.................................................................................................**3**
    1.   Why did I get this notice package?..........................................................3
    2.   What is this lawsuit about? ......................................................................3
    3.   Why is this a class action? ......................................................................3
    4.   Why is there a settlement? ......................................................................3

**WHO IS IN THE SETTLEMENT** ...................................................................................**4**
    5.   How do I know if I am part of the settlement?..........................................4
    6.   Are there exceptions to being included?..................................................4
    7.   I'm still not sure if I am included..........................................................4

**THE SETTLEMENT BENEFITS—WHAT YOU GET**..................................................**4**
    8.   What does the settlement provide? ..........................................................4
    9.   How much will my payment be and how will these payments be calculated? ..........................4

**HOW YOU GET A PAYMENT** .......................................................................................**5**
    10.  How can I get paid?..................................................................................5
    11.  When will I get my payment?..................................................................5
    12.  What am I giving up to get a payment or stay in the Class?......................5

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ...............................................**5**
    13.  How do I opt out of the settlement?..........................................................5
    14.  If I don't exclude myself, can I sue Wells Fargo for the same thing later?................6
    15.  If I exclude myself, can I get money from this settlement?......................6

**THE LAWYERS REPRESENTING YOU** ......................................................................**6**
    16.  Do I have a lawyer in this case?..............................................................6
    17.  How will the lawyers be paid?................................................................6

**OBJECTING TO THE SETTLEMENT** ..........................................................................**6**
    18.  How do I tell the Court that I don't like the settlement?..........................6
    19.  What's the difference between objecting and excluding? ........................7

**THE COURT'S FAIRNESS HEARING** .........................................................................**7**
    20.  When and where is the Fairness Hearing? ..............................................7
    21.  Do I have to come to the hearing?..........................................................7
    22.  May I speak at the hearing? ....................................................................8

**IF YOU DO NOTHING**..................................................................................................**8**
    23.  What happens if I do nothing at all?........................................................8

**GETTING MORE INFORMATION** ...............................................................................**8**
    24.  How do I get more information?..............................................................8

# BASIC INFORMATION

| 1.    Why did I get this notice package? |
|---|

You have been identified as a borrower who was erroneously not offered a trial loan modification or repayment plan by Wells Fargo and later lost your home in a foreclosure sale.

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the settlement. If the Court approves it and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows. You will be informed of the progress of the settlement at www.HomeLoanModificationSettlement.com.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Hernandez et al. v. Wells Fargo Bank*, Case No. 3:18-cv-07354-WHA. The people who sued are called Plaintiffs, and the company they sued, Wells Fargo, is called the Defendant.

| 2.    What is this lawsuit about? |
|---|

The lawsuit alleges that between 2010 and 2018, Wells Fargo miscalculated attorney's fees that were included for purposes of determining whether a borrower qualified for a mortgage loan modification under the U.S. Department of Treasury's Home Affordable Modification Program (HAMP). Specifically, fees that should have been compared for purposes of the relevant calculation were instead added—which resulted in the erroneous refusal to offer a trial loan modification or repayment plan. Over 1,200 borrowers impacted by this calculation error later lost their homes to foreclosure.

Wells Fargo publicly acknowledged the calculation error and sent letters and checks to affected borrowers. Plaintiffs filed this lawsuit to seek what they claim is full compensation for themselves and similarly situated borrowers. A prior settlement (*Hernandez I*) provided settlement payments to over 500 of the impacted borrowers, but over 700 borrowers were identified after the earlier settlement payments were approved. This settlement is designed to provide the same level of compensation to the remaining impacted borrowers.

Wells Fargo denies Plaintiffs' allegations. Wells Fargo denies that it breached a contract or that the erroneous calculations of trial payment plans caused foreclosures or any related damages.

| 3.    Why is this a class action? |
|---|

In a class action, one or more people called Class Representatives (in this case, Debora Granja and Sandra Campos) sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. U.S. District Judge William Alsup is in charge of this class action.

| 4.    Why is there a settlement? |
|---|

The Court did not decide in favor of Plaintiffs or Wells Fargo. Instead, both sides have agreed to the Settlement. That way, people who lost their homes can receive certain and substantial payments and both sides avoid the multi-year delay, risk, and cost of a trial and appeal. The Class Representatives and the attorneys strongly believe the settlement is best for all Class Members given the risks of the case.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine whether you are a Class Member.

| 5. | How do I know if I am part of the settlement? |
|---|---|

You are a member of the Class if the calculation error caused Wells Fargo not to offer you a trial loan modification (even though you qualified for one) and you later lost your home in a foreclosure sale. You likely received a letter from Wells Fargo in 2021 regarding the error.

The Court's description of the Class is as follows:

> All persons in the United States who between 2010 and 2018 (i) qualified for a home loan modification or repayment plan pursuant to the requirements of government-sponsored enterprises (such as Fannie Mae and Freddie Mac), the Federal Housing Administration (FHA), the U.S. Department of Treasury's Home Affordable Modification Program (HAMP); (ii) were not offered a home loan modification or repayment plan by Wells Fargo due to excessive attorney's fees being included in the loan modification decisioning process; (iii) whose home Wells Fargo sold in foreclosure; and (iv) were not part of the *Hernandez I* Settlement.

| 6. | Are there exceptions to being included? |
|---|---|

If you received a letter from Wells Fargo stating that you were erroneously denied a loan modification because of the calculation error, that alone does not make you a Class Member. You are a Class Member only if you received such a letter **and also lost your home to Wells Fargo in a foreclosure sale.** You are also not a member of the class if (a) Wells Fargo sent you a letter but later determined that you in fact did not qualify for a trial loan modification or (b) you signed a settlement with Wells Fargo releasing the claims at issue in this case.

| 7. | I'm still not sure if I am included. |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can call 1-877-545-0236 or visit www.HomeLoanModificationSettlement.com for more information.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

| 8. | What does the settlement provide? |
|---|---|

Wells Fargo has agreed to pay $21,865,690. $18,169,325 will be distributed to Class Members. $1.45 million from this amount will be used to compensate Class Members who can show that they suffered severe emotional distress as a result of the calculation error. The rest will be distributed as described in Sections 9 and 10. Payment of attorney's fees, costs and administration expenses are described in Section 17 below.

| 9. | How much will my payment be and how will these payments be calculated? |
|---|---|

If you do nothing, you will receive a check for at least $Allocation Amount. This is in addition to the $Previously Paid Amount Wells Fargo has previously sent you. The check will be made out to you and any co-borrower(s) you had on the mortgage. Your share of the settlement fund is based on the following factors: (1) the amount of your unpaid balance at the time of the error; (2) whether you were delinquent on your loan for six months or more at the time of the error; and (3) how much Wells Fargo

4

Questions? Call **1-877-545-0236** toll free, or visit **www.HomeLoanModificationSettlement.com**

previously sent you. For a detailed explanation of all the steps taken to calculate your settlement share, please go to www.HomeLoanModificationSettlement.com and review the Allocation Plan document.

You can also apply for additional payments if you suffered severe emotional distress. See Section 10. If you are awarded a payment for severe emotional distress, the payment will come in a check that is made out to only you, unless you apply for and receive a payment as co-borrowers.

## HOW YOU GET A PAYMENT

### 10.   How can I get paid?

You do not need to do anything to receive your share of the settlement. Your money will be mailed to you automatically if the Court approves the settlement, unless you exclude yourself from the settlement. If your address changes, please let the Settlement Administrator know your new address.

If you believe you suffered severe emotional distress, you can apply for an additional payment from the $1.45 million fund set aside for this purpose. You can use the claim form enclosed with this notice or go to www.HomeLoanModificationSettlement.com and either fill out the form online or download the form and mail it to: Hernandez v. Wells Fargo Bank, N.A., c/o JND Legal Administration, P.O. Box 91350, Seattle, WA 98111.

You must submit this claim by **October 25, 2021**. An attorney experienced in handling emotional distress claims has been appointed by the Court as a special master to process these claims and determine which Class Members will get additional settlement payments and the amount of those payments.

### 11.   When will I get my payment?

The Court will hold a hearing on January 6, 2022, to decide whether to approve the settlement. If the Court approves the settlement, there may still be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. You can check on the progress of the settlement at www.HomeLoanModificationSettlement.com. Please be patient.

### 12.   What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Wells Fargo about the legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you. If you do not exclude yourself, you will agree to the "Release" in Section IX of the Settlement Agreement, available at www.HomeLoanModificationSettlement.com, which describes exactly the legal claims that you give up if you get settlement benefits.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Wells Fargo on your own about the legal issues in this case, you must take steps to get out. This is called excluding yourself—sometimes referred to as "opting out" of the settlement Class.

### 13.   How do I opt out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail entitled "Request for Exclusion." **You must clearly say: "I want to be excluded from the settlement in *Hernandez et al. v. Wells Fargo Bank* (Case No. 3:18-cv-07354-WHA) (N.D. Cal.)."** Be sure to include your name, mailing address, telephone number, and your signature. If known, please also include the

address of the property that was affected by Wells Fargo's failure to offer a loan modification. If there was more than one borrower on the applicable loan (for example, two spouses), both borrowers must personally sign the Request for Exclusion. Your exclusion request must be **postmarked no later than October 25, 2021** to:

Wells Fargo Exclusions
Hernandez v. Wells Fargo Bank, N.A.
c/o JND Legal Administration
P.O. Box 91350
Seattle, WA 98111

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Wells Fargo in the future.

| **14.   If I don't exclude myself, can I sue Wells Fargo for the same thing later?** |
| --- |

No. Unless you exclude yourself, you give up any right to sue Wells Fargo for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is October 25, 2021.

| **15.   If I exclude myself, can I get money from this settlement?** |
| --- |

No. If you exclude yourself, you will not receive any money from this settlement. But, you may sue, continue to sue, or be part of a different lawsuit against Wells Fargo.

## THE LAWYERS REPRESENTING YOU

| **16.   Do I have a lawyer in this case?** |
| --- |

Class Counsel in this case are Gibbs Law Group LLP (www.classlawgroup.com), in Oakland, CA, and Paul LLP (www.paulllp.com), in Kansas City, MO. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **17.   How will the lawyers be paid?** |
| --- |

Class Counsel will ask the Court to approve payment of up to $3,623,865 (approximately 16.6% of the settlement amount) for attorney's fees and reimbursement of up to $2,500 in litigation expenses they incurred throughout this phase of the case. The attorney's fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than these amounts. There will also be costs of $70,000 to administer the settlement. Wells Fargo has agreed to pay the attorney's fees and expense amounts awarded by the Court separate from and in addition to the Class Member benefit amount, meaning the amount of fees and expenses awarded will not affect the $18,169,325 that Class Members will receive.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

| **18.   How do I tell the Court that I don't like the settlement?** |
| --- |

If you're a Class Member, you can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If

the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Fairness Hearing, either personally or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Hernandez et al. v. Wells Fargo Bank*, Case No. 3:18-cv-07354-WHA), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before October 25, 2021.

Be sure to include: (1) your name, mailing address, email address, and telephone number; (2) state the specific legal and factual bases for your objections; (3) whether you (or your attorney) intend to appear at the Final Fairness Hearing; (4) a statement that you are a member of the Settlement Class; (5) a detailed list of any other objections you (or your attorney) have submitted to any other class actions in the last five years; and (6) your signature.

| **19.   What's the difference between objecting and excluding?** |
| --- |

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

| **20.   When and where is the Fairness Hearing?** |
| --- |

The Court will hold a Fairness Hearing at 11:00 a.m. PST on Thursday, January 6, 2022, by telephone. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

The Court may reschedule the Fairness Hearing or change any of the deadlines described in this notice. The date of the Fairness Hearing may change without further notice to Class Members. Be sure to check the settlement website, www.HomeLoanModificationSettlement.com, for news of any such changes. You can also check whether the hearing date or any deadlines have changed by accessing the case docket via the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

| **21.   Do I have to come to the hearing?** |
| --- |

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

7

Questions? Call **1-877-545-0236** toll free, or visit **www.HomeLoanModificationSettlement.com**

| 22. May I speak at the hearing? |
|---|

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must indicate your desire to speak at the hearing in your objection letter (see section 18 above). You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

| 23. What happens if I do nothing at all? |
|---|

If you do nothing, you'll receive a settlement payment as described above, as long as the Court approves the settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Wells Fargo about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

| 24. How do I get more information? |
|---|

This notice summarizes the proposed settlement. More details are in the Settlement Agreement available at www.HomeLoanModificationSettlement.com.

You can email the settlement administrator at info@HomeLoanModificationSettlement.com or call 1-877-545-0236 toll free; or visit the website at www.HomeLoanModificationSettlement.com, where you will find answers to common questions about the settlement, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

All the case documents that have been filed publicly in this case are also available online through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov. This case is called *Hernandez et al. v. Wells Fargo Bank*, and the case number is 3:18-cv-07354-WHA (N.D. Cal.).

You may also obtain case documents by visiting the office of the Clerk of Court for the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, except court-observed holidays. More information about the clerk's office hours and other locations can be found at https://www.cand.uscourts.gov/locations.

You can also contact Class Counsel for them to answer questions:

| CLASS COUNSEL | |
|---|---|
| Richard Paul<br>PAUL LLP<br>601 Walnut Street, Suite 300<br>Kansas City, MO 64106<br>Telephone: (816) 984-8100<br>Facsimile: (816) 984-8101<br>rick@paulllp.com | Michael Schrag<br>GIBBS LAW GROUP LLP<br>505 14th Street, Suite 1110<br>Oakland, CA 94612<br>Telephone: (510) 350-9718<br>Facsimile: (510) 350-9701<br>mls@classlawgroup.com |

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.**

8

Questions? Call **1-877-545-0236** toll free, or visit **www.HomeLoanModificationSettlement.com**

## SEVERE EMOTIONAL DISTRESS FUND CLAIM FORM

### GENERAL INSTRUCTIONS

Please review the following instructions before proceeding.

In addition to compensation for the Wells Fargo mortgage modification error that all Class Members will receive, you are eligible to apply for additional compensation if you believe you suffered severe emotional distress as a direct result of the error. Cathy Yanni, the court-appointed Special Master, will decide the amount of any compensation to which you may be entitled from the Severe Emotional Distress Fund.

An amount of $1,450,000 of the settlement has been set aside to establish a Severe Emotional Distress Fund. To submit a claim to the Severe Emotional Distress Fund, you must complete this form. You may, but are not required to, submit any documents, including medical records and billing records, that you would like the Special Master to consider.

<u>Please note</u>, if you are a Class Member, you will receive the guaranteed minimum payment described in the Notice you received regardless of whether you submit an additional claim to the Severe Emotional Distress Fund. Please see the Settlement Website at www.HomeLoanModificationSettlement.com for more information.

**To complete this Claim Form online, and to submit any documents in support of your claim, go to www.HomeLoanModificationSettlement.com. If you do not have access to a computer, you can mail the claim form and any supporting documents to Hernandez, et al. v. Wells Fargo Bank, N.A., c/o JND Legal Administration, P.O. Box 91350, Seattle, WA 98111.**

**YOU MUST COMPLETE THE ONLINE CLAIM FORM OR MAIL THE FORM POSTMARKED NO LATER THAN OCTOBER 25, 2021.**

| UNIQUE ID: | |
|---|---|
| **SECTION A: CLAIMANT INFORMATION** | |

| | | | |
|---|---|---|---|
| **1.** **CLAIMANT NAME:** | First | Middle | Last |

| | |
|---|---|
| **2.** **FORMER OR MAIDEN NAME:** | |

| | |
|---|---|
| **3.** **DATE OF BIRTH:** | Month _____ Day _____ Year _____ |

| | | |
|---|---|---|
| **4.** **CURRENT ADDRESS:** | Street Address (including apartment/unit number, if applicable) | |
| | City | State/Province |
| | Postal Code | Country |

| | | |
|---|---|---|
| **5.** **ADDRESS OF PROPERTY AT ISSUE:** | Street Address (including apartment/unit number, if applicable) | |
| | City | State/Province |
| | Postal Code | Country |

| | |
|---|---|
| **6.** **TELEPHONE NUMBER:** | (___  ___  ___) – ___  ___  ___  – ___  ___  ___  ___ <br> Area Code                    Number |

| | |
|---|---|
| **7.** **EMAIL ADDRESS:** | |

| | |
|---|---|
| **8.** **IS ENGLISH YOUR FIRST LANGUAGE?** | ☐ **Yes**   ☐ **No** |

| | |
|---|---|
| **9.** **IF YOU ANSWERED "NO" TO QUESTION 9, WHAT IS YOUR FIRST LANGUAGE?** | |

## SECTION B: DESCRIBE YOUR SEVERE EMOTIONAL DISTRESS

**Please complete the information below. You may use additional sheets of paper to describe your experiences.**

If you need or want any assistance in filling out this Claim Form, the Court has appointed attorneys to represent Class Members, and those attorneys are available at no cost to you to help you. Call 816-984-8100 or 510-350-9718 or email rick@paulllp.com or mls@classlawgroup.com.

1. **Please describe the emotional distress you believe you suffered because of the loan modification error.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

2. **Have you sought counseling or medical treatment by any healthcare or mental health professional for your above-referenced emotional distress?**

   ☐ **Yes**        ☐ **No**

   **If yes, please describe below.** *Anyone listed below will not be contacted and this information will be used only to evaluate your claim.*

| Date(s)<br>(even if approximate): | Name(s) of Professional(s): | Nature of Treatment: |
|---|---|---|
| _ _ / _ _ / _ _ _ _<br>(MM/DD/YYYY) | | |
| _ _ / _ _ / _ _ _ _<br>(MM/DD/YYYY) | | |
| _ _ / _ _ / _ _ _ _<br>(MM/DD/YYYY) | | |
| _ _ / _ _ / _ _ _ _<br>(MM/DD/YYYY) | | |

3. **Please provide any additional information you believe is relevant or useful for the Special Master to know.**

_____

_____

_____

_____

_____

## SECTION C: SIGNATURE

**By signing below, I declare under penalty of perjury that the information provided in this Claim Form is true and correct to the best of my knowledge.**

_____          _____
Signature                                    Printed Full Name

_ _ / _ _ / _ _ _ _
(MM/DD/YYYY)

# **EXHIBIT C**



***Hernandez, et. al. v. Wells Fargo Bank, N.A.***
***(Supplemental Class)***

**Timely Requests for Exclusion (Deadline: October 25, 2021)**

|  | Name | City/State |
|---|---|---|
| 1. | Walter Ellinwood | Pella, IA |

# **<u>EXHIBIT D</u>**

**Hernandez v. Wells Fargo Bank, N.A.**
c/o JND Legal Administration
P.O. Box 91350
Seattle, WA 98111
Toll-free: 1-877-545-0236
www.HomeLoanModificationSettlement.com

---

DATE

**RE: CLAIM ID Unique ID**

## NOTICE OF CLAIM DENIAL

Dear Name,

We received your Severe Emotional Distress Claim Form in the *Hernandez v. Wells Fargo Bank, N.A.,* settlement. However, our records indicate that you are not a class member in the case, and are therefore not included in the settlement. The case involves a calculation error that caused Wells Fargo to wrongfully deny trial loan modifications to class members. Because that specific error did not affect your loan, you are not included in the case.

Therefore, we did not review your Severe Emotional Distress Claim Form. You will not be receiving any compensation from this settlement.

If you have questions about this letter, please call the Settlement Administrator toll-free at 1-877-545-0236. If you have questions about the Settlement, please visit www.HomeLoanModificationSettlement.com.

Regards,

*Settlement Administrator*

# **<u>EXHIBIT E</u>**

**Hernandez v. Wells Fargo Bank, N.A.**
c/o JND Legal Administration
P.O. Box 91350
Seattle, WA 98111
Toll-free: 1-877-545-0236
www.HomeLoanModificationSettlement.com

DATE

**RE: CLAIM ID Unique ID**

## NOTICE OF CLAIM DETERMINATION

Dear Name,

Thank you for submitting your Severe Emotional Distress Claim Form in the *Hernandez v. Wells Fargo Bank, N.A.* settlement. The claim you submitted was reviewed by the court-appointed Special Master, who determined that you are entitled a compensation of $ED Allocation from the Severe Emotional Distress Fund. This compensation is in addition to the $Allocation Amount guaranteed minimum payment that was described in the Notice of Settlement you received.

You do not need to do anything to receive this compensation. Your money will be mailed to you automatically if the Court approves the Settlement. If you disagree with the determination made by the Special Master, you may dispute the decision by submitting a written request for a second review of your claim by **December 6, 2021**. The determination made after a second review will be final and cannot be contested.

To request a second review, you must submit a written statement stating why you believe the decision on your claim should be different. You may submit the requested information by email to info@HomeLoanModificationSettlement.com, or by mail to:

Hernandez v. Wells Fargo Bank, N.A.
c/o JND Legal Administration
P.O. Box 91350
Seattle, WA 98111

If you have questions about this letter or your options, please call the Settlement Administrator toll-free at 1-877-545-0236. If you have questions about the Settlement, please visit www.HomeLoanModificationSettlement.com.

Regards,

*Settlement Administrator*